**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br><br>YSA INVESTMENTS 1, LLC,<br><br>Debtor. | Case No. 26-12806-SAH<br><br>Chapter 11 |

**DEBTOR'S APPLICATION PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 328(a) FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF PHILLIPS MURRAH P.C. AS ATTORNEYS FOR DEBTOR IN POSSESSION, EFFECTIVE AS OF AUGUST 20, 2026, WITH BRIEF IN SUPPORT AND NOTICE OF OPPORTUNITY FOR HEARING**

**NOTICE OF OPPORTUNITY FOR HEARING**

**Your rights may be affected. You should read this Document carefully and consult your attorney about your rights and the effect of this Document.** If you do not want the Court to grant the motion, or you wish to have your views considered, you must file a written response to the motion with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean McGee Avenue, Oklahoma City, OK 73102 no later than 14 days from the date of filing of the motion. You should also serve a file-stamped copy of the response to the undersigned [and others who are required to be served] and file a certificate or affidavit of service with the Court.

**[Note – this is a flat fourteen (14) days regardless of the manner of service.]**

Debtor, YSA Investments 1, LLC, (the "Debtor"), by and through its undersigned counsel, respectfully files this *Debtor's Application Pursuant to Bankruptcy Code Sections 327(a) and 328(a) for an Order Authorizing the Employment and Retention of Phillips Murrah P.C. as Attorneys for Debtor in Possession, Effective as August 20, 2026* (the "Application"). In support thereof, the Debtor would show the Court as follows:

## I. JURISDICTION AND STATUTORY AUTHORITY

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. The statutory predicates for the relief requested are sections 327 and 328 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the Western District of Oklahoma.

## II. BACKGROUND

4. On July 28, 2026 (the "Petition Date"), the Debtor filed a voluntary petition with the United States Bankruptcy Court for the District of Delaware pursuant to Chapter 11 of the Bankruptcy Code.

5. On August 14, 2026, this case was transferred to this Court.

6. Pursuant to Bankruptcy Code sections 1107 and 1108, the Debtor has retained possession of its assets as a debtor in possession and is continuing to operate its business.

7. No trustee, examiner, or committee has been appointed in this Chapter 11 case.

## III. RELIEF REQUESTED AND BRIEF IN SUPPORT

8. Pursuant to Bankruptcy Code sections 327(a) and 328(a) and Bankruptcy Rule 2014, the Debtor requests authority to employ and retain the law firm of Phillips Murrah P.C. ("Phillips Murrah") as its counsel, effective as of August 20, 2026, in connection with the Debtor's Chapter 11 case. In support of the Application, the Debtor submits the Affidavit of Jason A. Sansone in Support of Application Pursuant to Bankruptcy Code Sections 327(a) and 328(a) for an Order Authorizing the Employment and Retention of Phillips Murrah P.C. as Attorneys for Debtor in Possession, Effective as of August 20, 2026 (the "Affidavit"), which is attached hereto as **Exhibit 1**. The Debtor incorporates by reference the facts set forth in the Affidavit as though fully set forth herein.

9. The Debtor has determined that it is necessary to employ counsel and desires to retain Phillips Murrah as counsel. The attorneys of Phillips Murrah are duly-licensed and qualified attorneys and, in the opinion of the Debtor, are qualified to act as counsel for the Debtor. The Debtor has selected Phillips Murrah based on Phillips Murrah's considerable experience in bankruptcy and other areas of commercial law.

10. The Debtor respectfully submits that it is necessary and appropriate for it to employ and retain Phillips Murrah to provide, among other things, the following services:

- render legal advice regarding the powers and duties of debtors that continue to operate their business as debtors in possession;
- take all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on the Debtor's behalf, the defense of any actions commenced against the Debtor, the negotiation of disputes in which the Debtor is involved, and the preparation of objections to claims filed against the Debtor's estate;
- prepare on behalf of the Debtor, as a debtor in possession, all necessary motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtor's estate and appear on the Debtor's behalf at all hearings regarding the Debtor's case;
- negotiate, prepare, and file requests for the sale of assets of the Debtor's estate;
- negotiate, prepare, and file a plan of reorganization and related disclosure statements and all related documents, and otherwise promote the financial rehabilitation of the Debtor; and
- perform all other necessary legal services in connection with the prosecution of this Chapter 11 case.

11. The Debtor seeks to employ Phillips Murrah under a general retainer and in accordance with Phillips Murrah's normal hourly rates and reimbursement policies. Bankruptcy Code § 328(a) authorizes the employment of a professional person on any reasonable terms and conditions of employment, including on an hourly basis. *See* 11 U.S.C. § 328(a). Subject to the Court's approval, Phillips Murrah will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, subject to Bankruptcy Code sections 328(a) and 330. The current hourly rates charged by Phillips

Murrah for professionals and paralegals employed in its offices who will have primary responsibility for this matter are provided below:

| **Professional** | **Hourly Rate** |
|---|---|
| Clayton D. Ketter (Director) | $550.00 |
| Jason A. Sansone (Of Counsel) | $525.00 |
| Nicholas J. Candido (Associate) | $300.00 |
| Maribeth D. Mills (Certified Bankruptcy Assistant) | $200.00 |

Phillips Murrah's hourly rates are subject to periodic adjustments (typically at the start of each year) to reflect economic and other conditions. Phillips Murrah will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services described above. The Debtor believes that the proposed rates are reasonable. *See In re Paragon Industries, Inc.*, OKEB Case No. 25-80433-PRT, Doc. No. 665 (demonstrating recently requested and granted fee application); *In re Spitfire Energy Group LLC*, TXNB Case No. 23-20186-11-SGJ, Doc. No. 227; *In re Pelco Structural, L.L.C.*, OKWB Case No. 21-11926-JDL, Doc. No. 244; *In re Hobbs*, OKWB Case No. 20-12235-JDL, Doc. No. 81; *In re Atlantic Fabrication & Design LLC*, OKWB Case No. 17-14891-JDL, Doc. No. 104. The Debtor understands that Phillips Murrah intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the United States Trustee, and further orders of this Court for all services incurred after the Petition Date until this case is closed.

12. Based on the Affidavit, the Debtor believes Phillips Murrah is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14) and modified by Bankruptcy Code section 1107(b). Phillips Murrah does not represent and does not hold any interest adverse to the Debtor's estate or its creditors in the matters upon which Phillips Murrah is to be engaged, other than as set forth in the Affidavit.

13. Of course, if Phillips Murrah becomes aware of a situation in which Phillips Murrah believes a conflict of interest relates to the representation that cannot be waived, Phillips Murrah will promptly take such action as is necessary after consultation with the Debtor to eliminate such conflict of interest, including the use of separate conflicts counsel. Furthermore, if a dispute were to arise in connection with the representation and result in litigation or other adversarial proceeding, or a threat thereof, between the Debtor, on the one hand, and any affiliate, officer, owner, or manager of the Debtor, on the other hand, we would not represent any party with respect thereto and Phillips Murrah would be required to use separate conflicts counsel.

## CONCLUSION

WHEREFORE, for the reasons stated herein, the Debtor respectfully requests that this Court enter an order (1) approving the Debtor's employment of Phillips Murrah P.C., effective as of August 20, 2026, as legal counsel for the Debtor; and (2) granting such other and further relief as the Court deems appropriate.

Respectfully submitted,

**YSA INVESTMENTS 1, LLC**

Signed: ______________________
Printed: Aharon Diveroli
Title: Manager

**YSA INVESTMENTS 1, LLC**

Signed: ______________________
Printed: John Spurrier
Title: Independent Manager

*/s/ Jason A. Sansone*
Clayton D. Ketter, OBA No. 30611
Jason A. Sansone, OBA No. 30913
Nicholas J. Candido, OBA No. 36069
PHILLIPS MURRAH P.C.
424 N.W. 10th St., Suite 300
Oklahoma City, OK 73103
(405) 235-4100 - telephone
(405) 235-4133 – facsimile

cdketter@phillipsmurrah.com
jasansone@phillipsmurrah.com
njcandido@phillipsmurrah.com
**Proposed Attorneys**
**for YSA Investments 1, LLC**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br><br>YSA INVESTMENTS 1, LLC,<br><br>Debtor. | Case No. 26-12806-SAH<br>Chapter 11 |

**AFFIDAVIT OF JASON A. SANSONE IN SUPPORT OF DEBTOR'S APPLICATION PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 328(a) FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF PHILLIPS MURRAH P.C. AS ATTORNEYS FOR DEBTOR IN POSSESSION, EFFECTIVE AS AUGUST 20, 2026**

STATE OF OKLAHOMA )
) SS:
COUNTY OF OKLAHOMA )

I, Jason A. Sansone, being first duly sworn, on oath, state:

1. I am an attorney in the law firm of Phillips Murrah P.C. ("Phillips Murrah"), which firm maintains an office, among other places, at 424 N.W. 10th Street, Suite 300, Oklahoma City, Oklahoma 73103, and I am authorized to execute this affidavit (the "Affidavit") on behalf of Phillips Murrah.

2. I am familiar with the matters set forth herein and make this Affidavit pursuant to Federal Rules of Bankruptcy Procedure 2014 and 2016 and Bankruptcy Code section 329 in support of the *Debtor's Application Pursuant to Bankruptcy Code Sections 327(a) and 328(a) for an Order Authorizing the Employment and Retention of Phillips Murrah P.C. as Attorneys for Debtor in Possession, Effective as of August 20, 2026* (the "Application").

3. Except as specifically set forth herein, neither I, Phillips Murrah as a law firm, nor any person with whom I am associated in the practice of law, to the best of my knowledge, represents any entity other than the debtor in the above-captioned Chapter 11 case (the "Debtor") in connection with the Debtor's Chapter 11 case. In addition, except as specifically set forth



EXHIBIT 1

herein, to the best of my knowledge, neither Phillips Murrah, nor any person with whom I am associated in the practice of law, is an insider of the Debtor, nor has any connection with the Debtor, any of its affiliated entities, its creditors, or any other parties in interest herein, or its respective attorneys and accountants, except as otherwise disclosed herein.

4. Neither I, nor Phillips Murrah, nor any member or associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the estate with respect to the matters upon which Phillips Murrah is to be engaged.

5. As part of its diverse practice, Phillips Murrah appears in numerous cases and proceedings, and participates in transactions that involve many different professionals, including attorneys, accountants, and financial consultants, who represent claimants and parties-in-interest. Based on Phillips Murrah's current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create interests materially adverse to the estate in matters upon which Phillips Murrah is to be employed, and none are in connection with this case.

6. Phillips Murrah and its members and associates: (i) are not creditors, equity security holders, or insiders of the Debtor or its bankruptcy estate; (ii) are not and were not investment bankers for any outstanding security of the Debtor; (iii) have not been, within three years before the date of the filing of the petition, investment bankers for a security of the Debtor, or attorneys for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtor; (iv) are and were not, within two years before the date of the filing of the petition, directors, officers, or employees of the Debtor or of an investment banker specified in subparagraph (ii) or (iii) above; and (v) do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker

specified in subparagraph (ii) or (iii) above, or for any other reason, except as specifically disclosed and described herein.

7. Of the connections between Phillips Murrah and the Debtor and related parties that may be of interest and should be disclosed are:

a. Phillips Murrah did not render prepetition services to the Debtor.

b. Phillips Murrah has not been paid a retainer payment.

8. In connection with its proposed retention by the Debtor in this matter, Phillips Murrah searched its client database to determine whether it had any relationships with potential creditors of the Debtor. The search revealed that Phillips Murrah represents, or has represented in the past, certain of the Debtor's potential creditors in matters unrelated to this Chapter 11 case. Such matters are summarized as follows:

a. Attorneys at Phillips Murrah have represented Seaview 525, LLC with regard to collection matters against Marc Kulick, Vesta Capital, LLC, and Vesta Holdings, LLC. Of the attorneys which will be involved in this matter, Jason A. Sansone previously consulted on the representation of Seaview 525, LLC, which concluded prior to Phillips Murrah's commencement of representation of the Debtor. Phillips Murrah has not and will not represent Seaview 525, LLC in connection with claims against the Debtor, and should issues regarding their creditor's claims arise, the Debtor will retain counsel separate from Phillips Murrah to represent it in all matters in which Phillips Murrah may have conflicts.

b. The Debtor's mailing matrix includes BMO Bank.[1] Attorneys at Phillips Murrah have represented BMO Bank with regard to replevin and collection matters. Of the attorneys which will be involved in this matter, Jason A. Sansone previously represented BMO Bank, which concluded prior to Phillips Murrah's commencement of representation of the Debtor. Phillips Murrah has not and will not represent BMO Bank in connection with claims against the Debtor, and should issues regarding their creditor's claims arise, the Debtor will retain counsel separate from Phillips Murrah to represent it in all matters in which Phillips Murrah may have conflicts.

c. The Debtor's mailing matrix includes Wells Fargo Bank. Attorneys at Phillips Murrah have represented Wells Fargo Bank with regard to litigation matters. None of the attorneys in this matter have at any time represented Wells Fargo Bank. Phillips Murrah has not and will not represent Wells Fargo Bank in connection with claims against the Debtor, and should issues regarding their creditor's claims arise, the Debtor will retain counsel separate from Phillips Murrah to represent it in all matters in which Phillips Murrah may have conflicts.

d. The Debtor's mailing matrix includes First United Bank. Attorneys at Phillips Murrah have represented First United Bank with regard to litigation matters. None of the attorneys in this matter have at any time represented First United Bank. Phillips Murrah has not and will not represent First United Bank in connection with claims against the Debtor, and should

[1] As of the date of this Affidavit, the Debtor has not filed its Schedules.

issues regarding their creditor's claims arise, the Debtor will retain counsel separate from Phillips Murrah to represent it in all matters in which Phillips Murrah may have conflicts.

e. The Debtor's mailing matrix includes Fidelity National Title. Attorneys at Phillips Murrah have represented Fidelity National Title with regard to land and litigation matters. None of the attorneys in this matter have at any time represented Fidelity National Title. Phillips Murrah has not and will not represent Fidelity National Title in connection with claims against the Debtor, and should issues regarding their creditor's claims arise, the Debtor will retain counsel separate from Phillips Murrah to represent it in all matters in which Phillips Murrah may have conflicts.

9. As of the Petition Date, the Debtor did not owe Phillips Murrah any amounts for legal services rendered before the Petition Date and Phillips Murrah is not a creditor of the Debtor.

10. Neither I, nor the Firm, nor any member or associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the estate with respect to the matters upon which the Firm is to be engaged. I believe that the facts reflected above do not indicate an actual or apparent conflict of interest with respect to such matters.

11. I believe Phillips Murrah is a "disinterested person" within the meaning of Bankruptcy Code sections 101 and 327.

12. Of course, if Phillips Murrah becomes aware of a situation in which Phillips Murrah believes a conflict of interest relates to the representation that cannot be waived, Phillips Murrah will promptly take such action as is necessary after consultation with Debtor to eliminate such conflict of interest. Furthermore, if a dispute were to arise in connection with the representation

and result in litigation or other adversarial proceeding, or a threat thereof, between the Debtor, on the one hand, and any affiliate, officer, owner, or manager of the Debtor, on the other hand, we would not represent any party with respect thereto and the Debtor would be required to use separate conflicts counsel.

13. Phillips Murrah's bankruptcy experience will result in comparatively economical representation, which makes appointment of Phillips Murrah as counsel in the best interest of the estate.

14. Subject to the Court's approval, Phillips Murrah will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, subject to Bankruptcy Code sections 328(a) and 330. The current hourly rates charged by Phillips Murrah for professionals and paralegals employed in its offices who will have primary responsibility for this matter are provided below:

| Professional | Hourly Rate |
| --- | --- |
| Clayton D. Ketter (Director) | $550.00 |
| Jason A. Sansone (Of Counsel) | $525.00 |
| Nicholas J. Candido (Associate) | $300.00 |
| Maribeth D. Mills (Certified Bankruptcy Assistant) | $200.00 |

Phillips Murrah's hourly rates are subject to periodic adjustments (typically at the start of each year) to reflect economic and other conditions. Phillips Murrah will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services described above. Phillips Murrah intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with all applicable statutes and rules for all services incurred after the petition date until this case is closed.

15. No promises have been received by Phillips Murrah, nor any partner, counsel, or associate thereof as to compensation or payment in connection with this case other than in accordance with the provisions of the Bankruptcy Code. Phillips Murrah has no agreement with any other entity to share with such entity any compensation received by Phillips Murrah in connection with this Chapter 11 case.

FURTHER AFFIANT SAYETH NOT.

Jason A. Sansone
Oklahoma Bar No. 30913

Subscribed and sworn to before me this 20th day of August, 2026.

Maribeth D. Mills
Notary Public, Commission No. _______

My Commission Expires:

_______________

[SEAL]

MARIBETH D. MILLS NOTARY # 20001535 EXP. 02/06/28 PUBLIC STATE OF OKLAHOMA