Joyce W. Lindauer
Texas State Bar No. 21555700
Lindauer & Vaughn
117 S. Dallas Street
Ennis, Texas 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Fairfax Best
Living, LLC and Woodland Oaks
Best Living, LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
OKLAHOMA CITY DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **YSA INVESTMENTS 1, LLC,** | § | **CASE NO. 26-12806-sah-11** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

**OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER IMPLEMENTING CERTAIN PROCEDURES TO COMPENSATE AND REIMBURSE PROFESSIONALS**

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COME NOW Fairfax Best Living, LLC ("Fairfax") and Woodland Oaks Best Living, LLC ("Woodland Oaks") (collectively, the "Movants") by and through undersigned counsel, and file this Objection to *Debtor's Motion for Entry of an Order Implementing Certain Procedures to Compensate and Reimburse Professionals* [Dkt. No. 198] (the "Motion"), and respectfully shows the Court as follows:

## I. BACKGROUND

1. On August 21, 2026, YSA Investments 1, LLC (the "Debtor") filed its Motion requesting authority to implement procedures for the monthly payment of professional fees and expenses, effective as of the Petition Date.

2. Under the proposed procedures, the Debtor's professionals would submit monthly fee statements to a limited group of "Notice Parties." A Notice Party would then have only seven (7) days after receipt of a monthly statement to serve an objection.

3. If no objection is made within that seven-day period, the Debtor proposes to pay **ninety percent (90%) of the professional fees and one hundred percent (100%) of the expenses requested**, notwithstanding that the fees have not yet been allowed by the Court.

4. The Debtor further proposes that formal interim fee applications be filed only every three months, at which point the Court would consider allowance of the fees previously billed and substantially paid.

5. The Movants object to the proposed procedures because they unnecessarily shift the burden of reviewing professional compensation away from the ordinary Court-supervised fee application process, provide an unreasonably abbreviated period for objections, and permit substantial estate funds to be transferred to professionals before meaningful Court review.

## II. OBJECTION

### A. The Proposed Procedures Permit Substantial Payment Before Court Approval.

6. Compensation of professionals employed in a Chapter 11 case remains subject to the requirements of 11 U.S.C. §§ 330 and 331 and Bankruptcy Rule 2016.

7. The Debtor proposes to pay 90% of professional fees and 100% of expenses each month before those fees and expenses have been formally allowed by the Court.

8. Although the Motion states that payments remain subject to final allowance and disgorgement, the possibility of later disgorgement is not an adequate substitute for meaningful review before substantial estate funds leave the Debtor's possession.

9. Once estate funds have been distributed to professionals, the practical burden of recovering those funds is materially different from simply withholding payment until appropriate Court review has occurred.

10. Particularly at this stage of the case, the Debtor should be preserving liquidity and demonstrating that estate resources are being devoted toward stabilization, creditor treatment, and a viable reorganization—not establishing an expedited mechanism for paying its own professionals.

**B. The Seven-Day Objection Period Is Unreasonably Short.**

11. The proposed procedures provide Notice Parties only seven (7) days after receipt of a Monthly Statement to review the professional's billing, investigate any questionable entries, confer with clients or other interested parties, and formulate a written objection specifying the precise fees or expenses disputed.

12. Such an abbreviated period unnecessarily burdens parties charged with monitoring administrative expenses and creates a substantial risk that fees will be paid before interested parties have had a meaningful opportunity to evaluate them.

13. This concern is heightened because monthly professional statements may contain extensive time entries, multiple professionals, varying hourly rates, expenses, and descriptions requiring careful review.

14. There is no demonstrated need in the Motion for such a compressed objection deadline.

**C. The Debtor Has Not Demonstrated That Extraordinary Monthly Payment Procedures Are Necessary in This Case.**

15. The Debtor relies upon compensation procedures approved in other Chapter 11 cases and cites authority recognizing that courts may consider the size of a reorganization,

complexity of the issues, and demands placed upon professionals when determining whether special compensation procedures are appropriate.

16. However, the Motion contains little case-specific evidence demonstrating why this particular Debtor requires monthly payment of 90% of professional fees prior to Court allowance.

17. The mere fact that similar procedures have been approved in other cases does not establish that they are necessary or appropriate here.

18. The Debtor should be required to demonstrate, based upon the actual size, complexity, cash position, and administrative needs of this estate, why the ordinary procedures governing interim professional compensation are insufficient.

**D. The Procedures Could Prejudice Creditors and Other Parties in Interest.**

19. Professional fees are administrative expenses that directly reduce the funds otherwise available to the estate and, ultimately, its creditors.

20. The proposed procedures prioritize the prompt monthly payment of Debtor's professionals while creditors remain subject to the delays and uncertainties inherent in the Chapter 11 process.

21. Before permitting substantial monthly payments to professionals, the Court should require transparency regarding the Debtor's financial condition, available cash, projected professional expenses, and the effect those payments will have on the Debtor's ability to satisfy other administrative expenses and obligations.

22. The Debtor asserts that the procedures will help "maintain cash flow availability," yet authorizing payment of 90% of fees and 100% of expenses every month could have precisely the opposite effect by accelerating substantial cash payments from the estate.

### E. Court Review Should Precede, Not Merely Follow, Substantial Payment of Professional Fees.

23. The Court serves an important gatekeeping function in determining whether professional fees are reasonable, necessary, and beneficial to the estate.

24. The proposed procedures effectively allow professional compensation to be paid first and reviewed later.

25. The Movants respectfully submit that, absent a compelling case-specific showing, the better procedure is for professionals to seek compensation through formal interim fee applications and obtain Court approval before receiving substantial distributions from estate funds.

26. At a minimum, if the Court is inclined to approve some form of monthly compensation procedure, the Movants request that the Court modify the proposed procedures to:

a. provide at least fourteen (14) days to object to each Monthly Statement;

b. require broader notice of Monthly Statements to parties in interest who have requested notice;

c. reduce the percentage of fees permitted to be paid prior to Court approval;

d. prohibit payment of any disputed amount until expressly resolved or allowed by the Court;

e. require disclosure of the Debtor's available cash and ability to pay other administrative obligations before monthly professional payments are made; and

f. expressly preserve all rights of parties in interest to object to the reasonableness, necessity, benefit, or allowance of fees at the interim and final fee application stages regardless of whether an objection was made to a Monthly Statement.

## III. RESERVATION OF RIGHTS

27. The Movants reserve all rights to object to any retention application, monthly fee statement, interim fee application, final fee application, expense reimbursement, or other request for compensation filed by any professional in this case.

28. Nothing contained herein shall constitute a waiver of any objection concerning the employment, disinterestedness, compensation, expenses, reasonableness, necessity, or benefit of services performed by any professional.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, the Movants respectfully request that the Court **deny the Debtor's Motion for Entry of an Order Implementing Certain Procedures to Compensate and Reimburse Professionals [Dkt. No. 198]**; alternatively, substantially modify the proposed procedures to provide greater Court supervision, adequate time for review and objection, and appropriate protections for estate assets and creditors; and grant the Movants such other and further relief, at law or in equity, to which they may be justly entitled.

Dated: August 25, 2026.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
Texas State Bar No. 21555700
Lindauer & Vaughn
117 S. Dallas Street
Ennis, Texas 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Fairfax Best Living, LLC
and Woodland Oaks Best Living, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 25, 2026, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon those parties receiving electronic notice in this case.

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer