Joyce W. Lindauer
Texas State Bar No. 21555700
Lindauer & Vaughn
117 S. Dallas Street
Ennis, Texas 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Fairfax Best
Living, LLC and Woodland Oaks
Best Living, LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**OKLAHOMA CITY DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **YSA INVESTMENTS 1, LLC,** | § | **CASE NO. 26-12806-sah-11** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

**JOINDER IN ACRE Q018 RETENTION HOLDER, LLC'S MOTION TO APPOINT CHAPTER 11 TRUSTEE**

**TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:**

COME NOW Fairfax Best Living, LLC ("Fairfax") and Woodland Oaks Best Living, LLC ("Woodland Oaks Best") (collectively, "Joining Parties"), by and through their undersigned counsel, and hereby join in and support the Motion to Appoint Chapter 11 Trustee, Brief in Support Thereof, Notice of Opportunity for Hearing, and Notice of Hearing, if Necessary filed by ACRE Q018 Retention Holder, LLC ("ACRE") at Docket No. 168 (the "Motion"), and respectfully state as follows:

1. Joining Parties are parties-in-interest in this Chapter 11 case and have an interest in the proper administration and preservation of the assets of the Debtor's bankruptcy estate.

2. ACRE seeks the appointment of a Chapter 11 trustee pursuant to 11 U.S.C. § 1104(a)(1) and (a)(2), asserting that cause exists for the appointment of a trustee and that such appointment is in the best interests of creditors and other interests of the estate.

3. Joining Parties adopt and incorporate by reference the arguments, authorities, factual allegations, and relief requested in the Motion to the extent applicable to Joining Parties, without separately restating them herein.

4. Joining Parties agree that the circumstances surrounding the Debtor, its management, its dealings with insiders and affiliated entities, the disputed transfers and liens affecting the related real properties, and the conflicts among the Debtor and interested parties demonstrate the need for an independent and neutral fiduciary to administer the Debtor's estate.

5. To the extent the opposition seeks to characterize the issues before the Court as merely a personal "war" between Kulick and Efraim Diveroli, that characterization ignores the substantial interests of the investors whose capital is at risk. Kulick's position is not advanced solely for his own personal benefit, nor are senior investors or other stakeholders being used as "pawns" in a private dispute. Rather, hundreds of individual investors entrusted their savings and investment capital to these ventures, and approximately $300 million in investor equity is potentially at stake. These investors are not simply large institutional funds capable of absorbing substantial losses; they include individual professionals, including doctors, lawyers, and others who invested their personal savings in these projects.

6. Whatever personal history may exist between Kulick and Diveroli, the consequences of the present dispute extend far beyond either individual. The central concern is the preservation of estate assets and the protection of the hundreds of investors and other stakeholders whose financial interests may be materially affected by the Debtor's management and the disposition of these assets. Characterizing these concerns as a personal feud improperly minimizes the very real economic interests of those investors.

7. Indeed, the magnitude of the investor interests at stake further supports the appointment of an independent Chapter 11 trustee. A neutral fiduciary would remove the administration of the estate from the personalities and accusations surrounding the Kulick-Diveroli dispute and permit the Debtor's assets, transactions, claims, and competing interests to be evaluated objectively. Appointment of a trustee therefore protects not merely Kulick's interests, but the interests of the broader body of investors, creditors, and stakeholders whose capital depends upon the fair and impartial administration of this estate.

8. The appointment of an independent Chapter 11 trustee will provide appropriate oversight, permit an impartial evaluation of the Debtor's assets, liabilities, claims, causes of action, and transactions, and ensure that decisions concerning the estate are made in the interests of creditors and the estate rather than any particular insider or interested party.

9. Accordingly, Joining Parties support ACRE's request that the Court direct the appointment of a Chapter 11 trustee pursuant to 11 U.S.C. § 1104(a) and Bankruptcy Rule 2007.1.

**WHEREFORE, PREMISES CONSIDERED,** Joining Parties respectfully request that the Court grant the Motion to Appoint Chapter 11 Trustee filed by ACRE Q018 Retention Holder, LLC at Docket No. 168, direct the appointment of an independent Chapter 11 trustee in this case, and grant such other and further relief as the Court deems just and proper.

Dated: August 26, 2026.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
Texas State Bar No. 21555700
Lindauer & Vaughn
117 S. Dallas Street
Ennis, Texas 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034

Attorneys for Fairfax Best Living, LLC
and Woodland Oaks Best Living, LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 26, 2026, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon those parties receiving electronic notice in this case.

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer