Joyce W. Lindauer
Texas State Bar No. 21555700
Lindauer & Vaughn
117 S. Dallas Street
Ennis, Texas 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Fairfax Best
Living, LLC and Woodland Oaks
Best Living, LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**OKLAHOMA CITY DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **YSA INVESTMENTS 1, LLC,** | § | **CASE NO. 26-12806-sah-11** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

# OBJECTION TO DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF PHILLIPS MURRAH P.C. AS ATTORNEYS FOR DEBTOR IN POSSESSION

**TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:**

COME NOW, Fairfax Best Living, LLC ("Fairfax") and Woodland Oaks Best Living, LLC ("Woodland Oaks Best") parties-in-interest in the above-entitled and numbered case (the "Objecting Parties"), and file this Objection to Debtor's Application Pursuant to Bankruptcy Code Sections 327(a) and 328(a) for an Order Authorizing the Employment and Retention of Phillips Murrah P.C. as Attorneys for Debtor in Possession, Effective as of August 20, 2026 [Dkt. No. 183] (the "Application"), and respectfully show the Court as follows:

## I. BACKGROUND

1. On August 21, 2026, YSA Investments 1, LLC (the "Debtor") filed the Application seeking authority to employ Phillips Murrah P.C. ("Phillips Murrah") as its general bankruptcy counsel pursuant to sections 327(a) and 328(a) of the Bankruptcy Code.

2. Section 327(a) requires that professionals employed by a debtor in possession not hold or represent an interest adverse to the estate and be disinterested persons.

3. The disclosures submitted in support of the Application reveal existing relationships that raise substantial concerns regarding Phillips Murrah's ability to satisfy those requirements.

4. Most significantly, Phillips Murrah affirmatively discloses that attorneys at the firm have represented Seaview 525, LLC in collection matters against Marc Kulick, Vesta Capital, LLC, and Vesta Holdings, LLC. In addition to being a lender to Marc Kulick and his affiliated entities, Seaview 525 is one of the largest equity investors in the Real Estate portfolio that YSA claims to own, and subsequently steal all investor equity including Seaview 525

5. Phillips Murrah further discloses that Jason A. Sansone, one of the attorneys proposed to represent the Debtor in this case, previously consulted concerning the representation of Seaview 525, LLC.

6. Phillips Murrah acknowledges the potential conflict created by this representation and states that it will not represent Seaview 525, LLC in connection with claims against the Debtor and that, should issues concerning Seaview's claims arise, the Debtor will retain separate counsel in matters in which Phillips Murrah may have conflicts.

7. The Objecting Parties respectfully submit that these disclosures raise substantial questions concerning Phillips Murrah's eligibility to serve as the Debtor's general bankruptcy counsel and require further scrutiny before the Application is approved.

## II. OBJECTION

### A. Phillips Murrah's Representation of Seaview 525 Raises Significant Conflict Concerns.

8. Phillips Murrah's representation of Seaview 525 is not a remote or purely technical connection.

9. The firm has represented Seaview 525 in collection litigation against Marc Kulick, Vesta Capital, LLC, and Vesta Holdings, LLC.

10. Those parties and entities are connected to disputes and relationships that may be directly relevant to the Debtor, its management, its affiliates, and the circumstances surrounding this Chapter 11 case.

11. As general bankruptcy counsel, Phillips Murrah may necessarily be required to investigate, evaluate, advise upon, or litigate matters concerning transactions, relationships, claims, defenses, or conduct involving those same persons and entities.

12. The existence of Phillips Murrah's representation of Seaview 525 therefore raises a legitimate question as to whether Phillips Murrah can exercise independent professional judgment solely for the benefit of the Debtor and its bankruptcy estate.

13. The Court and creditors should not be required to wait until an actual dispute arises before determining whether Phillips Murrah's competing professional obligations impair its ability to serve as general bankruptcy counsel.

### B. Phillips Murrah Itself Recognizes That Conflicts Counsel May Be Necessary.

14. The Application does not merely disclose the Seaview representation and assert that no conflict exists.

15. Instead, Phillips Murrah expressly contemplates that the Debtor may be required to retain separate counsel if matters arise in which Phillips Murrah has conflicts which they

acknowledge from the outset due to Seaview's equity positions in the contested real estate portfolio.

16. The Objecting Parties respectfully submit that this acknowledgment is significant.

17. The contemplated need for separate conflicts counsel demonstrates that the potential conflict is neither imaginary nor speculative.

18. Rather, Phillips Murrah has already identified circumstances under which it may be unable to represent the Debtor in matters arising during the administration of this case.

19. That limitation is particularly concerning because Phillips Murrah seeks appointment as general bankruptcy counsel, rather than employment for a discrete or limited special purpose.

### C. The Scope of Phillips Murrah's Proposed Representation Magnifies the Potential Conflict.

20. The Application proposes an expansive scope of representation for Phillips Murrah.

21. Among other things, Phillips Murrah proposes to advise the Debtor concerning its powers and duties as debtor in possession; prosecute actions on behalf of the Debtor; defend actions involving the Debtor; prepare motions and other pleadings; negotiate and prosecute asset sales; negotiate and prepare a plan of reorganization; and provide other legal services necessary to the prosecution of this Chapter 11 case.

22. Those duties may require counsel to investigate and evaluate claims involving insiders, affiliates, managers, creditors, related entities, and other parties whose interests may be implicated in this case.

23. General bankruptcy counsel must be capable of providing independent advice concerning such matters without being constrained by duties owed to another client.

24. The disclosed Seaview representation raises substantial questions concerning Phillips Murrah's ability to perform that role without divided loyalties or limitations upon its representation.

**D. The Existing Disclosures Are Insufficient to Fully Evaluate the Conflict.**

25. The Application identifies the Seaview representation but provides limited information concerning the nature, scope, duration, and current status of that representation.

26. The Application does not adequately disclose whether Phillips Murrah's representation of Seaview remains ongoing, the complete nature of the claims being prosecuted, the extent of Sansone's involvement, or the confidential information Phillips Murrah may have obtained concerning Vesta Capital, Vesta Holdings, Marc Kulick, or related parties.

27. Nor does the Application sufficiently explain the relationship between those parties and the Debtor or identify the specific matters in this bankruptcy case that Phillips Murrah presently anticipates would require separate conflicts counsel.

28. Without this information, creditors and the Court cannot meaningfully evaluate whether Phillips Murrah presently holds or represents an interest adverse to the estate or whether the proposed employment complies with section 327(a).

29. Full disclosure is particularly important where the professional itself has acknowledged circumstances in which separate conflicts counsel may be required.

**E. The Proposed Use of Conflicts Counsel Does Not Resolve the Issue Presented by General Bankruptcy Counsel.**

30. The Objecting Parties recognize that conflicts counsel may, in appropriate circumstances, address discrete matters in which otherwise qualified bankruptcy counsel cannot participate.

31. Here, however, the disclosed conflict potentially concerns persons and entities whose relationships with the Debtor may permeate significant aspects of the case.

32. The proposed use of conflicts counsel therefore does not necessarily cure the broader concern regarding Phillips Murrah's ability to serve as the Debtor's primary general bankruptcy counsel.

33. The Court should determine the scope and significance of the conflict before approving the employment rather than authorize employment first and address conflicts only as they subsequently arise.

**F. Supplemental Disclosures Should Be Required Before Employment Is Approved.**

34. At a minimum, Phillips Murrah should be required to supplement its disclosures concerning:

a. the nature and current status of its representation of Seaview 525, LLC;

b. whether that representation remains ongoing;

c. the nature of the claims asserted against Vesta Capital, LLC, Vesta Holdings, LLC, and Marc Kulick;

d. the relationship between those parties and the Debtor;

e. the extent of Jason A. Sansone's participation in the Seaview representation;

f. whether Phillips Murrah possesses confidential information concerning persons or entities whose interests may be implicated in this bankruptcy case; and

g. the specific matters Phillips Murrah anticipates would require the employment of separate conflicts counsel.

35. Until these issues are fully disclosed and evaluated, the Debtor has not sufficiently demonstrated that Phillips Murrah satisfies the requirements for employment as general bankruptcy counsel.

## III. ALTERNATIVE RELIEF

36. Alternatively, if the Court does not deny the Application, the Objecting Parties respectfully request that approval be deferred pending supplemental disclosures and an opportunity for parties in interest to evaluate and respond to those disclosures.

37. The Court should further consider whether any employment of Phillips Murrah should be expressly limited to matters that do not involve Seaview 525, Vesta Capital, Vesta Holdings, Marc Kulick, or related parties and transactions.

38. Any approval should remain subject to continuing disclosure obligations and further review if additional conflicts or connections are discovered.

## IV. RESERVATION OF RIGHTS

39. The Objecting Parties reserve all rights concerning Phillips Murrah's employment, disinterestedness, conflicts, compensation, disclosures, and continued eligibility to represent the Debtor.

40. Nothing contained herein shall constitute consent to Phillips Murrah's employment or compensation or a waiver of any right to challenge future fees, services, conflicts, or matters concerning Phillips Murrah's representation.

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, Fairfax Best Living, LLC and Woodland Oaks Best Living, LLC respectfully request that the Court deny Debtor's Application Pursuant to Bankruptcy Code Sections 327(a) and 328(a) for an Order Authorizing the Employment and Retention of Phillips Murrah P.C. as Attorneys for Debtor in Possession [Dkt. No. 183]; alternatively, defer approval pending complete supplemental disclosures and further hearing; impose appropriate limitations and safeguards upon any employment authorized by the Court; and

grant the Objecting Parties such other and further relief, at law or in equity, to which they may be justly entitled.

Dated: August 26, 2026.

Respectfully submitted,

/s/ Joyce W. Lindauer

Joyce W. Lindauer
Texas State Bar No. 21555700
Lindauer & Vaughn
117 S. Dallas Street
Ennis, Texas 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Fairfax Best Living, LLC and
Woodland Oaks Best Living, LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 26, 2026, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon those parties receiving electronic notice in this case.

/s/ Joyce W. Lindauer

Joyce W. Lindauer