Joyce W. Lindauer
Texas State Bar No. 21555700
Lindauer & Vaughn
117 S. Dallas Street
Ennis, Texas 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Fairfax Best Living, LLC,
Woodland Oaks Best Living, LLC,
A-V Village Creek Owner LLC,
Barcelona Best Living LLC,
and 727 Lofts Best Living

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**OKLAHOMA CITY DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **YSA INVESTMENTS 1, LLC,** | § | **CASE NO. 26-12806-sah-11** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

# OBJECTION TO DEBTOR'S FUNDING MOTIONS

(Relates to Docket Nos. 40 and 56)

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COME NOW Fairfax Best Living, LLC, Woodland Oaks Best Living, LLC, A-V Village Creek Owner LLC, Barcelona Best Living LLC, and 727 Lofts Best Living (collectively, the "Objecting Parties"), by and through their undersigned counsel for these debtors, and file this Objection to (i) the Motion of the Debtor for Entry of Interim and Final Orders (I) Authorizing the Debtor's Use of Cash Collateral, (II) Finding that the Prepetition Secured Lenders are Adequately Protected, and (III) Scheduling a Final Hearing [Docket No. 40] (the "Cash Collateral Motion"), and (ii) the Motion to Approve Debtor in Possession Financing [Docket No. 56] (the "DIP Motion," and collectively, the "Funding Motions"), and respectfully state as follows:

1. The Objecting Parties object to the Funding Motions to the extent they concern property, rental income, proceeds, or other assets owned or claimed by the Objecting Parties, and

expressly preserve their objections concerning YSA's purported ownership of, and authority over, such property and rental income.

2. The Objecting Parties dispute YSA's purported authority to create liens against or transfer properties pursuant to the powers of attorney or joinders relied upon by YSA. Those documents do not identify the properties, grant mortgages, convey fee title, authorize deeds in lieu of foreclosure, or otherwise authorize YSA to transfer the Properties to itself.

3. Nevertheless, YSA recorded second mortgages against numerous multifamily properties and thereafter purported to use deeds in lieu of foreclosure or similar instruments to transfer properties owned by the title owners to itself. The Objecting Parties dispute that YSA possessed authority under the loans, powers of attorney, or joinders to accomplish those transfers.

4. These ownership and transfer issues are not hypothetical. They are presently the subject of adversary proceedings seeking, among other things, avoidance, recovery, preservation, turnover, injunctive and declaratory relief concerning YSA's conduct and the disputed transfers.

5. Against that backdrop, YSA should not be permitted to use the rental income generated by the properties as its own cash collateral or to pledge the properties and/or their proceeds to secure post-petition financing before the threshold ownership issues are resolved.

6. Permitting YSA to encumber any properties through DIP financing could materially alter the rights of the title owners and other interested parties while ownership remains subject to a bona fide dispute.

7. The Court should therefore deny the requested relief to the extent the Funding Motions seek to grant liens, security interests, claims, or other rights in or against any properties, their rents, proceeds, or other assets belonging to the title owners.

8. At a minimum, any order approving the use of cash collateral or DIP financing should expressly provide that: (a) no finding is made concerning YSA's ownership of the

properties or their rents; (b) all rights, claims, defenses, and causes of action concerning ownership and the validity of YSA's purported liens and transfers are fully preserved; (c) any liens granted pursuant to the Funding Motions remain subject to further order of the Court and the ultimate determination of ownership; and (d) if YSA is determined not to own any of the properties, such Property shall be removed from the DIP collateral without prejudice to the rights of the lawful owner.

9. Nothing in any interim or final funding order should prejudice, impair, release, waive, or otherwise affect the claims and relief sought in the pending adversary proceedings.

10. Finally, there should be no funding that impairs the rights of any secured lenders, unsecured creditors or investors by making them carry the burden of such debt. As has been established there is no need for such funding except to pay for expenses that should be borne by YSA itself – its legal fees, its costs and expenses and its costs of operating properties it has claimed an interest in. The Court should not grant the relief being sought because the properties can maintain their own operations if properly managed and can pay their operating expenses.

**WHEREFORE, PREMISES CONSIDERED,** Fairfax Best Living, LLC, Woodland Oaks Best Living, LLC, A-V Village Creek Owner LLC, Barcelona Best Living LLC, and 727 Lofts Best Living respectfully request that the Court deny the Funding Motions to the extent they seek authority to use, encumber, or pledge property, rents, proceeds, or other assets owned or claimed by the Objecting Parties or whose ownership is disputed, or, alternatively, condition any interim relief upon a full reservation of rights and protections preserving the ownership issues and claims pending before the Court, together with such other and further relief as the Court deems just and proper

Dated: August 28, 2026.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
Texas State Bar No. 21555700
Lindauer & Vaughn
117 S. Dallas Street
Ennis, Texas 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Fairfax Best Living, LLC, Woodland Oaks Best Living, LLC, A-V Village Creek Owner LLC, Barcelona Best Living LLC, and 727 Lofts Best Living

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 28, 2026, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon those parties receiving electronic notice in this case.

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer