**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| YSA Investments 1, LLC | ) | |
| | ) | |
| Debtor | ) | Case No. 26-12806 |
| | ) | |

**FEDERAL NATIONAL MORTGAGE ASSOCIATION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY RELATING TO COLLECTION OF RENTS BY MARC KULICK AND VESTA REALTY, LLC AND MOTION FOR WAIVER OF RULE 4001(A)(4) STAY, COMBINED WITH NOTICE OF OPPORTUNITY FOR HEARING AND BRIEF IN SUPPORT**

**NOTICE OF OPPORTUNITY FOR HEARING**

**Your rights may be affected. You should read this Document carefully and consult your attorney about your rights and the effect of this Document.** If you do not want the Court to grant the motion, or you wish to have your views considered, you must file a written response to the motion with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than 14 days from the date of filing of the motion. You should also serve a file stamped copy of the response to the undersigned [and others who are required to be served] and file a certificate or affidavit of service with the Court.

**[Note – this is a flat fourteen (14) days regardless of the manner of service.]**

Federal National Mortgage Association ("Fannie Mae") moves the Court to grant it relief from the automatic stay, to the extent such relief is necessary, for the limited purpose of pursuing relief against Marc Kulick and Vesta Realty, LLC in connection with Kulick's and Vesta Realty's ongoing collection of rents at properties that remain under their control.

Specifically Fannie Mae moves the Court for an Order (a) determining that Fannie Mae's action against Vesta Realty and Kulick in Western District of Oklahoma Case No. 5:26-CV-01400-HE is not prohibited by the automatic stay in this case or, in the alternative (b) granting Fannie Mae relief from the automatic stay in this case to pursue those claims or, in the alternative (c) determining that all rents received into the control of Vesta Realty and/or Kulick are a part of the bankruptcy estate in this matter and subject to this Court's orders.

In support of its Motion, Fannie Mae states as follows:

**Background**

The Current Management Situation at the Properties

Fannie Mae is the first position lien-holder, and mortgage lender, on ten apartment complexes that are currently implicated by this proceeding:

a. Remington Ranch Apartments, located at 1815 North Boomer Road, Stillwater, OK 74075;

b. The Capitol on 28th Apartments, located at 215 Northeast 28th Street, Oklahoma City, OK 73105;

c. Woodscape Apartments, located at 4200 North Meridian Avenue, Oklahoma City, OK 73112;

d. Copperfield Apartments, located at 2400 NW 30th Street, Oklahoma City, Ok 73112;

e. One Eton Square Apartments, located at 8111 East 60th Street, Tulsa, OK 74145;

f. Villas at Midtown Apartments, located at 2001 East Skelly Drive, Tulsa, OK 74105;

g. Barcelona Apartments, located at 5160 South Yale Avenue, Tulsa, OK 74135;

h. Canopy Apartments, located at 9201 Kanis Road, Little Rock, AR 72205;

i. Lexington Commons Apartments, located at 5530 Colony Way, Bartlesville, OK 74006; and

j. Seminole Ridge Apartments, located at 141 W. I-240 Service Road, Oklahoma City, OK 73139.

Each of the Apartment Complexes is or (as asserted by Debtor YSA Investments 1, LLC) was owned by an LLC that is a special purpose entity, or SPE, meaning that each LLC's only tangible asset is the apartment complex it owns and each LLC's only business asset is the operation of that apartment complex (collectively, the "SPE Borrowers"). Fannie Mae's loans were to the SPE Borrowers, but, as the Court is aware, Debtor YSA Investments 1, LLC subsequently deeded itself the properties using a power of attorney granted to it by Marc Kulick, the SPE Borrowers' key principal (and the controlling owner of the SPE Borrowers' property manager, Vesta Realty, LLC).

The current management situation as to the ten apartment complexes is complicated by four facts:

First, two of the SPE Borrowers (the ones that owned Barcelona Apartments and Remington Ranch) filed Chapter 11 bankruptcy proceedings in the Northern District of Texas (which proceedings have since been transferred to this court), and a Chapter 11 Trustee has been appointed.

Second, YSA, after it deeded itself all of the properties, forcibly took over management of three of the ten Fannie Mae properties (Barcelona, One Eton Square, and Villas at Midtown), all of which are in Tulsa, Oklahoma.

Third, following the YSA takeover, YSA (through its contracted property management company, Capital Assets, LLC) and Mr. Kulick/Vesta have sent the tenants at the Fannie Mae Tulsa properties conflicting information as to who (if at all) they should pay rents to.[1]

Fourth, a receiver has been appointed over Canopy Apartments in Fannie Mae's Arkansas state-court foreclosure action and has been managing that property since early July.

As a result of all this, the current management and rent collection situation at the properties on which Fannie Mae is the senior secured lender are as follows:

- Barcelona and Remington Ranch are under the control of the Chapter 11 trustee, who is empowered to receive rents and determine how those rents should be used.
- Canopy Apartments are under the control of a receiver, who is empowered to receive rents and determine how those rents should be used.
- One Eton Square and Villas at Midtown are under the control of YSA and Capital Assets.[2] Presumably, they will collect some rents—though, given the conflicting messages about to whom rents should be paid, it appears likely that at least some tenants at these two properties will continue to pay rents to Vesta Realty. As a result of the current bankruptcy proceedings, any rents

[1] The tenant confusion on this issue was most recently chronicled by the publication Oklahoma Watch in an article titled "Vesta Realty's Collapse Has Left Tenants Unsure Who Gets the Rent." *See* https://oklahomawatch.org/2026/08/06/vesta-realtys-collapse-has-left-tenants-unsure-who-gets-the-rent-and-scared-of-what-comes-next/.

[2] YSA has also represented that it remains in control of Barcelona Apartments. Fannie Mae is not certain on the extent to which that representation is, or will remain, correct in light of the Chapter 11 Trustee appointment.

collected by Capital Assets or YSA will be subject to this Court's supervision, but rents collected by Vesta Realty will not be controlled by YSA so as to become subject to this Court's supervision automatically.

- Seminole Ridge, Lexington Commons, Copperfield, Woodscape, and Capital on 28th all remain under the control of Vesta Realty and Marc Kulick. There is currently no court with supervision over the use of these rents once they are collected, nor is there a neutral third party in place to oversee how these rents are being applied.

<u>Fannie Mae's Right to the Rents</u>

The relevant mortgages provide that, upon default, the borrowers' revocable licenses to collect rents are terminated and all rents collected must be paid to Fannie Mae. Specifically, pursuant to Section 3(a) of the Fannie Mae Mortgages, the SPE Borrowers provided Fannie Mae with an absolute and unconditional assignment of all Leases and Rents. Under Section 3(b) of the Mortgages, Fannie Mae granted the SPE Borrowers a revocable license to collect and receive all Rents at the Properties. Section 3(c), in turn, provides that "If an Event of Default has occurred and is continuing…the revocable license granted to Borrower pursuant to Section 3(b) shall automatically terminate and… Lender shall be entitled to all Rents as they become due and payable, including Rents then due and unpaid."

All of the SPE Borrowers are in default on the ten Fannie Mae loans on multiple bases, including that all of them are in payment default. Fannie Mae accelerated the loans and gave the SPE Borrowers notice that all rents should be paid to Fannie Mae. Per the most recent rent rolls prepared by the borrowers and submitted to Fannie Mae, the 10 SPE Borrowers were collecting, in the aggregate, more than $1.9 million each month in rents. Nothing has been paid to Fannie Mae since the entities went into default. These failures to

pay rents to Fannie Mae are all clear violations of the SPE Borrowers' contractual obligations to Fannie Mae.

There are plain indications that the Rents being collected are not being spent on the properties. Rent rolls prepared by Vesta Realty demonstrate large drops in occupancy that correlate to increases in the number of units that are "vacant unrented not ready"—meaning that when tenants move out, Vesta Realty is not putting in the minimal amount of investment needed to ready the units for new renters. At a receivership hearing in May, a Vesta Realty regional manager was asked about why this failure to "turn" units for new renters was occurring. She testified that "[w]e just didn't have enough materials to get the units turned" and that, while she didn't have access to financials, the lack of materials was "most likely" due to lack of money available for use on the property.

The rents are also not being used to pay for insurance or property taxes; both property taxes and insurance are, under the loan documents, obligations of the SPE Borrowers, and yet Fannie Mae has been forced to come out of pocket to pay both. And the rents are not being used to pay contractors who work on the properties, as evidenced by numerous mechanic's and materialmen's liens filed on the properties. In short, while Fannie Mae does not have access to Vesta Realty's financial records and cannot account for where the rent money is going, the evidence that the rent money is not being used as it should be is strong.

<u>Fannie Mae's Attempts to Stop the Misuse of Rents</u>

Fannie Mae filed a tortious interference suit in the Western District of Oklahoma (Case No. 5:26-CV-01400-HE) against Kulick and Vesta Realty in connection with the

collection of rents by Vesta Realty, on the theory that because Vesta Realty and Kulick control what happens to the rents after they are received, the SPE Borrowers' breach of their contractual obligation to pay the rents to Fannie Mae is being caused by interference from Vesta Realty and Kulick. Fannie Mae filed a motion for injunctive relief in connection with its claims on July 28, 2026, and that Motion was set to be heard on Thursday, August 6, 2026.

Approximately 29 hours before that hearing was set to take place, in the evening on August 4, 2026, Kulick and Vesta Realty filed a notice with the Western District of Oklahoma to the effect that, because YSA—in addition to deeding itself the properties—actually claims an ownership interest in Vesta Realty, Fannie Mae's claim against Vesta Realty is stayed by these current YSA bankruptcy proceedings. As evidence, Kulick and Vesta Realty attached to their Motion a UCC Financing Statement YSA had filed in Kansas, indicating that as collateral for a loan, Mr. Kulick had pledged "100 out of 100 Membership Shares of Vesta Realty, LLC."

Fannie Mae, in an abundance of caution and in an attempt to avoid an inadvertent violation of the automatic stay, asked the Court to continue the hearing on Fannie Mae's injunction motion pending guidance from this Court on whether Fannie Mae may proceed with its claims against Vesta Realty in that action. On August 5, 2026, the Western District granted Fannie Mae's Motion for Continuance.

## **Relief Sought**

The situation described above should not be allowed to continue. For five of the Fannie Mae properties (the two in bankruptcy in the Western District of Oklahoma, the two

under YSA control, and the one under receivership), the rents are being received and used under court supervision, and Fannie Mae seeks no relief in this Motion as to rents received under court supervision. But for the other five properties, Vesta Realty and Kulick remain in a position of control, allowing them to collect rents and continue to disregard the SPE Borrowers' contractual obligation to pay the rents to Fannie Mae following default—and they are strategically using these bankruptcy proceedings as a tool to avoid judicial scrutiny of their actions. Put differently, Kulick and Vesta Realty are using YSA's bankruptcy filing to claim the advantages of bankruptcy (protection from creditors) without having to deal with the obligations of bankruptcy (judicial scrutiny of their use of assets). They are, in short, misusing YSA's bankruptcy filing as a shield to allow them to continue their misconduct.

Fannie Mae is mindful of its obligation to avoid violating the automatic stay in this case, and requests guidance from the Court on how to proceed. To the extent the Court determines that Fannie Mae's action against Vesta Realty and Kulick are not prohibited by the automatic stay, Fannie Mae requests an order to that effect, so that Fannie Mae can re-set the hearing on its motion for injunctive relief in the civil suit in the Western District of Oklahoma.

On the other hand, to the extent the Court determines that Fannie Mae's action against Vesta Realty and Kulick are prohibited by the automatic stay, Fannie Mae moves the Court for relief from the automatic stay, so that it can proceed with its motion for injunctive relief in the Western District of Oklahoma. In the alternative, Fannie Mae moves the Court for an Order that all rents received into the control of Vesta Realty and/or Kulick

are a part of the bankruptcy estate in this matter, so that Vesta Realty and Kulick will be on notice that any use of rents they receive except as authorized by this Court is a violation of the automatic stay.

In short, by this Motion, Fannie Mae simply asserts that Vesta Realty and Kulick should not be allowed to continue to collect rents and misuse them without any court having the ability to scrutinize their actions. The situation Vesta Realty and Kulick have created—through their strategic use of YSA filings—should not be allowed to continue. Either Fannie Mae should be permitted to pursue its claims in Western District of Oklahoma Case No. 5:26-CV-01400-HE to stop them, or this Court should do so by declaring that any rents Vesta Realty and Kulick come to control are a part of the YSA bankruptcy estate.

**REQUEST FOR WAIVER OF RULE 4001(a)(4) STAY**

1. Fannie Mae also requests the Court waive the automatic 14-day stay of an order granting relief from the automatic stay.

2. Given the fact that Vesta and Kulick continue to collect and misuse the rents derived from the property, rents that are pledged to Fannie Mae, any delay in pursuing Fannie Mae's claims in it federal court lawsuit results in continuing loss of rents, Accordingly, Fannie Mae urges that waiver of the 4001(a)(4) stay is appropriate.

**<u>Conclusion</u>**

For the foregoing reasons, Fannie Mae moves the Court for an Order (a) determining that Fannie Mae's action against Vesta Realty and Kulick is not prohibited by the automatic stay in this case or, in the alternative (b) granting Fannie Mae relief from the automatic stay

in this case to pursue those claims or, in the alternative (c) determining that all rents received into the control of Vesta Realty and/or Kulick are a part of the bankruptcy estate in this matter.

Respectfully submitted,

*/s/ Christopher M. Scaperlanda*

Christopher M. Scaperlanda, OBA #31703
Ross A. Plourde, OBA #7193
Gatlin C. Squires, OBA #34795
McAfee & Taft A Professional Corporation
8th Floor, Two Leadership Square
211 N. Robinson
Oklahoma City, Oklahoma 73120
Telephone: (405) 235-9621
Facsimile: (405) 235-0439
christopher.scaperlanda@mcafeetaft.com
ross.plourde@mcafeetaft.com
gatlin.squires@mcafeetaft.com

***Attorneys for Federal National Mortgage Association***

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2026, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court for the Western District of Oklahoma Bankruptcy Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are registered C/ECF users in this case.

_*/s/ Christopher M. Scaperlanda*__
Christopher M. Scaperlanda