**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br>YSA Investments 1, LLC,<br>Debtor. | Chapter 11<br>Case No. 26-12806 |

**SECURED CREDITOR AXONIC MULTIFAMILY BRIDGE SPV (BC) TRUST'S WITNESS AND EXHIBIT LIST**

**COMES NOW** secured creditor Axonic Multifamily Bridge SPV (BC) Trust ("**Lender**"), by and through its undersigned counsel, and hereby discloses the following witnesses and exhibits that Lender anticipates it may introduce into evidence, or use in rebuttal, at the hearing on the *Motion of the Debtor for Interim and Final Orders (I) Authorizing the Debtor to Obtain Postpetition Financing; (II) Granting Security Interests and Superpriority Administrative Expense Status; (III) Modifying the Automatic Stay; (IV) Authorizing the Use of Cash Collateral; (V) Granting Adequate Protection; (VI) Scheduling a Final Hearing; and (VII) Granting Related Relief* [Doc. 56], and any subsequent hearing in this matter:

**EXHIBITS**

| Exhibit | Description |
|---|---|
| 1. | Promissory Note dated December 16, 2021, in the original principal amount of $31,153,375.00 |
| 2. | Loan Agreement dated as of December 16, 2021 |
| 3. | Mortgage, Assignment of Leases and Rents and Security Agreement dated as of December 16, 2021, recorded with the Tulsa County Clerk as Document No. 2021149710 |
| 4. | Assignment of Leases and Rents dated as of December 16, 2021, recorded with the Tulsa County Clerk as Document No. 2021149711 |
| 5. | Loan Modification Agreement dated as of February 7, 2025 |
| 6. | Assignment of Mortgage, Assignment of Leases and Rents and Security Agreement and Assignment of Assignment of Leases and Rents, recorded with the Tulsa County Clerk as Document Nos. 2025040190 and 2025040191 |

| Exhibit | Description |
|---|---|
| 7. | Notice of Default dated May 21, 2026 |
| 8. | Mortgage, Assignment of Leases and Rents, Security Agreement, and Fixture Filing in favor of YSA Investments 1, LLC, recorded with the Tulsa County Clerk as Document No. 2025099691 |
| 9. | Special Warranty Deed dated June 17, 2026, recorded with the Tulsa County Clerk as Document No. 2026056497 |
| 10. | Any and all exhibits for foundation, impeachment, or rebuttal |
| 11. | Any and all exhibits identified by any other party not objected to by Lender |

## WITNESSES

Lender **MAY** call the following witnesses:

| Witness | Subject Matter: |
|---|---|
| **Representative of YSA Investments 1 LLC**<br>**Est. time:** 20 minutes | • The Debtor's revised DIP budget, Riverpark budget, and any alleged need for postpetition financing or use of Riverpark rents, accounts, or other property-level collateral.<br>• The Debtor's projected Riverpark cash flow, including the absence of any identified Riverpark operating shortfall, Riverpark-specific draw, or immediate Riverpark expense requiring financing by Mayflower Asset Recovery Systems LLC.<br>• The property-level insurance identified in the revised DIP budget, including any allocation to Riverpark, supporting invoices, binders, coverage periods, named insureds, payment deadlines, and whether any Riverpark insurance or preservation payment is necessary before a final hearing.<br>• The Debtor's proposed use of Riverpark cash or collateral for professional fees, estate-level expenses, Mayflower fees, prepetition obligations, or expenses of other properties. |
| **Representative of YSA Investments 1 LLC**<br>**Est. time:** 20 minutes | • The proposed DIP collateral package, including Segregated Property Accounts, account-control rights after default, property-manager acknowledgments, and the Property-Level Advance reimbursement mechanism, and whether those provisions could affect Riverpark rents or Axonic's asserted collateral. |

| **Witness** | **Subject Matter:** |
|---|---|
| **(cont'd)**<br>**Representative of YSA Investments 1 LLC**<br>**Est. time:** 20 minutes | (cont'd)<br>• The proposed DIP collateral package, including Segregated Property Accounts, account-control rights after default, property-manager acknowledgments, and the Property-Level Advance reimbursement mechanism, and whether those provisions could affect Riverpark rents or Axonic's asserted collateral.<br>• The Debtor's proposed adequate protection for Axonic Multifamily Bridge SPV (BC) Trust, including any limitations, reporting, segregation, cash-management, notice, or default provisions necessary to protect Axonic's asserted interests in Riverpark rents, accounts, proceeds, and other collateral.<br>• The facts and circumstances supporting or rebutting the relief requested in the Debtor's DIP Motion, including the objections, reservations of rights, and requested Riverpark protections asserted by Axonic Multifamily Bridge SPV (BC) Trust. |
| **Representative of Riverpark Best Living, LLC**<br>**Est. time:** 20 minutes | • Riverpark Best Living, LLC's execution of and obligations under the Note, Loan Agreement, Mortgage, Assignment of Leases and Rents, and related loan documents covering Riverpark at Kensington and related collateral.<br>• The loan modification, maturity, defaults, Notice of Default, acceleration, foreclosure action, and request for appointment of a receiver relating to the Riverpark loan documents.<br>• The Borrower's ownership, operation, possession, and management of the Riverpark at Kensington property before YSA Investments 1, LLC's alleged acquisition, takeover, possession, operation, or management of the Property.<br>• The collection, use, segregation, accounting, transfer, or disposition of Riverpark rents, income, security deposits, reserves, insurance proceeds, and other cash before and after default and before and after YSA Investments 1, LLC's alleged takeover. |

| Witness | Subject Matter: |
|---|---|
| **(cont'd)**<br>**Representative of Riverpark Best Living, LLC**<br>**Est. time:** 20 minutes | (cont'd)<br>• Any facts bearing on whether Riverpark rents, proceeds, accounts, reserves, insurance proceeds, claims, or other collateral should be excluded from DIP Collateral and protected from Mayflower liens, claims, reimbursement rights, control rights, and remedies.<br>• Any facts supporting or rebutting the Debtor's proposed budget, proposed adequate protection, and asserted ability to stabilize, operate, rehabilitate, or reorganize Riverpark at Kensington.<br>• Any facts supporting Axonic Multifamily Bridge SPV (BC) Trust's requested Riverpark protections, including prohibitions on Riverpark Property-Level Advances, use of Riverpark cash for non-Riverpark expenses, and remedies affecting Riverpark without notice, consent, or further court order. |
| **Representative of Mayflower Asset Recovery Systems, LLC**<br>**Est. time:** 20 minutes | • Mayflower Asset Recovery Systems LLC's role as proposed DIP Lender, including the terms, structure, negotiation, documentation, and approval of the proposed DIP Loan Facility.<br>• Mayflower's relationship with the Debtor, and any other affiliates, insiders, principals, members, managers, officers, directors, employees, agents, professionals, or funding sources involved in the proposed DIP Loan Facility.<br>• The proposed treatment of any prepetition obligations under the DIP Term Sheet, Interim Order, Final Order, or related documents, including any roll-up, deemed conversion, adequate-protection claim, stipulation, release, waiver, or payment right.<br>• Mayflower's proposed liens, superpriority claims, adequate-protection rights, collateral package, and remedies, including any asserted rights in Segregated Property Accounts, cash collateral, property-level accounts, rents, proceeds, or other collateral.<br>• The proposed borrowing limits, availability, draw process, budget approval rights, conditions precedent, interest rates, default rate, maturity, fees, expenses, indemnification, and reimbursement obligations under the DIP Loan Facility. |

| **Witness** | **Subject Matter:** |
| --- | --- |
| **(cont'd)**<br>**Representative of Mayflower Asset Recovery Systems, LLC**<br>**Est. time:** 20 minutes | (cont'd)<br>• Mayflower's knowledge of, and communications concerning, the Debtor's need for financing, alternative financing efforts, use of cash collateral, projected expenses, insurance costs, professional fees, and any alleged immediate and irreparable harm absent interim financing.<br>• The facts and circumstances supporting or rebutting Mayflower's request for good-faith lender protections under section 364(e), modification of the automatic stay, default remedies, challenge restrictions, waivers, releases, and other protections requested in connection with the DIP Loan Facility. |
| Any witness called by the Debtors or any other party at the hearing, or included on any other party's witness list | |

Lender reserves the right to introduce or to call one or more, or none, of the witnesses and exhibits listed above, and reserves the right to call additional witnesses and introduce additional exhibits in rebuttal. Lender further reserves the right to supplement this list prior to hearing.

Date: August 31, 2026

Respectfully submitted,

*/s/ Preston Sullivan*

Kiran A. Phansalkar, OBA #11470
Preston M. Sullivan, OBA #33619
McAfee & Taft A Professional Corporation
8th Floor, Two Leadership Square
211 N Robinson Ave
Oklahoma City, OK 73102-7103
Telephone: (405) 235-9621
Email: kiran.phansalkar@mcafeetaft.com
preston.sullivan@mcafeetaft.com

-and-

Michael L. Schuster (*admitted pro hac vice*)
POLSINELLI PC
1401 Lawrence Street, Suite 2300
Denver, Colorado 80202
Telephone: (720) 931-1188
Email: mschuster@polsinelli.com

-and-

Nicholas A. Griebel (*admitted pro hac vice*)
POLSINELLI PC
7676 Forsyth Boulevard, Suite 800
St. Louis, Missouri 63105
Telephone: (314) 622-6613
Email: ngriebel@polsinelli.com
***Attorneys for Secured Lender Axonic Multifamily Bridge SPV (BC) Trust***

**CERTIFICATE OF SERVICE**

I, Preston Sullivan, hereby certify that on August 31, 2026, a true and correct copy of the foregoing *Secured Creditor Axonic Multifamily Bridge SPV (BC) Trust's Witness and Exhibit List* was served upon all parties of record via CM/ECF.

*/s/ Preston Sullivan*
Preston Sullivan