**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re: | |
| YSA INVESTMENTS 1, LLC, | Case No. 26-12806-SAH<br>Chapter 11 |
| Debtor. | |

**SUBMISSION OF REVISED BUDGET AND PROPOSED ORDER**

YSA Investments 1, LLC, submits the attached revised budget (Exhibit 1) and proposed Order on Debtor's Emergency Motion for Interim and Final Orders Authorizing the Debtor to Obtain PostPetition financing on an Unsecured Basis (Exhibit 2).

PHILLIPS MURRAH P.C.

*/s/ Jason A. Sansone*

Clayton D. Ketter, OBA No. 30611
Jason A. Sansone, OBA No. 30913
Nicholas J. Candido, OBA No. 36069
424 N.W. 10th St., Suite 300
Oklahoma City, OK 73103
(405) 235-4100 - telephone
(405) 235-4133 – facsimile
cdketter@phillipsmurrah.com
jasansone@phillipsmurrah.com
njcandido@phillipsmurrah.com
**Proposed Attorneys for Debtor**

# EXHIBIT 1

**YSA INVESTMENTS 1, LLC – DIP Budget Through October 31, 2026**

| **Expense** | **August** | **September** | **October** | **Total** |
|---|---|---|---|---|
| Debtor's Counsel | $225,000 | $150,000 | $150,000 | $525,000 |
| Consultant- PJD Consult LLC | $161 | $5,000 | $5,000 | $10,161 |
| UST Fees | $18,400 | $18,400 | $18,400 | $55,200 |
| Accountant – TBD | $0 | $10,000 | $10,000 | $20,000 |
| Contingency/Miscellaneous – Property Costs | $100,000 | $100,000 | $100,000 | $300,000 |
| **Total** | **$343,561** | **$283,400** | **$283,400** | **$910,361** |

# EXHIBIT 2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

In re:

YSA INVESTMENTS 1, LLC,

Debtor.

Case No. 26-12806-SAH
Chapter 11

**ORDER ON DEBTOR'S EMERGENCY MOTION**
**FOR INTERIM AND FINAL ORDERS AUTHORIZING THE DEBTOR**
**TO OBTAIN POSTPETITION FINANCING ON AN UNSECURED BASIS**

This matter comes on for consideration based on the *Debtor's Emergency Motion for Interim and Final Orders Authorizing the Debtor to Obtain Postpetition Financing on an Unsecured Basis and Scheduling a Final Hearing* (the "Motion") filed by YSA Investments 1, LLC (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"). The Court has jurisdiction to consider the Motion, has considered the Motion, and finds that the relief requested in the Motion is necessary and in the best interests of the Debtor and its estate, that the Debtor's notice and opportunity for a hearing were appropriate under the circumstances, that no other notice need be provided, and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. **Disposition.** The Motion is granted on a final basis on the terms set forth in this Order. Any objections to the relief sought in the Motion that have not previously been resolved or withdrawn, including any reservations of rights therein, are hereby overruled on their merits. This Order shall be valid, binding on all parties-in-interest, and fully effective immediately upon entry.

2. **Jurisdiction, Venue.** The Court has jurisdiction over this matter, the parties, and the Debtor's property pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this Case and the Motion is proper under 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 105 and 364(b) of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, 9013, and 9014.

3. **Notice.** Notice of the Motion and the relief requested constitutes due and sufficient notice, and no further notice of the relief sought and the relief granted by this Order is necessary or required.

4. **Authorization to Enter into DIP Agreement.** Subject to the terms and conditions of this Order, the Debtor is authorized to enter into and perform under the term of this Order with Mayflower Asset Recovery Systems LLC (the "DIP Lender"), pursuant to the following terms:

   (a) **Loan Amount:** In an aggregate principal amount up to $2,000,000.00 (the "DIP Loan") during the pendency of the Chapter 11 Case, on an administrative claim basis.

(b) **Permitted Use of Proceeds:** The proceeds of borrowings under the DIP Loan will be used only in accordance with the budget attached hereto as Exhibit A (the "Approved Budget") to pay actual and necessary costs and expenses of: (i) ordinary course general corporate and working capital purposes; (ii) the costs of administration of the Chapter 11 Case; and (iii) fees and expenses of professionals retained by the Debtor, as approved by the Court. The Approved Budget reflects disbursements for Professional Fees (which shall be reported in a manner so that Professional Fees for each retained professional shall be on its own line item) shall be adhered to on a cumulative basis such that if actual fees and expenses exceed budget for one month, such fees and expenses may be accrued for in a different month. Actual amounts may exceed the Approved Budget by up to 10% per line item and for the cumulative budgeted amounts.

(c) **Interest Rate:** 8.75%

(d) **Maturity:** Upon the earlier of (1) the effective date of a Chapter 11 plan, (2) 12 months, or (3) an Event of Default.

(e) **Conditions of Lending:** The obligation of the DIP Lender to make advances under the DIP Loan is subject to (i) no Event of Default having occurred and continuing; and (ii) entry of this Order.

(f) **Events of Default:** The following shall constitute Events of Default:

(i) Any representation, warranty, or certification made or deemed to be made by Debtor or its agents shall prove to have been false or misleading any material respect when made or deemed made.

(ii) Default shall be made in the payment of any principal or interest of the Loan when and as the same shall become due and payable, whether at the due date thereof or at a date fixed for prepayment thereof or by acceleration thereof or otherwise.

(iii) Debtor shall fail to comply in a timely manner with its obligations and responsibilities as a debtor in possession under the Bankruptcy Code, Bankruptcy Rules, and any other order of the Court.

(iv) Debtor shall fail to comply with the terms of this Order, including but not limited to failing to adhere to the Approved Budget.

(v) The entry of any order terminating Debtor's exclusive right to file a plan of reorganization or the expiration of Debtor's exclusive right to file a plan of reorganization.

(vi) The entry of an order in the Chapter 11 Case confirming a plan of reorganization that is not reasonably acceptable to the DIP Lender.

(vii) The entry of an order amending, supplementing, staying, vacating, or otherwise modifying the terms of this Order without the written consent of the DIP Lender.

(viii) A sale without the DIP Lender's consent of all or substantially all of Debtor's physical assets either through a sale under Bankruptcy Code section 363, through a confirmed plan of reorganization in the Chapter 11

Case, or otherwise that does not result in payment in full of all amounts owed to the DIP Lender under the terms of this Order.

(ix) Entry of an order for the dismissal or conversion to Chapter 7 of the Chapter 11 Case.

(x) The appointment of an interim or permanent trustee, receiver, or examiner in the Chapter 11 Case.

(xi) An order materially adversely impacting the rights and interests of the DIP Lender shall have been entered by the Court.

5. **Administrative Claim.** Pursuant to Bankruptcy Code section 364(b), the DIP Lender (Mayflower Asset Recovery Systems LLC) shall have an administrative expense claim under Bankruptcy Code section 503(b)(1) for all amounts actually advanced under the DIP Agreement. This administrative expense claim shall be the sole basis for the DIP Lender's claim arising from the DIP Loan with no lien, superpriority status, or adequate protection granted to the DIP Lender under this Order.

6. **Exception from Cash Collateral.** Any unexpended funds advanced by the DIP Lender pursuant to this Order, to the extent they remain separate and identifiable, shall not be deemed cash collateral under Bankruptcy Code section 363(a).

7. **Rights Upon Default.** Upon the occurrence of any Event of Default, so long as this bankruptcy case remains pending, the DIP Lender's remedies shall be limited to (i) declaring the loan then outstanding to be due and payable in whole, whereupon the principal of the loan and any accrued interest thereon shall become due and payable

immediately, without presentment, demand, protest, or other notice of any kind; (ii) terminating any of the DIP Lender's obligations under this Order, including any obligation to make advances; and (iii) seeking payment of its claim as an unsecured administrative expense in the bankruptcy case.

8. **Further Acts.** The Debtor, its officers, employees, and agents are authorized to take or refrain from taking such acts as are necessary and appropriate to implement and effectuate the relief granted herein.

9. **Retention of Jurisdiction.** This Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order and the DIP Agreement.

10. **Service of Order.** The Debtor shall provide notice of this Order to the appropriate parties, including the U.S. Trustee, counsel to the DIP Lender, any official committee of unsecured creditors, and any party that has filed a request for notices with this Court.

The Movant shall notify all interested parties of this Order.

Findings of fact are based upon representation of counsel.

IT IS SO ORDERED.

# # #

APPROVED:

*/s/ Jason A. Sansone*

Clayton D. Ketter, OBA No. 30611
Jason A. Sansone, OBA No. 30913
Nicholas J. Candido, OBA No. 36069
PHILLIPS MURRAH P.C.
424 N.W. 10th St., Suite 300
Oklahoma City, OK 73103
(405) 235-4100 - telephone
(405) 235-4133 – facsimile
cdketter@phillipsmurrah.com
jasansone@phillipsmurrah.com
njcandido@phillipsmurrah.com
**Proposed Attorneys**
**for YSA Investments 1, LLC**

**EXHIBIT A**

(Approved Budget)