**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br><br>YSA INVESTMENTS 1, LLC,<br><br>Debtor. | Case No. 26-12806-SAH<br>Chapter 11 |

**SUBMISSION OF DECLARATION**

YSA Investments 1, LLC, submits the attached Declaration of Greg Wright Pursuant to Interim Order Authorizing Debtor's Use of Cash Collateral (Doc. 263).

PHILLIPS MURRAH P.C.

*/s/ Jason A. Sansone*

Clayton D. Ketter, OBA No. 30611
Jason A. Sansone, OBA No. 30913
Nicholas J. Candido, OBA No. 36069
424 N.W. 10th St., Suite 300
Oklahoma City, OK 73103
(405) 235-4100 - telephone
(405) 235-4133 – facsimile
cdketter@phillipsmurrah.com
jasansone@phillipsmurrah.com
njcandido@phillipsmurrah.com
**Proposed Attorneys for Debtor**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br><br>YSA INVESTMENTS 1, LLC,<br><br>Debtor. | Case No. 26-12806-SAH<br>Chapter 11 |

**DECLARATION OF GREG WRIGHT PURSUANT TO INTERIM ORDER AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL [DOC. 263]**

I, Greg Wright, as President of Capital Assets, Inc. ("Capital Assets"), hereby declare as follows pursuant to 28 U.S.C. § 1746:

1. I am over eighteen years of age, have personal knowledge of the facts set forth in this Declaration, and if called as a witness could and would testify competently thereto.

2. I am authorized to make this Declaration based on my personal knowledge and my role as President of Capital Assets, the property manager currently handling funds generated by certain properties subject to this bankruptcy estate, namely: Thrive Jenks, Lakeside Place, Villas at Midtown, Village Creek, Barcelona Apartments, Shoreline, 727 Lofts, One Eton Square, Riverpark at Kensington, and 23 East.

3. I have reviewed the *Interim Order Authorizing Use of Cash Collateral*, Doc. 263 (the "Interim Order"), including the terms and conditions governing Debtor's interim use of Cash Collateral, and I understand that any failure to comply with those terms and conditions may result in the immediate appointment of a chapter 11 trustee *sua sponte*.

4. I also understand that the Interim Order excludes three properties: Village Creek, Barcelona Apartments, and 727 Lofts. Thus, this Declaration addresses only Thrive Jenks, Lakeside Place, Villas at Midtown, Shoreline, One Eton Square, Riverpark at Kensington, and 23 East (the "Properties").

5. The Thrive Jenks property is (or was) subject to a separate order. On July 24, 2026, the United States Bankruptcy Court for the District of Maryland entered a Preliminary Order Addressing Motion for Temporary Restraining Order (the "TRO Order"). Pursuant to the TRO Order, YSA, through Capital Assets, has been collecting rents and applying/reinvesting rents and other proceeds of value derived from or in any way relating to the property for ongoing maintenance, upkeep, operation, and preservation of the Thrive Jenks property.

6. I hereby state and represent under oath that no Cash Collateral will be paid or transferred by Capital Assets for any purpose other than those stated on the record and set forth in the Interim Order.

7. Without limiting the foregoing, Cash Collateral will be used only during the interim period from August 27, 2026, to 10:00 a.m. C.S.T. on September 3, 2026, and only in accordance with the Budgets for taxes, insurance, regular maintenance, upkeep, repairs, and the replacement of air conditioning units, subject to a variance not to exceed 10% per line item. Cash Collateral with respect to Thrive Jenks has been used in accordance with the TRO Order and YSA will seek the Court's guidance on which order controls going forward.

8. Cash Collateral will not be used to pay management fees, advertising, or capital expenditures including replacement costs, except for HVAC and water-related equipment necessary for the safety and health of tenants, as authorized by the Interim Order.

9. I wish to bring to the Court's attention a clerical error that occurred on August 21, 2026, prior to entry of the Interim Order, when Capital Assets mistakenly paid the second payroll for the Properties from Cash Collateral. This was not directed by YSA. When Capital Assets discovered the error, it immediately advanced its own funds and restored the Cash Collateral

accounts in full. I have addressed this error with Capital Assets' controller and shared the Interim Order will the controller to ensure that no unauthorized disbursements will occur.

10. Separate from this Declaration, Capital Assets will contemporaneously with this Declaration provide an itemized accounting of all funds received and expended by Capital Assets for the Properties since the Petition Date as required by paragraph five (5) of the Interim Order. Other than this clerical mistake which was immediately corrected, no cash collateral funds have been used by Capital Assets.

11. All first lien lenders with respect to the Properties have been contacted and information needed by the bank to establish logins and grant real time access to review the segregated bank accounts with respect to the Properties has been requested. The bank has been directed to grant immediate access upon receipt from the first lien lenders of the required information.

12. I once more state that Capital Assets will not pay or transfer Cash Collateral for any purpose except as expressly authorized by the Interim Order and applicable Bankruptcy Court order.

## VERIFICATION

13. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 31, 2026.

Greg Wright

**Greg Wright**
President
Capital Assets, Inc.