**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br><br>YSA Investments 1, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-12806 |

**MOTION OF CREO QRS VC LLC**
**FOR RELIEF FROM THE**
**AUTOMATIC STAY COMBINED WITH NOTICE OF**
**OPPORTUNITY FOR HEARING AND BRIEF IN SUPPORT**

**NOTICE OF OPPORTUNITY FOR HEARING**

**Your rights may be affected. You should read this Document carefully and consult your attorney about your rights and the effect of this Document.** If you do not want the Court to grant the motion, or you wish to have your views considered, you must file a written response to the motion with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than 14 days from the date of filing of the motion. You should also serve a file stamped copy of the response to the undersigned [and others who are required to be served] and file a certificate or affidavit of service with the Court.

**[Note – this is a flat fourteen (14) days regardless of the manner of service.]**

CREO QRS VC LLC (together with its predecessors in interest, "CREO") moves for relief from the automatic stay to the extent necessary to permit CREO to pursue its state court litigation against Marc L. Kulick and John Alexander Upperman (the "Guarantors") in Tulsa County case No. CJ-2026-155 styled *CREO QRS VC LLC v. Marc L. Kulick and John Alexander Upperman* (the "State Court Action"). The debtor, YSA Investments 1, LLC ("YSA") is not a party to the State Court Action and no relief is sought by CREO against YSA in the State Court Action.

**PROCEDURAL BACKGROUND**

1. This case was commenced by the filing of a voluntary petition pursuant to Chapter 11 of the United States Bankruptcy Code on July 28, 2026.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (G). and this Court has jurisdiction over this contested matter under 28 U.S.C. § 1334.

3. CREO consents to the entry by the bankruptcy court of final orders and judgment regarding the matters that are the subject of the Motion.

**FACTUAL BACKGROUND**

4. The State Court Action arises in connection with a loan by CREO to A-V Village Creek Owner LLC ("Village Creek"). The Guarantors executed a guaranty of the loan to Village Creek.

5. CREO filed the State Court Action seeking judgment on the guarantees executed by the Guarantors. Neither Village Creek nor YSA is a party to the State Court Action.

6. On August 3, 2026, one of the Guarantors, Marc L. Kulick, filed in the State Court Action a Suggestion of Bankruptcy, urging that the State Court Action was stayed to the filing of bankruptcy by Village Creek.

7. On August 18, 2026, the judge in the State Court Action notified the parties that he was striking the hearing set on CREO's motion for summary judgment due to the filing of bankruptcy by Village Creek. Subsequently, the court entered a notation on the docket sheet of the State Court Action that states: "STAYED PENDING ACTION OTHER JURISDICTION."

8. On August 26, 2026, Marc L. Kulick filed in the State Court Action a second Suggestion of Bankruptcy urging that the State Court Action was also stayed as a result of the bankruptcy case of YSA.

9. On August 26, 2026, John Alexander Upperman filed a Adoption of Suggestion of Bankruptcy and Motion for Confirmation of Stay adopting the Suggestions of Bankruptcy filed by Marc L. Kulick and urging the court to stay the State Court Action "entirely until the Bankruptcy Court provides further guidance."

## ARGUMENT AND AUTHORITIES

### RELIEF FROM THE AUTOMATIC STAY FOR CAUSE IS WARRANTED.

11 U.S.C. § 362, which provides in pertinent part:

> On request of a party in interest, and after notice and a hearing, the court shall grant relief from the stay . . . by terminating, annulling, modifying or conditioning such stay – (1) for cause including the lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. § 362(d)(1). CREO firmly maintains that the automatic stay does not apply in an action against non-debtors on the guarantees. However, to the extent it does apply, pursuant to 11 U.S.C. § 362(d)(1), good cause exists to grant CREO relief from the stay to proceed with its claims against the Guarantors in the State Court Action.

When alleging grounds to lift the automatic stay, other than for a lack of equity, the movant is required to make a prima facie showing that it is entitled to relief from stay. Once the movant alleges facts demonstrating a legal entitlement to the relief sought, the burden shifts to the debtor (or party opposing relief) to prove that cause does not exist to lift the automatic stay. *In re Trust*, 526 B.R. 668, 673-74 (Bankr. N.D. Tex. 2015) (Houser, J.) (citing 11 U.S.C. § 362(g) and *Sonnax Indus. v. Tri Component Prods. Corp*. (*In re Sonnax Indus. Inc*.), 907 F.2d 1280, 1285 (2d Cir. 1990)).

When determining whether relief from the automatic stay should be granted to permit pending litigation to proceed in another forum, courts have considered the factors set forth by the U.S. Court of Appeals for the Second Circuit in *Sonnax Indus. v. Tri Component Prods. Corp*. (*In*

*re Sonnax Indus. Inc.*), 907 F.2d 1280 (2d Cir. 1990). *See, e.g., In re Trust*, 526 B.R. at 682-83 (analyzing *Sonnax* factors).

The *Sonnax* factors are: (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination under § 510(c); (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor under § 522(f); (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms. *Sonnax*, 907 F.2d at 1286.

In regard to the State Court Action, the *Sonnax* factors either weigh heavily in favor of the relief requested, or they are irrelevant to consideration of whether to grant such relief. This is so for one principal reason: YSA is not a party to the State Court Action. Even assuming the automatic stay applies to the State Court Action, the stay should not be used as a vehicle to prevent CREO from obtaining and enforcing a judgment against the Guarantors in an action to which YSA is not even a party.

**CONCLUSION**

For the foregoing reasons, CREO respectfully requests the Court issue an order granting relief from the automatic stay to the extent required to permit CREO to pursue judgment against the Guarantors in the State Court Action.

Respectfully submitted,

*/s/ Ross A. Plourde*
Ross A. Plourde, OBA # 7193
McAfee & Taft A Professional Corporation
Eighth Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102-7103
Telephone: (405) 235-9621
Facsimile: (405) 235-0439
ross.plourde@mcafeetaft.com

ATTORNEYS FOR CREO QRS VC LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of September 2026, a true and correct copy of the Notice was served upon those parties registered to receive electronic notices via the Court's CM/EFC electronic noticing system.

*/s/ Ross A. Plourde*
Ross A. Plourde