Joyce W. Lindauer
Texas State Bar No. 21555700
Lindauer & Vaughn
117 S. Dallas Street
Ennis, Texas 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Fairfax Best
Living, LLC and Woodland Oaks
Best Living, LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**OKLAHOMA CITY DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **YSA INVESTMENTS 1, LLC,** | § | **CASE NO. 26-12806-sah-11** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

**NOTICE OF DEFAULT AND NONCOMPLIANCE WITH INTERIM ORDER AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL [DKT. NO. 263]**

**TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:**

COME NOW, Fairfax Best Living, LLC ("Fairfax") and Woodland Oaks Best Living, LLC ("Woodland Oaks") (collectively, the "Movants"), by and through undersigned counsel, and file this Notice of Default and Noncompliance with Interim Order Authorizing Debtor's Use of Cash Collateral [Dkt. No. 263] (the "Interim Order"), and respectfully show the Court as follows:

1. On August 28, 2026, the Court entered the Interim Order. The Interim Order authorized YSA Investments 1, LLC (the "Debtor") to use cash collateral on an interim basis subject to specific terms and conditions. The Interim Order further provides that failure to comply with its terms or conditions may result in the Court immediately appointing a Chapter 11 Trustee sua sponte.

2. The Interim Order required the Debtor, on or before 5:00 p.m. CST on August 31, 2026, to make certain filings and provide certain access concerning the Debtor's use and handling of cash collateral.

3. **Capital Assets Accounting.**

Paragraph 5 of the Interim Order required the Debtor to file an itemized accounting of all funds received and expended by Capital Assets for the Properties since the Petition Date, including the date, amount, recipient/vendor, and purpose. The Debtor was also required to disclose the amount and payor of any Property expenses paid by someone other than Capital Assets. Although the Debtor filed Submission of Financials [Dkt. No. 281], the docket as reviewed does not clearly reflect a complete itemized accounting containing each category of information required by Paragraph 5.

4. **Post-Petition Payments to Managers, Members, Affiliates, Consultants, and Professionals.**

Paragraph 6 of the Interim Order separately required the Debtor to file an itemized accounting of all amounts paid post-petition to any manager, member, affiliate, consultant, or professional of the Debtor. Although the Debtor's amended declaration states that the Debtor made no payments since the Petition Date and discloses certain third-party funding, the docket as reviewed does not reflect a separately filed itemized accounting specifically responsive to Paragraph 6.

5. **Real-Time Access to Cash Collateral Accounts.**

Paragraph 7 of the Interim Order required the Debtor, by 5:00 p.m. CST on August 31, 2026, to provide each and every Prepetition Secured Lender real-time access to view each bank account containing its Cash Collateral. The Declaration of Greg Wright [Dkt. No. 282] describes efforts to establish lender access, including contacting lenders and requesting information needed for account logins. However, the filing does not establish that each applicable Prepetition Secured Lender actually received the required real-time access by the Court-ordered deadline.

6. Accordingly, based upon the docket and information available as of September 1, 2026, the Movants provide notice that the record does not establish full compliance with the foregoing August 31 requirements of the Interim Order.

7. The Movants do not presently identify the proof-of-insurance requirement in Paragraph 10 or the ten-percent net-income payment requirement in Paragraph 11 as defaults because, as of September 1, 2026, the deadlines for those requirements have not yet expired.

WHEREFORE, PREMISES CONSIDERED, Fairfax Best Living, LLC and Woodland Oaks Best Living, LLC respectfully provide notice of the foregoing defaults and noncompliance with the Interim Order and reserve all rights, remedies, objections, and requests for relief available to them.

Dated: September 1, 2026.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
Texas State Bar No. 21555700
Lindauer & Vaughn
117 S. Dallas Street
Ennis, Texas 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Fairfax Best
Living, LLC and Woodland Oaks
Best Living, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2026, a true and correct copy of the foregoing was served through the Court's CM/ECF system upon all parties registered to receive electronic notice in this case.

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer