**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re: | |
| YSA INVESTMENTS 1, LLC., | Case No. 26-12806-SAH |
| Debtor. | Chapter 11 |

**LIMITED OBJECTION OF UNITED STATES TRUSTEE TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER IMPLEMENTING CERTAIN PROCEDURES TO COMPENSATE AND REIMBURSE PROFESSIONALS**

The United States Trustee, Ilene J. Lashinsky ("**UST**") files this limited objection to Debtor's motion to establish professional compensation procedures [Doc. 198] (the "**Compensation Procedures Motion**").

## I. The UST's position on Debtor's Compensation Procedures Motion.

1. UST has no objection to the concept of interim professional compensation procedures; however, the UST has the following limited objections to the Compensation Procedures Motion:

- Paragraph 7(c) of the Compensation Procedures Motion limits review of monthly interim compensation requests to seven days.
- Paragraph 7(d) requests payment of 90% of requested interim fees (leaving a 10% holdback until final compensation is sought) and 100% of requested expenses.
- Paragraph 7(k) maintains that all fees and expenses paid to a professional are subject to disgorgement until approval of a final request for compensation.

2. Paragraph 12 cites the following cases as historic anecdotal support:

| Case Name | Interim Period | Objection Period | Payment/ Holdback |
|---|---|---|---|
| White Star Petroleum Holdings, LLC | Monthly | 10 day | 85% / 15% |
| Osage Exploration and Development, Inc. | Every two months | 20 day | 80% / 20% |
| GMX Resources Inc | Monthly | 20 day | 80% / 20% |
| Millennium Mult. Employer Welfare Benefit Plan | Monthly | 10 day | 80% / 20% |
| Boom Drilling, Inc | Monthly | 10 day | 75% / 25% |

3. The UST believes that each case is unique, and no one or more previous interim compensation orders should bind the Court in any way in a subsequent case.

4. Having said that, the UST believes that appropriate terms here would be for an objection period of 14 days and a fee payment/holdback of 80% / 20%, with 100% reimbursement of expenses.

5. The UST agrees that all interim payment requests, whether objected to or not, should remain subject to final objection and disgorgement until a final fee application is filed and approved by the Court.

## II. Requested relief.

6. The UST requests that any Order granting the Compensation Procedures Motion include the suggestions cited above.

Respectfully submitted,

ILENE J. LASHINSKY
UNITED STATES TRUSTEE

s/ Jeffrey E. Tate
Marjorie J. Creasey, OBA #17819
Jeffrey E. Tate, OBA #17150
OFFICE OF THE UNITED STATES TRUSTEE
215 Dean A. McGee, Fourth Floor
Oklahoma City, OK 73102
(202) 603-5228 | (405) 231-5958 [fax]
Marjorie.Creasey@usdoj.gov
Jeff.Tate@usdoj.gov