**Dated: September 4, 2026**

**The following is ORDERED:**

Sarah A Hall
United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br>YSA INVESTMENTS 1, LLC,<br>Debtor. | Chapter 11<br>Case No. 26-12806 (SAH) |

**FINAL ORDER (I) APPROVING STIPULATION REGARDING OKLAHOMA RECEIVER; (II) GRANTING RELIEF FROM STAY PURSUANT TO BANKRUPTCY CODE SECTION 362(d); (III) EXCUSING COMPLIANCE WITH BANKRUPTCY CODE SECTION 543; AND (IV) GRANTING RELATED RELIEF**

Upon the Motion [Doc. No. 59] of the Debtor, YSA Investments 1, LLC (the "Debtor") filed on August 11, 2026, under Bankruptcy Rule 4001, pursuant to sections 105(a), 362(d), and 543(d) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 4001, and Local Rule 4001-1, for entry of a final order (i) approving the Stipulation Regarding Oklahoma Receiver (the "Stipulation"); (ii) modifying the automatic stay to allow Jim Parrack of Price Edwards and Company, as receiver appointed by the District Court of Oklahoma County, State of Oklahoma (the "Receiver"), to possess, control, and manage the 165-unit multifamily apartment

complex located at 3041 NW 41st Street, Oklahoma City, Oklahoma 73112 (the "Property")[1]; (iii) excusing the Receiver from compliance with Bankruptcy Code sections 543(a), (b), and (c); and (iv) granting related relief, all as more fully set forth in the Motion; and the United States Bankruptcy Court for the District of Delaware having previously entered an Interim Order [Doc. No. 164] on August 17, 2026 granting the Motion [Doc No. 59] on an interim basis; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of the Motion, including notice and an opportunity for hearing under Local Rules 4001-1, 9013-1, and 9014-1, having been given to all parties in interest entitled to notice under the circumstances; and no timely responses or objections to the Motion having been filed by August 25, 2026, the applicable deadline; and no hearing being required under Local Rule 4001-1(G) because the Motion is unopposed; and upon all proceedings before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on a final basis as set forth herein and hereby adopts the terms of the Interim Order [Doc. No. 164].

2. Findings of fact are based upon representation of counsel pursuant to Local Rule 9013-1(L)(1)(a).

3. The Stipulation is approved in all respects and incorporated by reference into this Order.

[1] The Receiver shall have all the powers and authority set forth in the Receivership Order.

4. Pursuant to Bankruptcy Code section 362(d), the automatic stay is terminated, modified, and lifted immediately, notwithstanding Bankruptcy Rule 4001(a)(4), solely to permit the Receiver, The Bancorp Bank, N.A. ("Bancorp"), and all duly appointed judicial officers in the Oklahoma Action[2] to exercise all rights, powers, duties, and remedies granted under the Receivership Order and applicable non-bankruptcy law with respect to the Property, including posting any required bond, the Receiver undertaking any oath, taking possession and control of the Property, collecting rents and income, administering bank accounts containing rents, income, or proceeds generated from the Property, maintaining and preserving the Property, and otherwise acting as necessary to comply with and effectuate the Receivership Order.

5. The Receiver is authorized to continue to possess, control, and manage the Property and to exercise all powers and duties conferred upon the Receiver by the Oklahoma Court and applicable law, including the powers and duties set forth in the Receivership Order, without any requirement that the Receiver turn over the Property or proceeds thereof to the Debtor or the Debtor's estate absent further order of this Court.

6. The Receiver is excused from the requirement of complying with Bankruptcy Code sections 543(a), (b), and (c) with respect to the Property and any rents, income, proceeds, bank accounts, books, records, or other assets subject to the Receivership Order.

7. The Debtor, including its officers, directors, managers, members, agents, and employees, shall cooperate with the Receiver with respect to the Property and shall not interfere with the Receiver's possession, custody, management, or control of the Property or any other

[2] Capitalized terms used but not defined herein shall have the meanings attributed to them in the Interim Order [Doc. No. 164] or the Motion [Doc. No. 59] as applicable.

information or assets required to be surrendered to or administered by the Receiver under the Receivership Order.

8. No action taken by the Receiver, Bancorp, or any duly appointed judicial officer in compliance with the Receivership Order, the Stipulation, or this Order shall constitute a violation of the automatic stay imposed by Bankruptcy Code section 362.

9. The Court finds cause to waive such stay because the relief granted herein is unopposed, the Receiver has already been appointed by the Oklahoma Court, the parties stipulated that immediate action is required to preserve and protect the Property and persons residing therein, and immediate effectiveness is necessary to permit the Receiver to continue administering the Property without uncertainty or delay.

10. This Order is a final order upon entry because no timely responses or objections to the Motion were filed after notice and an opportunity to object. This Order is effective and enforceable immediately upon entry notwithstanding Bankruptcy Rules 4001(a)(4) and 6004(h).

11. While this Order remains in effect, the obligations of the Receiver and the Debtor under the Receivership Order shall continue absent further order of this Court or the Oklahoma Court, as applicable.

12. Bancorp shall serve this Order on all parties in interest.

13. IT IS SO ORDERED.

###

APPROVED:

*/s/ Kiran A. Phansalkar*
Kiran A. Phansalkar, OBA #11470
Preston M. Sullivan, OBA #33619
McAfee & Taft A Professional Corporation
8th Floor, Two Leadership Square
211 N Robinson Ave
Oklahoma City, OK 73102-7103
Telephone: (405) 235-9621
Email: kiran.phansalkar@mcafeetaft.com
preston.sullivan@mcafeetaft.com
***Attorneys for The Bancorp Bank, N.A.***

ILENE J. LASHINSKY
UNITED STATES TRUSTEE

/s/ Jeffrey E. Tate
Marjorie J. Creasey, OBA #17819
Jeffrey E. Tate, OBA #17150
OFFICE OF THE
UNITED STATES TRUSTEE
215 Dean A. McGee, Fourth Floor
Oklahoma City, OK 73102
(202) 603-5228 | (405) 231-5958 [fax]
Marjorie.Creasey@usdoj.gov
Jeff.Tate@usdoj.gov

*/s/ Jason A. Sansone*
Clayton D. Ketter, OBA No. 30611
Jason A. Sansone, OBA No. 30913
Nicholas J. Candido, OBA No. 36069
PHILLIPS MURRAH P.C.
424 N.W. 10th St., Suite 300
Oklahoma City, OK 73103
(405) 235-4100 - telephone
(405) 235-4133 – facsimile
cdketter@phillipsmurrah.com
jasansone@phillipsmurrah.com
njcandido@phillipsmurrah.com
**Proposed Attorneys**
**for YSA Investments 1, LLC**