**Dated: September 8, 2026**

**The following is ORDERED:**

Sarah A Hall
United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br><br>YSA INVESTMENTS 1, LLC<br><br>Debtor. | Case No.: 26-12806 (SAH)<br>Chapter 11 |

**FINAL ORDER GRANTING MOTION PURSUANT TO SECTIONS 105 AND 366 OF THE BANKRUPTCY CODE FOR ENTRY OF INTERIM AND FINAL ORDERS (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICES TO, OR DISCRIMINATING AGAINST, THE DEBTOR, (II) DETERMINING THAT THE UTILITY COMPANIES ARE ADEQUATELY ASSURED OF POSTPETITION PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE**

Upon the motion (the "Motion")[1] of YSA Investments 1, LLC, as debtor and debtor in possession herein (the "Debtor") for entry of an interim and final order (i) prohibiting utility

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

service providers from altering, refusing or discontinuing services to, or discriminating against, the Debtor on account of prepetition invoices or as a result of the commencement of this case, (ii) approving the Debtor's Adequate Assurance Deposits, as described in the Motion, and (iii) establishing procedures for resolving adequate assurance objections by the Utility Companies; and upon consideration of the First Day Declaration; and the Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found and determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on a final basis as set forth herein.

2. All utilities (as such term is used in section 366 of the Bankruptcy Code), including the Utility Companies identified on Exhibit 1 hereto (the "Utilities List"), shall not alter, refuse or discontinue service, or discriminate against the Debtor, on account of any unpaid prepetition charges or as a result of the commencement of this Chapter 11 Case.

3. The following Adequate Assurance Procedures are approved in their entirety on a final basis:

   (a) The Debtor will serve a copy of the Motion and the order approving the Motion on each Utility Company included in the Utilities List within three business days after entry of the final order by the Court.

(b) To the extent not already done, the Debtor will reserve, in a segregated account in the Debtor's post-petition bank, on account of each Utility Company included in the Utilities List (as may be amended) its respective Adequate Assurance Deposit within 10 business days of entry of this Order granting the Motion.

(c) Any Utility Company that is not satisfied with its Adequate Assurance Deposit must serve a request for additional adequate assurance (the "Additional Adequate Assurance Request") upon: (a) the Debtor, 848 Brickell Avenue, Suite PH5, Miami, Florida 33131; (b) counsel to the Debtor: Bayard, P.A., 600 N. King Street, Suite 400, Wilmington, Delaware 19801 (Attn: Ericka F. Johnson), email: ejohnson@bayardlaw.com, and Phillips Murrah, P.C., 424 NW 10th Street, Suite 300, Oklahoma City, OK 73103 (Attn: Jason A. Sansone), email: jasansone@phillipsmurrah.com; (c) counsel to any statutory committee appointed in this case; and (d) the Office of the United States Trustee, 215 Dean A. McGee Ave., 4th Floor, Oklahoma City, OK 73102 (Attn: Jefferey E. Tate, Esq.), email: jeff.tate@usdoj.gov. Any Additional Adequate Assurance Request must (a) be in writing; (b) set forth the location(s) for which Utility Services are provided; (c) include a summary of the Debtor's payment history relevant to the affected account(s), identifying any security deposit(s); (d) identify why the Utility Company believes its Adequate Assurance Deposit is insufficient; (e) set forth what the Utility Company would accept as satisfactory adequate assurance of payment; and (f) provide an address, telephone number, and e-mail address for a Utility Company representative to whom the Debtor may respond.

(d) Upon the Debtor's receipt of any Additional Adequate Assurance Request, the Debtor shall negotiate with the Utility Company to resolve the request (the "Resolution Period").

(e) Without further order of the Court, the Debtor is authorized, but not directed, to enter into agreements granting additional adequate assurance to a Utility Company that served an Additional Adequate Assurance Request, if the Debtor, in its business judgment, determines that additional adequate assurance is necessary and such additional adequate assurance is reasonable.

(f) If the Debtor determines that the Additional Adequate Assurance Request is not necessary or reasonable and is not able to reach an alternative resolution with the Utility Company during the Resolution Period, the Debtor, during or immediately after the Resolution Period, will request a hearing before the Court at the next regularly scheduled omnibus hearing to determine the adequacy of assurances of payment with respect to a particular Utility Company

(the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

(g) Pending resolution of any such Determination Hearing, the Utility Company submitting such Additional Adequate Assurance Request shall be prohibited from altering, refusing, or discontinuing service to the Debtor on account of unpaid charges for prepetition services, the commencement of this case, or on account of any objections to its Adequate Assurance Deposit.

(h) The Adequate Assurance Deposit shall be deemed adequate assurance of payment for any Utility Company that does not make an Additional Adequate Assurance Request.

(i) To the extent that additional Utility Companies are identified by the Debtor, the Debtor shall file an amendment to the Utilities List and shall serve copies of the Motion and all orders approving the Motion on such newly identified Utility Companies. Any Utility Company subsequently added to the Utilities List must comply with these Adequate Assurance Procedures. If a newly identified Utility Company believes its Adequate Assurance Deposit is insufficient, it must make an Additional Adequate Assurance Request, in accordance with these Adequate Assurance Procedures, any orders approving the Motion, and the amended Utilities List. For any Utility Company that is removed from the Utilities List, the Debtor shall serve that entity with notice of removal and such entity shall have five (5) business days from the date of service of such notice to object to that removal.

(j) Any and/or all Adequate Assurance Deposits shall be released from reserve by the Debtor by no later than the earlier of five business days following the date upon which (a) a Chapter 11 plan is confirmed in this case or this case is dismissed, or (b) the Debtor provides notice to the applicable Utility Company that services provided to the Debtor by such Utility Company are no longer needed and there are no postpetition amounts owed to such Utility Company.

4. Any Utility Company that fails to comply with the Adequate Assurance Procedures is deemed to have adequate assurance that is satisfactory to it, within the meaning of section 366 of the Bankruptcy Code, without further application to, or order of, the Court.

5. The Adequate Assurance Deposits satisfy the requirements of section 366 of the Bankruptcy Code and every Utility Company is deemed to have adequate assurance that is

satisfactory to it, within the meaning of section 366 of the Bankruptcy Code, unless otherwise agreed to by the Debtor or provided in a further Order of this Court.

6. All objections, if any, to the Motion or the relief requested therein, that have not been withdrawn, waived, or settled, and all reservations of rights are included and overruled on the merits with prejudice, provided however, notwithstanding anything to the contrary contained herein, any Additional Adequate Assurance Requests submitted in compliance with the procedures set forth in the Adequate Assurance Procedures shall be governed by the Adequate Assurance Procedures.

7. Nothing contained herein or the inclusion or omission of any entity on the Utilities List is intended or should be construed as an admission by the Debtor that an entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtor's rights with respect to this issue are hereby reserved.

8. The Debtor is authorized, in its sole discretion, to amend the Utilities List to add or delete any Utility Company, and this Order shall apply to and be binding upon any such Utility Company that is subsequently added to the Utilities List. Any subsequently added Utility Company to the Utilities List must comply with the Adequate Assurance Procedures provided for in this Order.

9. Nothing in the Motion or this Order shall be deemed or construed as an approval of an assumption or rejection of any contract pursuant to section 365 of the Bankruptcy Code.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice, and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice or otherwise deemed waived.

11. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The Debtor is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

13. This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the interpretation or implementation of this Order.

Findings of fact are based upon representation of counsel.

The prevailing party will effectuate service of the order on all interested parties.

IT IS SO ORDERED.

# # #

APPROVED:

*<u>/s/ Jason A. Sansone</u>*

Clayton D. Ketter, OBA No. 30611
Jason A. Sansone, OBA No. 30913
Nicholas J. Candido, OBA No. 36069
PHILLIPS MURRAH P.C.
424 N.W. 10th St., Suite 300
Oklahoma City, OK 73103
(405) 235-4100 - telephone
(405) 235-4133 – facsimile
cdketter@phillipsmurrah.com
jasansone@phillipsmurrah.com
njcandido@phillipsmurrah.com
**Proposed Attorneys**
**for YSA Investments 1, LLC**

# EXHIBIT 1

## Utility Suppliers

| Vendor Name | Address | Description of Service | Monthly Amount | Adequate Assurance Amount |
|---|---|---|---|---|
| City of Jenks | 211 N. Elm<br>Jenks, OK 74037 | Water, Sewer, and Stormwater | $11,009.00 | $5,504.50 |
| City of Tulsa | 175 E 2nd Street S.<br>Tulsa, OK 74103 | Water, Sewer, and Stormwater | $149,929.00 | $74,964.50 |
| AEP | PO Box 371496<br>Pittsburgh, PA 15250 | Electric | $38,893.00 | $19,446.50 |
| Cox Communications | 11811 E. 51st St.<br>Tulsa, OK 74146 | Telephone and Internet | $1,295.00 | $647.50 |
| ONG | 5858 E. 15th St.<br>Tulsa, OK 74112 | Gas | $8,110.33 | $4,055.17 |