**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br><br>YSA Investments 1, LLC,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 26-12806 (SAH) |

**TERM FUND III MRA SELLER LLC AND TERM FUND B IV MRA SELLER LLC'S MOTION FOR ENTRY OF AN ORDER (I) APPROVING STIPULATION REGARDING OKLAHOMA RECEIVER; (II) GRANTING RELIEF FROM STAY PURSUANT TO BANKRUPTCY CODE SECTION 362(d); (III) EXCUSING COMPLIANCE WITH BANKRUPTCY CODE SECTION 543; AND (IV) GRANTING RELATED RELIEF WITH BRIEF IN SUPPORT AND NOTICE OF OPPORTUNITY FOR HEARING**

**NOTICE OF OPPORTUNITY FOR HEARING**

**Your rights may be affected. You should read this Document carefully and consult your attorney about your rights and the effect of this Document.** If you do not want the Court to grant the motion, or you wish to have your views considered, you must file a written response to the motion with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than 14 days from the date of filing of the motion. You should also serve a file-stamped copy of the response to the undersigned [and others who are required to be served] and file a certificate or affidavit of service with the Court.

**[Note – this is a flat fourteen (14) days regardless of the manner of service.]**

Term Fund III MRA Seller LLC (together with its successors and/or assigns, "Fund 3 Lender") and Term Fund B IV MRA Seller LLC (together with its successors and/or assigns, "Fund 4 Lender", and together with Fund 3 Lender, individually and/or collectively, as the context may require, "Lender") hereby file this motion (the "Motion") for entry of an order, substantially

[1] The address of the Debtor is 848 Brickell Avenue, Suite PH5, Miami, Florida 33131. The last four digits of the Debtor's federal tax identification numbers is 3352.

in the form attached hereto as **Exhibit 1** (the "Proposed Order"), (i) approving the stipulation (the "Stipulation") by and between Lender and YSA Investments 1, LLC (the "Debtor" and together with Lender, the "Parties") attached as **Exhibit A** to the Proposed Order; (ii) excusing the Receiver from compliance with sections 543(a)-(c) of title 11 of the United States Code (the "Bankruptcy Code"); and (iii) granting related relief; and (iv) modifying the automatic stay pursuant to section 362(d) of the Bankruptcy Code, Rule 4001(a)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Rules of the United States Bankruptcy Court for the Western District of Oklahoma (the "Local Rules") to allow: (a) C. David Rhoades (C. David Rhoades or any such other receiver that may be so appointed, individually and/or collectively, as the context may require, the "Receiver") to possess, control and manage the those certain multifamily apartment complexes defined herein as the SG Properties, and (b) Lender to pursue and exercise any and all of its contractual and legal rights and remedies pursuant to its loan documents and applicable law with regard to its collateral.

In support of this Motion, Lender respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and Lender consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. This bankruptcy case was originally filed on July 28, 2026 (the "Petition Date"), as Case Number 26-11178 (BLS) in the United States Bankruptcy Court for the District of Delaware ("Delaware Bankruptcy Court"). On August 14, 2026, the Delaware Bankruptcy Court determined that the

Western District of Oklahoma, Judge Sarah Hall presiding, was the more appropriate venue and transferred this case from the Delaware Bankruptcy Court to this Court.

3. The statutory and legal predicates for the relief requested herein are sections 105(a), 362(d), and 543(d) of the Bankruptcy Code, Bankruptcy Rule 4001(a)(1), and Local Rule 4001-1.

## BACKGROUND

4. Lender is the first lien secured creditor with respect to the following entities: (1) A-V Classen Owner LLC ("Classen Borrower"); (2) Montgomery Best Living, LLC ("Montgomery Borrower"); (3) Woodland Manor's Best Living, LLC and Woodland Manor TIC 1, LLC (collectively, "Woodland Manor Borrowers"); (4) Ridge Best Living, LLC ("Ridge Borrower" and, together with Classen Borrower, Montgomery Borrower and Woodland Manor Borrowers, individually and/or collectively, as the context may require, "SG Borrowers" and the underlying properties for each SG Borrower is called the "SG Property" or collectively the "SG Properties").[2] The SG Properties referred to herein all relate to real property located in the State of Oklahoma. Fund 3 Lender and Fund 4 Lender are the current owners and holders of the following first-priority senior secured mortgage loans (individually and collectively, as the context may require, the "SG Loans") made to the applicable SG Borrowers.

[2] Prepetition, Lender filed foreclosure cases and obtained Oklahoma State Court receivership orders in the following cases: (i) Classen Borrower: Oklahoma County District Court, Case No. CJ-2026-04901; (ii) Montgomery Borrower: Oklahoma County District Court, Case No. CJ-2026-5022; and (iii) Woodland Manor Borrowers: Tulsa County District Court, Case No. CJ-2026-3185; (collectively, the "Oklahoma State Court Cases"). Due to the automatic stay under 11 U.S.C. § 362, a foreclosure action was not filed with respect to the Ridge Borrower and its related SG Property as the Ridge Borrower filed a voluntary petition under Chapter 11 of the Bankruptcy Code the day before the Lender was to file its foreclosure action. For the avoidance of doubt, this Application seeks relief from the automatic stay so that a foreclosure action may be brought and receivership order obtained substantially similar to the prior receivership orders with respect to the Ridge Borrower and related property as well.

5. The following is a description of the SG Properties and the SG Loans pertaining to the SG Properties:

a. The Classen Loan: Loan in the principal amount of up to $14,450,000.00 (the "Classen Loan") made on September 30, 2021, to Classen Borrower. The Classen Loan is held by Fund 3 Lender and is secured by the project commonly known as The Classen Apartments, a high-rise apartment building which is located at 2200 North Classen Blvd., Oklahoma City, Oklahoma 73106. On June 15, 2026, the Court in the Classen Foreclosure Action (as defined in the Stipulation) entered a Temporary Order Appointing Receiver (the "Classen Receivership Order"). Pursuant to the Classen Receivership Order, a Receiver was appointed for Classen Borrower's related SG Property.

b. The Montgomery Loan: Loan in the principal amount of up to $15,840,000.00 (the "Montgomery Loan") made on February 4, 2022, to Montgomery Borrower. The Montgomery Loan is held by Fund 3 Lender and is secured by the project commonly known as The Montgomery, a mid-rise apartment building which is located at 500 W Main Street, Oklahoma City, Oklahoma 73102. On June 18, 2026, the Court in the Montgomery Foreclosure Action (as defined in the Stipulation) entered a Temporary Order Appointing Receiver (the "Montgomery Receivership Order"). Pursuant to the Montgomery Receivership Order, a Receiver was appointed for Montgomery Borrower's related SG Property.

c. The Woodland Manor Loan: Loan in the principal amount of up to $21,068,750.00 (the "Woodland Manor Loan") made on October 18, 2022, to Woodland Manor Borrowers. The Woodland Manor Loan is held by Fund 4 Lender and is secured by the project commonly known as The Woodland Manor Apartments, a garden-style apartment complex which is located at 8641 E. 61st Street, Tulsa, Oklahoma 74133. On July 14, 2026, the Court in the Woodland Manor Foreclosure Action (as defined in the Stipulation) entered a Temporary Order Appointing Receiver (the "Woodland Manor Receivership Order" and, together with the Classen Receivership Order, the Montgomery Receivership Order, and any subsequently entered receivership order (each, a "Subsequent Receivership Order"), the "Receivership Orders"). Pursuant to the Woodland Manor Receivership Order, a Receiver was appointed for Woodland Manor Borrowers' related SG Property. On July 14, 2026, Woodland Manor Borrowers filed voluntary Chapter 11 Bankruptcy Petitions in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "ND TX Bankruptcy Court"). On July 28, 2026, the ND TX Bankruptcy Court entered a *sua sponte* order directing the appointment of a Chapter 11 Trustee for the Woodland Manor Borrowers, and Daniel C. "Corky" Sherman (the "Trustee") was appointed as Chapter 11 Trustee for Woodland Manor Borrowers.[3]

[3] Because the Woodland Manor Borrowers' bankruptcy cases and the Ridge Borrower's bankruptcy case were transferred to this Court, undersigned counsel anticipates similar relief will be sought in both of those cases in coordination with the Chapter 11 Trustee.

d. The Ridge Loan: Loan in the principal amount of up to $15,000,000.00 (the "Ridge Loan") made on December 21, 2021, to Ridge Borrower. The Ridge Loan is held by Fund 3 Lender and is secured by the project commonly known as The Ridge, a garden-style apartment complex which is located at 3834 North Oak Grove Drive, Midwest City, Oklahoma 73110. On July 15, 2026, Ridge Borrower filed a voluntary Chapter 11 Bankruptcy Petition in the ND TX Bankruptcy Court. On July 28, 2026, the ND TX Bankruptcy Court entered a sua sponte order directing the appointment of a Chapter 11 Trustee for the Ridge Borrower. The Trustee was appointed as Chapter 11 Trustee for Ridge Borrower.

6. All SG Borrowers are limited liability companies doing business in Oklahoma County, or Tulsa County, State of Oklahoma.

7. Prepetition, Lender commenced a foreclosure on the SG Properties, except for the Ridge Borrower's related SG Property, and obtained the appointment of Receiver over such SG Borrowers and SG Properties.

8. Despite his appointment as receiver in the Woodland Manor Foreclosure Action, and upon his learning that Woodland Manor Borrowers filed bankruptcy in the United States Bankruptcy Court for the Northern District of Texas, Case No. 26-33167 and Case No. 26-33168, Receiver returned possession of that property to Vesta Realty, LLC ("Vesta Realty") the management company controlled by Marc Kulick. As of the date of this filing, it is unknown as to whether Marc Kulick or Vesta Realty is managing the SG Property related to the Woodland Manor Borrowers.

9. Receiver has continued to maintain his possession of the SG Properties related to Classen Borrower and Montgomery Borrower pursuant to 11 U.S.C. §543(a), (b) and (c). Fund 3 Lender has not filed a foreclosure petition with respect to Ridge Borrower because Ridge Borrower filed a bankruptcy petition in the United States Bankruptcy Court for the Northern District of Texas, Case No. 26-33177.

10. On July 28, 2026 (the "Petition Date"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

11. Since the Petition Date, the Debtor has taken no action to manage or control any of the SG Properties. The Receiver, with the assistance of an independent third-party management company engaged by the Receiver, has managed the SG Properties related to the Classen Borrower and the Montgomery Borrower to preserve those properties and serve the related tenants. Additionally, the Trustee has taken control of the SG Properties related to the Woodland Manor Borrowers and the Ridge Borrower (collectively, the "Trustee Managed Properties"). The Trustee has been coordinating with the Lender to address management of the Trustee Managed Properties and for consent to use of cash collateral to maintain said properties. As such, the Debtor has consented to maintaining the status quo of the SG Properties, including ordinary course expenditures by the Receiver and Trustee to maintain the SG Properties.

12. The Debtor does not dispute the Lender's senior first-priority liens in the SG Properties and acknowledges there is no equity value in the SG Properties beyond the applicable Lender's first lien claims.

13. Given the deteriorating condition of the SG Properties, *inter alia*, the Parties believe that immediate action is required to prevent ongoing harm to the SG Properties and their residents.

**RELIEF REQUESTED**

14. Lender submits, and the Debtor agrees, that approving the Stipulation and permitting the Receiver to control and manage the SG Properties is in the best interests of the Debtor, its estate, its creditors, and all other stakeholders in this Chapter 11 Case. To this end, Lender respectfully requests that the Court enter the Proposed Order, (i) approving the Stipulation; (ii) modifying the automatic stay to allow the Receiver to possess, control and manage the SG Properties, including the exercise of all powers set forth in the Classen Receivership Order, the

Mongomery Receivership Order, and the Woodland Manor Receivership Order; (iii) allowing the Fund 3 Lender to file a foreclosure action and request the appointment of a receiver pursuant to an order substantially in the same form as previously obtained in Oklahoma State District Court, request and obtain entry of a Subsequent Receivership Order with respect to the Ridge Property; (iv) excusing the Receiver in all Oklahoma State Court Cases from compliance with Bankruptcy Code sections 543(a)-(c*) nunc pro tunc* to the Petition Date; (v) terminating the automatic stay to permit Lender to pursue and exercise any and all of its contractual and legal rights and remedies pursuant to its loan documents and applicable law, including, but not limited to, recovering and disposing of all collateral, through foreclosure proceedings, or otherwise, and applying the proceeds of the collateral against the amounts owed to the Lender; and (vi) granting related relief.

## BASIS FOR RELIEF

### A. The Automatic Stay Should Be Lifted

10. Bankruptcy Code section 362(d)(1) provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay … for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). While "cause" is not defined in the Bankruptcy Code, it is "a flexible concept" and courts consider the totality of the circumstances in each particular case. *In re SCO Grp., Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007) (citing *Baldino v. Wilson* (*In re Wilson*), 116 F.3d 87, 90 (3d Cir. 1997)). In deciding whether "cause" exists to grant such relief, a court must determine whether the movant has established in the case at issue that "the balance of hardships from not obtaining relief tips significantly in [the movant's] favor." *Atl. Marine, Inc. v. Am. Classic Voyages, Co.* (*In re American Classic Voyages, Co.*), 298 B.R. 222, 225 (D. Del. 2003); *see also in re RNI Wind Down Corp.*, 348 B.R. 286, 299 (Bankr. D. Del. 2006) (citing balancing test).

11. If a court determines that cause has been established, it must grant relief from the automatic stay. *See* 11 U.S.C. § 362(d)(1); *see also In re Zeoli*, 249 B.R. 61, 63 (Bankr. S.D.N.Y. 2000) (recognizing that relief from the automatic stay is "mandatory" if the statutory grounds for relief have been established under subsection 362(d)(1)).

12. Here, cause clearly exists to modify the automatic stay. By virtue of the Stipulation, the Debtor is consenting to this relief and, in light of the fact that the Debtor does not believe there is equity in the SG Properties beyond the Lender's first lien claims and the need to stabilize and maintain the SG Properties, Lender respectfully submits that the relief sought is in the best interests of all parties.

**B. <u>The Court Should Excuse Turnover of the Property</u>**

13. Section 543(d)(1) of the Bankruptcy Code provides that this Court may "excuse compliance [with the turnover requirements of Sections 543(a) and (b)] . . . if the interests of creditors . . . would be better served by permitting a custodian to continue in possession, custody, or control [of the debtors' assets]." 11 U.S.C. § 543(d)(1); *see also In re LCL Income Props., L.P. VI*, 177 B.R. 872, 874 (Bankr. S.D. Ohio 1995); *In re Poplar Springs Apartments of Atlanta, Ltd.*, 103 B.R. 146, 149 (Bankr. S.D. Ohio 1989); *In re Lizeric Realty Corp.*, 188 B.R. 499, 506 (Bankr. S.D.N.Y. 1995). Section 543(d) is "intended to provide flexibility when there is no useful purpose to be served by turnover." *Matter of Plantation Inn Partners*, 142 B.R. 561, 564 (Bankr. S.D. Ga. 1992). Accordingly, "subsection (d) is an abstention policy which permits the custodianship to continue if the best interest of creditors and stockholders is served . . . ." *In re Sundance Corp.*, 83 B.R. 746, 747 (Bankr. D. Mont. 1988).

14. To determine whether to excuse turnover under section 543(d)(1), courts may consider several factors, however the paramount and sole concern is the interests of the debtor's

creditors. *In re Falconridge, LLC*, No. 07-BK-19200, 2007 WL 3332769, at *7 (Bankr. N.D. Ill. Nov. 8, 2007); *Lizeric*, 188 B.R. at 506-07 (three of the main factors are the likelihood of rehabilitation, whether there are available funds for the reorganization process, and any mismanagement); *Dill v. Dime Savings Bank, FSB (In re Dill)*, 163 B.R. 221, 225 (Bankr. E.D.N.Y. 1994) (same).

15. Lender respectfully submits that the interests of creditors will be best served by authorizing the Receiver to remain in possession and control of the SG Properties and exercise all powers authorized by applicable receivership order and applicable law. The Receiver should therefore be excused from complying with the turnover provisions of Bankruptcy Code sections 543(a) and (b) *nunc pro tunc* to the Petition Date. Lender believes that permitting the Receiver to liquidate the SG Properties provides the most efficient mechanism to achieve the highest value for the SG Properties. For this reason, the Parties reached an agreement as set forth in the Stipulation to permit the Receiver to stay in place with respect to the SG Properties.

16. Accordingly, Lender submits that approval of the Stipulation and the relief sought in the Proposed Order is warranted under Bankruptcy Code sections 362(d) and 543(d) and is necessary to prevent any further delay or diminution of value with respect to the SG Properties.

**WAIVER OF STAY UNDER BANKRUPTCY RULE 4001(A)(4)**

17. Lender requests that the fourteen (14) day stay provided in Bankruptcy Rule 4001(a)(4) be waived to enable the Parties and the Receiver to immediately enforce and implement the terms of the Proposed Order.

18. Such stay should be waived because it is essential that the Receiver maintain operations of the SG Properties, including ensuring that tenants receive utility services, including, without limitation, provision of air conditioning, electricity, and water. Absent a waiver of the

Bankruptcy Rule 4001(a)(4) stay, irreparable harm to the SG Properties and the tenants residing therein is likely to occur.

**NOTICE**

19. Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the Western District of Oklahoma; (ii) counsel to Lender; (iii) the Receiver; and (iv) all parties who, as of the filing of this Motion, have requested notice in the Chapter 11 Case pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

20. No prior request for the relief sought herein has been made to this or any other court.

**CONCLUSION**

WHEREFORE, Lender respectfully requests that the Court enter the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: September 9, 2026.

*<u>/s/ Craig M. Regens</u>*
William H. Hoch, OBA#15788
Craig M. Regens, OBA#22894
CROWE & DUNLEVY,
A PROFESSIONAL CORPORATION
324 North Robinson Avenue, Suite 100
Oklahoma City, OK 73102
Telephone: 405.239.6692
Email: will.hoch@crowedunlevy.com
craig.regens@crowedunlevy.com

*COUNSEL FOR TERM FUND III MRA SELLER LLC AND TERM FUND B IV MRA SELLER LLC*

**EXHIBIT 1**

**(Proposed Order)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br><br>YSA Investments 1, LLC,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 26-12806 (SAH) |

**ORDER (I) APPROVING STIPULATION REGARDING OKLAHOMA RECEIVER; (II) GRANTING RELIEF FROM STAY PURSUANT TO BANKRUPTCY CODE SECTION 362(d); (III) EXCUSING COMPLIANCE WITH BANKRUPTCY CODE SECTION 543; AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion") of Term Fund III MRA Seller LLC (together with its successors and/or assigns, "Fund 3 Lender") and Term Fund B IV MRA Seller LLC (together with its successors and/or assigns, "Fund 4 Lender", and together with Fund 3 Lender, individually and/or collectively, as the context may require, "Lender"), pursuant to Bankruptcy Code sections 105(a), 362(d), and 543(d), Bankruptcy Rule 4001, and Local Rule 4001-1, for entry of an order

[1] The address of the Debtor is 848 Brickell Avenue, Suite PH5, Miami, Florida 33131. The last four digits of the Debtor's federal tax identification numbers is 3352.

(i) approving the Stipulation[1]; (ii) modifying the automatic stay to allow the Receiver to possess, control and manage the SG Properties, including the exercise of such power and authority set forth in the Classen Receivership Order, Montgomery Receivership Order, and the Woodland Manor Receivership Order; (iii) excusing the Receiver from compliance with Bankruptcy Code sections 543(a)-(c) *nunc pro tunc* to the Petition Date; (iv) terminating the automatic stay to permit the Lender to pursue and exercise any and all of its contractual and legal rights and remedies pursuant to its loan documents and applicable law, including, but not limited to, recovering and disposing of all collateral, through foreclosure proceedings, or otherwise, and applying the proceeds of the collateral against the amounts owed to the Lender; and (v) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court finding that, due to the exigencies of circumstances and the agreement of all interested parties having been represented below, that adequate notice of the Motion and opportunity for objection having been given under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtor, its estates, its creditors, and all parties in interest; and any objections to the Motion having been withdrawn or overruled on the merits; and upon all of the proceedings before the Court and after due deliberation and sufficient cause appearing therefor,

---

[1] Capitalized terms used but not defined herein shall have the meanings attributed to them in the Application.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The Stipulation is approved and incorporated by reference herein.

3. The Court FINDS that there is no equity in the SG Properties.[2]

4. The Court FINDS that the Lender has a valid and enforceable first mortgage lien on the SG Properties.

5. The Court DIRECTS that the Debtor shall not (i) interfere with the Receiver's operation and management of the SG Properties, (ii) challenge the Receiver's appointment and exercise of his rights and duties, (iii) interfere with or challenge the Lender's exercise or pursuit of any of its contractual and legal rights or remedies pursuant to its loan documents and applicable law, (iv) exercise dominion or control over or disburse, except to Lender, any cash or rents generated by the SG Properties, and (v) grant liens or provide adequate protection of any interest other than Lender's interest with respect to the SG Properties.

6. The Debtor is authorized and DIRECTED to execute and deliver to the Receiver or Lender all agreements, instruments and other documents as the Receiver or Lender may reasonably request to evidence, confirm, validate or effectuate the liquidation, foreclosure or other sale or disposition of the SG Properties.

7. Pursuant to Bankruptcy Code section 362(d), the automatic stay is hereby modified immediately, notwithstanding the provisions of Bankruptcy Rule 4001(a)(4), to permit the Receiver to exercise all powers and authority set forth in in the Classen Receivership Order, the

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Montgomery Receivership Order, the Woodland Manor Receivership Order (collectively, the "Receivership Orders"), and applicable law.

8. Pursuant to Bankruptcy Code section 362(d), the automatic stay is hereby modified immediately, notwithstanding the provisions of Bankruptcy Rule 4001(a)(4), to permit the Fund 3 Lender to file a foreclosure action in Oklahoma State District Court and request the immediate appointment of a receiver with respect to the related SG Property of the Ridge Borrower substantially similar to the Receivership Orders and Receiver to exercise all powers and authority set forth in such Subsequent Receivership Order.

9. The Receiver shall and is hereby authorized to possess, control and manage the SG Properties.

10. The Receiver is excused from the requirement of complying with Bankruptcy Code sections 543(a), (b), and (c) nunc pro tunc to the Petition Date.

11. Pursuant to Bankruptcy Code section 362(d), the automatic stay is hereby terminated to permit the Lender to pursue and exercise any and all of its contractual and legal rights and remedies pursuant to its loan documents and applicable law, including, but not limited to, recovering and disposing of all collateral, including, but not limited to, the SG Properties, through foreclosure proceedings, or otherwise, and applying the proceeds of the collateral against the amounts owed to the Lender.

12. To the extent there are excess proceeds following the sale of any of the SG Properties and application of the same to all outstanding obligations owed to Lender, such proceeds shall be subject to distribution in the order of priority under applicable law and subject to applicable court order(s).

13. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

15. ALL STIPULATIONS AND FINDINGS OF FACT HEREIN ARE BASED UPON REPRESENTATIONS OF COUNSEL.

16. Lender shall effectuate service of this Order upon all interested parties.

IT IS SO ORDERED.

###

Approved for Entry:

*/s/ Craig M. Regens*____________________

William H. Hoch, OBA#15788
Craig M. Regens, OBA#22894
CROWE & DUNLEVY,
A PROFESSIONAL CORPORATION
324 North Robinson Avenue, Suite 100
Oklahoma City, OK 73102
Telephone: 405.239.6692
Email: will.hoch@crowedunlevy.com
craig.regens@crowedunlevy.com
*COUNSEL FOR TERM FUND III MRA SELLER LLC AND TERM FUND B IV MRA SELLER LLC*

*s/Jason A. Sansone*________________

Clayton D. Ketter, OBA No. 30611
Jason A. Sansone, OBA No. 30913
Nicholas J. Candido, OBA No. 36069
PHILLIPS MURRAH, P.C.
424 N.W. 10th St., Suite 300
Oklahoma City, OK 73103
Telephone: 405.235.4100
Facsimile: 405.235.4133
cdketter@phillipsmurrah.com
jasansone@phillipsmurrah.com
njcandido@phillipsmurrah.com
*PROPOSED COUNSEL FOR YSA INVESTMENTS 1, LLC*

# EXHIBIT A

**(Stipulation)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br><br>YSA Investments 1, LLC,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 26-12806 (SAH) |

**STIPULATION REGARDING OKLAHOMA RECEIVER**

This Stipulation is entered into by and among YSA Investments 1, LLC (the "Debtor") and Term Fund III MRA Seller LLC (together with its successors and/or assigns, "Fund 3 Lender") and Term Fund B IV MRA Seller LLC (together with its successors and/or assigns, "Fund 4 Lender", together with Fund 3 Lender, individually and/or collectively, as the context may require, "Lender", together with Debtor, the "Parties"). Subject to the approval of the United States Bankruptcy Court for the Western District of Oklahoma (the "Court"), the Parties stipulate and agree as follows:

**RECITALS**

**WHEREAS** Lender is the first lien secured creditor of the following entities: (1) A-V Classen Owner LLC ("Classen Borrower"); (2) Montgomery Best Living, LLC ("Montgomery Borrower"); (3) Woodland Manor's Best Living, LLC and Woodland Manor TIC 1, LLC (collectively, "Woodland Manor Borrowers"); and (4) Ridge Best Living, LLC ("Ridge Borrower" and together with Classen Borrower, Montgomery Borrower, and Woodland Manor Borrowers, individually and/or collectively, as the context may require, "SG Borrowers" and the underlying

[1] The address of the Debtor is 848 Brickell Avenue, Suite PH5, Miami, Florida 33131. The last four digits of the Debtor's federal tax identification numbers is 3352.

properties for each SG Borrower is called the "SG Property" or collectively the "SG Properties").[2] The SG Properties referred to herein all relate to real property located in the State of Oklahoma. Fund 3 Lender and Fund 4 Lender are the current owners and holders of the following first-priority senior secured mortgage loans (individually and collectively, as the context may require, the "SG Loans") made to the applicable SG Borrowers identified below. The following is a description of the SG Properties and the SG Loans pertaining to the SG Properties:

a. The Classen Loan: Loan in the principal amount of up to $14,450,000.00 (the "Classen Loan") made on September 30, 2021, to Classen Borrower. The Classen Loan is held by Fund 3 Lender and is secured by the project commonly known as The Classen Apartments, a high-rise apartment building which is located at 2200 North Classen Blvd., Oklahoma City, Oklahoma 73106. On June 15, 2026, the Court in the Classen Foreclosure Action entered a Temporary Order Appointing Receiver (the "Classen Receivership Order"). Pursuant to the Classen Receivership Order, a Receiver was appointed for Classen Borrower's related SG Property.

b. The Montgomery Loan: Loan in the principal amount of up to $15,840,000.00 (the "Montgomery Loan") made on February 4, 2022, to Montgomery Borrower. The Montgomery Loan is held by Fund 3 Lender and is secured by the project commonly known as The Montgomery, a mid-rise apartment building which is located at 500 W Main Street, Oklahoma City, Oklahoma 73102. On June 18, 2026, the Court in the Montgomery Foreclosure Action entered a Temporary Order Appointing Receiver (the "Montgomery Receivership Order"). Pursuant to the Montgomery Receivership Order, a Receiver was appointed for Montgomery Borrower's related SG Property.

c. The Woodland Manor Loan: Loan in the principal amount of up to $21,068,750.00 (the "Woodland Manor Loan") made on October 18, 2022, to Woodland Manor Borrowers. The Woodland Manor Loan is held by Fund 4 Lender and is secured by the project commonly known as The Woodland Manor Apartments, a garden-style apartment complex which is located at 8641 E. 61st Street, Tulsa, Oklahoma 74133. On July 14, 2026, the Court in the Woodland Manor Foreclosure Action entered a Temporary Order Appointing Receiver (the "Woodland Manor Receivership

[2] Prepetition, Lender filed foreclosure cases and obtained Oklahoma State Court receivership orders in the following cases: (1) Classen Borrower: Oklahoma County District Court, Case No. CJ-2026-4901; (ii) Montgomery Borrower: Oklahoma County District Court, Case No. CJ-2026-5022; and (iii) Woodland Manor Borrowers: Tulsa County District Court, Case No. CJ-2026-3185; (collectively, the "Oklahoma State Court Cases"). Due to the automatic stay under 11 U.S.C. §362, a foreclosure action has not been filed with respect to the Ridge Borrower and its related SG Property.

Order" and, together with the Classen Receivership Order, the Montgomery Receivership Order, and any subsequently entered receivership order (each, a "Subsequent Receivership Order"), the "Receivership Orders"). Pursuant to the Woodland Manor Receivership Order, a Receiver was appointed as receiver for Woodland Manor Borrowers' related SG Property. On July 14, 2026, Woodland Manor Borrowers filed voluntary Chapter 11 Bankruptcy Petitions in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "ND TX Bankruptcy Court"). On July 28, 2026, the ND TX Bankruptcy Court entered a *sua sponte* order directing the appointment of a Chapter 11 Trustee for the Woodland Manor Borrowers, and Daniel C. "Corky" Sherman (the "Trustee") was appointed as Chapter 11 Trustee for Woodland Manor Borrowers.

d. The Ridge Loan: Loan in the principal amount of up to $15,000,000.00 (the "Ridge Loan") made on December 21, 2021, to Ridge Borrower. The Ridge Loan is held by Fund 3 Lender and is secured by the project commonly known as The Ridge, a garden-style apartment complex which is located at 3834 North Oak Grove Drive, Midwest City, Oklahoma 73110. On July 15, 2026, Ridge Borrower filed a voluntary Chapter 11 Bankruptcy Petition in the ND TX Bankruptcy Court. On July 28, 2026, the ND TX Bankruptcy Court entered a sua sponte order directing the appointment of a Chapter 11 Trustee for the Ridge Borrower. The Trustee was appointed as Chapter 11 Trustee for Ridge Borrower.

**WHEREAS** the SG Borrowers have defaulted on their respective agreements evidencing and/or securing the promissory notes associated with the SG Loans by, *inter alia*, (i) failing to pay the indebtedness due at maturity and (ii) granting, permitting or suffering the filing of liens on (x) the SG Properties, including second or third mortgages in favor of the Debtor, and (y) the indirect ownership interests in the SG Borrowers in favor of the Debtor, in each case, without the consent of Fund 3 Lender or Fund 4 Lender, as applicable.

**WHEREAS**, on June 6, 2026, Fund 3 Lender commenced a mortgage foreclosure action against Classen Borrower and related defendants in the District Court of Oklahoma County, State of Oklahoma (the "Classen Court"), Case No. CJ-2026-4901 (the "Classen Foreclosure Action") by filing the *Verified Petition* and the *Motion to Appoint Receiver*.

**WHEREAS**, on June 15, 2026, the Classen Court entered the Classen Receivership Order, signed by counsel for Fund 3 Lender and Receiver, appointing C. David Rhoades (together with such other receiver that may be appointed for any of the SG Properties, individually and/or

collectively, as the context may require, "Receiver") as the receiver for the SG Property associated with Classen Borrower.

**WHEREAS**, on June 18, 2026, Fund 3 Lender commenced a mortgage foreclosure action against Montgomery Borrower and related defendants in the District Court of Oklahoma County, State of Oklahoma (the "Montgomery Court"), Case No. CJ-2026-5022 (the "Montgomery Foreclosure Action") by filing the *Verified Petition* and the *Corrected Emergency Ex Parte Motion for Temporary and Final Order Appointing Receiver and Brief in Support*.

**WHEREAS**, on June 18, 2026, the Montgomery Court entered the Montgomery Receivership Order, signed by counsel for Fund 3 Lender and Receiver, appointing Receiver as the receiver for the SG Property associated with Montgomery Borrower.

**WHEREAS**, on July 14, 2026, Fund 4 Lender commenced a mortgage foreclosure action against Woodland Manor Borrowers and related defendants in the District Court of Tulsa County, State of Oklahoma (the "Woodland Manor Court"), Case No. CJ-2026-03185 (the "Woodland Manor Foreclosure Action") by filing the *Verified Petition* and the *Emergency Ex Parte Motion for Temporary and Final Order Appointing Receiver*.

**WHEREAS**, on July 14, 2026, the Woodland Manor Court entered the Woodland Manor Receivership Order, signed by counsel for Fund 4 Lender and Receiver, appointing Receiver as the receiver for the SG Property associated with Woodland Manor Borrowers.

**WHEREAS**, the Debtor and Lender stipulate to modification of the automatic stay immediately, notwithstanding the provisions of Bankruptcy Rule 4001(a)(4), to permit the Fund 3 Lender to file a foreclosure action in Oklahoma State District Court and request the immediate appointment of a receiver with respect to the Ridge Borrower pursuant to a Subsequent Receivership Order substantially similar to the Receivership Orders and allowing such receiver to

exercise all powers and authority set forth in such Subsequent Receivership Order. For the avoidance of doubt, the Debtor further stipulates that it shall not oppose the immediate appointment of a receiver with respect to the Ridge Borrower pursuant to a Subsequent Receivership Order substantially similar to the Receivership Orders and allowing such receiver to exercise all powers and authority set forth in such Subsequent Receivership Order.

**WHEREAS**, the Debtor and Lender stipulate to the termination of the automatic stay immediately, notwithstanding the provisions of Bankruptcy Rule 4001(a)(4), to permit the Lender to pursue and exercise any and all of its contractual and legal rights and remedies pursuant to its loan documents and applicable law, including, but not limited to, recovering and disposing of all collateral, including, but not limited to, the SG Properties, through foreclosure proceedings, or otherwise, and applying the proceeds of the collateral against the amounts owed to the Lender.

**WHEREAS**, all SG Borrowers are limited liability companies doing business in Oklahoma County, or Tulsa County, State of Oklahoma.

**WHEREAS**, Prepetition, Lender commenced a foreclosure on the SG Properties and obtained the appointment of Receiver as receiver over the SG Borrowers and SG Properties, except for the Ridge Borrower and its related SG Property.

**WHEREAS**, despite his appointment as receiver in the Woodland Manor Foreclosure Action, and upon his learning that Woodland Manor Borrowers filed bankruptcy in the United States Bankruptcy Court for the Northern District of Texas, Case No. 26-33167 and Case No. 26-33168, Receiver returned possession of the Woodland Manor Borrowers' related SG Property to Vesta Realty, LLC ("Vesta Realty"), the management company controlled by Marc Kulick.

**WHEREAS**, Receiver has continued to maintain his possession of the SG Properties related to Classen Borrower and Montgomery Borrower pursuant to 11 U.S.C. §543(a), (b) and

(c). Fund 3 Lender has not filed a foreclosure petition with respect to Ridge Borrower because Ridge Borrower filed a bankruptcy petition in the United States Bankruptcy Court for the Northern District of Texas, Case No. 26-33177.

**WHEREAS**, subsequently on July 28, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

**WHEREAS**, the Parties have conferred and agree that, in light of the condition of the SG Properties, immediate action is required to prevent ongoing harm to the SG Properties and persons residing therein, and it is in the best interests of the Parties and their stakeholders for the Receiver to take immediate possession and control of the SG Properties and proceed to exercise all powers and duties as set forth in the Receivership Orders and by applicable law.

**NOW, THEREFORE**, subject to the approval of the Court, it is hereby stipulated and agreed as follows:

## STIPULATIONS

1. Since the Petition Date, the Debtor has taken no action to manage or control any of the SG Properties. The Receiver, with the assistance of an independent third-party management company engaged by the Receiver, has managed the SG Properties related to the Classen Borrower and the Montgomery Borrower to preserve those properties and serve the related tenants. Additionally, the Trustee has taken control of the SG Properties related to the Woodland Manor Borrowers and the Ridge Borrower (collectively, the "Trustee Managed Properties"). The Trustee has been coordinating with the Lender to address management of the Trustee Managed Properties and for consent to use of cash collateral to maintain said properties. As such, the Debtor has consented to maintaining the status quo of the SG Properties, including ordinary course expenditures by the Receiver and the Trustee to maintain the SG Properties.

2. The Debtor does not dispute the Lender's senior first-priority liens in the SG Properties and acknowledges there is no equity value in the SG Properties beyond the Lender's first lien claims.

3. The Receiver shall be authorized to possess, control and manage the SG Properties as set forth in the Classen Receivership Order, the Montgomery Receivership Order; and the Woodland Manor Receivership Order, and shall exercise all powers and duties conferred upon the Receiver by the Classen Court, the Montgomery Court, the Woodland Manor Court, and applicable law, including the powers and duties set forth in those receivership orders. Specifically, the Receiver shall retain the power and authority to maintain, preserve, sell, lease or otherwise dispose of the SG Properties without the need to turn over the SG Properties or the proceeds thereof to the Debtor or the Debtor's estate pursuant to Bankruptcy Code section 543 and without need for further order of this Court. For the avoidance of doubt, the Receiver is excused from the requirement of complying with Bankruptcy Code sections 543(a)-(c).

4. The Debtor consents to the appointment of a receiver over the Ridge Borrower and its related SG Property pursuant to a Subsequent Receivership Order on terms substantially similar to the Receivership Orders and allowing such receiver to exercise all powers and authority set forth in such Subsequent Receivership Order. For the avoidance of doubt, all stipulations of the Debtor made hereinbelow with respect to rights of the Receiver and duties of the Debtor shall be enforceable by Lender and any Receiver appointed under a Subsequent Receivership Order.

5. The Debtor stipulates that neither it, nor any of its Representatives[3], shall (i) interfere with the Receiver's operation and management of the SG Properties, (ii) challenge the

---

[3] As used herein, the term "Representatives" shall mean and include any (i) "insider," as defined by section 101(31) of the Bankruptcy Code, (ii) employee of the Debtor, (iii) "affiliate," as defined

Receiver's appointment and exercise of his rights and duties, (iii) interfere with or challenge the Lender's exercise or pursuit of any of its contractual and legal rights or remedies pursuant to its loan documents and applicable law, (iv) exercise dominion or control over or disburse, except to Lender, any cash or rents generated by the SG Properties, and (v) grant liens or provide adequate protection of any interest other than Lender's interest with respect to the SG Properties.

6. The Debtor stipulates that it shall promptly execute and deliver to the Receiver or Lender all agreements, instruments and other documents as the Receiver or Lender may reasonably request to evidence, confirm, validate or effectuate the liquidation, foreclosure or other sale or disposition of the SG Properties.

7. Pursuant to Bankruptcy Code Section 362(d), to the extent applicable, the automatic stay imposed in favor of the Debtor and the Debtor's estate is hereby terminated immediately, notwithstanding the provisions of Bankruptcy Rule 4001(a)(4), to permit: (i) the Receiver to exercise all rights, powers and remedies granted pursuant to those certain receivership orders, and (ii) permit the Lender to pursue and exercise any and all of its contractual and legal rights and remedies pursuant to its loan documents and applicable law, including, but not limited to, recovering and disposing of all collateral, including, but not limited to, the SG Properties, through foreclosure proceedings, or otherwise, and applying the proceeds of the collateral against the amounts owed to the Lender.

8. Lender, Receiver, and all duly appointed judicial officers in the Oklahoma State Court Cases are also immediately authorized and/or permitted to take any and all actions necessary for compliance with the applicable receivership order.

---

by section 101(2) of the Bankruptcy Code, and (iv) agent acting at the direction or under the authority of the Debtor.

9. The Debtor shall file a motion with the Court seeking approval of this Stipulation and entry of an order granting relief from the automatic stay and excusing the Receiver from turnover of the SG Properties and all proceeds thereof pursuant to Bankruptcy Code section 543.

10. The Parties agree to cooperate with the Receiver with respect to the SG Properties and the exercise of his responsibilities under the applicable receivership order.

11. Each Party expressly reserves all rights, claims, causes of action, defenses and arguments against the other Party.

12. This Stipulation shall be binding upon and shall inure to the benefit of the Parties.

13. This Stipulation constitutes the entire agreement and understanding between the Parties and no party has made any promises to or agreements with any other party other than those contained in this Stipulation. No waiver or modification of any term or condition contained herein shall be valid or binding unless in writing and executed by the Parties hereto or ordered by the Court.

14. Notwithstanding the possible applicability of Bankruptcy Rules 4001(a)(4) and 6004(h) or otherwise, the terms and conditions of this Stipulation shall be immediately effective and enforceable upon entry of an order approving this Stipulation.

15. The Parties agree that the Court shall retain jurisdiction to resolve any dispute arising from or related to this Stipulation.

Dated: September 9, 2026

*/s/Craig M. Regens*______________
William H. Hoch, OBA#15788
Craig M. Regens, OBA #22894
CROWE & DUNLEVY
A PROFESSIONAL CORPORATION
324 North Robinson Avenue, Suite 100
Oklahoma City, OK 73102
Telephone: 405.239.6692
Email: will.hoch@crowedunlevy.com
craig.regens@crowedunlevy.com

*COUNSEL FOR TERM FUND III MRA SELLER LLC AND TERM FUND B IV MRA SELLER LLC*

*s/Jason A. Sansone*_______________
Clayton D. Ketter, OBA No. 30611
Jason A. Sansone, OBA No. 30913
Nicholas J. Candido, OBA No. 36069
PHILLIPS MURRAH, P.C.
424 N.W. 10th St., Suite 300
Oklahoma City, OK 73103
Telephone: 405.235.4100
Facsimile: 405.235.4133
cdketter@phillipsmurrah.com
jasansone@phillipsmurrah.com
njcandido@phillipsmurrah.com

*PROPOSED COUNSEL FOR YSA INVESTMENTS 1, LLC*