Joyce W. Lindauer
Texas State Bar No. 21555700
Lindauer & Vaughn
117 S. Dallas Street
Ennis, Texas 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Fairfax Investors, LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**OKLAHOMA CITY DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **YSA INVESTMENTS 1, LLC,** | § | **CASE NO. 26-12806-sah-11** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

**FAIRFAX INVESTORS, LLC'S REPLY IN SUPPORT OF AMENDED MOTION FOR APPOINTMENT OF CHAPTER 11 TRUSTEE**

**TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:**

COMES NOW Fairfax Investors, LLC ("Fairfax"), by and through its undersigned counsel, and files this Reply in support of its Amended Motion for Appointment of a Chapter 11 Trustee [Doc. 232] and in response to the Debtor's Omnibus Response in Opposition to Motions to Appoint Chapter 11 Trustee [Doc. 324] (the "Response"), respectfully states as follows:

## I. INTRODUCTION

The Debtor's Response attempts to characterize the extraordinary circumstances surrounding this case as nothing more than historical disputes with Mark Kulick, routine ownership litigation, and problems inherited from former management. That characterization minimizes the very circumstances demonstrating why independent fiduciary oversight is necessary.

The issue before the Court is not simply whether the Debtor can attribute certain prepetition conduct to Mr. Kulick, nor whether the Debtor believes its present management has improved

conditions at certain properties. The inquiry under 11 U.S.C. § 1104 requires the Court to consider whether cause exists for the appointment of a trustee and, independently, whether appointment is in the interests of creditors, equity security holders, and other interests of the estate.

The Debtor acknowledges that this case involves a sprawling, multi-jurisdictional dispute concerning numerous entities and multifamily properties, competing ownership claims, secured creditor disputes, and substantial litigation. Indeed, the Debtor affirmatively represents that it filed this bankruptcy proceeding for the purpose of consolidating those disputes into a single forum. Those circumstances weigh in favor of independent administration, not against it.

The Debtor further admits that, as of the filing of its Response, it had not maintained sufficient insurance coverage for the properties and remained in the process of confirming appropriate coverage. That concession alone demonstrates that the Movants' concerns are neither speculative nor confined to prepetition conduct.

Appointment of a Chapter 11 Trustee would provide the estate, creditors, tenants, and this Court with a neutral fiduciary capable of evaluating the competing claims and administering the assets without the conflicts that permeate the present case.

## II. ARGUMENT

### A. The Debtor Cannot Avoid Appointment of a Trustee Merely by Attributing the Underlying Conduct to Kulick.

A substantial portion of the Debtor's Response attempts to separate its present management from the conduct of Mark Kulick and the entities he formerly controlled. The Debtor argues that Fairfax improperly seeks to attribute Mr. Kulick's actions and inactions to the Debtor and asserts that ownership disputes and prior litigation are not "cause" under § 1104(a)(1). That argument misses the point.

The present bankruptcy case did not arise in a vacuum. According to the Debtor's own description, the case followed defaults, litigation concerning control and ownership of numerous entities, foreclosure activity, the Debtor's exercise of contractual remedies against the properties, and a rapid succession of bankruptcy filings involving related entities in multiple jurisdictions. The Debtor itself acknowledges that it was forced to defend its interests in four different jurisdictions before ultimately filing this case in an attempt to consolidate the disputes.

Those facts cannot simply be disregarded because the Debtor now labels the underlying disputes as conduct attributable to another party.

The relevant question is whether the present circumstances permit the estate to be administered fairly, transparently, and without disabling conflicts. Where virtually every significant issue in the case—including ownership, liens, management rights, property control, financing, and disposition of assets—is contested among parties whose interests are directly adverse, the appointment of an independent fiduciary provides precisely the protection contemplated by § 1104.

**B. The Debtor's Own Admissions Demonstrate Continuing Postpetition Concerns.**

The Debtor argues that its postpetition conduct establishes good faith and weighs against appointment of a trustee. Its own Response demonstrates otherwise.

Most significantly, the Debtor expressly acknowledges that it "has not possessed sufficient insurance coverage" and states that it was still "in the process of confirming appropriate insurance for all property claimed on the Debtor's Schedules."

Adequate insurance for a portfolio of multifamily properties occupied by thousands of tenants is not a peripheral administrative issue. It concerns preservation of estate property,

protection of tenants, protection of secured creditors' collateral, and exposure of the estate to potentially substantial liabilities.

The Debtor attempts to minimize the issue by stating that it expected to be in compliance before the hearing and that the Court required an insurance report by September 14, 2026. But the fact that corrective action may eventually occur does not eliminate the underlying concern or establish that independent oversight is unnecessary.

The same is true of the Debtor's other postpetition issues. The Debtor acknowledges disputes concerning cash collateral and the need for postpetition financing but characterizes such matters as ordinary incidents of Chapter 11. While requests for cash collateral and DIP financing are not themselves evidence of misconduct, the Court must examine those requests in the context of this case—one involving disputed ownership, contested liens, numerous properties, related bankruptcy proceedings, and significant disagreement among major constituencies.

The cumulative circumstances, rather than any single isolated event, demonstrate the need for an independent fiduciary.

**C. Replacing Property Management Does Not Resolve the Need for Independent Estate Management.**

The Debtor relies heavily upon its replacement of Vesta Realty with Capital Assets as property manager and argues that Capital Assets has improved conditions at certain properties.

Even assuming those assertions are correct, appointment of a property manager is not the equivalent of appointment of a Chapter 11 Trustee.

Capital Assets manages properties at the direction of the Debtor. It is not an independent fiduciary appointed pursuant to § 1104, does not replace the Debtor as the party exercising control over the estate, and does not resolve conflicts concerning ownership, financing, liens, litigation strategy, or disposition of estate assets.

The Debtor asserts that Capital Assets has provided functioning air conditioning units, removed trash, addressed pests, and improved potable water and electricity conditions at certain properties. While those improvements may benefit tenants, they do not answer the question presented by the pending Motion.

Operational improvements do not establish that existing management is sufficiently disinterested to make decisions concerning contested ownership and creditor rights.

Indeed, if the Debtor is correct that this case is intended to serve as a centralized forum for determining complex disputes affecting numerous properties and creditors, there is even greater reason for those assets to be administered by a neutral fiduciary while those disputes are resolved.

**D. The Complexity and Conflicts in This Case Support, Rather Than Defeat, Appointment.**

The Debtor contends that appointment of a trustee would be "value-destructive," create delay, and require a new fiduciary to become familiar with a complex portfolio.

But complexity alone is not a reason to leave conflicted management in possession.

The Debtor describes a portfolio involving approximately 34 multifamily assets in Oklahoma, Arkansas, and Kansas, together with numerous related entities and contested claims. It also describes a series of related bankruptcy cases filed in Oklahoma and Texas before the filing of this case.

A Chapter 11 Trustee would not add another competing stakeholder to those disputes. A trustee would provide a neutral fiduciary whose statutory obligation is to the estate rather than to any of the parties asserting competing ownership, lien, or contractual rights.

The Debtor contends that it has worked cooperatively with creditors and references agreements or negotiations with various secured lenders. Such cooperation, even if established, does not eliminate the need for neutrality. The question is not whether the Debtor has been able to

reach agreements with some parties. The question is whether the estate and all creditors are best served by allowing the existing Debtor to remain in exclusive control while substantial disputes concerning the very assets being administered remain unresolved.

They are not.

**E. The Best Interests of Creditors and the Estate Favor Appointment.**

Section 1104(a)(2) provides an independent basis for appointment where doing so is in the interests of creditors, equity security holders, and other interests of the estate.

The Debtor argues that a trustee would impose additional administrative expense and delay. But any additional cost must be weighed against the risks associated with continued administration under the present circumstances.

This estate includes numerous multifamily properties occupied by thousands of tenants. The case involves competing ownership claims, secured creditor disputes, litigation in several jurisdictions, contested management issues, insurance deficiencies, cash-collateral disputes, and proposed postpetition financing. The Debtor acknowledges many of those circumstances in its own Response.

A neutral Chapter 11 Trustee can investigate competing claims, evaluate proposed financing and disposition transactions, oversee property management, ensure appropriate insurance and reporting, and administer estate assets without the appearance or reality of divided loyalties.

The potential cost of a trustee does not outweigh the substantial benefit of independent and transparent administration of an estate of this size and complexity.

### F. The Debtor's Reliance on Its Claimed Good Faith Does Not Resolve the § 1104 Inquiry.

Finally, the Debtor repeatedly characterizes its actions as undertaken in "good faith" and contends that the bankruptcy was filed for legitimate purposes.

Fairfax's Motion does not turn solely upon whether the Debtor subjectively believed bankruptcy relief was appropriate.

Even assuming that the filing served a legitimate bankruptcy purpose, § 1104 expressly permits appointment of a trustee after commencement of a valid Chapter 11 case. A debtor may have filed a bankruptcy petition for a legitimate purpose and nevertheless present circumstances requiring appointment of an independent fiduciary.

Here, the extensive conflicts, disputed control of assets, unresolved creditor claims, deficiencies in insurance coverage, and complexity of the related proceedings demonstrate that continued debtor-in-possession control is not in the best interests of this estate.

## III. CONCLUSION

The Debtor's Response does not eliminate the concerns raised by Fairfax. Instead, in several significant respects, it confirms them.

This is an exceptionally complex case involving numerous properties, related entities, competing ownership and lien claims, extensive litigation, and substantial creditor interests. The Debtor admits that adequate insurance coverage had not yet been obtained for all properties and acknowledges that significant disputes concerning ownership, financing, and administration remain unresolved. Allowing the Debtor to remain in possession does not provide the neutrality necessary to administer those disputes for the benefit of all stakeholders.

For these reasons, Fairfax Investors, LLC respectfully requests that the Court grant its Amended Motion for Appointment of a Chapter 11 Trustee [Doc. 232], direct the appointment of

a disinterested Chapter 11 Trustee pursuant to 11 U.S.C. § 1104, and grant Fairfax such other and further relief to which it may be justly entitled.

Dated: September 10, 2026.

Respectfully submitted,

/s/ Joyce W. Lindauer
Joyce W. Lindauer
Texas State Bar No. 21555700
Lindauer & Vaughn
117 S. Dallas Street
Ennis, Texas 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Fairfax Best Living, LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 10, 2026, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon those parties receiving electronic notice in this case.

/s/ Joyce W. Lindauer
Joyce W. Lindauer