**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| IN RE: YSA INVESTMENTS 1, LLC, | ) | Case No. 26-12806 SAH |
| | ) | |
| Debtor. | ) | Chapter 11 |

**UNOPPOSED MOTION TO MODIFY AUTOMATIC STAY AND TO ABANDON PROPERTY AS BURDENSOME WITH BRIEF IN SUPPORT THEREOF, NOTICE OF OPPORTUNITY FOR HEARING AND REQUEST FOR WAIVER OF FOURTEEN (14) DAY STAY UNDER BANKRUPTCY RULE 4001(a)(4)**

**TIME FOR RESPONSE**
**NOTICE OF OPPORTUNITY FOR HEARING**

**Your rights may be affected. You should read this Document carefully and consult your attorney about your rights and the effect of this Document.** If you do not want the Court to grant the motion, or you wish to have your views considered, you must file a written response to the motion with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean McGee Avenue, Oklahoma City, OK 73102 no later than 14 days from the date of filing of the motion. You should also serve a file-stamped copy of the response to the undersigned [and others who are required to be served] and file a certificate or affidavit of service with the Court.

**[Note - this is a flat fourteen (14) days regardless of the manner of service.]**

COMES NOW First United Bank and Trust Co. (hereafter “Bank”), creditor herein, by and through its attorney, John W. Mee III of the firm MEE HAWKINS GREENHAW & COTNER PLLP, and moves the Court for relief from the automatic stay provision of the Bankruptcy Code, Title 11 U.S.C. § 362(a), as to the Debtor and the real property described herein and for an order abandoning property as burdensome pursuant to 11 U.S.C. § 554(b). Said real property is more fully described as follows:

Tract 1:
All of Lot One (1 ), in Block Seven (7), and a part of Lot Two (2), in Block Four (4), of KNIGHT LAKE ADDITION, an Addition to the City of Oklahoma City, Oklahoma County, Oklahoma, according to the recorded plat thereof, and more particularly described as follows: Beginning at the Southeast corner of Lot One (1), in Block Seven (7), of KNIGHT LAKE ADDITION; thence North 19°15'11" East along the East line of said Lot One (1), in Block Seven (7), a distance of 286.12 feet to the Northeast corner of Lot One (1), in Block Seven (7), of KNIGHT LAKE ADDITION; thence South

61°13'56" East a distance of 250.65 feet to a point on the East line of said Lot Two (2), in Block Four (4); thence along a curve to the left whose radius is 330.00 feet along the East line of said Lot Two (2), Block Four (4), a distance of 186.49 feet; thence South 45°00'00" West a distance of 35.36 feet; thence along a curve to the right whose radius of 570.00 feet along the South line of said Lot Two (2), Block Four (4), a distance of 248.71 feet, more or less, to the Point of Beginning; together with all improvements, covenants, appurtenances and fixtures that are a part thereof.

Tract 2:
Lot Four (4), in Block Three (3), of KNIGHT LAKE ADDITION, an Addition to the City of Oklahoma City, Oklahoma County, Oklahoma, according to the recorded plat thereof; together with all improvements, covenants, appurtenances and fixtures that are a part thereof.

Tract I and Tract 2 referenced above are collectively referred to herein as “the Property”.

Bank alleges and states as follows:

1. That this Court has jurisdiction of this proceeding pursuant to Title 28 U.S.C. §1334, 11 U.S.C. §§ 362, 363, 552(b) and 554.

2. On or about January 3, 2025, Auerbach-Vesta LLC and Putnam Green TIC Interest, LLC conveyed to Bank for good and valuable consideration, executed a Promissory Note (“Note #1”) in favor of Bank, in the principal amount of $10,200,303.00. See attached copy of Note #1.

3. That as security for said Note #1, Auerbach-Vesta LLC and Putnam Green TIC Interest, LLC executed a Mortgage (“Mortgage #1”) in favor of Bank. A copy of Mortgage #1 reflecting the mortgage recording information is attached hereto, along with the corresponding legal description for the Property.

4. In addition to Mortgage #1, to further secure Note #1, Auerbach-Vesta LLC and Putnam Green TIC Interest, LLC conveyed an Assignment of Rents (“Assignment #1”) dated January 3, 2025. A copy of the Assignment #1 reflecting the recording information is attached

hereto, along with the corresponding legal description for the Property.

5. That Bank is the owner of said Note #1, Mortgage #1 and Assignment #1.

6. Said Note #1 is now in default and as of August 27, 2026, there was due and owing to Bank on the total amount of $10,156,322.37 together with interest accrued and interest continuing to accrue until paid, together with other costs and expenses set forth in said Note #1 and Mortgage #1; that due to said default, Bank is entitled to foreclose its mortgage lien against the Property.

7. On or about January 27, 2025, Auerbach-Vesta LLC and Putnam Green TIC Interest, LLC executed and conveyed to Bank for good and valuable consideration, a Promissory Note ("Note #2") in favor of Bank, in the principal amount of $500,000. See attached Note #2.

8. That as security for said Note #2, Auerbach-Vesta LLC and Putnam Green TIC Interest, LLC executed a Mortgage ("Mortgage #2") in favor of Bank. A copy of the Mortgage #2 reflecting the mortgage recording information is attached hereto, along with the corresponding legal description for the Property.

9. In addition to Mortgage #2, to further secure Note #2, Auerbach-Vesta LLC and Putnam Green TIC Interest, LLC conveyed an Assignment of Rents ("Assignment #2") dated January 27, 2025. A copy of Assignment #2 reflecting the recording information is attached hereto, along with the corresponding legal description for the Property.

10. That Bank is the owner of said Note #2, Mortgage #2 and Assignment #2.

11. Said Note #2 is now in default and as of August 27, 2026, there was due and owing to Bank on the total amount of $640,969.41 together with interest accrued and interest continuing to accrue until paid, together with other costs and expenses set forth in said Note #2

and Mortgage #2; that due to said default, Bank is entitled to foreclose its lien against the Property.

12. That upon information and belief, the Property is likely owned by Auerbach-Vesta LLC and Putnam Green TIC Interest, LLC. However, Debtor may claim an interest in the Property pursuant to the Special Warranty Deed (Deed-in-Lieu of Foreclosure) purportedly granted from Putnam Green TIC Interest, LLC to Debtor. A copy of the Special Warranty Deed (Deed-in-Lieu of Foreclosure) reflecting the recording information is attached hereto.

13. There is pending in the District Court of Oklahoma, State of Oklahoma, Case No. CJ-25-8484 (the State Court Litigation) a suit involving the Property. The Plaintiff in the State Court Litigation is Boomar Remodeling, LLC, and Bank and Debtor, YSA Investments 1, LLC are among the Defendants. Just prior to YSA Investments 1, LLC bankruptcy filing, Bank's Motion for Appointment of Receiver in the State Court Litigation was scheduled to be heard by Judge Don Andrews. A receiver is needed for the purpose of stabilizing, preserving, maintaining and possibly selling the Property.

14. Debtor has failed to insure the Property and therefore Bank lacks adequate protection of its interest in the Property, and cause exists to modify the automatic stay pursuant to 11 U.S.C. §362(d)(1).

15. In addition to Mortgage #1 and Mortgage #2, there are additional junior mortgages and other liens against the Property, and Bank believes and alleges that upon liquidation, there will be little to no equity in the Property in which a Trustee or Debtor in Possession could claim any interest, nor is said Property necessary to an effective reorganization. Therefore, pursuant to 11 U.S.C. §362(d)(2), Bank requests relief from the stay. However, if Bank receives excess proceeds from the liquidation of the Property it will turn over such

proceeds to the Debtor, to the extent such proceeds constitute property of the Debtor's estate.

16. It is believed that said Property is of inconsequential value and, in fact, burdensome to the estate and should be deemed abandoned pursuant to 11 U.S.C. § 554(b).

17. As previously stipulated in open Court during the September 3, 2026, hearing on Motion of the Debtor for Interim and Final Orders (I) Authorizing the Debtor to Obtain Post-Petition Financing; (II) Granting Security Interests and Super-Priority Administrative Expense Status; (III) Modifying the Automatic Stay; (IV) authorizing the Use of Cash Collateral; (V) Granting Adequate Protection; (VI) Scheduling a Final Hearing; and (VII) Granting Related Relief [Doc 56], the Debtor is in agreement with the relief requested in this Motion and therefore, Bank requests that the stay of orders provided in Bankruptcy Rule 4001(a)(4) not apply. In addition, time is of the essence to get a receiver appointed for the purpose of stabilizing, preserving, maintaining and possibly selling the Property.

WHEREFORE, creditor, Bank, respectfully requests this Court to enter an order: 1) modifying the automatic stay as to the Debtor and the Property and allowing the State Court Litigation to proceed, so that Bank may enforce and foreclose its liens against the Property and/or conduct a deed-in-lieu of foreclosure transaction in accordance with applicable law, and permitting Bank to move forward with the hearing on the appointment of a receiver over the Property for the purpose of stabilizing, preserving, maintaining and possibly selling the Property; 2) abandoning said Property from the bankruptcy estate; 3) ordering that the stay of this order provided in Bankruptcy Rule 4001(a)(4) shall not apply, and granting such additional relief as this Court deems equitable.

/s/ John W. Mee III
JOHN W. MEE III, OBA# 013915
MEE HAWKINS GREENHAW & COTNER PLLP
5025 Gaillardia Pl, Suite D
Oklahoma City, Oklahoma 73142
Telephone: (405) 848-9100
Facsimile: (405) 848-9101
jwm3@mhgclaw.com
ATTORNEYS FOR FIRST UNITED BANK AND TRUST CO.

## CERTIFICATE OF SERVICE

I hereby certify on this 10th day of September 2026, a true and correct copy of the Motion was electronically served using the CM/ECF system, namely:

Steven D. Adler et al, Counsel for the Debtor
Office of the U.S. Trustee
and upon all other entities as listed in the CM/ECF system at the time of filing.

Further, I certify that on the 10th day of September 2026, copies of the Motion were forwarded via U.S. Mail, first class, postage prepaid and properly addressed to the following at the addresses shown below and to the mailing matrix:

DEBTOR:
YSA Investments 1, LLC
848 Brickell Avenue
Suite PH5
Miami, FL 33131

ADDITIONAL PARTIES:
Travis C. Smith
TCS Law Firm
511 Couch Drive, Suite 300
Oklahoma City, OK 73102

John M. Krattiger
Cole T. McDaniel
Gable Gotwals
BOK Park Plaza
499 W. Sheridan Avenue, Suite 2200

Oklahoma City, OK 73102

Page M. Walters
Johnathon R. Moore
Vesta Realty, LLC
1422 E. 71st St., Suite J
Tulsa, OK 74136

Katelynn J. Crain
Lisa Erickson Endres
Assistant District Attorneys
211 N. Robinson Ave, Ste N700
Oklahoma City, OK 73102

James Vogt
101 Park Avenue, Suite 1010
Oklahoma City, OK 73102
Drew Campo
5704 NW 161st Circle
Edmond, OK 73013

/s/ John W. Mee III
John W. Mee III