**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br>YSA INVESTMENTS 1, LLC,<br>Debtor.[1] | Chapter 11<br>Case No. 26-12806 (SAH) |

**LSREF7 BADLANDS LOAN TRUST 2026'S**
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
**COMBINED WITH NOTICE OF OPPORTUNITY**
**FOR HEARING AND BRIEF IN SUPPORT**

**Your rights may be affected. You should read this Document carefully and consult your attorney about your rights and the effect of this Document.** If you do not want the Court to grant the motion, or you wish to have your views considered, you must file a written response to the motion with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than 14 days from the date of filing of the motion. You should also serve a file-stamped copy of the response to the undersigned [and others who are required to be served] and file a certificate or affidavit of service with the Court.

**[Note – this is a flat fourteen (14) days regardless of the manner of service.]**

LSREF7 Badlands Loan Trust 2026, a Delaware Statutory Trust ("Lender") hereby moves (this "Motion"), pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Western District of Oklahoma (the "Local Bankruptcy Rules"), for entry of an order granting relief from the automatic stay to permit Lender to pursue its non-bankruptcy rights and remedies in connection with its pending foreclosure proceeding in the District Court of Oklahoma County in the State of Oklahoma (the "State Court"), Case No. CJ-2026-1275 (the "State Proceeding"), which seeks to foreclose its statutory, first priority lien on certain real property as well as the related interlocutory

[1] The address of the Debtor is 848 Brickell Avenue, Suite PH5, Miami, Florida 33131. The last four digits of the Debtor's federal tax identification number is 3352.

appeal pending before the Oklahoma Supreme Court in Case No. IN-124122 (the "State Appeal") (collectively the State Proceeding and the State Appeal shall be referred to as the "State Matters"). In support of this Motion, Lender relies on the declaration of Matthew K. Hansen (the "Hansen Declaration"), attached hereto as **Exhibit 1**, and incorporated herein by reference. In further support of this Motion, Lender respectfully represents as follows:

## PRELIMINARY STATEMENT

Lender holds a first priority security interest on the Property (as defined below), which is secured by the Mortgage (as defined below). Although Debtor does not own the Property, it may claim some right, title or interest in or to the Property pursuant to the ROFOs (as defined below). Lender initiated the State Proceeding prepetition to foreclose its lien, which resulted from multiple events of default occurring under the Mortgage. Upon the filing of this chapter 11 case, the State Proceeding and related State Appeal were stayed. As of the Petition Date, Lender was oversecured as its liens exceeded the value of the Property. At no point has Debtor indicated in this chapter 11 case that the Property or the ROFO are necessary to its continued operations or any potential reorganization. Accordingly, cause exists to grant Lender stay relief to exercise its non-bankruptcy remedies and continue the State Matters to a final judgment, including conducting a foreclosure sale of the Property to satisfy its outstanding claim.

## JURISDICTION

1. The Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought by this Motion are sections 105(a), 362(d)(1), and 541 of the Bankruptcy Code, Bankruptcy Rule 4001, and Local Bankruptcy Rule 4001-1.

3. Lender consents to entry of a final judgment or order with respect to this Motion if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution

**BACKGROUND**

4. Prepetition, Lender entered into that certain Promissory Note, dated as of December 21, 2021, in the original principal amount of $28,300,000.00 (at any time amended, the "Note", and the loan transaction evidenced thereby being referred to as the "Loan"), with Drexel Flats Acquisition LLC and Drexel Flats Acquisition TIC LLC (collectively, the "Borrowers"). *See* Ex. 1, Hansen Decl. ¶ 2. The terms and conditions of the Loan are set forth in that certain Loan Agreement, dated as of December 21, 2021, executed by Borrowers. *Id.*

5. The Loan is secured by that certain Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing, dated as of December 21, 2021, and recorded with the County Clerk for the County of Oklahoma on December 29, 2021 as Document No. 2021122901226739 (at any time amended, the "Mortgage"), pursuant to which the Borrowers granted to Lender a first-priority security interest in that certain real and personal property, consisting of a multifamily apartment complex, located at 8800 Drexel Avenue, Oklahoma City, Oklahoma 73159 (the "Property"), and all leases, rents, profits and income of any other type derived from the Property. *See* Ex. 4, Hansen Decl. ¶ 6.

6. Certain Events of Default (as defined in the Loan Agreement) occurred throughout 2025, including the Borrowers' failure to make monthly payments and pay the full Indebtedness due under the Note, as well as the Borrowers' allowance of the imposition of liens affecting the Property. *See* Ex. 2, Hansen Decl. ¶ 4.

7. On December 12, 2025, Lender notified the Borrowers in writing of the Events of Default under the Loan Documents and informed Borrowers that its license under the Loan Documents to collect Rents was revoked. *Id*.

8. As of July 30, 2026, the balance due and owing to Lender under the Loan Documents, not including attorneys' fees and costs, is $31,843,577.87. Additionally, Borrowers owe any other fees and costs incurred by Lender as provided in the Loan Documents, including, without limitation, accrued interest from and after July 30, 2026, and any sums incurred by Lender for taxes, insurance, title fees, property advances, and attorney's fees and costs, all of which continue to accrue. *See* Ex. 6, Hansen Decl. ¶ 6.

9. Debtor may claim some right, title, or interest in or to the property pursuant to those certain Guaranties and Right of First Offer agreements (collectively, the "ROFOs") recorded with the County Clerk for the County of Oklahoma on October 31, 2025, as Document Nos. 2025103101156526, 2025103101156569, 2025103101156572, 2025103101156575, 2025103101156578, 2025103101156581, and 2025103101156584. *See* Ex. 1, Hansen Decl. ¶ 2. Any interest arising from the ROFOs is junior and inferior to Lender's first-priority Mortgage. *Id*.

10. On February 18, 2026, Lender commenced the State Proceeding against the Borrowers, Debtor, and certain other to foreclose on its lien on the Property and for entry of a judgment for all outstanding amounts owed to Lender. A copy of the Verified Petition filed in the State Proceeding is attached to the Hansen Declaration as Exhibit A.

11. On June 3, 2026, the Borrowers appealed the entry of an Order Appointing a Receiver. A copy of the Borrowers' Petition in Error filed in the State Appeal is attached to the Hansen Declaration as Exhibit B.

12. On June 17, 2026, Lender moved for summary judgment in the State Proceeding and requested that the State Court enter judgment for the full amount owed under the Loan and order the Mortgage to be foreclosed and the Property to be sold to satisfy Lender's claims. A copy of the Lender's Motion for Summary Judgment filed in the State Proceedings is attached to the Hansen Declaration as Exhibit C.

13. On July 28, 2026 (the "Petition Date"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code with this Court.

14. Because the Debtor only holds a ROFO in the Property, it holds no equity in the Property. Even if it did own the Property, any equity has ceased to exist. Lender is aware of a recent Broker Opinion of Value that valued the Property between $27.5 million and $29.5 million. *See* Hansen Decl. ¶ 8. Following the Petition Date, Lender's claim has continued to accrue interest. Accounting for post-petition interest, and not including attorneys' fees, Lender's claim has increased to $31,843,577.87 as of July 30, 2026 – thereby exceeding the appraised value of the Property by between $2 million to $4 million. Ultimately, the Debtor has no equity in the Property.

15. Debtor's counsel represented that Debtor has no objections to this Motion.

## RELIEF REQUESTED

16. By this Motion, Lender respectfully requests entry of an order, attached hereto as **Exhibit 2**, granting Lender relief from the automatic stay to permit Lender to pursue its non-bankruptcy rights and remedies against Debtor and the Property, including continuation to final judgment in the State Proceeding and State Appeal, appointment of a receiver, and a foreclosure sale of the Property.

## BASIS FOR RELIEF REQUESTED

17. The automatic stay provided by section 362(a) of the Bankruptcy Code prohibits "any act to obtain possession of property of the estate or to exercise control over property of the

estate." 11 U.S.C. § 362(a). The automatic stay is not intended to be indefinite or absolute, and relief from the stay may be granted in appropriate circumstances. *See, e.g., In re Jim's Commercial Cleaning Ltd.*, BK No. 08-11827-NLJ, 2010 WL 415292, at *4 (W.D. Okla. Jan. 28, 2010) (holding bankruptcy court did not err in lifting stay to allow creditor to pursue claims in pending litigation); *In re Wedgewood*, 878 F.2d 693, 697 (3d. Cir. 1989). Accordingly, section 362(d)[2] of the Bankruptcy Code permits the Court to modify or terminate such stay "for cause." 11 U.S.C. § 362(d). Though "cause" is not defined in the Bankruptcy Code, section 362(d) expressly includes "lack of adequate protection of an interest in property" as sufficient "cause." *Id.* Moreover, "[c]ause is a flexible concept and courts often . . . examin[e] the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007).

18. To determine if there is sufficient cause, courts may consider (1) prejudice to the estate or the debtor, (2) hardship to the moving party resulting from maintenance of the stay weighed against hardship to the debtor, and (3) probability of success of the moving party on the merits. *See Trump Entm't Resorts, Inc.*, 526 B.R. 116, 120–21 (Bankr. D. Del. 2015) (citation omitted); *see also In re Tapia*, 271 B.R. 213, at *3 (B.A.P. 10th Cir. 2000) ("Factors relevant to the determination of whether to modify the stay to permit litigation in another form include 'the interest of judicial economy and the expeditious and economical determination of litigation for the parties' and 'the impact of the stay on the parties and the balance of hurt.") (internal citations and quotations omitted). With respect to the third factor, the required showing of probability of success

[2] Lender submits it must receive adequate protection under section 363(e) of the Bankruptcy Code, to the extent it applies, for the same reasons as stated herein.

on the merits is "very slight." *In re Rexene Products Company,* 141 B.R. 574, 576 (Bankr. D. Del. 1992).

19. Section 361 of the Bankruptcy Code explains what adequate protection requires:

> [W]hen adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by– (1) requiring … periodic cash payments to such entity to the extent that the stay under section 362 … results in a decrease in the value of such entity's interest in such property; (2) providing to such entity an additional or replacement lien to the extent that such stay … results in a decrease in the value of such entity's interest in such property; or (3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title … as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

11 U.S.C. § 361. Under these two provisions, the automatic stay should be lifted for a secured creditor when such creditor is not adequately protected. *See In re Jones*, 189 B.R. 13, 15 (Bankr. E.D. Okla. 1995) ("A secured creditor lacks adequate protection if there is a threat of a decline in the value of the property."); *In re Cont'l Airlines*, 154 B.R. 176, 180 (Bankr. D. Del. 1993).

20. Here, sufficient cause exists to lift the automatic stay so Lender may pursue its pending foreclosure of the Property in the State Proceeding. First, Lender will be prejudiced absent relief from the stay. Lender's claim stems from the Borrower's defaults under the Loan Agreement and Mortgage. Because Debtor has the ROFOs on the Property, Lender requires a modification of the automatic stay to continue its foreclosure action against the Property.

21. Additionally, the amount of Lender's claim exceeds the value of the Property. The present amount of Lender's claim is $31,843,577.87. The Property's value, as appraised, is between $27.5 million and $29.5 million. The Lender's claim is greater than the value of the Property by between $2 million to $4 million, approximately. *See* Ex. 1, Hansen Decl. ¶ 8.

22. Consequently, the Debtor has no equity in the Property. Delaying stay relief poses substantial harm to Lender because its unsecured deficiency claim continues to increase in interest and attorneys' fees on a daily basis.

23. On the other hand, the Debtor will not suffer significant harm if the automatic stay is lifted. The Debtor has not asserted that its ROFOs in the Property are necessary for reorganization or otherwise expressed its intent to provide Lender with adequate protection of its interests. Indeed, the Debtor has operated its business without the Property since prepetition and have not expressed in the chapter 11 case that the Property is critical for operations or any potential reorganization.

24. Furthermore, the balance of harms favor lifting the automatic stay to allow the State Proceeding and State Appeal to move forward to conclusion. The State Proceeding has already begun with, among other things, relevant initial pleadings filed. The State Appeal has been pending for several months concerning the appointment of a receiver. There would be duplication of efforts to require Lender to essentially start over with a new adversary proceeding related to foreclosing upon the Property, which would result in additional legal fees incurred by the Debtor and its estate compared to allowing these issues to go forward in the State Proceeding, and a corresponding increase in Lender's potential deficiency claim against the Debtor's estate. Therefore, the balancing of harms weighs in favor of granting Lender's request for relief from stay.

25. Finally, Lender has a probability of success, and will likely prevail, on the merits of the State Proceeding. Lender was undisputedly not paid for the defaults on the Note and Loan. Lender is unaware of any absolute defenses that would operate to bar the foreclosure in its entirety, nor has Debtor or any other defendant in the State Proceeding informed Lender of any purported defense to the foreclosure or otherwise lodged any objections or defenses in the State Proceeding.

Accordingly, Lender sees no reason why it would not be successful in foreclosing its lien in the State Proceeding.

26. For these reasons, Lender respectfully requests that the Court grant the Motion and permit Lender to pursue the pending foreclosure against the Property in the State Proceeding.

## WAIVER OF STAY

27. Lender respectfully requests (i) that the 14-day stay as provided by Bankruptcy Rule 4001(a)(3) is waived and (ii) the order granting the Motion be effective immediately upon entry. Lender submits that the exigent circumstances related to the value of the Property as stated herein warrants such requests.

## RESERVATION OF RIGHTS

28. By filing this Motion, Lender does not waive its rights, including, but not limited to, its right to assert any other claim or cause of action and all rights and remedies, including the right to issue discovery to the Debtor or third parties in connection with this Motion.

## CONCLUSION

WHEREFORE, Lender respectfully requests that this Court issue an order granting relief from the automatic stay to the extent required to permit Lender to pursue foreclosure of the Property and grant Lender such other and further relief in favor as this Court deems just and proper.

Respectfully submitted,

*/s/ Kiran A. Phansalkar*

Kiran A. Phansalkar, OBA #11470
Preston M. Sullivan, OBA #33619
McAfee & Taft A Professional Corporation
8th Floor, Two Leadership Square
211 N Robinson Ave
Oklahoma City, OK 73102-7103
Telephone: (405) 235-9621
Email: kiran.phansalkar@mcafeetaft.com
preston.sullivan@mcafeetaft.com

and

Matthew Hansen, OBA #35797
TROUTMAN PEPPER LOCKE LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Telephone: (214) 740-8496
Email matt.hansen@troutman.com
***Attorneys for Creditor***
***LSREF7 Badlands Loan Trust 2026***

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2026, I electronically transmitted this filing to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to all ECF registrants of record.

*/s/ Kiran A. Phansalkar*
Kiran A. Phansalkar