**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br><br>YSA Investments 1, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-12806-SAH |

**APPLICATION TO SHORTEN NOTICE WITH RESPECT TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THE DEBTOR**

CREO QRS VC LLC ("**CREO VC**"), CREO QRS NP LLC ("**CREO NP**" and collectively with CREO VC, "**CREO**"), and Silver Hill Capital, LLC ("**Silver Hill**"), by undersigned counsel, hereby file this application (the "**Application**"), pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure, Local Rule 9006-l of the Local Rules of the United States Bankruptcy Court for the Western District of Oklahoma (the "**Local Rules**") and 11 U.S.C. §§ 102 and 105, for an order shortening the notice period with respect to the First Request for Production of Documents to the Debtor (the "**Document Requests**"), and respectfully state as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of the chapter 11 case in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief sought herein are sections 105(a) of the Bankruptcy Code, as supplemented by Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rule 9006-1.

**BACKGROUND**

3. A-V Village Creek Owner LLC ("**Village Creek**") and Lofts at North Penn Best Living LLC ("**North Penn**") have chapter 11 cases currently pending before this Court. It is undisputed that CREO holds a valid, properly filed and perfected senior, secured lien on all assets

of Village Creek and North Penn, including the multifamily apartment complexes owned by Village Creek and North Penn (the "**CREO Properties**").

4. Silver Hill is the holder and assignee of certain loan agreements, notes, first-priority mortgages, and other related documents and agreements and holds a valid, properly filed and perfected senior, secured lien over four multifamily apartment complexes in Oklahoma County, Oklahoma: (a) Bryan Hill Apartments, (b) Summer Oaks Apartments, (c) Springdale Village Apartments, and (d) Tuscany Village Apartments (the "**Silver Hill Properties**," and collectively with the CREO Properties, the "**Properties**").

5. YSA Investments 1, LLC ("**YSA")** alleges an ownership interest in the Properties which is disputed by both CREO and Silver Hill.

6. On July 28, 2026 (the "**Petition Date**"), YSA filed this chapter 11 in bad faith solely for a tactical litigation advantage with no legitimate bankruptcy purpose.

7. On August 20, 2025, CREO filed the *Emergency Motion of CREO QRS VC LLC and CREO QRS NP LLC to Appoint a Chapter 11 Trustee, or Alternatively, to Dismiss the Chapter 11 Case of YSA Investments 1, LLC Combined With Notice of Opportunity for Hearing, Notice of Hearing, and Brief in Support* [Docket No. 172] (the "**Trustee Motion**").

8. On September 3, 2026, YSA filed *Debtor's Omnibus Response in Opposition to Motions to Appoint a Chapter 11 Trustee* [Docket No. 324] (the "**Omnibus Response**"). In the Omnibus Response, YSA responded to the Trustee Motion and other motions seeking the appointment of a chapter 11 trustee, thus making the Trustee Motion a contested matter under Rule 9014.

9. The Trustee Motion is scheduled for hearing on October 1, 2026 at 10:00 a.m. CT.

10. In connection with the Trustee Motion, on September 4, 2026, the day after YSA filed the Omnibus Response, CREO and Silver Hill served a notice of deposition on YSA (the

"**YSA Notice**"), notifying YSA that CREO and Silver Hill would take the deposition of the person most knowledgeable of YSA pursuant to Fed. R. of Civ. P. 9016, 45(a)(4), and 30(b)(6) on September 25, 2026, as well as notices of the depositions of Efraim and Aharon Diveroli (collectively, the "**Initial Notices**"). Copies of the notices are attached as Exhibits A, B, and C hereto, respectively. As part of the YSA Notice, CREO and Silver Hill requested the production of documents related to the Trustee Motion (the "**Document Requests**") by no later than September 18, 2026.

11. Counsel for YSA responded to the Initial Notices by stating that they do not represent Efraim and Aharon Diveroli and asserting that they cannot be compelled to appear and testify in Oklahoma. Setting aside the fact that the Initial Notices made clear that CREO and Silver Hill would take the noticed depositions at a mutually agreed-upon location, YSA's counsel's reaction to a request to depose the Diverolis is just the latest example that YSA intends to deploy every tactic possible to avoid having someone who actually makes decisions for YSA testify in this chapter 11 case.

12. On September 8, 2026, after conferring with YSA counsel in an attempt to resolve this discovery dispute, CREO and Silver Hill served an amended notice of deposition (the "**Amended Notice**") and request for production of documents on YSA (the "**Request for Production**"), clarifying that the requests directed at YSA constitute a deposition notice pursuant to Fed. R. of Civ. P. 30(b)(6) and a request for production of documents pursuant to Fed. R. of Civ. P. 34. The Amended Notice and Request for Production, attached hereto as Exhibits D and E respectively, have now been served on all counsel of record. The Request for Production incudes the same Document Requests sought in the Initial Notices; in other words, these requests have been in YSA's hands since the day after the Trustee Motion became a contested matter. Counsel

for YSA has not responded to CREO and Silver Hill's request to agree to shorten the time to respond to the Request for Production.

## RELIEF REQUESTED

13. CREO and Silver Hill respectfully request that the Court enter an order shortening the time period for YSA to respond to the Document Requests and produce the requested documents (the "**Documents**") no later than September 18, 2026.

## BASIS FOR RELIEF AND LOCAL RULE 9006-1 STATEMENT

14. The cause for this request is that CREO and Silver Hill need to receive the Documents sufficiently in advance of the depositions of YSA representatives so that CREO and Silver Hill can be prepared for those depositions.

15. Without the requested reduction in time, the deadline to respond to the Document Requests would be October 5, 2026, after the currently-scheduled hearing on the Trustee Motion.

16. CREO and Silver Hill have not submitted any previous motions or applications to shorten with respect to the Document Requests.

17. In accordance with Local Rule 9006-1, prior to the filing of this Application, counsel for CREO and Silver Hill requested the consent of YSA to establish September 18, 2026 as the deadline to respond to the Document Requests. As of the date of filing this Application, counsel to YSA indicated that YSA opposes shortening the time to respond to the Document Requests.

**WHEREFORE**, CREO and Silver Hill respectfully request that this Court enter an order shortening the time period for YSA to respond to the Document Requests and produce the Documents no later than September 18, 2026.

*[signature page follows]*

Dated: September 10, 2026

Respectfully submitted,

**FBT Gibbons LLP**

/s/*Mark A. Platt*
Mark A. Platt (admitted *pro hac vice*)
2101 Cedar Springs Road, Suite 900
Dallas, Texas 75201
Telephone: (214) 580-5852
Facsimile: (214) 545-3473
mplatt@fbtgibbons.com

-and-

Heather Pieper McMutry (admitted *pro hac vice*)
150 3rd Avenue South Suite 1900
Nashville, TN 37201
Tel: (615) 251-5590
Fax: (615) 251-5551
E-mail: hmcmutry@fbtlaw.com

-and-

Ross A. Plourde, OBA #7193
MCAFEE & TAFT A PROFESSIONAL CORPORATION
8th Floor South, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102-7103
405/235-9621; 405/235-0439 (FAX)
ross.plourde@mcafeetaft.com

*Counsel for CREO QRS VC LLC, CREO QRS NP LLC, and Silver Hill Capital, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2026, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties receiving electronic notice from the Court's CM/ECF system.

*s/ Mark A. Platt*
Mark A. Platt

0148758.0799511 4911-5047-2142v6