**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br><br>YSA Investments 1, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-12806-SAH |

**NOTICE OF DEPOSITION OF THE PERSON MOST KNOWLEDGEABLE FOR YSA INVESTMENTS 1, LLC**

**PLEASE TAKE NOTICE THAT** on September 25, 2026, at 10:00 a.m. Central Time, or at another mutually agreed upon time, CREO QRS NP LLC, CREO QRS VC LLC, and Silver Hill Capital, LLC, by and through counsel, will take the deposition of Debtor YSA Investments 1, LLC ("**YSA**") in the above-captioned proceeding at the offices of McAfee & Taft, a Professional Corporation, Two Leadership Square, 211 North Robinson Avenue, 8th Floor South, Oklahoma City, Oklahoma 73102, or at another mutually agreed upon location.

**NOTICE IS FURTHER GIVEN** that pursuant to Fed. R. Bankr. P. 9016 and Fed. R. of Civ. P. 45(a)(4), the Subpoena to Testify at a Deposition in a Bankruptcy Case (or Adversary Proceeding), attached hereto and incorporated herein as **Exhibit 1** shall be served on the following: YSA Investments 1, LLC, 848 Brickell Avenue, Suite PH5, Miami, FL 33131.

In addition, and as set forth in the attached Subpoena, YSA is required to produce the documents contained in the attached Subpoena to the undersigned no later than 10:00 a.m. Central Time on September 18, 2026.

This Notice is being sent pursuant to Fed. R. Bankr. P. 9016 and Fed. R. Civ. P. 45(a)(4) which provides: "If the subpoena commands the production of documents, electronically stored

information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and copy of the subpoena must be served on each party."

Dated: September 4, 2026

Respectfully submitted,

**FBT Gibbons LLP**

/s/*Mark A. Platt*
Mark A. Platt (admitted *pro hac vice*)
2101 Cedar Springs Road, Suite 900
Dallas, Texas 75201
Telephone: (214) 580-5852
Facsimile: (214) 545-3473
mplatt@fbtgibbons.com

-and-

Heather Pieper McMutry (admitted *pro hac vice*)
150 3rd Avenue South Suite 1900
Nashville, TN 37201
Tel: (615) 251-5590
Fax: (615) 251-5551
E-mail: hmcmutry@fbtlaw.com

-and-

Ross A. Plourde, OBA #7193
MCAFEE & TAFT A PROFESSIONAL CORPORATION
8th Floor South, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102-7103
405/235-9621; 405/235-0439 (FAX)
ross.plourde@mcafeetaft.com

*Counsel for CREO QRS VC LLC, CREO QRS NP LLC, and Silver Hill Capital, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2026, I served the foregoing document on all counsel of record via electronic mail.

*s/ Mark A. Platt*
Mark A. Platt

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Western District of Oklahoma

In re YSA Investments 1, LLC
Debtor

(Complete if issued in an adversary proceeding)

Plaintiff
v.

Defendant

Case No. 26-12806-SAH

Chapter 11

Adv. Proc. No.

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: The Person Most Knowledgeable for YSA Investments 1, LLC
*(Name of person to whom the subpoena is directed)*

☑ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| McAfee & Taft, a Professional Corporation<br>Two Leadership Square, 211 N. Robinson Ave., 8th Floor South<br>Oklahoma City, Oklahoma 73102 | September 25, 2026 at 10:00 a.m. CT |

The deposition will be recorded by this method:

Audio recorder and/or stenographic or videographic means

☑ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attachment: Documents to be Produced by September 18, 2026 at 10:00 a.m. CT.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 9/4/2026

CLERK OF COURT

OR

*Signature of Clerk or Deputy Clerk*

/s/ Mark A. Platt
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* CREO QRS NP LLC, CREO QRS VC LLC, and Silver Hill Capital, LLC , who issues or requests this subpoena, are:

Mark A. Platt; 2101 Cedar Springs Road, Suite 900 Dallas, Texas 75201; mplatt@fbtgibbons.com; (214) 580-5852

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ______________________________

______________________________________________________________

______________________________ on (*date*) ________________ ; or

☐ I returned the subpoena unexecuted because: ______________________________

______________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ____________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense: Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

Attachment to
SUBPOENA TO TESTIFY AT A DEPOSITION
IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)
To: The Person Most Knowledgeable for YSA Investments 1, LLC

**DOCUMENTS TO BE PRODUCED**

YSA shall produce documents responsive to these discovery requests by no later than 10:00 a.m. Central Time on September 18, 2026, or such other time as may be provided by order of the Court or agreement of the parties.

**DEFINITIONS**

As used in these requests, the following terms have the meanings set forth below:

1. "CREO" means CREO QRS VC LLC and CREO QRS NP LLC, collectively, and includes their officers, directors, managers, members, employees, agents, representatives, and attorneys.

2. "Silver Hill" means Silver Hill Capital, LLC and includes their officers, directors, managers, members, employees, agents, representatives, and attorneys.

3. "YSA" or "You" means YSA Investments 1, LLC, the Debtor in the above-captioned bankruptcy case, and includes its officers, directors, managers, members, employees, agents, representatives, predecessors, successors, affiliates, and attorneys, including but not limited to Efraim Diveroli and any entities owned or controlled by Efraim Diveroli.

4. "Village Creek" means A-V Village Creek Owner LLC, a debtor in Case No. 26-32922 pending in the United States Bankruptcy Court for the Western District of Oklahoma.

5. "Village Creek Property" means the multi-family apartment complex owned by Village Creek located in Tulsa County, Oklahoma.

6. "North Penn" means Lofts at North Penn Best Living LLC, a debtor in Case No. 26-32920 pending in the United States Bankruptcy Court for the Western District of Oklahoma.

7. "North Penn Property" means the multi-family apartment complex owned by North Penn located in Oklahoma County, Oklahoma.

8. "CREO Properties" means the Village Creek Property and the North Penn Property, collectively.

9. "Silver Hill Properties" means the four multi-family apartment complexes located in Oklahoma County, Oklahoma, including: (a) Bryan Hill Apartments, (b) Summer Oaks Apartments, (c) Springdale Village Apartments, and (d) Tuscany Village Apartments.

10. "Kulick" or "Mr. Kulick" means Marc Kulick, an individual.

11. "Kulick-Related Entities" or "Kulick-Related Properties" means any and all entities and/or real properties owned, controlled, managed, or operated by Marc Kulick or any entity in which Marc Kulick has a direct or indirect ownership interest, including without limitation entities in the Vesta Portfolio.

12. "Vesta Portfolio" means the portfolio of approximately thirty (30) or more multifamily real estate properties in the states of Oklahoma, Arkansas, and Kansas owned or controlled by Marc Kulick or Kulick-Related Entities.

13. "Document" or "Documents" means the original or any copy of any written, recorded, or graphic matter, however produced or reproduced, and includes without limitation: correspondence, memoranda, notes, communications, messages, letters, emails, text messages, instant messages, facsimiles, telegrams, contracts, agreements, leases, deeds, mortgages, promissory notes, assignments, powers of attorney, reports, studies, analyses, summaries, charts, graphs, photographs, recordings, minutes, calendars, diaries, journals, ledgers, books of account, financial statements, tax returns, invoices, receipts, checks, drafts, bills of exchange, wire transfers, electronic data, and any other tangible thing on which information is recorded.

14. "Communication" means any oral, written, or electronic transmission of information, including without limitation conversations, discussions, meetings, telephone calls, emails, text messages, instant messages, letters, memoranda, and facsimiles.

15. "Relating to" or "related to" means concerning, referring to, describing, evidencing, constituting, containing, embodying, reflecting, identifying, stating, dealing with, or in any way pertaining to.

16. "Person" means any natural person, corporation, partnership, limited liability company, association, joint venture, estate, trust, governmental entity, or any other legal entity.

17. "Identify" when used with respect to a natural person means to state the person's full name, present or last known address, present or last known telephone number, and present or last known employer and job title. "Identify" when used with respect to a Document means to describe the Document by type, date, author, recipients, subject matter, and present location and custodian.

**INSTRUCTIONS**

1. These requests are continuing in nature, and YSA is under a duty to supplement its responses pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

2. If any Document is withheld on the basis of any claim of privilege, provide a privilege log identifying each such Document with sufficient information to permit an assessment of the claimed privilege, including: (a) the type of Document; (b) the date of the Document; (c) the author(s) of the Document; (d) all recipients of the Document; (e) the general subject matter of the Document; and (f) the nature of the privilege asserted.

3. Documents are to be produced as kept in the usual course of business or organized and labeled to correspond to the categories in the requests.

4. The use of the singular form of any word includes the plural, and vice versa. The use of the masculine form includes the feminine, and vice versa. The term "and" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside the scope. The term "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside the scope.

5. Unless otherwise specified, these requests cover the time period from January 1, 2025 to the present.

**REQUEST FOR PRODUCTION NO. 1:** All Documents supporting or relating to YSA's claim to own the Village Creek Property.

**REQUEST FOR PRODUCTION NO. 2:** All Documents supporting or relating to YSA's claim to own the North Penn Property.

**REQUEST FOR PRODUCTION NO. 3:** All Documents supporting or relating to YSA's claim to own the Silver Hill Properties.

**REQUEST FOR PRODUCTION NO. 4:** All Documents relating to YSA's knowledge of any judicial or nonjudicial foreclosure proceedings or receivership proceedings related to the Village Creek Property.

**REQUEST FOR PRODUCTION NO. 5:** All Documents relating to YSA's knowledge of any judicial or nonjudicial foreclosure proceedings or receivership proceedings related to the North Penn Property.

**REQUEST FOR PRODUCTION NO. 6:** All Documents relating to YSA's knowledge of any judicial foreclosure proceedings or receivership proceedings related to the Silver Hill Properties.

**REQUEST FOR PRODUCTION NO. 7:** All Documents relating to YSA's knowledge of the Village Creek bankruptcy filing, including but not limited to Case No. 26-32922.

**REQUEST FOR PRODUCTION NO. 8:** All Documents relating to YSA's knowledge of any and all Kulick-Related chapter 11 filings, including but not limited to the bankruptcy cases of Village Creek, North Penn, Louis Investments, LLC, 727 Lofts Best Living, LLC, Barcelona Best Living, LLC, Jenk's Best Living, LLC, and any other Kulick-Related Entity.

**REQUEST FOR PRODUCTION NO. 9:** All notices YSA provided to CREO regarding the recording by YSA or its representatives or agents of a purported second mortgage on the Village Creek Property.

**REQUEST FOR PRODUCTION NO. 10:** All notices YSA provided to CREO regarding the recording by YSA or its representatives or agents of a purported second mortgage on the North Penn Property.

**REQUEST FOR PRODUCTION NO. 11:** All notices YSA provided to Silver Hill regarding the recording by YSA or its representatives or agents of a purported second mortgage on each of the Silver Hill Properties.

**REQUEST FOR PRODUCTION NO. 12:** All notices YSA provided to CREO regarding the recording by YSA or its representatives or agents of a purported special warranty deed in lieu on the Village Creek Property.

**REQUEST FOR PRODUCTION NO. 13:** All notices YSA provided to CREO regarding the recording by YSA or its representatives or agents of a purported special warranty deed in lieu on the North Penn Property.

**REQUEST FOR PRODUCTION NO. 14:** All notices YSA provided to Silver Hill regarding the recording by YSA or its representatives or agents of a purported special warranty deed in lieu on each of the Silver Hill Properties.

**REQUEST FOR PRODUCTION NO. 15:** All correspondence between any representative or agent of YSA and any law enforcement agency related to any action taken by YSA or its representatives or agents to take possession of any Kulick-Related Property, including but not limited to the Village Creek Property.

**REQUEST FOR PRODUCTION NO. 16:** All Documents related to the takeover of possession by YSA and/or its representatives or agents of certain Kulick-Related Properties, including but not limited to the Village Creek Property.

**REQUEST FOR PRODUCTION NO. 17:** YSA tax returns for the past four (4) years, including all schedules and attachments thereto.

**REQUEST FOR PRODUCTION NO. 18:** All YSA income statements for the past two (2) years.

**REQUEST FOR PRODUCTION NO. 19:** All YSA balance sheets for the past two (2) years.

**REQUEST FOR PRODUCTION NO. 20:** All YSA cash flow statements for the past two (2) years.

**REQUEST FOR PRODUCTION NO. 21:** All valuations, including but not limited to appraisals, broker price opinions, and other valuation analyses, of the Village Creek Property, the North Penn Property, and the Silver Hill Properties.

**REQUEST FOR PRODUCTION NO. 22:** Any organizational charts relating to YSA, including but not limited to Documents reflecting the ownership structure, management structure, and any affiliates or related entities of YSA.

**REQUEST FOR PRODUCTION NO. 23:** All Documents and Communications relating to the hiring of Capital Assets.

**REQUEST FOR PRODUCTION NO. 24:** All Documents relating to general liability and property insurance coverage on the Village Creek Property.

**REQUEST FOR PRODUCTION NO. 25:** All Documents relating to general liability and property insurance coverage on the North Penn Property.

**REQUEST FOR PRODUCTION NO. 26:** All Documents relating to general liability and property insurance coverage on the Silver Hill Properties

0148758.0799511 4903-7231-6621v2