**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br><br>YSA Investments 1, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-12806-SAH |

**NOTICE OF RULE 30(B)(6) DEPOSITION**
**OF YSA INVESTMENTS 1, LLC**

**PLEASE TAKE NOTICE THAT** on September 25, 2026, at 10:00 a.m. Central Time, or at another mutually agreed upon time, CREO QRS NP LLC, CREO QRS VC LLC (collectively, with CREO QRS NP LLC, "**CREO**"), and Silver Hill Capital, LLC ("**Silver Hill**"), by and through counsel, will take the deposition of Debtor YSA Investments 1, LLC ("**YSA**") pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure (the "**Federal Rules**"), made applicable herein pursuant to Rule 7030 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), in the above-captioned proceeding at the offices of McAfee & Taft, a Professional Corporation, Two Leadership Square, 211 North Robinson Avenue, 8th Floor South, Oklahoma City, Oklahoma 73102, or at another mutually agreed upon location.

The representative(s) shall testify as to the following matters:

**DEPOSITION TOPICS**

1. All bases for YSA's claim to own the multi-family apartment complex owned by A-V Village Creek Owner LLC, a debtor in Case No. 26-32922 pending in the United States Bankruptcy Court for the Western District of Oklahoma ("**Village Creek**") located in Tulsa County, Oklahoma (the "**Village Creek Property**").

2. All bases for YSA's claim to own the multi-family apartment complex owned by Lofts at North Penn Best Living LLC, a debtor in Case No. 26-32920 pending in the United States Bankruptcy Court for the Western District of Oklahoma ("**North Penn**") located in Oklahoma County, Oklahoma (the "**North Penn Property**").

3. All bases for YSA's claim to own the four multi-family apartment complexes located in Oklahoma County, Oklahoma, including: (a) Bryan Hill Apartments, (b) Summer Oaks Apartments, (c) Springdale Village Apartments, and (d) Tuscany Village Apartments (collectively, the "**Silver Hill Properties**").

4. YSA's knowledge of any judicial or nonjudicial foreclosure proceedings or receivership proceedings related to the Village Creek Property.

5. YSA's knowledge of any judicial or nonjudicial foreclosure proceedings or receivership proceedings related to the North Penn Property.

6. YSA's knowledge of any judicial foreclosure proceedings or receivership proceedings related to the Silver Hill Properties.

7. YSA's knowledge of the Village Creek bankruptcy filing, including but not limited to Case No. 26-32922.

8. YSA's knowledge of any and all chapter 11 filings related to Marc Kulick, including but not limited to the bankruptcy cases of Village Creek, North Penn, Louis Investments, LLC, 727 Lofts Best Living, LLC, Barcelona Best Living, LLC, Jenk's Best Living, LLC, and any other entities and/or real properties owned, controlled, managed, or operated by Marc Kulick (the "**Kulick-Related Properties**").

9. All notices YSA provided to CREO regarding the recording by YSA or its representatives or agents of a purported second mortgage on the Village Creek Property.

10. All notices YSA provided to CREO regarding the recording by YSA or its representatives or agents of a purported second mortgage on the North Penn Property.

11. All notices YSA provided to Silver Hill regarding the recording by YSA or its representatives or agents of a purported second mortgage on each of the Silver Hill Properties.

12. All notices YSA provided to CREO regarding the recording by YSA or its representatives or agents of a purported special warranty deed in lieu on the Village Creek Property.

13. All notices YSA provided to CREO regarding the recording by YSA or its representatives or agents of a purported special warranty deed in lieu on the North Penn Property.

14. All notices YSA provided to Silver Hill regarding the recording by YSA or its representatives or agents of a purported special warranty deed in lieu on each of the Silver Hill Properties.

15. The circumstances surrounding YSA or its representatives and/or agents taking possession of any Kulick-Related Property, including but not limited to the Village Creek Property.

16. All correspondence, communications, and coordination between any representative or agent of YSA and any law enforcement agency related to any action taken by YSA or its representatives and/or agents taking possession of any Kulick-Related Property, including but not limited to the Village Creek Property.

17. The circumstances surrounding YSA's retention of Capital Assets.

18. The circumstances surrounding YSA's retention of Parker Detweiler and/or PJD Consult LLC.

19. The decision to file the YSA chapter 11 case, and the planning related to such filing.

20. All Documents related to the takeover of possession by YSA and/or its representatives or agents of certain Kulick-Related Properties, including but not limited to the Village Creek Property.

21. All factual assertions made in the Debtor's Omnibus Response in Opposition to Motions to Appoint a Chapter 11 Trustee filed in this chapter 11 case [Docket No. 324].

22. YSA's tax returns for the past four (4) years, including all schedules and attachments thereto.

23. YSA's income statements for the past two (2) years.

24. YSA's balance sheets for the past two (2) years.

25. YSA's cash flow statements for the past two (2) years.

26. All valuations, including but not limited to appraisals, broker price opinions, and other valuation analyses, of the Village Creek Property, the North Penn Property, and the Silver Hill Properties.

27. All affiliates of YSA.

28. The equity holders of (a) YSA, and (b) any parent or affiliate of YSA.

29. The management structure of YSA and any affiliates or related entities of YSA.

30. The general liability and property insurance coverage, or lack thereof, on the Village Creek Property.

31. The general liability and property insurance coverage, or lack thereof, on the North Penn Property.

32. The general liability and property insurance coverage, or lack thereof, on the Silver Hill Properties.

**NOTICE IS FURTHER GIVEN** that pursuant to Rule 30(b)(2) of the Federal Rules, made applicable herein pursuant to Rules 7030 and 9014 of the Bankruptcy Rules, CREO and Silver Hill are requesting the production of documents pursuant to Rule 34 of the Federal Rules, made applicable herein pursuant to Rules 7034 and 9014 of the Bankruptcy Rules, a copy of which is attached hereto. Documents are requested to be produced to the undersigned no later than 10:00 a.m. Central Time on September 18, 2026, or such other time as may be provided by order of the Court or agreement of the parties.

Dated: September 8, 2026

Respectfully,

**FBT Gibbons LLP**

/s/*Mark A. Platt*
Mark A. Platt (admitted *pro hac vice*)
2101 Cedar Springs Road, Suite 900
Dallas, Texas 75201
Telephone: (214) 580-5852
Facsimile: (214) 545-3473
mplatt@fbtgibbons.com

-and-

Heather Pieper McMutry (admitted *pro hac vice*)
150 3rd Avenue South Suite 1900
Nashville, TN 37201
Tel: (615) 251-5590
Fax: (615) 251-5551
E-mail: hmcmutry@fbtlaw.com

-and-

Ross A. Plourde, OBA #7193
MCAFEE & TAFT A PROFESSIONAL CORPORATION
8th Floor South, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102-7103
405/235-9621; 405/235-0439 (FAX)
ross.plourde@mcafeetaft.com

*Counsel for CREO QRS VC LLC, CREO QRS NP LLC, and Silver Hill Capital, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2026, I served the foregoing document on all counsel of record via electronic mail.

*s/ Mark A. Platt*
Mark A. Platt