**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br><br>YSA Investments 1, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-12806-SAH |

**CREO AND SILVER HILL FIRST REQUEST FOR**
**PRODUCTION OF DOCUMENTS TO THE DEBTOR**

CREO QRS NP LLC, CREO QRS VC LLC (collectively, with CREO QRS NP LLC, "**CREO**"), and Silver Hill Capital, LLC ("**Silver Hill**"), by and through counsel, pursuant to Rule 34 of the Federal Rules of Civil Procedure, made applicable herein pursuant to Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, request the production of documents responsive to these discovery requests by no later than 10:00 a.m. Central Time on September 18, 2026, or such other time as may be provided by order of the Court or agreement of the parties.

**DEFINITIONS**

As used in these requests, the following terms have the meanings set forth below:

1. "CREO" means CREO QRS VC LLC and CREO QRS NP LLC, collectively, and includes their officers, directors, managers, members, employees, agents, representatives, and attorneys.

2. "Silver Hill" means Silver Hill Capital, LLC and includes their officers, directors, managers, members, employees, agents, representatives, and attorneys.

3. "YSA" or "You" means YSA Investments 1, LLC, the Debtor in the above-captioned bankruptcy case, and includes its officers, directors, managers, members, employees, agents, representatives, predecessors, successors, affiliates, and attorneys, including but not limited to Efraim Diveroli and any entities owned or controlled by Efraim Diveroli.

4. “Village Creek” means A-V Village Creek Owner LLC, a debtor in Case No. 26-32922 pending in the United States Bankruptcy Court for the Western District of Oklahoma.

5. “Village Creek Property” means the multi-family apartment complex owned by Village Creek located in Tulsa County, Oklahoma.

6. “North Penn” means Lofts at North Penn Best Living LLC, a debtor in Case No. 26-32920 pending in the United States Bankruptcy Court for the Western District of Oklahoma.

7. “North Penn Property” means the multi-family apartment complex owned by North Penn located in Oklahoma County, Oklahoma.

8. “CREO Properties” means the Village Creek Property and the North Penn Property, collectively.

9. “Silver Hill Properties” means the four multi-family apartment complexes located in Oklahoma County, Oklahoma, including: (a) Bryan Hill Apartments, (b) Summer Oaks Apartments, (c) Springdale Village Apartments, and (d) Tuscany Village Apartments.

10. “Kulick” or “Mr. Kulick” means Marc Kulick, an individual.

11. “Kulick-Related Entities” or “Kulick-Related Properties” means any and all entities and/or real properties owned, controlled, managed, or operated by Marc Kulick or any entity in which Marc Kulick has a direct or indirect ownership interest, including without limitation entities in the Vesta Portfolio.

12. “Vesta Portfolio” means the portfolio of approximately thirty (30) or more multifamily real estate properties in the states of Oklahoma, Arkansas, and Kansas owned or controlled by Marc Kulick or Kulick-Related Entities.

13. “Document” or “Documents” means the original or any copy of any written, recorded, or graphic matter, however produced or reproduced, and includes without limitation: correspondence,

memoranda, notes, communications, messages, letters, emails, text messages, instant messages, facsimiles, telegrams, contracts, agreements, leases, deeds, mortgages, promissory notes, assignments, powers of attorney, reports, studies, analyses, summaries, charts, graphs, photographs, recordings, minutes, calendars, diaries, journals, ledgers, books of account, financial statements, tax returns, invoices, receipts, checks, drafts, bills of exchange, wire transfers, electronic data, and any other tangible thing on which information is recorded.

14. “Communication” means any oral, written, or electronic transmission of information, including without limitation conversations, discussions, meetings, telephone calls, emails, text messages, instant messages, letters, memoranda, and facsimiles.

15. “Relating to” or “related to” means concerning, referring to, describing, evidencing, constituting, containing, embodying, reflecting, identifying, stating, dealing with, or in any way pertaining to.

16. “Person” means any natural person, corporation, partnership, limited liability company, association, joint venture, estate, trust, governmental entity, or any other legal entity.

17. “Identify” when used with respect to a natural person means to state the person’s full name, present or last known address, present or last known telephone number, and present or last known employer and job title. “Identify” when used with respect to a Document means to describe the Document by type, date, author, recipients, subject matter, and present location and custodian.

**INSTRUCTIONS**

1. These requests are continuing in nature, and YSA is under a duty to supplement its responses pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

2. If any Document is withheld on the basis of any claim of privilege, provide a privilege log identifying each such Document with sufficient information to permit an assessment of the claimed

privilege, including: (a) the type of Document; (b) the date of the Document; (c) the author(s) of the Document; (d) all recipients of the Document; (e) the general subject matter of the Document; and (f) the nature of the privilege asserted.

3. Documents are to be produced as kept in the usual course of business or organized and labeled to correspond to the categories in the requests.

4. The use of the singular form of any word includes the plural, and vice versa. The use of the masculine form includes the feminine, and vice versa. The term "and" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside the scope. The term "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside the scope.

5. Unless otherwise specified, these requests cover the time period from January 1, 2025 to the present.

**REQUEST FOR PRODUCTION NO. 1:** All Documents supporting or relating to YSA's claim to own the Village Creek Property.

**REQUEST FOR PRODUCTION NO. 2:** All Documents supporting or relating to YSA's claim to own the North Penn Property.

**REQUEST FOR PRODUCTION NO. 3:** All Documents supporting or relating to YSA's claim to own the Silver Hill Properties.

**REQUEST FOR PRODUCTION NO. 4:** All Documents relating to YSA's knowledge of any judicial or nonjudicial foreclosure proceedings or receivership proceedings related to the Village Creek Property.

**REQUEST FOR PRODUCTION NO. 5:** All Documents relating to YSA's knowledge of any judicial or nonjudicial foreclosure proceedings or receivership proceedings related to the North Penn Property.

**REQUEST FOR PRODUCTION NO. 6:** All Documents relating to YSA's knowledge of any judicial foreclosure proceedings or receivership proceedings related to the Silver Hill Properties.

**REQUEST FOR PRODUCTION NO. 7:** All Documents relating to YSA's knowledge of the Village Creek bankruptcy filing, including but not limited to Case No. 26-32922.

**REQUEST FOR PRODUCTION NO. 8:** All Documents relating to YSA's knowledge of any and all Kulick-Related chapter 11 filings, including but not limited to the bankruptcy cases of Village Creek, North Penn, Louis Investments, LLC, 727 Lofts Best Living, LLC, Barcelona Best Living, LLC, Jenk's Best Living, LLC, and any other Kulick-Related Entity.

**REQUEST FOR PRODUCTION NO. 9:** All notices YSA provided to CREO regarding the recording by YSA or its representatives or agents of a purported second mortgage on the Village Creek Property.

**REQUEST FOR PRODUCTION NO. 10:** All notices YSA provided to CREO regarding the recording by YSA or its representatives or agents of a purported second mortgage on the North Penn Property.

**REQUEST FOR PRODUCTION NO. 11:** All notices YSA provided to Silver Hill regarding the recording by YSA or its representatives or agents of a purported second mortgage on each of the Silver Hill Properties.

**REQUEST FOR PRODUCTION NO. 12:** All notices YSA provided to CREO regarding the recording by YSA or its representatives or agents of a purported special warranty deed in lieu on the Village Creek Property.

**REQUEST FOR PRODUCTION NO. 13:** All notices YSA provided to CREO regarding the recording by YSA or its representatives or agents of a purported special warranty deed in lieu on the North Penn Property.

**REQUEST FOR PRODUCTION NO. 14:** All notices YSA provided to Silver Hill regarding the recording by YSA or its representatives or agents of a purported special warranty deed in lieu on each of the Silver Hill Properties.

**REQUEST FOR PRODUCTION NO. 15:** All correspondence between any representative or agent of YSA and any law enforcement agency related to any action taken by YSA or its representatives or agents to take possession of any Kulick-Related Property, including but not limited to the Village Creek Property.

**REQUEST FOR PRODUCTION NO. 16:** All Documents related to the takeover of possession by YSA and/or its representatives or agents of certain Kulick-Related Properties, including but not limited to the Village Creek Property.

**REQUEST FOR PRODUCTION NO. 17:** YSA tax returns for the past four (4) years, including all schedules and attachments thereto.

**REQUEST FOR PRODUCTION NO. 18:** All YSA income statements for the past two (2) years.

**REQUEST FOR PRODUCTION NO. 19:** All YSA balance sheets for the past two (2) years.

**REQUEST FOR PRODUCTION NO. 20:** All YSA cash flow statements for the past two (2) years.

**REQUEST FOR PRODUCTION NO. 21:** All valuations, including but not limited to appraisals, broker price opinions, and other valuation analyses, of the Village Creek Property, the North Penn Property, and the Silver Hill Properties.

**REQUEST FOR PRODUCTION NO. 22:** Any organizational charts relating to YSA, including but not limited to Documents reflecting the ownership structure, management structure, and any affiliates or related entities of YSA.

**REQUEST FOR PRODUCTION NO. 23:** All Documents and Communications relating to the hiring of Capital Assets.

**REQUEST FOR PRODUCTION NO. 24:** All Documents relating to general liability and property insurance coverage on the Village Creek Property.

**REQUEST FOR PRODUCTION NO. 25:** All Documents relating to general liability and property insurance coverage on the North Penn Property.

**REQUEST FOR PRODUCTION NO. 26:** All Documents relating to general liability and property insurance coverage on the Silver Hill Properties.

Dated: September 8, 2026

Respectfully,

**FBT Gibbons LLP**

/s/*Mark A. Platt*
Mark A. Platt (admitted *pro hac vice*)
2101 Cedar Springs Road, Suite 900
Dallas, Texas 75201
Telephone: (214) 580-5852
Facsimile: (214) 545-3473
mplatt@fbtgibbons.com

-and-

Heather Pieper McMutry (admitted *pro hac vice*)
150 3rd Avenue South Suite 1900
Nashville, TN 37201
Tel: (615) 251-5590
Fax: (615) 251-5551
E-mail: hmcmutry@fbtlaw.com

-and-

Ross A. Plourde, OBA #7193
MCAFEE & TAFT A PROFESSIONAL CORPORATION
8th Floor South, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102-7103
405/235-9621; 405/235-0439 (FAX)
ross.plourde@mcafeetaft.com

*Counsel for CREO QRS VC LLC, CREO QRS NP LLC, and Silver Hill Capital, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2026, I served the foregoing document on all counsel of record via electronic mail.

*s/ Mark A. Platt*
Mark A. Platt

0148758.0799511 4906-4892-6926v2