**Dated: September 11, 2026**

**The following is ORDERED:**

Sarah A Hall
United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br>YSA INVESTMENTS 1, LLC,<br>Debtor. | Case No. 26-12806-SAH<br>Chapter 11 |

**INTERIM ORDER (I) AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL, (II) FINDING THAT PREPETITION SECURED LENDERS ARE ADEQUATELY PROTECTED, AND (III) SCHEDULING A FINAL HEARING**

This matter comes on for consideration based on the *Motion of the Debtor for Entry of Interim and Final Orders (I) Authorizing the Debtor's Use of Cash Collateral, (II) Finding that the Prepetition Secured Lenders are Adequately Protected, and (III) Scheduling a Final Hearing* [Doc. 40] (the "Cash Collateral Motion") filed by Debtor YSA Investments 1, LLC (the "Debtor").[1] The Court has jurisdiction to consider the Cash Collateral Motion, has considered the

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Cash Collateral Motion, provided however, "Prepetition Secured Lender" shall include Computershare Trust Company, National Association, as Trustee for the Benefit of the Holders of Benchmark

evidence and arguments regarding the Cash Collateral Motion, and finds that the relief requested in the Cash Collateral Motion is necessary and in the best interests of the Debtor and its estate.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is hereby granted on an interim basis, subject to the terms and conditions set forth in this Interim Order.

2. Subject to the terms and conditions of this Order, the Debtor is authorized to use Cash Collateral in accordance with the Budgets for utilities, taxes, insurance, regular maintenance, upkeep, repairs, and the replacement of air conditioning units, subject to a variance not to exceed 10% per line item, through the date which is the earliest to occur of (a) the occurrence of an Event of Default (as defined below); or (b) the occurrence of the Final Hearing (as defined below).

3. Notwithstanding the foregoing, the Debtor shall be prohibited from using cash collateral to pay the prepetition claims of any creditors, unless otherwise approved by order of the Court. Further, Cash Collateral shall not be used to pay management fees, advertising, or capital expenditures including replacement costs (with exceptions for HVAC and water related equipment necessary for the safety and health of tenants).

4. Paragraphs 3 and 9 of the Court's *Interim Order Authorizing Debtor's Use of Cash Collateral* [Doc. 263] are adopted by reference and remain in full force and effect.

5. As additional adequate protection, for each weekly period beginning on Monday and ending on Sunday (each an "Adequate Protection Payment Period"), on the first business day immediately following the conclusion of the Adequate Protection Payment Period, the Debtor shall pay to each applicable first mortgagee of record on property which serves as collateral 10% of the

---

2025 V-14 Mortgage Pass-Through Certificates, Series 2025-V14, and further provided no term shall include the three Properties currently under control of a chapter 11 trustee (Village Creek, Barcelona Apartments, and 727 Lofts).

net income generated by or arising out of the applicable property for the preceding Adequate Protection Payment Period.

6. Except as otherwise explicitly provided for herein, this Interim Order does not create any rights for the benefit of any third party, creditor, equity holders, or any direct, indirect, or incidental beneficiary.

7. Immediately upon entry by this Court (notwithstanding any applicable law or rule to the contrary), the terms and provisions of this Interim Order shall become valid and binding upon and inure to the benefit of the Debtor, the Prepetition Secured Lenders, all other creditors of the Debtor, or any Court-appointed committee in this Chapter 11 Case, and all other parties in interest and their respective successors and assigns, including any trustee or other fiduciary hereafter appointed in this Chapter 11 Case, any successor case, or upon dismissal of this Chapter 11 Case or a successor case.

8. If any date certain or deadline provided for in this Order would end on a Saturday, Sunday, or legal holiday, the date certain or deadline continues until the same time on the next day that is not a Saturday, Sunday, or legal holiday.

9. An "Event of Default" shall occur if the Debtor fails to perform fully any provision, term, or condition of this Order. Upon the occurrence of an Event of Default, any Prepetition Secured Lender claiming an interest in Cash Collateral shall give notice to the Debtor describing the alleged Event of Default and stating that the Debtor's right to use said Prepetition Secured Lender's claimed Cash Collateral shall automatically terminate if the Debtor does not cure such Event of Default within ten (10) business days. In the event the Debtor fails to cure such Event of Default within ten (10) business days of receiving notice, the Debtor's rights to use Cash Collateral arising from any property claimed by the Debtor ("Claimed Property") shall automatically

terminate, and the Debtor shall not make further use of said Prepetition Secured Lender's Cash Collateral without further order of the Court. Notwithstanding the foregoing, notice to Debtor upon an alleged Event of Default shall not be required if the Event of Default is not capable of being cured. Nothing in this paragraph shall in any way prevent any party from seeking emergency relief from the Court in the event of any default.

10. All parties reserve their rights as to the Final Cash Collateral Order and as to other issues or litigation in this proceeding or in other proceedings.

11. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall constitute, or be deemed to constitute: (a) an admission or determination as to the amount of, basis for, validity, priority, enforceability, or perfection of any interest in, lien on, security interest in, or other encumbrance upon any Claimed Property under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtor's or any other party in interest's right to dispute any claim of any interest in, lien on, security interest in, or other encumbrance upon any Claimed Property; (c) an implication or admission that any particular interest in, lien on, security interest in, or other encumbrance any Claimed Property is of a certain type; or (d) an admission, determination, or waiver of any claims or causes of action which may exist under the Bankruptcy Code or other applicable nonbankruptcy law.

12. The Debtor stipulates that Term Fund III MRA Seller LLC (together with its successors and/or assigns, "Fund 3 Lender") and Term Fund B IV MRA Seller LLC (together with its successors and/or assigns, "Fund 4 Lender," and together with Fund 3 Lender, "Lender") is the first lien secured creditor with respect to the SG Properties (as hereafter defined) and the property and other assets owned or previously owned by: (1) A-V Classen Owner LLC ("Classen Borrower"); (2) Montgomery Best Living, LLC ("Montgomery Borrower"); (3) Woodland

Manor's Best Living, LLC and Woodland Manor TIC 1, LLC (collectively, "Woodland Manor Borrowers"); and (4) Ridge Best Living, LLC ("Ridge Borrower" and, together with Classen Borrower, Montgomery Borrower and Woodland Manor Borrowers, individually and/or collectively, as the context may require, "SG Borrowers" and the underlying properties for each SG Borrower is called the "SG Property" or collectively the "SG Properties"). The Debtor is not in possession of the SG Properties: (i) The Classen Apartments, a high-rise apartment building which is located at 2200 North Classen Blvd., Oklahoma City, Oklahoma 73106; (ii) The Montgomery, a mid-rise apartment building which is located at 500 W Main Street, Oklahoma City, Oklahoma 73102; (iii) The Woodland Manor Apartments, a garden-style apartment complex which is located at 8641 E. 61st Street, Tulsa, Oklahoma 74133; and (iv) The Ridge, a garden-style apartment complex which is located at 3834 North Oak Grove Drive, Midwest City, Oklahoma 73110. There is no equity in the SG Properties. The Debtor stipulates that the provisions of this Order providing for the use of Cash Collateral shall not apply to the SG Properties. With respect to the SG Properties, the Debtor shall not (i) seek to obtain possession of the SG Properties or (ii) exercise dominion or control over or disburse, except to Lender, any Cash Collateral, including, without limitation, cash or rents generated by the SG Properties.

13. The final hearing on the Motion shall be held before Judge Hall, Chief Judge for the United States Bankruptcy Court for the Western District of Oklahoma, on October 1, 2026 at 10:00 a.m. (CT) (the "Final Hearing").

14. The requirements of Bankruptcy Rule 6003 are satisfied.

15. Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be effective and enforceable immediately upon entry hereof and notice of the Motion as provided therein shall

be deemed good and sufficient pursuant to the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

16. This Court shall retain exclusive jurisdiction to interpret, implement, and enforce this Interim Order.

17. The Debtor shall notify all interested parties of this Order.

18. Findings of fact are based upon representation of counsel.

IT IS SO ORDERED.

# # #

APPROVED:

*/s/ Jason A. Sansone*
Clayton D. Ketter, OBA No. 30611
Jason A. Sansone, OBA No. 30913
Nicholas J. Candido, OBA No. 36069
PHILLIPS MURRAH P.C.
424 N.W. 10th St., Suite 300
Oklahoma City, OK 73103
(405) 235-4100 - telephone
(405) 235-4133 – facsimile
cdketter@phillipsmurrah.com
jasansone@phillipsmurrah.com
njcandido@phillipsmurrah.com
**Proposed Attorneys**
**for YSA Investments 1, LLC**

APPROVED AS TO FORM:

*/s/ Ross A. Plourde*___________
Ross A. Plourde, OBA #7193
Christopher M. Scaperlanda, OBA # 31703
Gatlin C. Squires, OBA #34795
MCAFEE & TAFT A PROFESSIONAL CORPORATION
8th Floor South, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102-7103
405/235-9621; 405/235-0439 (FAX)
ross.plourde@mcafeetaft.com
christopher.scaperlanda@mcafeetaft.com
gatlin.squires@mcafeetaft.com
***ATTORNEYS FOR FANNIE MAE***

*/s/Craig M. Regens*______________
William H. Hoch, OBA#15788
Craig M. Regens, OBA #22894
CROWE & DUNLEVY, A PROFESSIONAL CORPORATION
324 North Robinson Avenue, Suite 100
Oklahoma City, OK 73102
Telephone: 405.239.6692
Email: will.hoch@crowedunlevy.com
craig.regens@crowedunlevy.com
*COUNSEL FOR TERM FUND III MRA SELLER LLC AND TERM FUND B IV MRA SELLER LLC*

*s/ Lysbeth L. George*
Lysbeth George, OBA #30562
LIZ GEORGE AND ASSOCIATES, PLLC,
8101 S. Walker, Ste. F
Oklahoma, OK 73139
Telephone: (405) 689-5502
Facsimile: (405) 689-5502
liz@georgelawok.com
*ATTORNEY FOR COMPUTERSHARE TRUST*

-and-

KILPATRICK TOWNSEND & STOCKTON LLP
Colin M. Bernardino
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6500

Dante Wen
500 West Madison Street, Suite 3700
Chicago, Illinois 60661
Telephone: (312) 606-3218
Email: cbernardino@ktslaw.com
dwen@ktslaw.com

***Counsel for Computershare Trust Company, National Association, as Trustee for the Benefit of the Holders of Benchmark 2025 V-14 Mortgage Pass-through Certificates, Series 2025-V14***

/s/ Stephen J. Moriarty
Stephen J. Moriarty, OBA No. 6410
Fellers, Snider, Blankenship,
Bailey & Tippens, P.C.
100 N. Broadway Ave., Suite 1700
Oklahoma City, OK 73102
Main: 405/232-0621
Direct : 405/239-7251
Fax: 405/232-9659
e-mail: smoriarty@fellerssnider.com
***Attorneys for ACRE Q018 Retention Holder, LLC***

ILENE J. LASHINSKY
UNITED STATES TRUSTEE

s/ Jeffrey E. Tate .
Marjorie J. Creasey, OBA #17819
Jeffrey E. Tate, OBA #17150
Office of the United States Trustee
215 Dean A. McGee, Fourth Floor
Oklahoma City, OK 73102
(202) 603-5228 | (405) 231-5958 [fax]
Marjorie.Creasey@usdoj.gov
Jeff.Tate@usdoj.gov

*/s/ Kiran A. Phansalkar*
Kiran A. Phansalkar, OBA #11470
Preston M. Sullivan, OBA #33619
McAfee & Taft A Professional Corporation
8th Floor, Two Leadership Square
211 N Robinson Ave
Oklahoma City, OK 73102-7103
Telephone: (405) 235-9621

Email: kiran.phansalkar@mcafeetaft.com
preston.sullivan@mcafeetaft.com
-and-
Michael L. Schuster (*admitted pro hac vice*)
POLSINELLI PC
1401 Lawrence Street, Suite 2300
Denver, Colorado 80202
Telephone: (720) 931-1188
Email: mschuster@polsinelli.com
-and-
Nicholas A. Griebel (*admitted pro hac vice*)
POLSINELLI PC
7676 Forsyth Boulevard, Suite 800
St. Louis, Missouri 63105
Telephone: (314) 622-6613
Email: ngriebel@polsinelli.com
***Attorneys for Secured Lender Axonic Multifamily Bridge SPV (BC) Trust***