UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

IN RE:

YSA INVESTMENTS 1, LLC,

DEBTOR

Case No. 26-12806-SAH
Chapter 11

**OBJECTION OF FANNIE MAE TO DEBTOR'S APPLICATION TO EMPLOY PJD CONSULT LLC AS REAL ESTATE CONSULTANT**

Federal National Mortgage Association ("Fannie Mae") objects to the Debtor's Application to Employ PJD Consult LLC as Real Estate Consultant [Doc. 279] (the "Consultant Motion").

**BACKGROUND**

1. On August 31, 2026, YSA Investments 1, LLC (the "Debtor") filed the Consultant Motion seeking entry of an order authorizing the employment of PJD Consult, LLC ("Consultant") and a proposed consulting agreement (the "Consulting Agreement").

2. The Debtor request that the Court approve the Consulting Agreement, which provides that Consultant shall receive from the estate $5,000/month for Debtor to obtain from Consultant "real-estate advisory services and testimony in connection with the communities and interests presently at issue in this case." Consultant Mot., Doc. 279, at 3.

3. Prior to filing the Consultant Motion, Debtor also filed a Motion for Entry of Order Ratifying the Appointment of Independent Manager and Authorizing the Payment of Fees [Doc. 192] (the "Independent Manager Motion") on August 21, 2026. In the Independent Manager Motion, Debtor sought to ratify the appointment of STG, LLC as independent manager of Debtor to "improve oversight of the Debtor and the administration of this Chapter 11 Case." *Id.* After filing the Consultant Motion on August 31, 2026, Debtor withdrew the Independent Manager

Motion on September 2, 2026. *See* Withdrawal of Debtor's Independent Manager Motion, Doc. 301.

4. Similar to the objections raised against the Independent Manager Motion by various parties-in-interest, *see, e.g.,* Doc. 226, Doc. 295, Debtor's Consultant Motion fails to establish that the proposed agreement, compensation structure, and protections afforded to Consultant are necessary, reasonable, or in the best interests of the estate and its creditors.

## ARGUMENT

### I. Lack of Necessity for the Consultant's Proposed Services

5. Without providing any evidence supporting the claimed need for Consultant's services, Debtor conclusorily contends that it:

> requires a real-estate consultant to advise Debtor and its counsel concerning acquisition, financing, due diligence, transaction structuring, strategy, management, collection, disposition, improvement, and other value-realization matters relating to the Kulick Portfolio; to identify and introduce third-party service providers; and to be available to prepare for and provide declarations, deposition testimony, hearing testimony, and trial testimony on behalf of the Debtor.

Consultant Motion, Doc. 279, at 4.

6. Yet, Debtor does not detail why such services are necessary, particularly in light of Capital Assets, Inc.'s proposed role as property manager for multiple of the properties. *See* Doc. 283.

7. Indeed, as an experienced property manager with a history of management at several of the properties, Capital Assets, Inc. is well-suited to provide much of the advice and services that Debtor contends it needs Consultant to provide.

8. The overlap in experience and services between Consultant and Capital Assets, Inc. demonstrates that the attempt to employ Consultant needlessly and unnecessarily creates an administrative expense and burden on the estate to the detriment of the unsecured creditors.

9. Moreover, it is unclear the necessity of certain of the proposed services of Consultant, including those pertaining to providing testimony on behalf of Debtor.

**II. Debtor's Application is Premature Given Pending Requests to Dismiss and/or Appoint a Trustee.**

10. Even to the extent that Consultant can advise on matters not addressed by the experience or engagement of Capital Assets, Inc., the employment of Consultant is still premature at this juncture.

11. It has not yet been determined whether Debtor is the proper owner of the various properties, and, even if that is determined, there are multiple pending motions to dismiss or to appoint a trustee—motions which should be decided before the estate incurs administrative expenses to the Consultant.

12. If Consultant is employed and the Court grants any of these motions, the efforts of and expenses to Consultant would be to no benefit to the estate or the various creditors.

**III. The Proposed Consultant's Relationship With Interchange Claims Group, LLC Is Problematic.**

13. In the Consultant Motion, Debtor details the relationship between Consultant and Interchange Claims Group, LLC—the sole member of Debtor—pursuant to a "separate consulting agreement . . . under which Consultant provides related advisory services to Interchange, as sole member, for a contingent fee payable solely by Interchange from non-estate sources." Doc. 279, at 3.

14. Although Debtor attempts to ensure that Consultant "is not paid twice by the two engagements for the same services," Debtor does not acknowledge what work Consultant is proposed to provide to the estate that Consultant has already contracted to provide to Interchange.

15. That Consultant may already be contractually obligated by Interchange to provide the same services that Debtor seeks Consultant to provide demonstrates that there is not a necessity for the estate to bear the expense of the same.

16. Moreover, Consultant's relationship with Interchange—and contingent payment from Interchange for Interchange's recovery in this bankruptcy—at a minimum, raises concern about the "disinterested" nature of Consultant under 11 U.S.C. § 101(14)(C).

**CONCLUSION**

17. Debtor has not demonstrated that retention of Consultant is a reasonable and necessary business decision, nor that Consultant's proposed monthly $5,000 fee is reasonable.

Respectfully submitted,

*/s/ Ross A. Plourde*

Ross A. Plourde, OBA #7193
Christopher M. Scaperlanda, OBA # 31703
Gatlin C. Squires, OBA #34795
MCAFEE & TAFT A PROFESSIONAL CORPORATION
8th Floor South, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102-7103
405/235-9621; 405/235-0439 (FAX)
ross.plourde@mcafeetaft.com
christopher.scaperlanda@mcafeetaft.com
gatlin.squires@mcafeetaft.com

ATTORNEYS FOR FANNIE MAE

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2026, a true and correct copy of this Objection was served upon those parties registered to receive electronic notices via the Court's CM/EFC electronic noticing system and by United States mail, postage prepaid, upon the debtor at the following address:

YSA Investments 1, LLC
848 Brickell Avenue
Suite PH5
Miami, FL 33131-2949

*/s/ Ross A. Plourde*