**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br><br>YSA Investments 1, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-12806-SAH |

**OBJECTION OF CREO QRS VC LLC, CREO QRS NP LLC,**
**AND SILVER HILL CAPITAL, LLC TO DEBTOR'S APPLICATION**
**TO EMPLOY PJD CONSULT LLC AS REAL ESTATE CONSULTANT,**
**WITH BRIEF IN SUPPORT AND NOTICE OF OPPORTUNITY FOR HEARING**

CREO QRS VC LLC ("**CREO VC**"), CREO QRS NP LLC ("**CREO NP**" and collectively with CREO VC, "**CREO**"), and Silver Hill Capital, LLC ("**Silver Hill**"), by undersigned counsel, hereby file this objection (this "**Objection**"), to the *Debtor's Application to Employ PJD Consult LLC As Real Estate Consultant, with Brief in Support and Notice of Opportunity for Hearing* [Docket No. 279] (the "**Application**"), and respectfully state as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of the chapter 11 case in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. A-V Village Creek Owner LLC ("**Village Creek**") and Lofts at North Penn Best Living LLC ("**North Penn**") have chapter 11 cases currently pending before this Court. It is undisputed that CREO holds a valid, properly filed and perfected senior, secured lien on all assets of Village Creek and North Penn, including the multifamily apartment complexes owned by Village Creek and North Penn (the "**CREO Properties**").

3. Silver Hill is the holder and assignee of certain loan agreements, notes, first-priority mortgages, and other related documents and agreements and holds a valid, properly filed and

perfected senior, secured lien over four multifamily apartment complexes in Oklahoma County, Oklahoma: (a) Bryan Hill Apartments, (b) Summer Oaks Apartments, (c) Springdale Village Apartments, and (d) Tuscany Village Apartments (the "**Silver Hill Properties**," and collectively with the CREO Properties, the "**Properties**").

4. YSA Investments 1, LLC ("**YSA**," or the "**Debtor**") alleges an ownership interest in the Properties, which is disputed by both CREO and Silver Hill.

5. On July 28, 2026 (the "**Petition Date**"), YSA filed a petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

6. On August 31, 2026, YSA filed the Application[1], seeking to retain PJD Consult LLC ("**PJD**") to obtain real estate advisory services from Parker Detweiler in connection with the Kulick Portfolio pursuant to a Consulting Agreement, as such terms are defined in the Application. The Consulting Agreement provides that YSA will pay PJD a fee of $5,000.00 per month.

7. The *Declaration of Parker Detweiler in Support of Debtor's Application to Employ PJD Consult LLC as Real Estate Consultant* (the "**Declaration**"), attached to the Application as Exhibit 1, states that PJD and Interchange Claims Group, LLC ("**Interchange**"), the sole member of YSA, entered into a separate verbal consulting agreement (the "**Interchange Agreement**") in October of 2025 pursuant to which PJD has been providing advisory services to Interchange and YSA for a contingent fee payable solely by Interchange and not by YSA.

8. The Application also states that "The Interchange Agreement is intended to reduce Interchange-side contingent fees dollar-for-dollar by estate compensation paid for the same work, so that Consultant is not paid twice by the two engagements for the same services." *See* Application, p. 6.

---

[1] All terms not defined herein have the meaning assigned to them in the Application.

**OBJECTION**

9. CREO and Silver Hill object to the Application on the basis that the relief requested does not provide a benefit to the estate and would not be in the best interest of the estate. YSA seeks to pay PJD $5,000.00 per month from estate assets to perform work that PJD has been performing for YSA since October of 2025 pursuant to the Interchange Agreement with no such compensation from YSA.

10. In determining whether a retention application should be approved under section 328(a) of the Bankruptcy Code, courts consider factors such as:

> (1) whether terms of an engagement agreement reflect normal business terms in the marketplace; (2) the relationship between the debtor and the professionals, i.e., whether the parties involved are sophisticated business entities with equal bargaining power who engaged in an arms-length negotiation; (3) whether the retention, as proposed, is in the best interests of the estate; (4) whether there is creditor opposition to the retention and retainer provisions; and (5) whether, given the size, circumstances and posture of the case, the amount of the retainer is itself reasonable.

*In re Energy Partners, Ltd.*, 409 B.R. 211, 226 (Bankr. S.D. Tex. 2009) (quoting *In re Insilco Techs., Inc.*, 291 B.R. 628, 633 (Bankr. D. Del. 2003)).

11. PJD does not provide any additional benefit to the estate by performing services it has already agreed to perform under the Interchange Agreement. PJD has been willing to perform services for almost an entire year, solely based on the funding from the Interchange Agreement without receiving $5,000.00 of estate assets per month from YSA. PJD should continue to perform under those same terms rather than burden the estate with a fee that YSA cannot afford to provide.

12. Further, the $5,000.00 monthly fee would not provide additional compensation to PJD, as the Application states that the fees Interchange pays PJD would be reduced dollar for dollar by the amount YSA pays to PJD. Thus, even though the Application explicitly states that the obligations under the Interchange Agreement are not obligations of YSA, a portion of the

burden under the Interchange Agreement would be shifted to YSA under the relief sought in the Application.

13. Paying PJD out of estate assets for work that Interchange is already compensating PJD for would not provide any benefit to the estate. Rather, approval of the fee structure proposed in the Application would merely relieve Interchange of the burden of a portion of its contractual burden. The relief requested in the Application provides an additional benefit to Interchange, but it does not provide any additional benefit to YSA that YSA did not already receive from the Interchange Agreement.

14. Finally, CREO and Silver Hill object to the Application on the basis that the Interchange Agreement, the agreement under which PJD has been providing real estate consulting services to YSA for nearly one year, is not provided as an exhibit to the Application. While the Application states that the Interchange Agreement will be made available to parties upon request, the Declaration states that the Interchange Agreement is a verbal agreement. Thus, it is unclear how parties will be able to examine the agreement that set forth the obligations of Interchange and PJD that YSA seeks to essentially subsidize with estate funds.

WHEREFORE, CREO and Silver Hill respectfully request that this Court enter an order denying the Application as submitted.

*[signature page follows]*

Dated: September 14, 2026

Respectfully submitted,

**FBT Gibbons LLP**

/s/*Mark A. Platt*
Mark A. Platt (admitted *pro hac vice*)
2101 Cedar Springs Road, Suite 900
Dallas, Texas 75201
Telephone: (214) 580-5852
Facsimile: (214) 545-3473
mplatt@fbtgibbons.com

-and-

Heather Pieper McMutry (admitted *pro hac vice*)
150 3rd Avenue South Suite 1900
Nashville, TN 37201
Tel: (615) 251-5590
Fax: (615) 251-5551
E-mail: hmcmutry@fbtlaw.com

-and-

Ross A. Plourde, OBA #7193
MCAFEE & TAFT A PROFESSIONAL CORPORATION
8th Floor South, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102-7103
405/235-9621; 405/235-0439 (FAX)
ross.plourde@mcafeetaft.com

*Counsel for CREO QRS VC LLC, CREO QRS NP LLC, and Silver Hill Capital, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2026, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties receiving electronic notice from the Court's CM/ECF system.

*s/ Mark A. Platt*
Mark A. Platt