**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re: | |
| YSA INVESTMENTS 1, LLC., | Case No. 26-12806-SAH |
| Debtor. | Chapter 11 |

**OBJECTION OF UNITED STATES TRUSTEE TO DEBTOR'S MOTION FOR ENTRY OF ORDER RATIFYING THE APPOINTMENT OF INDEPENDENT MANAGER AND AUTHORIZING THE PAYMENT OF FEES**

United States Trustee, Ilene J. Lashinsky ("**UST**") objects to Debtor's request to employ PJD Consult, LLC ("**PJD**") as a real estate consultant [Doc. 279] (the "**Consultant Motion**").

## I. Background facts.

1. Interchange Claims Group, LLC, a Wyoming limited liability company ("**Interchange**"), is the sole member of the Debtor. [Doc. 279, p. 3, ¶ 8.]

2. In October 2025, nine months before Debtor's bankruptcy, Interchange contracted with PJD to be its real estate advisor (the "**Interchange Agreement**").

3. Under the Interchange Agreement, PJD has been providing Interchange advisory services on real estate matters relating to the loan agreements between Marc Kulick (and/or his related entities) and Debtor that were executed February 18, 2025, April 9, 2025, July 15, 2025, and July 31, 2025.

4. Under the Interchange Agreement, Interchange pays PJD:

> "a contingent fee payable solely by Interchange from amounts actually received by Interchange, after a $2,500,000 hurdle, at 5%, 10%, or 15% of Interchange's defined Net Recovery, as set forth in the Interchange Agreement."
>
> [Doc. 279, p. 10, ¶ 7.]

5. Also under the Interchange Agreement, "Interchange, not the Debtor or the Debtor's estate, is obligated to reimburse Consultant's out-of-pocket expenses." [Doc. 279, p. 10, ¶ 7.]

6. Now, Debtor seeks to hire PJD as its own real estate consultant to advise it and its counsel:

> a. Consulting and advisory services related to acquisition, financing, due diligence support, transaction structuring, strategy, management, collection, disposition, improvement, and other value-realization matters concerning the Kulick Portfolio.
>
> b. Identifying third parties that may assist the Debtor, introducing such parties to the Debtor or its counsel, and assisting the Debtor in evaluating commercial terms, without authority to bind the Debtor.
>
> c. Operational and process recommendations related to the foregoing.
>
> d. Preparing for and providing declarations, affidavits, deposition testimony, hearing testimony, and trial testimony on behalf of the Debtor, and assisting counsel with related exhibits, reports, and demonstratives. Consultant shall not appear as counsel.
>
> e. Written reporting upon request, not more frequently than monthly.
>
> f. Such other advisory services as the Debtor or its counsel reasonably requests in connection with the Kulick Portfolio, consistent with the Employment Order and any required license.
>
> [Doc. 279, p. 4-5, ¶ 13.]

## III. Debtor fails to adequately justify why it needs PJD's involvement now.

7. Debtor is in ongoing litigation with Marc Kulick and Kulic-related entities both inside and outside of bankruptcy regarding who truly owns what the Consultant Motion defines as the "Kulick Portfolio."

8. The true owner of the Kulick Portfolio will be decided in litigation, not by a real estate consultant. Until that question is answered, the UST believes hiring PJD is premature and will cost the estate far more than any value PJD can bring at this juncture.

9. Further, Debtor is in the process of hiring Capital Assets, Inc. as its property management company to operate the properties that it has taken over.

10. Several of the services PJD is to provide are already provided by Capital Assets, Inc.

## IV. PJD's conflict of interest is evident in the Consultant Motion.

11. Paragraph 14 of the Consultant Motion recognizes the conflict inherent in its possible role as an estate professional:

> 14. Consultant shall take direction from the Debtor, as debtor in possession, and from the Debtor's bankruptcy counsel with respect to property of the estate. If a direction from Interchange conflicts with a direction from the Debtor or its counsel, or with an order of this Court, the Court's order and the Debtor's lawful instructions control.

12. PJD has had a longer relationship with Interchange than with Debtor. It apparently has a more lucrative, contingent fee contract with Interchange than it has with Debtor. [Doc. 279, p. 3, ¶ 8.] All of its out-of-pocket expenses, whether incurred while working for Interchange or for Debtor will be paid by Interchange. [Doc. 279, p. 5, ¶ 15]

13. The UST believes the Consultant Motion can be seen as a way for Interchange to simply offset $5,000.00 of PJD's costs onto Debtor's estate.

14. The UST has not seen the Interchange Agreement, but believes from the Consultant Motion that PJD's financial allegiance belongs to Interchange.

## V. The Consultant Motion does establish the PJD's employment is in the estate's best interests.

15. Many of the proposed services PJD is to provide appear to have taken place before Debtor loaned money to Mr. Kulick (or by Capital Management, Inc.), including "acquisition," "due diligence," "management," "collection," "improvement," and "value-realization matters." [Doc. 297, p. 4, ¶ 12.]

16. The Consultant Motion also fails to cite PJD's qualifications or familiarity with Oklahoma real estate in any way

17. Even if Debtor needs a real estate professional at this time, Debtor has not established that PJD is the appropriate one.

## VI. The proposed role for PJD appears to be primarily an expert witness rather than an independent real estate advisor.

18. The Consultant Motion states Debtor needs PJD for the following reasons:

- "Employment of Consultant is requested so that the Debtor may obtain real-estate advisory services **and testimony in connection with the communities and interests presently at issue in this case**." (emphasis added) [Doc. 279, p. 3, ¶ 7.]

- "…to be available to prepare for and provide declarations, deposition testimony, hearing testimony, and trial testimony on behalf of the Debtor." [Doc. 279, p. 4, ¶ 12.]

- "Preparing for and providing declarations, affidavits, deposition testimony, hearing testimony, and trial testimony on behalf of the Debtor, and assisting counsel with related exhibits, **reports**, and demonstratives. Consultant shall not appear as counsel." (emphasis added) [Doc. 279, p. 5, ¶ 13(d).]

19. If PJD is an expert witness, it should be hired as such and disclosed to other parties as such.

## VII. Conclusion.

20. Debtor has not articulated facts showing that retention of PJD is a reasonable business decision at this point in time, or that PJD is qualified to act as requested.

21. PJD also has an inherent conflict that must be addressed.

22. The Court should deny the Consultant Motion.

Respectfully submitted,

ILENE J. LASHINSKY
UNITED STATES TRUSTEE

s/ Jeffrey E. Tate

Marjorie J. Creasey, OBA #17819
Jeffrey E. Tate, OBA #17150
OFFICE OF THE UNITED STATES TRUSTEE
215 Dean A. McGee, Fourth Floor
Oklahoma City, OK 73102
(202) 603-5228 | (405) 231-5958 [fax]
Marjorie.Creasey@usdoj.gov
Jeff.Tate@usdoj.gov