Joyce W. Lindauer
Texas State Bar No. 21555700
Lindauer & Vaughn
117 S. Dallas Street
Ennis, Texas 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Remington Ranch's
Best Living, LLC; Barcelona Best
Living, LLC; Louis Investments, LLC;
and Certain Non-Debtor Apartment Projects

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**OKLAHOMA CITY DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **YSA INVESTMENTS 1, LLC,** | § | **CASE NO. 26-12806-sah-11** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

**RESPONSE AND OBJECTION TO FEDERAL NATIONAL MORTGAGE ASSOCIATION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND MOTION FOR WAIVER OF RULE 4001(a)(4) STAY**

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COME NOW Remington Ranch's Best Living, LLC, Barcelona Best Living, LLC, Louis Investments, LLC and Certain Non-Debtor Apartment Projects (collectively, "Respondents"), by and through their undersigned counsel, and file this Response and Objection to Federal National Mortgage Association's ("Fannie Mae") Motion for Relief from the Automatic Stay Relating to Collection of Rents by Marc Kulick and Vesta Realty, LLC and Motion for Waiver of Rule 4001(a)(4) Stay [Dkt. 268] (the "Motion"), and respectfully state as follows:

## I. INTRODUCTION

1. Fannie Mae asks this Court to determine that its pending federal action against Kulick and Vesta is not prohibited by the automatic stay, or alternatively to modify the stay so that Fannie Mae may proceed against them. As a further alternative, Fannie Mae asks this Court to determine that rents received into the control of Vesta and/or Kulick are property of the YSA

bankruptcy estate. The Respondents contend that certain of the rents are property of related debtor cases.

2. The Motion rests on disputed factual and legal issues concerning YSA's asserted interests in Vesta, the ownership and control of the properties at issue, and the characterization and disposition of rents. Those issues should not be resolved through assumptions concerning Respondents' conduct or through allegations that have not been established by an evidentiary record.

3. Respondents therefore object to the relief requested and request that the Motion be denied, or alternatively that the Court defer any relief that could prejudice Respondents' rights until the relevant ownership, property, and rent issues are properly determined.

## II. RESPONSE TO MATERIAL ALLEGATIONS

4. Respondents acknowledge that Fannie Mae has filed Western District of Oklahoma Case No. 5:26-CV-01400-HE against Kulick and Vesta and has sought injunctive relief in that action.

5. Respondents acknowledge that issues have been raised concerning the effect of YSA's bankruptcy case and YSA's asserted interest in Vesta upon Fannie Mae's pending claims against Kulick and Vesta.

6. Respondents acknowledge that a UCC Financing Statement referenced by Fannie Mae identifies, as collateral, "100 out of 100 Membership Shares of Vesta Realty, LLC." Respondents deny that the existence of that filing, standing alone, resolves the nature, validity, extent, or effect of YSA's asserted interest or the application of the automatic stay.

7. Respondents dispute Fannie Mae's characterization that Kulick and Vesta are collecting and "misusing" rents. Fannie Mae's Motion acknowledges that it does not have access to Vesta's financial records and cannot account for where the rent money is going.

8. Respondents further dispute Fannie Mae's characterization that Kulick and Vesta are strategically using YSA's bankruptcy filing to avoid judicial scrutiny or to obtain the protections of bankruptcy without its obligations.

9. To the extent the Motion seeks findings regarding ownership of rents, ownership or control of the properties, YSA's asserted interest in Vesta, or the proper disposition of rents, Respondents deny that those disputed matters may be resolved on the allegations presented in the Motion without an appropriate evidentiary record.

10. Respondents deny all remaining allegations to the extent inconsistent with this Response and reserve the right to supplement this Response as appropriate.

## III. OBJECTION TO RELIEF REQUESTED

11. Fannie Mae's request places the Court in the position of addressing the effect of YSA's asserted property interests while those very interests remain disputed. The Motion acknowledges that YSA claims an ownership interest in Vesta and that the issue was raised in the federal action shortly before the scheduled injunction hearing.

12. The existence and extent of any estate interest in Vesta, and the resulting effect of the automatic stay upon litigation against Vesta or Kulick, should be determined on an appropriate record. Relief from stay should not operate as an indirect determination of disputed ownership or property rights.

13. Fannie Mae's allegations concerning misuse of rents likewise do not establish those allegations as fact. Fannie Mae expressly states that it lacks access to Vesta's financial records and cannot account for where the rent money is going. Respondents dispute the characterization of the rents as being misused and object to any relief premised upon that disputed characterization without competent evidence.

14. Fannie Mae's alternative request that rents received into the control of Vesta and/or Kulick be declared property of the YSA bankruptcy estate further demonstrates that the status of those rents is itself a disputed issue requiring determination. Any ruling concerning those rents should preserve Respondents' rights and should be based upon an adequate evidentiary record rather than assumptions regarding ownership, control, or use.

15. Accordingly, Respondents request that the Court deny the Motion or, alternatively, defer determination of the requested relief until the relevant property interests and the effect of the automatic stay can be properly adjudicated.

## IV. OBJECTION TO WAIVER OF RULE 4001(a)(4)

16. Respondents also object to Fannie Mae's request to waive the fourteen-day stay provided by Federal Rule of Bankruptcy Procedure 4001(a)(4). Fannie Mae's request for immediate effectiveness is based upon its disputed allegation that Respondents continue to collect and misuse rents. Given the unresolved factual and legal issues implicated by the Motion, Fannie Mae has not established a sufficient basis to eliminate the ordinary fourteen-day period. If any relief from stay is granted, Respondents request that the Rule 4001(a)(4) period remain in effect.

## V. RESERVATION OF RIGHTS

17. Respondents expressly reserve all rights, claims, defenses, and objections concerning YSA's asserted interest in Vesta; the ownership, possession, management, and control of the properties identified in the Motion; the ownership, characterization, collection, and disposition of rents; Fannie Mae's asserted rights under its loan documents; and the claims and defenses at issue in Western District of Oklahoma Case No. 5:26-CV-01400-HE.

18. Nothing in this Response constitutes an admission concerning the validity, priority, extent, or enforceability of any lien, assignment, ownership claim, or other interest asserted by Fannie Mae, YSA, or any other party.

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Remington Ranch's Best Living, LLC, Barcelona Best Living, LLC, Louis Investments, LLC and Certain Non-Debtor Apartment Projects respectfully request that the Court deny Federal National Mortgage Association's Motion for Relief from the Automatic Stay and Motion for Waiver of Rule 4001(a)(4) Stay [Dkt. 268]; alternatively, defer determination of the requested relief until the relevant ownership, property, rent, and automatic-stay issues can be appropriately adjudicated; deny the requested waiver of Rule 4001(a)(4); and grant Respondents such other and further relief as the Court deems just and proper.

Dated: September 16, 2026.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
Texas State Bar No. 21555700
Lindauer & Vaughn
117 S. Dallas Street
Ennis, Texas 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com
Attorneys for Remington Ranch's Best Living, LLC, Barcelona Best Living, LLC, Louis Investments, LLC and Certain Non-Debtor Apartment Projects

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2026, a true and correct copy of the foregoing document was served via email upon all parties entitled to notice through the Court's CM/ECF system.

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer