Joyce W. Lindauer
Texas State Bar No. 21555700
Lindauer & Vaughn
117 S. Dallas Street
Ennis, Texas 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Bryan Hill Apartments;
Summer Oaks Apartments; Springdale
Village Apartments and Tuscany
Village Apartments

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**OKLAHOMA CITY DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **YSA INVESTMENTS 1, LLC,** | § | **CASE NO. 26-12806-sah-11** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

**OBJECTION TO MOTION OF SILVER HILL CAPITAL, LLC**
**FOR RELIEF FROM THE AUTOMATIC STAY**

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COME NOW Bryan Hill Apartments, Summer Oaks Apartments, Springdale Village Apartments and Tuscany Village Apartments, the parties represented by undersigned counsel with interests affected by the Motion (collectively, the "Responding Parties"), and file this Objection to Motion of Silver Hill Capital, LLC for Relief from the Automatic Stay Combined with Notice of Opportunity for Hearing and Brief in Support [Dkt. No. 305] (the "Motion"), and respectfully show the Court as follows:

## I. BACKGROUND

1. On September 2, 2026, Silver Hill Capital, LLC ("Silver Hill") filed its Motion for Relief from the Automatic Stay Combined with Notice of Opportunity for Hearing and Brief in Support [Dkt. No. 305] (the "Motion").

2. The Motion concerns Bryan Hill Apartments, Summer Oaks Apartments, Springdale Village Apartments, and Tuscany Village Apartments (collectively, the "Silver Hill Properties"), properties in which YSA Investments 1, LLC ("YSA") claims an interest.

3. Silver Hill seeks relief under 11 U.S.C. §§ 362(d)(1) and (2) to exercise rights and remedies under its loan documents, including proceeding with a pending judicial foreclosure action, and further requests waiver of the fourteen-day stay under Bankruptcy Rule 4001(a)(3).

4. Silver Hill asserts that there is no equity in the Silver Hill Properties based primarily upon broker opinions of value dated in April 2026 and indebtedness figures calculated through September 9, 2026. Silver Hill also alleges that the properties are deteriorating and that its collateral position lacks adequate protection.

5. The Responding Parties object because the Motion presents disputed issues concerning ownership, valuation, equity, property condition, adequate protection, and the necessity of the properties to an effective reorganization that should not be resolved on Silver Hill's allegations alone.

## II. OBJECTION

### A. The Motion Relies on Disputed Valuation and Equity Issues.

6. Relief under 11 U.S.C. § 362(d)(2) requires a determination of equity and whether the property is necessary to an effective reorganization. Silver Hill relies on borrower broker opinions of value dated April 2026 and compares those figures with indebtedness amounts calculated months later.

7. The Motion itself acknowledges that YSA's schedules contain materially different valuations for several of the Silver Hill Properties and that Silver Hill disputes those valuations.

The existence of competing valuations demonstrates that value and equity are contested factual matters requiring an appropriate evidentiary record.

8. The Court should therefore decline to determine the absence of equity solely from Silver Hill's selected valuation evidence without affording the responding parties an opportunity to present evidence concerning current value, liens, indebtedness, and the circumstances affecting each property.

**B. Silver Hill's Allegations of Deterioration and Lack of Adequate Protection Are Disputed.**

9. Silver Hill further seeks relief for cause under 11 U.S.C. § 362(d)(1), alleging material physical waste, neglect of upkeep, declining value, and a lack of adequate protection.

10. Those allegations are fact intensive and should not be treated as established merely because they appear in the Motion. The condition, management, maintenance, income, expenses, and value of each property require competent evidence before the Court determines that Silver Hill's position is eroding or that cause exists for stay relief.

**C. The Necessity of the Properties to Reorganization Should Not Be Determined Prematurely.**

11. Silver Hill argues that the Silver Hill Properties are not necessary to an effective reorganization because, in Silver Hill's view, the properties have no equity. That conclusion depends upon the disputed valuation and indebtedness issues described above.

12. The Court should preserve the status quo while the ownership, value, and reorganization issues are developed rather than permit foreclosure based upon disputed assumptions that could effectively determine those issues before a full record is presented.

**D. The Requested Waiver of Bankruptcy Rule 4001(a)(3) Should Be Denied.**

13. Silver Hill asks the Court to waive the fourteen-day stay provided by Bankruptcy Rule 4001(a)(3) so that it may immediately implement any order granting relief. Given the disputed issues concerning ownership, value, equity, property condition, and adequate protection, Silver Hill has not established a sufficient basis for eliminating the ordinary fourteen-day period.

14. If any relief from stay is granted, the responding parties request that the Rule 4001(a)(3) period remain in effect.

## III. RESERVATION OF RIGHTS

15. The Responding Parties expressly reserve all rights, claims, defenses, and objections concerning ownership of the Silver Hill Properties; the validity, priority, amount, and enforceability of Silver Hill's asserted liens and claims; property values; alleged defaults; adequate protection; property condition; rents and revenues; and all claims and defenses in the pending foreclosure litigation.

16. Nothing contained herein constitutes an admission concerning the validity, priority, extent, amount, or enforceability of any claim, lien, assignment, default, valuation, ownership claim, or other interest asserted by Silver Hill, YSA, or any other party.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, the Responding Parties respectfully request that the Court deny Silver Hill Capital, LLC's Motion for Relief from the Automatic Stay [Dkt. No. 305]; alternatively, defer determination of the requested relief until the disputed ownership, valuation, equity, property-condition, adequate-protection, and reorganization issues can be properly adjudicated; deny the requested waiver of Bankruptcy Rule 4001(a)(3); and grant such other and further relief, at law or in equity, to which they may be justly entitled.

Dated: September 16, 2026.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
Texas State Bar No. 21555700
Lindauer & Vaughn
117 S. Dallas Street
Ennis, Texas 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Responding Parties
Bryan Hill Apartments;
Summer Oaks Apartments; Springdale
Village Apartments and Tuscany
Village Apartments

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 16, 2026, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon those parties receiving electronic notice in this case.

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer