**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br>YSA INVESTMENTS 1, LLC,<br>Debtor. | Case No. 26-12806-SAH<br>Chapter 11 |

**JOINT MOTION OF DEBTOR, CREO QRS VC LLC, AND CREO QRS NP LLC FOR ENTRY OF AN ORDER APPROVING STIPULATION AND GRANTING RELIEF FROM THE AUTOMATIC STAY TO CREO QRS NP LLC AND CREO QRS VC LLC, AND NOTICE OF OPPORTUNITY FOR HEARING**

**NOTICE OF OPPORTUNITY FOR HEARING**

**Your rights may be affected. You should read this Document carefully and consult your attorney about your rights and the effect of this Document.** If you do not want the Court to grant the motion, or you wish to have your views considered, you must file a written response to the motion with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean McGee Avenue, Oklahoma City, OK 73102 no later than 14 days from the date of filing of the motion. You should also serve a file-stamped copy of the response to the undersigned [and others who are required to be served] and file a certificate or affidavit of service with the Court.

**[Note – this is a flat fourteen (14) days regardless of the manner of service.]**

YSA Investments 1, LLC (the "Debtor") and CREO QRS VC LLC ("CREO VC") and CREO QRS NP LLC ("CREO NP," and together with CREO VC, "CREO") (collectively, the "Movants") hereby file this joint motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit 1** (the "Proposed Order"), approving the stipulation (the "Stipulation") by and between the Debtor and CREO and modifying the automatic stay pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), to allow CREO to exercise its rights and remedies in, to, and against the Properties.[1] In support of this Motion, the Movants respectfully state as follows:

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Stipulation and CREO's prior filings.

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. The statutory predicates for the relief requested are Bankruptcy Code sections 362 and 554, Rules 4001 and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Rules of the United States Bankruptcy Court for the Western District of Oklahoma (the "Local Rules").

## BACKGROUND

4. On July 28, 2026 (the "Petition Date"), the Debtor filed a voluntary petition with the United States Bankruptcy Court for the District of Delaware pursuant to Chapter 11 of the Bankruptcy Code.

5. On August 14, 2026, this case was transferred to this Court.

6. Pursuant to Bankruptcy Code sections 1107 and 1108, the Debtor has retained possession of its assets as a debtor in possession and is continuing to operate its business.

7. No trustee, examiner, or committee has been appointed in this Chapter 11 case.

8. CREO NP asserts a valid, properly filed and perfected senior, secured lien in and to the Properties.

9. YSA alleges an ownership interest in the Properties, which is disputed by CREO.

## RELIEF REQUESTED

10. The Movants submit that approving the Stipulation and permitting CREO to pursue its rights and remedies at law and under the loan documents against the Properties is in the best interests of the Debtor, its estate, creditors, and other stakeholders.

11. The Movants therefore respectfully request that the Court enter the Proposed Order.

## BASIS FOR RELIEF

### A. The Automatic Stay Should Be Lifted

12. Bankruptcy Code section 362(d)(1) provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay … for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). "Cause" is a flexible concept evaluated under the totality of the circumstances, and relief is warranted where the balance of hardships supports permitting a secured creditor to proceed with state-law foreclosure remedies.

13. Here, cause exists to modify the automatic stay. CREO holds a first-priority lien on and security interest in the Properties, the obligations owed to CREO secured by said liens and security interests are in default, and the Debtor has agreed through the Stipulation that CREO should be permitted to proceed with all rights and remedies at law and under CREO's loan documents.

14. Additional cause exists because CREO's asserted secured debt exceeds the asserted value of the Properties, and continued delay would risk further diminution in value and prejudice to CREO and other stakeholders.

15. Bankruptcy Rule 4001(a)(4) provides that an order granting relief from the automatic stay is stayed until the expiration of fourteen (14) days after entry of the order unless the Court orders otherwise. Consistent with the Stipulation, cause exists for the Court to order otherwise because the requested relief is consensual and the apparent lack of an equity cushion in the Properties.

## CONCLUSION

WHEREFORE, the Movants respectfully request that the Court enter the Proposed Order approving the Stipulation, and granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

**FBT GIBBONS LLP**

/s/*Mark A. Platt*
Mark A. Platt (admitted *pro hac vice*)
2101 Cedar Springs Road, Suite 900
Dallas, Texas 75201
Telephone: (214) 580-5852
Facsimile: (214) 545-3473
Email: mplatt@fbtgibbons.com

-and-

Heather P. McMutry (admitted *pro hac vice*)
150 3rd Avenue South Suite 1900
Nashville, TN 37201
Tel: (615) 251-5590
Fax: (615) 251-5551
Email: hmcmutry@fbtlaw.com

-and-

Ross A. Plourde, OBA #7193
MCAFEE & TAFT A PROFESSIONAL CORPORATION
8th Floor South, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102-7103
405/235-9621; 405/235-0439 (FAX)
ross.plourde@mcafeetaft.com

***Counsel for CREO QRS VC LLC and CREO QRS NP LLC***

**PHILLIPS MURRAH P.C.**

/s/ Jason A. Sansone
Clayton D. Ketter, OBA No. 30611
Jason A. Sansone, OBA No. 30913
Nicholas J. Candido, OBA No. 36069
424 N.W. 10th St., Suite 300
Oklahoma City, OK 73103
(405) 235-4100 - telephone
(405) 235-4133 –facsimile
cdketter@phillipsmurrah.com
jasansone@phillipsmurrah.com
njcandido@phillipsmurrah.com

***Proposed counsel for YSA Investments 1, LLC***

# EXHIBIT 1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br><br>YSA Investments 1, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-12806-SAH |

**STIPULATION AND AGREED ORDER BY AND AMONG CREO QRS NP LLC, CREO QRS VC LLC, AND YSA INVESTMENTS 1, LLC GRANTING RELIEF FROM THE AUTOMATIC STAY TO CREO QRS NP LLC AND CREO QRS VC LLC**

This Stipulation and Agreed Order ("**Stipulation and Agreed Order**") is made and entered into by and between CREO QRS VC LLC ("**CREO VC**"), CREO QRS NP LLC ("**CREO NP**" and collectively with CREO VC, "**CREO**"), and YSA Investments 1, LLC ("**YSA**" and together with CREO, the "**Parties**"). The Parties hereby stipulate and agree as follows:

## RECITALS

WHEREAS, A-V Village Creek Owner LLC ("**Village Creek**") and Lofts at North Penn Best Living LLC ("**North Penn**") have chapter 11 cases currently pending before this Court.

WHEREAS, CREO VC asserts a valid, properly filed and perfected senior, secured lien on all assets of Village Creek, including the multifamily apartment complex owned by Village Creek (the "**Village Creek Property**").

WHEREAS, CREO NP asserts a valid, properly filed and perfected senior, secured lien on all assets of North Penn, including the multifamily apartment complex owned by North Penn (the "**North Penn Property**," and together with the Village Creek Property, the "**Properties**").

WHEREAS, YSA alleges an ownership interest in the Properties, which is disputed by CREO.

WHEREAS, on August 20, 2026, CREO filed the *Emergency Motion of CREO QRS VC LLC and CREO QRS NP LLC to Appoint a Chapter 11 Trustee, or Alternatively, to Dismiss the Chapter 11 Case of YSA Investments 1, LLC Combined With Notice of Opportunity for Hearing, Notice of Hearing, and Brief in Support* [Docket No. 172] (the "**Trustee Motion**").

WHEREAS, on September 4, 2026, CREO served certain discovery requests on YSA in connection with the Trustee Motion, which requests CREO modified on September 10, 2026 (the "**Discovery Requests**").

WHEREAS, on September 10, 2026, CREO filed its *Application to Shorten Notice with Respect to First Request for Production of Documents to the Debtor* [Docket No. 339].

WHEREAS, on September 11, 2026, the Court entered the *Order Granting Application to Shorten Notice with Respect to First Request for Production of Documents to the Debtor* [Docket No. 348].

WHEREAS, the Parties have conferred and desire to enter into this Stipulation and Agreed Order (a) granting CREO relief from the automatic stay with respect to the Properties, and (b) withdrawing the Trustee Motion and Discovery Requests.

**THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION, IT IS SO ORDERED:**

1. CREO is granted relief from the automatic stay with respect to the Properties in the chapter 11 case of YSA, and YSA agrees not to seek to reinstate the automatic stay with respect to either of the Properties without the consent of CREO. For the avoidance of doubt, CREO is not granted relief from the automatic stay with respect to the Properties in the chapter 11 cases of Village Creek and North Penn.

2. All issues with respect to the amount of, basis for, validity, priority (except with respect to CREO), enforceability, or perfection of any interest in, lien on, security interest in, or other encumbrance claimed by YSA in the Properties or any proceeds from the sale of the Properties are reserved.

3. YSA acknowledges and agrees that the chapter 11 trustee appointed in the chapter 11 case of Village Creek may retain an independent property manager to replace Capital Assets, Inc. ("**Capital Assets**") as property manager for the Village Creek Property. YSA shall cooperate with the orderly turnover of management and possession of the Village Creek Property from Capital Assets to any property manager retained by the chapter 11 trustee for the Village Creek Property.

4. CREO VC consents to the use of cash collateral encumbered by CREO VC's security interest from the date of YSA's petition through entry of an order approving this Stipulation and Agreed Order, solely for the purpose of reimbursing Capital Assets for its

reasonable expenses actually incurred in managing the Village Creek Property, in an amount to be agreed upon by the Parties after entry of an order approving this Stipulation and Agreed Order, which CREO VC's consent shall not be unreasonably withheld. Effective immediately upon entry of an order approving this Stipulation and Agreed Order, YSA shall not object to, delay, impede, or take any other action to interfere with (i) the foreclosure of, nor the appointment of a receiver over, the Properties, (ii) any sale of the Properties pursuant to section 363 of the Bankruptcy Code, including without limitation CREO's right to credit bid the full amount of its debt in connection with any such sale, or (iii) the management of, administration of, or other relief sought in relation to the Properties by the by either CREO or the chapter 11 trustee in the Village Creek and North Penn cases.

5. Upon CREO's receipt of this Stipulation and Agreed Order executed by YSA Investments 1, LLC, CREO agrees to withdraw the Trustee Motion and the Discovery Requests without prejudice. In the event this Stipulation and Agreed Order is not entered by the Court, despite reasonable best efforts by the Parties, CREO may reassert the Trustee Motion and the Discovery Requests. Effective immediately upon entry of an order approving this Stipulation and Agreed Order, CREO shall withdraw and not reassert (so long as YSA complies with this Stipulation and Agreed Order), as the case may be, the Trustee Motion and the Discovery Requests.

6. The fourteen (14)-day stay period otherwise imposed by Fed. R. Bankr. P. 4001(3) shall not be applicable to this Stipulation and Agreed Order.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation and Agreed Order.

8. CREO shall notify all interested parties of this Order.

9. All findings of fact are based upon representation of CREO's Counsel.

*[signature page follows]*

**STIPULATED AND AGREED TO THIS 18TH DAY OF SEPTEMBER 2026.**

**PHILLIPS MURRAH P.C.**

/s/ Jason A. Sansone
Clayton D. Ketter, OBA No. 30611
Jason A. Sansone, OBA No. 30913
Nicholas J. Candido, OBA No. 36069
424 N.W. 10th St., Suite 300
Oklahoma City, OK 73103
(405) 235-4100 - telephone
(405) 235-4133 – facsimile
cdketter@phillipsmurrah.com
jasansone@phillipsmurrah.com
njcandido@phillipsmurrah.com

*Proposed counsel for YSA Investments 1, LLC*

**YSA Investments 1, LLC**

By: Aharon Diveroli, Manager
Dated: 09/18/2026

**FBT GIBBONS LLP**

/s/*Mark A. Platt*
Mark A. Platt (admitted *pro hac vice*)
2101 Cedar Springs Road, Suite 900
Dallas, Texas 75201
Telephone: (214) 580-5852
Facsimile: (214) 545-3473
Email: mplatt@fbtgibbons.com

-and-

Heather P. McMutry (admitted *pro hac vice*)
150 3rd Avenue South Suite 1900
Nashville, TN 37201
Tel: (615) 251-5590
Fax: (615) 251-5551
Email: hmcmutry@fbtlaw.com

-and-

Ross A. Plourde, OBA #7193
MCAFEE & TAFT A PROFESSIONAL CORPORATION
8th Floor South, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102-7103
405/235-9621; 405/235-0439 (FAX)
ross.plourde@mcafeetaft.com

*Counsel for CREO QRS VC LLC and CREO QRS NP LLC*