**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br>YSA INVESTMENTS 1, LLC,<br>Debtor. | Chapter 11<br>Case No. 26-12806 (SAH) |

# JOINT MOTION OF DEBTOR AND SAPEREAN CAPITAL IV TBNOTE LENDER KD4, LLC FOR ENTRY OF AN ORDER APPROVING STIPULATION AND GRANTING RELIEF FROM STAY TO PERMIT SAPEREAN CAPITAL IV TB NOTE LENDER KD4, LLC TO PROCEED WITH FORECLOSURE, AND NOTICE OF OPPORTUNITY FOR HEARING

## NOTICE OF OPPORTUNITY FOR HEARING

> **Your rights may be affected. You should read this Document carefully and consult your attorney about your rights and the effect of this Document.** If you do not want the Court to grant the motion, or you wish to have your views considered, you must file a written response to the motion with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean McGee Avenue, Oklahoma City, OK 73102 no later than 14 days from the date of filing of the motion. You should also serve a file-stamped copy of the response to the undersigned [and others who are required to be served] and file a certificate or affidavit of service with the Court.
>
> **[Note – this is a flat fourteen (14) days regardless of the manner of service.]**

YSA Investments 1, LLC (the "Debtor") and Saperean Capital IV TB Note Lender KD4, LLC ("Saperean" and together with the Debtor, the "Movants") hereby file this joint motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit 1** (the "Proposed Order"), approving the stipulation (the "Stipulation") by and between the Debtor and Saperean and modifying the automatic stay pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), to allow Saperean to exercise its rights and remedies in, to, and against the real and personal property consisting of the multifamily apartment complexes located at 7142 South 92nd East Avenue, Tulsa, Oklahoma 74133 (the "Woodland Property") and 7801 NE 10th Street, Midwest City, Oklahoma all as described more particularly in the Loan

documents (hereinafter defined) (the "Fairfax Property" and together with the Woodland Property, the "Property"). In support of this Motion, the Movants respectfully state as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue of these proceedings and this Motion in this court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. Saperean is the current owner and holder of a $60,800,000.00 commercial mortgage loan made to Fairfax Investors, LLC, Fairfax Best Living, LLC, Woodland Oaks Best Living, LLC, and Woodland Oaks Investors, LLC (collectively, the "Borrowers"). The Loan is evidenced and secured by the Note, Loan Agreement, Mortgage, Assignment, Second Amendment to Loan Agreement dated June 16, 2025, and related documents (collectively, the "Loan Documents"). Saperean asserts liens and security interests in: (i) the Woodland Property, as described more particularly in that certain Mortgage, Security Agreement, Assignment of Leases and Rents, and Fixture Filing dated as of June 1, 2022, recorded with the County Clerk of Tulsa County, Oklahoma on June 3, 2022, as Document No. 2022158173, as well as that certain Mortgage, Assignment of Rents and Leases, Security Agreement, and Fixture Filing dated as of October 29, 2025, recorded with the Tulsa County Clerk on October 31, 2025, as Document No. 2025099695; and (ii) the Fairfax Property, as described more particularly in the Mortgage recorded with the County Clerk of Oklahoma County, Oklahoma on June 3, 2022, as Document No. 2022060301086972, as well as that certain Mortgage, Assignment of Rents and Leases, Security Agreement, and Fixture Filing dated as of October 29, 2025, recorded with the Oklahoma County Clerk on October 31, 2025, in Book 16277, Page 421, as Document No. 2025103101156548.

4. The Borrowers defaulted under the Loan Documents and Saperean commenced an action against the Borrowers in the District Court of Oklahoma County, Oklahoma (the "State Court"), Case No. CJ-2025-8499 (the "State Court Case") to enforce its rights and remedies.

5. On January 22, 2026, with the consent and agreement of the Borrowers, the State Court entered an Agreed Order of Appointment of Receiver, later amended on February 4, 2026, appointing Scott Shefman with Friedman Real Estate Management as receiver for the Property.

6. On July 28, 2026, the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code.

7. On August 18, 2026, counsel for the Borrowers, counsel for the Debtor and counsel for Saperean announced in open court a stipulation which is memorialized by the Order Granting Motion for Stay Relief in Case No. 26-11984 at document number 1 and further memorialized in this Motion and Proposed Order.

## RELIEF REQUESTED

8. The Movants submit that approving the Stipulation and permitting Saperean to pursue its rights and remedies at law and under the Loan Documents against the Property, including foreclosure of Saperean's liens against the Borrowers' interests, the Debtor's interests, and any other interests in the Property by judicial and/or non-judicial proceedings, is in the best interests of the Debtor, its estate, creditors, and other stakeholders.

9. The Movants therefore respectfully request that the Court enter the Proposed Order, (i) approving the Stipulation; (ii) terminating, modifying, and lifting the automatic stay to permit Saperean to pursue all rights and remedies at law and under its loan documents in, to, and against the Property, without further application to or order of this Court, including without limitation continuing, proceeding with, and prosecuting foreclosure of Saperean's liens against the

Borrowers' interests, the Debtor's interests, and any other interests in the Property by judicial and/or non-judicial proceedings or actions; obtaining and enforcing any foreclosure judgment and orders of sale; conducting title work, obtaining appraisals and inspections; publishing and serving sale notices; scheduling foreclosure sales; instructing the Sheriff or other selling officer; conducting one or more judicial or non-judicial foreclosure sales to the extent permitted by applicable non-bankruptcy law; submitting a credit bid or bids; seeking confirmation of any foreclosure sale in state court; obtaining and recording any foreclosure deed, Sheriff's deed, receiver's deed, or other instrument of conveyance; obtaining possession of the Property and enforcing any assignment of leases and rents; continuing the pending State Court receivership and seeking instructions concerning the court-appointed receiver therein; exercising all other in rem rights and remedies against the Property available under the Loan Documents or applicable non-bankruptcy law; and taking all other preparatory actions in connection with any of the foregoing, with no further notice to the Debtor, motion, application, hearing, or order of this Court required; (iii) approving the agreement that the Borrowers, the Debtor, and their respective principals, owners, members, managers, authorized agents, successors, and assigns will not commence, prosecute, finance, assist, support, join in, or cause any action, adversary proceeding, contested matter, motion, petition, appeal, request for reconsideration, request for stay pending appeal, application for temporary restraining order, preliminary or permanent injunction, or other proceeding whose purpose or reasonably foreseeable effect is to enjoin, restrain, stay, postpone, condition, impair, or otherwise interfere with Saperean's exercise of the rights granted by the Proposed Order; (iv) approving the Parties' agreement that Saperean shall not conduct or consummate a foreclosure sale of the Fairfax Property before the expiration of ninety (90) days following the fourteen (14)-day appeal period contained in Bankruptcy Rule 8002(a)(1), while

preserving Saperean's right during that period to take every action necessary or appropriate to prepare for the foreclosure sale, including continuing the foreclosure action, obtaining judgment, obtaining an order of sale, conducting title work and inspections, publishing and serving notices, and scheduling a sale to occur on or after expiration of that period; (v) finding cause to waive the fourteen (14)-day stay imposed by Bankruptcy Rule 4001(a)(4) and ordering that the Proposed Order shall be effective immediately upon entry; and (vi) granting related relief.

## BASIS FOR RELIEF

### A. The Automatic Stay Should Be Lifted

10. Bankruptcy Code section 362(d)(1) provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay … for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). "Cause" is a flexible concept evaluated under the totality of the circumstances, and relief is warranted where the balance of hardships supports permitting a secured creditor to proceed with state-law foreclosure remedies.

11. Here, cause exists to modify the automatic stay. Saperean holds a first-priority lien on and security interest in the Property, the Borrowers defaulted under the Loan Documents, Saperean commenced the State Court Case to enforce its remedies, and the Debtor has agreed through the Stipulation that Saperean should be permitted to proceed with foreclosure.

12. Additional cause exists because Saperean's asserted secured debt substantially exceeds the asserted value of the Property, the Borrowers have no apparent equity in the Property, the Property is already subject to a state-court receivership, and continued delay would risk further diminution in value and prejudice to Saperean and other stakeholders. The consensual nature of the requested relief, the existing receivership, and the need to permit continuation of foreclosure and receivership proceedings without further uncertainty or delay support waiver of the fourteen

(14)-day stay imposed by Bankruptcy Rule 4001(a)(4) and immediate effectiveness of the Proposed Order upon entry.

13. Bankruptcy Rule 4001(a)(4) provides that an order granting relief from the automatic stay is stayed until the expiration of fourteen (14) days after entry of the order unless the Court orders otherwise. Consistent with the agreement announced in open court and the attached order, cause exists for the Court to order otherwise because the requested relief is consensual, the Property is already in the possession of a state-court-appointed receiver, and immediate effectiveness is necessary to permit continuation of the existing foreclosure and receivership proceedings without further uncertainty or delay.

**B. The Proposed Order Should Be Binding and Not Subject to Collateral Delay**

14. The Proposed Order should provide that it is a final order upon entry and that the filing of a motion for reconsideration, notice of appeal, or request for stay pending appeal shall not toll or extend any agreed standstill period unless a court of competent jurisdiction actually enters an order staying the Proposed Order pending appeal. The agreed standstill period should not be extended, renewed, or tolled by negotiations, a proposed refinancing, a proposed sale, a plan or disclosure statement, conversion or dismissal of any bankruptcy case, appointment of a trustee or examiner, an appeal not accompanied by an actual stay pending appeal, or any other circumstance, absent Saperean's express written agreement and further order of this Court.

15. The Proposed Order should further be binding upon and inure to the benefit of Saperean, the Borrowers, the Debtor, and each of their successors, assigns, trustees, estates, and predecessors in interest. Conversion, dismissal, reinstatement, reopening, substantive consolidation, appointment of a trustee or examiner, or confirmation of a plan should not vacate, modify, reinstate, or impair the stay relief granted by the Proposed Order, and no later order concerning any receiver, cash collateral, financing, sale, plan, or other subject should be construed

to modify the Proposed Order unless the later order expressly identifies the Proposed Order and states that it modifies specified provisions with Saperean's written consent.

16. The agreement announced in open court also contemplated that YSA's consent to the agreed stay-relief order in the Borrowers' jointly administered cases was a material component of the overall resolution. Consistent with that agreement, the Proposed Order in this case should memorialize YSA's consent to termination, modification, and lifting of the automatic stay arising in this Chapter 11 Case with respect to all interests YSA holds or claims in the Property, so that Saperean may proceed with its rights and remedies as set forth herein and in the Proposed Order.

**NOTICE**

17. Notice of this Motion has been provided to all parties who, as of the filing of this Motion, have requested notice in this Chapter 11 Case pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Movants submit that no other or further notice is necessary.

18. No prior request for the relief sought herein has been made to this or any other court.

**CONCLUSION**

WHEREFORE, the Movants respectfully request that the Court enter the Proposed Order approving the Stipulation, terminating, modifying, and lifting the automatic stay to permit Saperean to proceed with all foreclosure and related in rem remedies concerning the Property without further application to or order of this Court, including title work, appraisals, inspections, notices, foreclosure sale scheduling, credit bidding, sale confirmation, deeds or other conveyance instruments, possession, enforcement of assignments of leases and rents, and continuation of the pending State Court receivership; providing that no further notice to the Debtor, motion, application, hearing, or order of this Court shall be required for Saperean to exercise those rights

and remedies; approving the agreement that the Borrowers, the Debtor, and their respective principals, owners, members, managers, authorized agents, successors, and assigns will not take or support any action whose purpose or reasonably foreseeable effect is to enjoin, restrain, stay, postpone, condition, impair, or otherwise interfere with Saperean's exercise of those rights; approving the agreement that Saperean shall not conduct or consummate a foreclosure sale of the Fairfax Property before the expiration of ninety (90) days following the fourteen (14)-day appeal period contained in Bankruptcy Rule 8002(a)(1), while preserving Saperean's ability during that period to continue foreclosure preparations and schedule any sale to occur after that period; providing that the Proposed Order is final and effective immediately upon entry, that the fourteen (14)-day stay imposed by Bankruptcy Rule 4001(a)(4) is waived, and that the agreed standstill period shall not be tolled or extended except by Saperean's written agreement and further order of this Court; providing that the Proposed Order is binding upon and inures to the benefit of Saperean, the Borrowers, the Debtor, and each of their successors, assigns, trustees, estates, and predecessors in interest; providing that conversion, dismissal, reinstatement, reopening, substantive consolidation, appointment of a trustee or examiner, or confirmation of a plan shall not vacate, modify, reinstate, or impair the stay relief granted by the Proposed Order; and granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Kiran A. Phansalkar*

Kiran A. Phansalkar, OBA #11470
Preston M. Sullivan, OBA #33619
McAfee & Taft A Professional Corporation
8th Floor, Two Leadership Square
211 N Robinson Ave
Oklahoma City, OK 73102-7103
Telephone: (405) 235-9621
Email: kiran.phansalkar@mcafeetaft.com
preston.sullivan@mcafeetaft.com
***Attorneys for Creditor Saperean Capital IV TB Note Lender KD4, LLC***

*/s/Jason A. Sansone*

Clayton D. Ketter, OBA No. 30611
Jason A. Sansone, OBA No. 30913
Nicholas J. Candido, OBA No. 36069
PHILLIPS MURRAH P.C.
424 N.W. 10th St., Suite 300
Oklahoma City, OK 73103
(405) 235-4100 – telephone
(405) 235-4133 – facsimile
cdketter@phillipsmurrah.com
jasansone@phillipsmurrah.com
njcandido@phillipsmurrah.com
***Proposed Attorneys for YSA Investments 1, LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2026, I electronically transmitted this filing to the Clerk of the Court using the ECF system for filing and transmittal of Notice of Electronic Service to the ECF registrants of record.

*/s/ Kiran A. Phansalkar*
Kiran A. Phansalkar