**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br>YSA INVESTMENTS 1, LLC,<br>Debtor. | Case No. 26-12806-SAH<br>Chapter 11 |

**DEBTOR'S APPLICATION TO EMPLOY MARSHALL & STEVENS INC. AS ACCOUNTANTS AND FINANCIAL ADVISORS, EFFECTIVE AS OF SEPTEMBER 18, 2026, AND NOTICE OF OPPORTUNITY FOR HEARING**

**NOTICE OF OPPORTUNITY FOR HEARING**

**Your rights may be affected. You should read this Document carefully and consult your attorney about your rights and the effect of this Document.** If you do not want the Court to grant the motion, or you wish to have your views considered, you must file a written response to the motion with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean McGee Avenue, Oklahoma City, OK 73102 no later than 14 days from the date of filing of the motion. You should also serve a file-stamped copy of the response to the undersigned [and others who are required to be served] and file a certificate or affidavit of service with the Court.

**[Note – this is a flat fourteen (14) days regardless of the manner of service.]**

Debtor, YSA Investments 1, LLC, (the "Debtor"), by and through its undersigned counsel, respectfully files this *Debtor's Application to Employ Marshall & Stevens as Accountants and Financial Advisors, Effective as of September 18, 2026* (the "Application"). In support thereof, the Debtor would show the Court as follows:

## JURISDICTION AND STATUTORY AUTHORITY

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. The statutory predicates for the relief requested are sections 327 and 328 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the Western District of Oklahoma.

## BACKGROUND

1. On July 28, 2026 (the "Petition Date"), the Debtor filed a voluntary petition with the United States Bankruptcy Court for the District of Delaware pursuant to Chapter 11 of the Bankruptcy Code.

2. On August 14, 2026, this case was transferred to this Court.

3. Pursuant to Bankruptcy Code sections 1107 and 1108, the Debtor has retained possession of its assets as a debtor in possession and is continuing to operate its business.

4. No trustee, examiner, or committee has been appointed in this Chapter 11 case.

5. The Debtor requires support in the form of financial advisory and accounting services in order to proceed to (i) prepare disclosures and reports required under the Bankruptcy Code and Bankruptcy Rules, (ii) analyze and structure a proposed plan, (iii) and evaluate asset value and prospective earnings capacity necessary to prepare a disclosure statement and confirm a plan.

6. Marshall & Stevens Inc. ("M+S") is a firm organized by professionals having experience with business/financial disclosures, valuation and feasibility matters. Specifically, David R. Payne, the Managing Director of M+S, has substantial experience with reporting, disclosure, and confirmation matters and has served in numerous expert witness capacities related to Chapter 11 bankruptcy matters.

**RELIEF REQUESTED AND BRIEF IN SUPPORT**

7. Pursuant to Bankruptcy Code sections 327(a) and 328(a) and Bankruptcy Rule 2014, the Debtor requests authority to employ and retain M+S as its accounts and financial advisors, effective as of September 18, 2026, in connection with the Debtor's Chapter 11 case.

8. In support of the Application, the Debtor submits the *Affidavit of David R. Payne in Support of Debtor's Application to Employ Marshall & Stevens as Accountants and Financial Advisors, Effective as of September 18, 2026* (the "Affidavit"), which is attached hereto as **Exhibit 1**. The Debtor incorporates by reference the facts set forth in the Affidavit as though fully set forth herein.

9. Bankruptcy Code section 327(a) authorizes a debtor in possession, with the Court's approval, to employ professionals "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). A "disinterested person" is defined as a person that:

> (A) is not a creditor, an equity security holder, or an insider;
>
> (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
>
> (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14). Bankruptcy Code section 328(a) provides for the employment of professional persons "on any reasonable terms and conditions of employment, including on a retainer . . . ." 11 U.S.C. § 328(a).

10. Given the size and complexity of the Debtor's estate, the Debtor has determined that the services of an accountant and financial advisor (together, "FA") for the Debtor will provide considerable benefit to the Debtor's ability to navigate the bankruptcy process.

11. M+S is well qualified to serve as FA. M+S has been a leader in the valuation and appraisal industry since its founding in 1932. M+S provides transaction advisory, valuation analyses, investigative accounting, and litigation support services to assist public and private clients with their important transactions and litigation matters. Mr. Payne has over 40 years of accounting, consulting, and valuation experience in both public and private industry. Mr. Payne has previously served as FA in other Chapter 11 proceedings.

12. M+S will provide the following services to the Debtor:

a. Direct and prepare financial reports for the Debtor including: (i) monthly operating reports; (ii) initial reports; and (iii) supplements to Schedules of Assets and Liabilities and Statement of Financial Affairs;

b. Prepare special and requested accounting and financial reports, analytical reports, transactional reports, tax support reports and/or retrospective investigative reports as requested by the Debtor and/or Debtor's counsel;

c. Prepare summaries and documents requested by the Debtor's counsel to assist with facts, data and evidential matters to present at court hearings and in contested matters;

d. Develop an enterprise-wide accounting general ledger system ("EW System") and obtain sufficient relevant source data to incorporate into the EW System;

e. Develop interface protocols and procedures to transmit and upload property accounting system data into the EW System;

f. Assist in preparation of projections, budgets and tracking reports as requested by the Debtor;

g. Attend meetings and hearings when appropriate to provide explanation and testify to financial and accounting matters; and

h. Provide other financial advisory and forensic accounting services as requested by the Debtor.

13. The Debtor has agreed to compensate M+S on an hourly basis in accordance with the following rates:

| | Rate |
|---|---|
| Managing Director/Director | $475-545 |
| Manager | $350-450 |
| Consultant | $235-345 |
| Staff | $175-225 |

14. M+S has requested an initial retainer of $25,000.00, to be provided by Interchange Claims Group LLC ("Interchange"), the sole member of the Debtor. No portion of the retainer has been used nor will be used to pay outstanding fees owed to M+S without approval of the Court.

15. M+S has further requested retainer fundings when the net retainer (after offset with chargeable time) reduces to $15,000.00. Any future retainer received by M+S in connection with this Chapter 11 bankruptcy case will be disclosed pursuant to the Bankruptcy Code and Bankruptcy Rules.

16. The Debtor believes that the proposed rates are reasonable.

17. The Debtor understands that M+S intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the United States Trustee, and further orders of this Court for all services incurred after the Petition Date until this case is closed.

18. Based on the Affidavit, the Debtor believes M+S is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14) and modified by Bankruptcy Code section

1107(b). M+S does not represent and does not hold any interest adverse to the Debtor's estate or its creditors in the matters upon which M+S is to be engaged, other than as set forth in the Affidavit.

**CONCLUSION**

WHEREFORE, for the reasons stated herein, the Debtor respectfully requests that this Court enter an order (1) approving the Debtor's employment of M+S as FA, effective as September 18, 2026; and (2) granting such other and further relief as the Court deems appropriate.

Respectfully submitted,

*/s/ Jason A. Sansone*

Clayton D. Ketter, OBA No. 30611
Jason A. Sansone, OBA No. 30913
Nicholas J. Candido, OBA No. 36069
PHILLIPS MURRAH P.C.
424 N.W. 10th St., Suite 300
Oklahoma City, OK 73103
(405) 235-4100 - telephone
(405) 235-4133 – facsimile
cdketter@phillipsmurrah.com
jasansone@phillipsmurrah.com
njcandido@phillipsmurrah.com
**Proposed Attorneys**
**for YSA Investments 1, LLC**

# EXHIBIT 1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br><br>YSA INVESTMENTS 1, LLC,<br><br>Debtor. | Case No. 26-12806-SAH<br>Chapter 11 |

**AFFIDAVIT OF DAVID R. PAYNE IN SUPPORT OF DEBTOR'S APPLICATION TO EMPLOY MARSHALL & STEVENS INC. AS ACCOUNTANTS AND FINANCIAL ADVISORS, EFFECTIVE AS OF SEPTEMBER 18, 2026**

STATE OF OKLAHOMA )
) SS:
COUNTY OF OKLAHOMA )

I, David R. Payne, being first duly sworn, on oath, state:

1. I am a managing director of Marshall & Stevens ("M+S") and a managing director of D. R. Payne & Associates, Inc. ("DRPA"), which is a wholly owned subsidiary of M+S. M+S maintains an office at 119 North Robinson, Suite 1250, Oklahoma City, Oklahoma 73102, and I am authorized to execute this affidavit (the "Affidavit").

2. I am familiar with the matters set forth herein and make this Affidavit pursuant to Federal Rules of Bankruptcy Procedure 2014 and 2016 and Bankruptcy Code section 329 in support of the *Debtor's Application to Employ Marshall & Stevens as Accountants and Financial Advisors, Effective as of September 18, 2026* (the "Application").

3. I anticipate that certain staff will assist with my proposed engagement as Accountants and Financial Advisor for YSA Investments 1, LLC (the "Debtor") as follows:

| | Rate |
|---|---|
| Managing Director/Director | $475-545 |
| Manager | $350-450 |
| Consultant | $235-345 |
| Staff | $175-225 |

4. M+S will provide the following services to the Debtor:

a. Direct and prepare financial reports for the Debtor including: (i) monthly operating reports; (ii) initial reports; and (iii) supplements to Schedules of Assets and Liabilities and Statement of Financial Affairs;

b. Prepare special and requested accounting and financial reports, analytical reports, transactional reports, tax support reports and/or retrospective investigative reports as requested by the Debtor and/or Debtor's counsel;

c. Prepare summaries and documents requested by the Debtor's counsel to assist with facts, data and evidential matters to present at court hearings and in contested matters;

d. Develop an enterprise-wide accounting general ledger system ("EW System") and obtain sufficient relevant source data to incorporate into the EW System;

e. Develop interface protocols and procedures to transmit and upload property accounting system data into the EW System;

f. Assist in preparation of projections, budgets and tracking reports as requested by the Debtor;

g. Attend meetings and hearings when appropriate to provide explanation and testify to financial and accounting matters; and

h. Provide other financial advisory and forensic accounting services as requested by the Debtor.

5. No promises have been received by M+S as to compensation or payment in connection with this case other than in accordance with the provisions of the Bankruptcy Code. M+S has no agreement with any other entity to share with such entity any compensation received by M+S in connection with this Chapter 11 case.

6. To the best of my knowledge, neither I nor anyone associated with M+S and/or DRPA has any relationship or affiliation with any secured creditors, postpetition lenders, significant unsecured lenders, equity holders, current or former officers, prospective buyers, or

investors. I do routinely serve as a restructuring professional and expert witness and have been retained in matters involving counsel representing various parties in this case.

7. In my capacity through DRPA and now through M+S, I have worked with and been involved in matters with certain counsel and law firms who are representing parties in the case. None of the matters in which, I, DRPA and M+S have worked with these law firms are related to this case. I am currently is serving as chief restructuring officer in a case styled *Paragon Industries, Inc.* (case no. 25-80433-PRT, E.D. OK) wherein the Phillips Murrah firm serves as debtor's counsel. Phillips Murrah also serves as my receiver's counsel in a matter styled *North Avenue Capital, LLC v. Dibble SWD Holdings, LLC, et al.* (case no. CJ-2024-270, McClain County, OK). I and DRPA have worked in unrelated commercial litigation matters with the GableGotwals firm. Previously, DRPA and I worked with Sansone Howell PLLC, Mr. Sansone's former firm.

8. To the best of my knowledge, neither I nor anyone associated with M+S and/or DRPA has any arrangement or involvement as a creditor, service provider or professional of any entity with which I or any affiliate has an alliance agreement, marketing agreement, joint venture, referral arrangement or similar agreement relating to the Debtor or the Debtor's case

9. Neither I nor M+S and DRPA have any connection with the U.S. Trustee's office; except for Ann M. Payne, a principal at DRPA, was previously employed at the Office of United States Trustee Region 20 (employment ceased 1992).

10. M+S has requested an initial retainer of $25,000.00, to be provided by Interchange Claims Group LLC ("Interchange"), the sole member of the Debtor. No portion of the retainer has been used nor will be used to pay outstanding fees owed to M+S without approval of the Court.

11. M+S has further requested retainer fundings when the net retainer (after offset with chargeable time) reduces to $15,000.00. Any future retainer received by M+S in connection with this Chapter 11 bankruptcy case will be disclosed pursuant to the Bankruptcy Code and Bankruptcy Rules.

12. It is my understanding that there was no loan from Interchange to the Debtor, and in fact Interchange made a capital contribution for the benefit of the Debtor.

13. It is my understanding that the retainer of M+S is property of the Debtor, and no one else other than the Debtor, including Interchange, can withdraw or assert control over the retainer.

14. Neither I, M+S and/or DRPA, nor associated staff have any simultaneous or prospective engagements that may pose a conflict or adverse interest to the proposed role for the Debtor.

15. Of course, if I, M+S and/or DRPA become aware of a situation in which we believe a conflict of interest relates to the representation that cannot be waived, M+S will promptly take such action as is necessary after consultation with Debtor to eliminate such conflict of interest.

16. No unpaid balance for any prepetition services is owed by the Debtor to myself, M+S and/or DRPA.

FURTHER AFFIANT SAYETH NOT.

David R. Payne

Subscribed and sworn to before me this 18th day of September, 2026.

Notary Public, Commission No. 06006709

My Commission Expires:

7/12/30

[SEAL]

ROZETTA A. BISHOP
NOTARY
# 06006709
EXP. 07/12/30
PUBLIC
STATE OF OKLAHOMA