Joyce W. Lindauer
Texas State Bar No. 21555700
Lindauer & Vaughn
117 S. Dallas Street
Ennis, Texas 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Remington Ranch's
Best Living, LLC; Barcelona
Best Living, LLC; Louis
Investments, LLC and Certain
Non-Debtor Apartment Projects

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**OKLAHOMA CITY DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **YSA INVESTMENTS 1, LLC,** | § | **CASE NO. 26-12806-sah-11** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

**<u>NOTICE OF NON-COMPLIANCE REGARDING INSURANCE PRODUCTION</u>**

**TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:**

COME NOW Remington Ranch's Best Living, LLC, Barcelona Best Living, LLC, Louis Investments, LLC and Certain Non-Debtor Apartment Projects (collectively, "Respondents"), by and through their undersigned counsel, and file this Notice of Non-Compliance Regarding Insurance Production. Based on the insurance materials produced to date and the review provided to Respondents, the production does not demonstrate complete insurance coverage for the property portfolio and omits material information necessary to evaluate coverage. Respondents respectfully state as follows:

## I. INSURANCE PRODUCTION REMAINS INCOMPLETE

1. The materials produced to date demonstrate that only seven (7) of thirty-one (31) properties are scheduled. The remaining twenty-four (24) properties represent approximately $539.3 million, or 70.5%, of the Debtor's sworn real-property value, and the production does not demonstrate coverage for those properties.

2. The $10 million primary property policy has not been produced. The excess policies reviewed do not "drop down" to provide primary coverage. Accordingly, the documents produced do not demonstrate coverage for losses below $10 million, including at the seven properties shown on the schedules.

3. No proof of premium payment has been produced. The insurance review estimates that the missing primary coverage could account for approximately $1 million in premiums; however, that figure is an estimate based in part on market benchmarks rather than the Debtor's records.

## II. NAMED INSUREDS AND COVERAGE CONDITIONS REQUIRE CLARIFICATION

4. The property-owning entities are not identified as named insureds in the materials reviewed. Instead, the policies identify YSA Investments 1, LLC, and Interchange Claims Group LLC also appears within the insurance and loss-payment structure. The production therefore does not establish that the entities holding title to the properties are insured under the policies produced.

5. The policies also contain provisions concerning outstanding or unrepaired damage and a no-known-loss requirement. No loss runs, underwriting submission, or evidence of waiver of those provisions was produced, preventing Respondents from determining whether those provisions affect available coverage.

6. The materials reflect a September 1, 2026 coverage inception date, while possession was taken on or about July 20, 2026. The production therefore does not demonstrate insurance coverage for the approximately six-week period between those dates.

## III. NOTICE OF NON-COMPLIANCE

7. Taken together, the materials produced do not demonstrate complete insurance coverage for the portfolio. In particular, the production does not include the primary property policy, proof of payment, schedules demonstrating coverage for twenty-four properties, or

sufficient documentation to establish coverage for the title-holding entities and the period beginning July 20, 2026.

8. Respondents recognize that several key documents have not been provided and therefore do not contend, based solely on the present production, that insurance coverage does not exist. Rather, Respondents give notice that the production presently provided is incomplete and does not establish compliance as to the insurance issues identified above.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Respondents respectfully request that the Court take notice of the foregoing deficiencies; require the production of the missing insurance documents and information necessary to demonstrate complete coverage and payment; require clarification or cure of the identified coverage deficiencies; and grant Respondents such other and further relief as the Court deems just and proper.

Dated: September 21, 2026.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
Texas State Bar No. 21555700
Lindauer & Vaughn
117 S. Dallas Street
Ennis, Texas 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Remington Ranch's
Best Living, LLC; Barcelona
Best Living, LLC; Louis
Investments, LLC and Certain
Non-Debtor Apartment Projects

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2026, a true and correct copy of the foregoing document was served via email through the Court's CM/ECF system upon all parties receiving electronic notice in this case.

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer