**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **In re:** | ) | |
| **YSA INVESTMENTS 1, LLC,** | ) | **Case No. 26-12806-SAH** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |

**GENERAL HOLDING, LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
**COMBINED WITH NOTICE OF OPPORTUNITY FOR HEARING AND BRIEF IN SUPPORT**

**NOTICE OF OPPORTUNITY FOR HEARING**

Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document. If you do not want the Court to grant the motion, or you wish to have your views considered, you must file a written response to the motion with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102, no later than fourteen (14) days from the date of filing of the motion. You should also serve a file-stamped copy of the response on the undersigned and on others who are required to be served, and file a certificate or affidavit of service with the Court. This is a flat fourteen (14) days regardless of the manner of service.

General Holding, LLC ("General" or "Movant") moves for relief from the automatic stay to the extent necessary to permit General to pursue its state court litigation against Marc Kulick ("Kulick") and Vesta Holdings LLC ("Vesta") in the District Court of Tulsa County, Oklahoma, Case No. CJ-2025-05786, styled *General Holding, LLC v. Vesta Holdings LLC and Marc Kulick* (the "State Court Action"). The debtor, YSA Investments 1, LLC ("YSA" or the "Debtor"), is not a party to the State Court Action, and no relief is sought by General against YSA in the State Court Action. In support of this Motion, General respectfully represents the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (G). General consents to the entry by the bankruptcy court of final orders and judgment regarding the matters that are the subject of this Motion.

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicate for the relief requested herein are section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure.

## PROCEDURAL BACKGROUND

4. This case was commenced by the filing of a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code on July 28, 2026.

5. The Debtor, YSA, is not a party to the State Court Action, and General does not seek any relief against YSA in the State Court Action.

## FACTUAL BACKGROUND

6. On October 29, 2024, Vesta and Kulick executed a Promissory Note in favor of General in the original principal amount of Five Hundred Thousand Dollars ($500,000) (the "Note"). *See* Note attached hereto as Exhibit 1.

7. As security for the Note, on October 29, 2024, Vesta and Kulick executed a Collateral Pledge and Security Agreement pledging membership interests in numerous limited liability companies. *See* Collateral Pledge and Security Agreement attached hereto as Exhibit 2.

8. Kulick also executed an All-Assets Security Agreement dated December 2025, granting General a security interest in all of Kulick's personal property, including all accounts, instruments, documents, chattel paper, commercial tort claims, deposit accounts, investment property, and all proceeds

and products thereof, to secure all of Kulick's present and future obligations to General, including all amounts owed under the Note; General perfected that security interest by filing a UCC financing statement on December 10, 2025. *See* All-Assets Security Agreement attached hereto as Exhibit 3.

9. In addition, Kulick executed unlimited Personal Guarantee, under which he personally, unconditionally, and irrevocably guaranteed the full and prompt payment of the indebtedness as a primary obligor, jointly and severally with the Borrower. *See* Personal Guaranty attached as Exhibit 4.

10. Vesta and Kulick defaulted on their obligations under the Note and the related agreements, and Kulick has failed to answer the Petition despite personal service.

11. On December 12, 2025, General commenced the State Court Action against Vesta and Kulick, seeking a money judgment and enforcement of its security interests.

12. On January 30, 2026, General filed a motion for summary judgment in the State Court Action seeking a money judgment of $873,651.66, together with attorneys' fees and costs, and replevin of the collateral.

13. Neither Vesta nor Kulick is a debtor in this or any other bankruptcy case. To the extent it is contended that the automatic stay in the Debtor's case applies to the State Court Action, General brings this Motion out of an abundance of caution.

## ARGUMENT AND AUTHORITIES

### I. THE AUTOMATIC STAY DOES NOT APPLY TO THE STATE COURT ACTION BECAUSE IT IS AN ACTION AGAINST NON-DEBTORS.

By its terms, the automatic stay under section 362(a)(1) of the Bankruptcy Code applies only to the commencement or continuation of an action or proceeding "against the debtor." 11 U.SC. § 362; *Dixie Aire Title Servs., Inc. v. SPW, L.L.C.,* 389 B.R. 222, 225 (W.D. Okla. 2008)) The Debtor in this case is YSA. The State Court Action is brought solely against Vesta and Kulick, neither of whom is a debtor, and YSA is not a party to it.

The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws, and it exists to give the debtor a breathing spell from its creditors. As the court recognized in *Dixie Aire Title Services, Inc.* quoting the Tenth Circuit, "[i]t would make no sense to extend the automatic stay protections to solvent co-defendants." *Id.* The stay therefore does not protect non-debtor guarantors or co-defendants such as Kulick and Vesta.

The narrow exception under which a stay may be extended to a non-debtor applies only where “there is such an identity between the debtor and the non-debtor parties, that the debtor may be said to be the real party defendant and that a judgment against the non-debtor defendant will in effect be a judgment or finding against the debtor." *Id.* (internal citations omitted). No such identity exists here. Kulick is independently liable to General as guarantor and primary obligor, and any judgment against Kulick or Vesta in the State Court Action would not be, in effect, a judgment against YSA.

## II. ALTERNATIVELY, CAUSE EXISTS UNDER SECTION 362(d)(1) TO GRANT RELIEF FROM THE STAY.

To the extent the automatic stay is deemed to apply to the State Court Action, cause exists under section 362(d)(1) of the Bankruptcy Code to grant relief. Section 362(d)(1) provides that, on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay "(1) for cause, including the lack of adequate protection of an interest in property of such party in interest…." 11 U.S.C. 362(d)(1).

A party moving to lift the stay under section 362(d)(1) must initially produce evidence establishing cause, and once the movant establishes a prima facie case, the burden shifts to the party opposing relief. *In re Project Orange Assocs., LLC,* 432 B.R. 89, 103 (Bankr. S.D.N.Y. 2010). Cause is an intentionally broad and flexible concept, and Congress recognized that whether relief would permit pending litigation to continue in a non-bankruptcy forum is a factor in the analysis, as it is often appropriate to permit proceedings to continue in their place of origin where no great prejudice to the estate would result. *Id.*

In determining whether cause exists to lift the stay to permit litigation to proceed in another forum, courts consider the following factors:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether the movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) the impact of the stay on the parties and the balance of harms.

*Id.* at 104. "A court need only apply the factors relevant to the particular case and need not give each factor equal weight." *Id.*

Here, the relevant factors weigh heavily in favor of relief, or are irrelevant, for one principal reason: YSA is not a party to the State Court Action. The State Court Action primarily involves third parties; it has no connection with, and its continuation will not interfere with, the Debtor's Chapter 11 case, because General seeks to recover from Kulick and Vesta, not from YSA or property of the Debtor's estate; permitting the State Court Action to proceed to judgment, where General's motion for summary judgment is already pending, serves the interests of judicial economy and the expeditious and economical resolution of the litigation; and the balance of harms favors General. Even assuming the stay applies, it should not be used as a vehicle to prevent General from obtaining and enforcing a judgment against Kulick and Vesta in an action to which YSA is not even a party.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, General Holding, LLC respectfully requests that this Court enter an order granting relief from the automatic stay to the extent required to permit General to

pursue and enforce a judgment against Marc Kulick and Vesta Holdings LLC in the State Court Action, and granting such other and further relief as is just and proper.

Respectfully submitted,

*s/ Lysbeth L. George*

Lysbeth George, OBA #30562
LIZ GEORGE AND ASSOCIATES, PLLC,
8101 S. Walker, Ste. F
Oklahoma, OK 73139
Telephone: (405) 689-5502
Facsimile: (405) 689-5502
liz@georgelawok.com

ATTORNEY FOR GENERAL HOLDING, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument has been served electronically via the Court's ECF noticing system on those parties who receive notice from that system and mailed to all parties listed on the attached mailing matrix on the 22nd day of September, 2026.

/s/ *Lysbeth L. George*