# ALL-ASSETS SECURITY AGREEMENT

This **SECURITY AGREEMENT** ("Agreement") is entered into as of the ___ day of December, 2025 by and between:

**Debtor:**

Marc Kulick 4920 E. 113th Street, Tulsa, OK 74137

**Secured Party:**

General Holding, LLC, with a mailing address of 231 Central Avenue, 3rd Fl, White Plains, NY 10606.

Debtor and Secured Party are sometimes referred to individually as a "Party" and collectively as the "Parties."

## 1. Grant of Security Interest

"Collateral" means the collateral in which the Secured Party is granted a security interest by this Agreement and which shall include the following personal property of the Debtor, whether presently owned or existing or hereafter acquired or coming into existence, wherever situated, and all additions and accessions thereto and all substitutions and replacements thereof, and all proceeds, products and accounts thereof, including, without limitation, all proceeds from the sale or transfer of the Collateral and of insurance covering the same and of any tort claims in connection therewith, and all dividends, interest, cash, notes, securities, equity interest or other property at any time and from time to time acquired:

**1.1 All Assets:**
All assets of Marc Kulick, including, but not limited to:

- **a.** All accounts, together with all instruments, all documents of title representing any of the foregoing, all rights in any merchandising, goods, equipment, motor vehicles and trucks which any of the same may represent, and all right, title, security and guaranties with respect to each account, including any right of stoppage in transit;
- **b.** All documents, letter-of-credit rights, instruments and chattel paper;
- **c.** All commercial tort claims;
- **d.** All deposit accounts and all cash (whether or not deposited in such deposit accounts);
- **e.** All investment property;
- **f.** All supporting obligations; and

g. All files, records, books of account, business papers, and computer programs; and

h. the products and proceeds of all of the foregoing Collateral set forth in clauses a-g above

**2. Obligations Secured**

The Collateral secures all present and future **debts, liabilities, and obligations** of Debtor to Secured Party of any nature whatsoever (the "Obligations"), including without limitation:

a. All amounts owed under the Promissory Note as reflected in the updated Payment Agreement.
b. All extensions, renewals, modifications, interest, fees, and costs;
c. All reasonable attorneys' fees and expenses incurred by Secured Party in enforcing this Agreement.

**3. Debtor's Representations and Warranties**

Debtor represents and warrants that:

a. It is duly organized and authorized to enter into this Agreement;
b. It has rights in the Collateral sufficient to grant this security interest;
c. The Collateral is free of other security interests;
d. Debtor's name, type of entity, and jurisdiction of organization listed above are accurate and complete.

**4. Covenants**

Debtor agrees to:

a. **Maintain Collateral** in good condition and not dispose of it outside the ordinary course of business;
b. **Not create additional liens** on the Collateral without Secured Party's consent;
c. **Provide access** to inspect the Collateral upon reasonable notice;
d. **Maintain insurance** on Collateral naming Secured Party as loss payee;
e. **Notify Secured Party** of changes to legal name, location, or organizational structure at least 30 days prior.

**5. Perfection of Security Interest**

Debtor authorizes Secured Party to:

a. File **UCC financing statements** or equivalent filings in all required jurisdictions;
b. File amendments or continuations as Secured Party deems necessary;
c. Take possession of tangible Collateral or control of deposit/investment accounts if required for priority.

**6. Default**

A "Default" occurs if:

a. Debtor fails to make the first or second payment in the newly executed Payment Agreement when due;
b. Debtor breaches any term of this Agreement;
c. Debtor becomes insolvent, enters bankruptcy, or a receiver is appointed;



EXHIBIT E

**d.** Any representation by Debtor is materially false.

**e.** Upon Default, Secured Party may exercise any rights available under applicable law, including:

i. Taking possession of the Collateral;
ii. Collecting accounts directly from account debtors;
iii. Foreclosing or disposing of the Collateral;
iv. Applying proceeds to the Obligations.

**7. Application of Proceeds**

Proceeds from the Collateral shall be applied:

**a.** First, to costs and expenses of enforcement;
**b.** Second, to accrued interest;
**c.** Third, to principal;
**d.** Fourth, to any remaining Obligations;
**e.** Any surplus shall be returned to Debtor as required by law.

**8. Miscellaneous**

**8.1 Governing Law.** This Agreement is governed by the laws of the State of Oklahoma.
**8.2 Amendments.** Must be in writing and signed by both Parties.
**8.3 Successors and Assigns.** Binding on successors; Debtor may not assign rights without consent.
**8.4 Counterparts.** May be executed electronically and in counterparts.
**8.5 Severability.** Invalid provisions do not affect the remainder.

**Debtor:**

Marc Kulick
______________________
Marc Kulick
Date: ______________________

**Secured Party:**
By: Brandon Yonner (signature)
Name: Brandon Yonner
Title: General Manager
Date: 12/11/2025

**Signature:** Marc Kulick

**Email:** marc@vestarealproperty.com

[redacted]

2025121002126041
12/10/2025 03:40:11 PM Pgs: 2
Fee: $10.00
Maressa Treat, County Clerk
Oklahoma County - State of Oklahoma

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT SUBMITTER (optional)
Liz George & Associates (405) 689-5502

B. E-MAIL CONTACT AT SUBMITTER (optional)
liz@georgelawok.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

Liz George & Associates
8101 S Walker Ave, Ste F
Oklahoma City, OK 73139

SEE BELOW FOR SECURED PARTY CONTACT INFORMATION

Print | Reset

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | | | | |
|---|---|---|---|---|
| 1a. ORGANIZATION'S NAME | | | | |
| OR 1b. INDIVIDUAL'S SURNAME<br>Kulick | FIRST PERSONAL NAME<br>Marc | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS<br>4920 E. 113th St. | CITY<br>Tulsa | STATE<br>OK | POSTAL CODE<br>74137 | COUNTRY<br>USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | | | | |
|---|---|---|---|---|
| 2a. ORGANIZATION'S NAME | | | | |
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| | | | | |
|---|---|---|---|---|
| 3a. ORGANIZATION'S NAME<br>General Holdings, LLC | | | | |
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS<br>231 Central Avenue, 3rd FL | CITY<br>White Plains | STATE<br>NY | POSTAL CODE<br>10606 | COUNTRY<br>USA |

4. COLLATERAL: This financing statement covers the following collateral:

All assets of Debtor including, but not limited to: All accounts, together with all instruments, all documents of title representing any of the foregoing, all rights in any merchandising, goods, equipment, motor vehicles and trucks, and all right, title, security and guaranties with respect to each account, including any right of stoppage in transit; All documents, letter-of-credit rights, instruments and chattel paper; All commercial tort claims; All deposit accounts and all cash; All investment property; All supporting obligations; and All files, records, books of account, business papers, and computer programs; and the products and proceeds of all of the foregoing Collateral; all additions and accessions thereto and all substitutions and replacements thereof, and all proceeds, products and accounts thereof, including all proceeds from the sale or transfer of the Collateral and of insurance and of any tort claims and all dividends, interest, cash, notes, securities, equity interest or other property at any time and from time to time acquired

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box: ☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box: ☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:



EXHIBIT F