Joyce W. Lindauer
Texas State Bar No. 21555700
Lindauer & Vaughn
117 S. Dallas Street
Ennis, Texas 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Fairfax Best
Living, LLC and Woodland Oaks
Best Living, LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
OKLAHOMA CITY DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **YSA INVESTMENTS 1, LLC,** | § | **CASE NO. 26-12806-sah-11** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

**OBJECTION TO DEBTOR'S APPLICATION TO EMPLOY MARSHALL & STEVENS INC. AS ACCOUNTANTS AND FINANCIAL ADVISORS, EFFECTIVE AS OF SEPTEMBER 18, 2026
[Relates to Docket No. 378]**

**TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:**

COME NOW, Fairfax Best Living, LLC ("Fairfax") and Woodland Oaks Best Living, LLC ("Woodland Oaks Best"), parties-in-interest in the above-entitled and numbered case (the "Objecting Parties"), and file this Objection to Debtor's Application to Employ Marshall & Stevens Inc. as Accountants and Financial Advisors, Effective as of September 18, 2026 [Dkt. No. 378] (the "Application"), and respectfully show the Court as follows:

## I. BACKGROUND

1. On September 18, 2026, YSA Investments 1, LLC (the "Debtor") filed the Application seeking authority to employ Marshall & Stevens Inc. ("M+S") as accountants and financial advisors pursuant to sections 327(a) and 328(a) of the Bankruptcy Code.

2. Section 327(a) requires that professionals employed by a debtor in possession not hold or represent an interest adverse to the estate and be disinterested persons.

3. The Application proposes a broad engagement under which M+S would prepare financial reports, assist with schedules and statements, develop an enterprise-wide accounting general ledger system, prepare projections and budgets, provide forensic accounting services, and assist Debtor's counsel in contested matters and hearings.

4. The Affidavit of David R. Payne submitted in support of the Application discloses ongoing professional relationships between Mr. Payne and Phillips Murrah P.C. ("Phillips Murrah"), the Debtor's proposed bankruptcy counsel. Specifically, Mr. Payne states that he is currently serving as chief restructuring officer in Paragon Industries, Inc., Case No. 25-80433-PRT (E.D. Okla.), where Phillips Murrah serves as debtor's counsel.

5. Mr. Payne further discloses that Phillips Murrah serves as his receiver's counsel in North Avenue Capital, LLC v. Dibble SWD Holdings, LLC, et al., Case No. CJ-2024-270, pending in McClain County, Oklahoma, and that he and D. R. Payne & Associates, Inc. previously worked with Sansone Howell PLLC, Mr. Sansone's former firm.

6. The Objecting Parties respectfully submit that these disclosed relationships, when considered together with the breadth of M+S's proposed duties and its anticipated work at the direction of Debtor's counsel, warrant further disclosure and scrutiny before the Application is approved.

7. The Objecting Parties further submit that the proposed compensation and retainer arrangement should be examined in light of the scope of the engagement and the estate's administrative expenses.

## II. OBJECTION

### A. M+S's Ongoing Professional Relationships with Debtor's Proposed Counsel Require Further Scrutiny.

8. The relationships disclosed by Mr. Payne are current and ongoing, not merely historical or incidental.

9. Mr. Payne is presently serving as chief restructuring officer in another bankruptcy case in which Phillips Murrah serves as debtor's counsel.

10. Phillips Murrah also presently serves as Mr. Payne's receiver's counsel in separate state-court litigation.

11. In this case, M+S proposes to work closely with Debtor's counsel, including preparing summaries and documents for use in contested matters, attending hearings, providing testimony, and performing forensic accounting services at the request of the Debtor and/or Debtor's counsel.

12. Given these overlapping professional relationships, additional disclosure is appropriate so that the Court and parties in interest can evaluate whether M+S can exercise independent professional judgment solely for the benefit of the Debtor and its estate.

13. The Objecting Parties do not contend that every professional relationship with Debtor's counsel is disqualifying. Rather, the nature, scope, financial significance, and current status of these relationships should be fully disclosed before the Court determines whether the requirements of section 327(a) are satisfied.

### B. The Scope of M+S's Proposed Engagement Magnifies the Need for Independence and Full Disclosure.

14. The Application seeks authority for M+S to perform a substantial and wide-ranging role in the administration of this Chapter 11 case.

15. Among other services, M+S proposes to prepare monthly operating and other financial reports; supplement schedules and statements; prepare analytical, transactional, tax-support, and retrospective investigative reports; develop an enterprise-wide general ledger system; assist with projections and budgets; and provide financial advisory and forensic accounting services.

16. M+S may also prepare materials for contested matters and testify concerning financial and accounting issues.

17. These responsibilities may require M+S to analyze transactions, financial records, management conduct, affiliate relationships, and disputed facts that may be material to creditors and other parties in interest.

18. Because M+S may be called upon to perform investigative and forensic functions and to provide evidence in contested matters, its independence from the professionals directing or relying upon that work is particularly important.

19. The Court should therefore have a complete record regarding M+S's relationships with Phillips Murrah and other professionals before authorizing the engagement.

**C. The Existing Disclosures Are Insufficient to Fully Evaluate the Connections Disclosed by M+S.**

20. Although Mr. Payne identifies two current matters involving Phillips Murrah, the Affidavit provides limited information regarding those engagements.

21. The Affidavit does not disclose the duration or financial significance of those relationships, the extent to which Mr. Payne and Phillips Murrah work together in those matters, whether M+S or DRPA receives compensation in connection with work coordinated with Phillips Murrah, or whether additional current or recent engagements exist involving Phillips Murrah attorneys.

22. Nor does the Affidavit explain what procedures, if any, M+S will employ in this case to preserve independent judgment where its work is requested by, coordinated with, or used by Phillips Murrah.

23. Rule 2014 requires disclosure of the professional's connections with the debtor, creditors, other parties in interest, their respective attorneys and accountants, the United States Trustee, and persons employed by the United States Trustee.

24. The Objecting Parties respectfully submit that fuller disclosure of the ongoing relationships identified in the Affidavit is appropriate before employment is approved.

**D. The Proposed Compensation and Retainer Arrangement Warrants Review.**

25. The Application proposes hourly rates ranging from $175.00 to $545.00 and an initial $25,000.00 retainer to be funded by Interchange Claims Group LLC ("Interchange"), the Debtor's sole member.

26. M+S further requests additional retainer funding whenever the net retainer, after offset with chargeable time, is reduced to $15,000.00.

27. Although the Affidavit states that Interchange's payment is a capital contribution for the benefit of the Debtor and that the retainer is property of the Debtor, the proposed replenishment mechanism may result in continuing administrative expense as the case proceeds.

28. Given the breadth of the proposed engagement, the Court and creditors should be provided sufficient information to evaluate the anticipated scope, staffing, division of responsibilities, and likely cost of M+S's services.

29. The Objecting Parties respectfully request that any order approving employment make clear that all compensation and reimbursement remain subject to applicable fee-application requirements, review for reasonableness, and objection by parties in interest.

**E. Potential Duplication of Professional Services Should Be Addressed.**

30. Several proposed services—including preparation of reports, schedules and statements, projections, budgets, hearing materials, and support in contested matters—may overlap with work performed by Debtor personnel, property-level accountants, counsel, or other retained professionals.

31. The Application does not identify with specificity how responsibilities will be divided among M+S, Debtor personnel, Debtor's counsel, and any other accounting or financial professionals.

32. Without appropriate delineation of duties, there is a risk of duplicative professional fees being charged to the estate.

33. Any approval should therefore require M+S to avoid duplication of services and to maintain sufficiently detailed time records identifying the professional performing each task, the purpose of the work, and the party requesting it.

**F. Supplemental Disclosures Should Be Required Before Employment Is Approved.**

34. At a minimum, M+S should be required to supplement its disclosures concerning:

a. the nature, duration, and current status of Mr. Payne's and M+S/DRPA's professional relationships with Phillips Murrah;

b. the financial significance of the Paragon Industries and North Avenue Capital/Dibble engagements to Mr. Payne, M+S, and/or DRPA;

c. whether M+S, DRPA, or Mr. Payne has any other current or recent engagements involving Phillips Murrah, its attorneys, or entities represented by Phillips Murrah;

d. the anticipated division of responsibilities between M+S, Debtor personnel, Debtor's counsel, and other professionals;

e. the procedures M+S will use to preserve independent professional judgment in performing investigative, forensic, and contested-matter work;

f. the anticipated staffing and expected cost of the engagement; and

g. the terms and source of any future replenishment of the proposed retainer.

35. Until these issues are fully disclosed and evaluated, the Debtor has not sufficiently demonstrated that the proposed employment should be approved on the terms requested.

## III. ALTERNATIVE RELIEF

36. Alternatively, if the Court does not deny the Application, the Objecting Parties respectfully request that approval be deferred pending supplemental disclosures and an opportunity for parties in interest to evaluate and respond to those disclosures.

37. The Court should further consider whether any employment of M+S should be subject to express safeguards requiring independence, avoidance of duplicative services, detailed timekeeping, and prior Court approval of compensation and reimbursement.

38. Any approval should remain subject to continuing disclosure obligations and further review if additional connections, conflicts, or duplicative services are discovered.

## IV. RESERVATION OF RIGHTS

39. The Objecting Parties reserve all rights concerning M+S's employment, disinterestedness, connections, compensation, disclosures, scope of services, and continued eligibility to serve as a professional for the Debtor.

40. Nothing contained herein shall constitute consent to M+S's employment or compensation or a waiver of any right to challenge future fees, services, connections, conflicts, duplication, or other matters concerning M+S's engagement.

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, Fairfax Best Living, LLC and Woodland Oaks Best Living, LLC respectfully request that the Court deny Debtor's Application to Employ Marshall & Stevens Inc. as Accountants and Financial Advisors, Effective as of September 18,

2026 [Dkt. No. 378]; alternatively, defer approval pending complete supplemental disclosures and further hearing; impose appropriate limitations and safeguards upon any employment authorized by the Court; and grant the Objecting Parties such other and further relief, at law or in equity, to which they may be justly entitled.

Dated: September 23, 2026.

Respectfully submitted,

/s/ Joyce W. Lindauer
Joyce W. Lindauer
Texas State Bar No. 21555700
Lindauer & Vaughn
117 S. Dallas Street
Ennis, Texas 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Fairfax Best Living, LLC and
Woodland Oaks Best Living, LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 23, 2026, a true and correct copy of the foregoing document was served via email through the Court's ECF system upon those parties receiving electronic notice in this case.

/s/ Joyce W. Lindauer
Joyce W. Lindauer