**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

In re:

YSA INVESTMENTS 1, LLC,

Debtor.

Case No. 26-12806-SAH
Chapter 11

**CORRECTED DEBTOR'S EXPEDITED MOTION FOR ENTRY OF ORDER (I) APPROVING BID PROCEDURES IN CONNECTION WITH THE SALE OF THE DEBTOR'S INTERESTS IN THE 727 LOFTS PROPERTY; (II) AUTHORIZING AND APPROVING THE SALE OF DEBTOR'S INTERESTS IN THE 727 LOFTS PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES (III) GRANTING RELATED RELIEF, WITH BRIEF IN SUPPORT, AND NOTICE OF OPPURTUNITY FOR HEARING AND NOTICE OF HEARING**

**NOTICE OF OPPORTUNITY FOR HEARING**

**Your rights may be affected. You should read this Document carefully and consult your attorney about your rights and the effect of this Document.** If you do not want the Court to grant the motion, or you wish to have your views considered, you must file a written response to the motion with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean McGee Avenue, Oklahoma City, OK 73102 no later than Friday, October 2, 2026. You should also serve a file-stamped copy of the response to the undersigned [and others who are required to be served] and file a certificate or affidavit of service with the Court.

**NOTICE OF HEARING**
**(TO BE HELD IF A RESPONSE IS FILED)**

Notice is hereby given that if a response to the Application is Filed, the hearing on the matter will be held on Thursday, October 8, 2026, at 10:00AM prevailing Central Time, before the Honorable Judge Sarah Hall, U.S. Bankruptcy Court Western District of Oklahoma, to be conducted by Microsoft Teams. If no response is timely filed and the court grants the requested relief prior to the above-referenced hearing date, the hearing will be stricken from the docket of the Court.

Debtor, YSA Investments 1, LLC (the "Debtor"), by and through its undersigned counsel, file this its *Expedited Motion for Entry of an Order (I) Approving Bid Procedures in Connection with the Sale of the Debtor's Interests in the 727 Lofts Property, (II) Authorizing and Approving the Sale of*

*Debtor's Property Free and Clear of Liens, Claims and Encumbrances and (III) Granting Related Relief* (the "Sale Motion" or "Motion")[1] and, in support thereof, respectfully states as follows:

## PRELIMINARY STATEMENT

1. YSA Investments 1, LLC (the "Debtor") seeks to sell its in real property located at 727 E. Main Place, Jenks, Oklahoma 74037 improved by a multi-building apartment complex known as the 727 Lofts Apartments, and the personal property associated with it (the "727 Lofts Property"), under section 363 of the Bankruptcy Code. The Debtor's primary secured lender, ACRE Q018 Retention Holder LLC ("ACRE" or the "Lender") holds a first-lien Deed of Trust on the 727 Lofts Property and asserts a claim of $16,704,064.06 as of the petition date plus accruing post-petition rate at the default rate and post-petition reasonable attorneys' fees (the "Claim").

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Western District of Oklahoma (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), which may be heard and finally determined by this Court. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This Motion seeks relief pursuant to sections 105(a), 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1] There is a dispute between Debtor and 727 Lofts Best Living, LLC as to ownership of the Property. Similar motions are being filed in *In re 727 Best Living, LLC*, U.S. Bankruptcy Court, Western District of Oklahoma, Case No. 26-1285-SAH to establish the same timeline for the sale of the 727 Lofts Property with the respective parties' claims to ownership attaching to excess proceeds, if any, after payment of the Claim.

## BACKGROUND

4. On July 28, 2026 (the "Petition Date"), the Debtor filed a voluntary petition with the United States Bankruptcy Court for the District of Delaware pursuant to Chapter 11 of the Bankruptcy Code.

5. On August 14, 2026, this case was transferred to this Court.

6. Pursuant to Bankruptcy Code sections 1107 and 1108, the Debtor has retained possession of its assets as a debtor in possession and is continuing to operate its business.

7. No trustee, examiner, or committee has been appointed in this Chapter 11 case.

8. On September 21, 2026, the Debtor filed its *Motion Pursuant to Fed. R. Bankr. Pro. 9019 for Approval of Settlement Agreement Between the Debtor and ACRE Q018 Retention Holder LLC* (the "Settlement Motion"). Under the Settlement Motion, the Debtor will sell its interests in the 727 Lofts Property along with the interests of 727 Lofts Best Living, LLC in the 727 Lofts Property at an auction to be conducted pursuant to the Bid Procedures described herein. At the auction, ACRE shall have the right to credit bid its Claim at the amount of $17,800,000.00 (the "Credit Bid"). Should the Successful Bidder not be the Lender, the sale proceeds will first be applied to payment of the Lender in an amount equal to the Credit Bid, then to other creditors as later determined by the Court.

9. Therefore, the Debtor seeks to sell its interest in the 727 Lofts Property under section 363 of the Bankruptcy Code (the "363 Sale" or "Sale") and use the proceeds to pay Lender.

## BID PROCEDURES

10. The Debtor has prepared a comprehensive set of procedures for soliciting bids on the Property, which is set forth in **Exhibit 1** attached hereto (the "Bid Procedures").[2] The Bid Procedures will help ensure an open, competitive, and efficient Sale process and maximize value for the Debtor's bankruptcy estate. The procedures build on prior marketing efforts by 727 Lofts Best Living LLC since March 2026 and Jones Lang LaSalle as UCC sale process broker for ACRE since May 2026.

11. Key dates proposed under the Bid Procedures, subject to change based upon the Court's availability for the Sale Hearing, are as follows:

| Date/Time | Event |
|---|---|
| **October 15, 2026, at 5:00 p.m. CT** | **Bid Deadline, including submission of signed PSA and redline against model form of Purchase and Sale Agreement in the broker dataroom** |
| **October 16, 2026, at noon CT** | **Qualifying Bids determined and bidders notified** |
| **October 19, 2026, starting at 10:00 a.m. CT, in-person and virtual participation options** | **Auction – Successful and Backup Bidder identified** |
| **October 20, 2026** | **Deadline to serve Sale Notice** |
| **October 20, 2026** | **Deadline to execute Purchase and Sale Agreement with Successful Bidder** |
| **2 Business Days prior to Sale Hearing** | **Deadline for all objections to the Sale** |
| **October 22, 2026, or TBD by the Bankruptcy Court** | **Sale Hearing** |
| **November 6, 2026** | **Closing Deadline** |

[2] Capitalized terms that are used but not defined in this Motion have the meanings provided in the Bid Procedures unless otherwise noted herein.

12. Key terms and provisions of the Bid Procedures are summarized as follows:

**a.** Due Diligence: Interested bidders seeking to conduct due diligence on the Property should contact the Debtor's broker via telephone or email as follows:

CBRE, Inc.
c/o Brian Donahue, First Vice President – Multifamily
521 East 2nd Street, Suite 700
Tulsa, OK 74120
Telephone: (918) 392-7250
Email: brian.donahue@cbre.com

b. Qualified Bid Requirements: No bid will be considered unless all requirements for a Qualified Bid set forth in the Bid Procedures are satisfied prior to the Bid Deadline, including, without limitation:

i. Refundable earnest money deposit equal to one percent (1.00%) of the offered purchase price;

ii. A duly-executed non-disclosure agreement ("NDA") if required by the Debtor, in a form acceptable to the Debor.

iii. Evidence acceptable to the Debtor of the bidder's ability to consummate the sale and pay the purchase price in cash at closing prior to the Closing Deadline;

iv. Evidence acceptable to the Debtor of bidder's corporate authority to enter into and close a sale transaction by the Closing Deadline; and

v. Submission of a purchase and sale agreement ("PSA") that meets the requirements set forth in the Bid Procedures. A model form of PSA will be posted in the CBRE dataroom. Bids by the Bid Deadline shall include a signed PSA and a redline of any changes from the model form of PSA in the dataroom. Bids by the Bid Deadline shall not be subject to any due diligence, financing, property condition report, environmental report or other contingencies.

c. Auction: Provided that more than one Qualified Bid is received, the Debtor will conduct an Auction as set forth in the Bid Procedures and Bid Procedures Order. Otherwise, the Property shall be conveyed to the Lender pursuant to its Credit Bid.

13. The Debtor and its Broker will continue soliciting bids for the Property and will distribute the Bid Procedures to all prospective bidders upon the Court's approval of the same.

## BASIS FOR RELIEF

### A. THE BID PROCEDURES SHOULD BE APPROVED

14. This Court should approve the Bid Procedures because such procedures will aid the Debtor and the Court in determining the fairness and reasonableness of any proposed Sale, while assessing whether any higher or better offer(s) may be available for the Debtor's Property. The proposed Bid Procedures will allow the Debtor to solicit bids and conduct the Sale process and Auction, if necessary, in a controlled, fair, and open fashion that will encourage participation by financially capable bidders that demonstrate the ability to close a Sale. The Debtor believes that the Bid Procedures are (a) sufficient to encourage bidding for the Property, (b) consistent with other procedures previously approved by bankruptcy courts, and (c) appropriate under relevant standards governing auction proceedings and bidding incentives in bankruptcy proceedings.

15. Once a debtor articulates a valid business justification for proposed bid procedures and an auction and sale, its justification is evaluated according to the business judgment rule, which is "a presumption that in making a business decision the officers of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company." *In re S.N.A. Nut Co*., 186 B.R. 98 (Bankr. N.D. ILL. 1995); *see also In re Broughton Ltd. P'ship*, 474 B.R. 206, 218 (Bankr. N.D. Tex. 2012) (*citing In re Cont'l Air Lines, Inc*., 780 F.2d 1223, 1226 (5th Cir. 1986)) ("[T]he court relies on an estate representative's sound business judgment in approving acts outside the ordinary course of business."); *In re Integrated Res., Inc*., 147 B.R. 650, 656 (S.D.N.Y. 1992); *In re Johns-Manville Corp*., 60 B.R. 612, 615-16 (Bankr. S.D. N.Y. 1986) ("A presumption of reasonableness attaches to a Debtors' management decisions.").

16. The paramount goal in any proposed auction of property of the estate is to maximize the proceeds received by the estate. *See, e.g., In re Food Barn Stores, Inc*., 107 F.3d 558, 564-65 (8th

Cir. 1997) (in bankruptcy sales, "a primary objective of the Code [is] to enhance the value of the estate at hand"); *In re Atlanta Packaging Prods., Inc*., 99 B.R. 124, 130 (Bankr. N.D. Ga. 1988) ("It is a well- established principle of bankruptcy law that the trustee's duty with respect to such sales is to obtain the highest price or greatest overall benefit possible for the estate.").

17. To that end, courts uniformly recognize that procedures intended to enhance competitive bidding are consistent with the goal of maximizing the value received by the estate and therefore are appropriate in the context of bankruptcy transactions. *See, e.g., Integrated Res*., 147 B.R. at 659 (such procedures "encourage bidding and to maximize the value of the debtor's Property"); *In re Fin. News Network, Inc*., 126 B.R. 152, 156 (Bankr. S.D.N.Y. 1991) ("court-imposed rules for the disposition of Property . . . [should] provide an adequate basis for comparison of offers, and [should] provide for a fair and efficient resolution of bankrupt estates").

18. Courts have made clear that a debtor's business judgment is entitled to substantial deference with respect to the procedures to be used in selling Property of the estate. *See, e.g., In re Redwine Res*., 2010 WL 5209287 at *2 (Bankr. N.D. Tex., June 24, 2010) (approving the debtor's proposed bid procedures where finding the debtors "have exercised sound business judgment and presented sound business reasons for approval of the [b]id [p]rocedures."); *Integrated Res*., 147 B.R. at 656-57 (noting that overbid procedures and break-up fee arrangements that have been negotiated by a debtor are to be reviewed according to the deferential "business judgment" standard, under which such procedures and arrangements are "presumptively valid"); *In re 995 Fifth Ave. Assocs*., L.P., 96 B.R. 24, 28 (Bankr. S.D.N.Y. 1989) (same).

19. The Debtor has sound business justifications for seeking approval of the Bid Procedures. The Debtor believes it is in the best interests of its estate, and the creditors thereof, to immediately commence a bidding process to work toward the consummation of a Sale. In the

Debtor's business judgment, the proposed Bid Procedures provide the best option for conducting a fair, open, and competitive Sale process to maximize value for the estate and its creditors. The proposed Bid Procedures contain terms typical for a process through which a sale of this nature is consummated and will increase the likelihood that the estate will receive the greatest possible consideration because they will ensure a competitive and fair bidding process. As additional support, Bankruptcy Code section 105(a) provides that the Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). As described above, approval of the Bid Procedures will greatly assist the Debtor in maximizing the value that may be obtained for its creditors. Consequently, the Debtor respectfully submits that granting the requested relief is necessary and appropriate under the circumstances.

**B. APPROVAL OF THE SALE IS IN THE BEST INTERESTS OF THE ESTATE**

20. Section 363(b) of the Bankruptcy Code provides that a debtor may sell property of the estate outside the ordinary course of business after notice and a hearing. Although section 363 does not specify a standard for determining when it is appropriate for a court to authorize the use, sale, or lease of property of the estate, courts have found that a debtor's sale or use of Property outside the ordinary course of business should be approved if the debtor can demonstrate "some articulated business justification," as established by the Second Circuit in *Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.*), 722 F.2d 1063, 1070 (2d Cir. 1983), which decision has been adopted in this circuit. *See Institutional Creditors of Cont'l Air Lines, Inc. v. Cont'l Air Lines, Inc., et al. (In re Cont'l Air Lines, Inc.*), 780 F.2d 1223, 1226 (5th Cir. 1986) ("[F]or the debtor-in-possession or trustee to satisfy its fiduciary duty to the debtor, creditors and equity holders, there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business."); *see also In re ASARCO, L.L.C.*, 650 F.3d 593, 601 (5th Cir. 2011).

21. Once a debtor articulates a valid business justification, "[t]he business judgment rule … 'is a presumption that in making the business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company.'" *In re S.N.A. Nut Co*., 186 B.R. 98 (Bankr. N.D. Ill. 1995); *see also In re Integrated Res., Inc.*, 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992); *In re Johns-Manville Corp*., 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986) ("[A] presumption of reasonableness attaches to a Debtor's management decisions.").

22. Northmarq Multifamily, LLC has contacted over 20,000 parties to solicit interest in purchasing the Property, and of those 123 parties signed a non-disclosure agreement and entered Northmarq data room. In addition to Northmarq's marketing efforts for the property, Jones Lang LaSalle ("JLL") marketed the equity interests pledged by Debtor 727 Lofts Holdings, LLC in Debtor 727 Lofts Best Living, LLC over 60 days as part of a UCC foreclosure sale process. JLL contacted approximately 8,750 potential bidders and had 22 potential bidders sign NDAs and access the JLL data room.

23. Both in the Northmarq and JLL marketing processes, potential bidders were concerned about how to buy free and clear of the disputed second mortgage filed by YSA Investments, LLC. Should the Court enter an order approving the sale of the Property free and clear of liens, claims and encumbrances pursuant to Bankruptcy Code Section 363, that concern of potential bidders will be resolved.

24. Now, in connection with the Settlement Motion and Sale, the Debtor has sought to retain CBRE, Inc. ("CBRE") to act as broker for the 727 Lofts Property. The scope of CBRE's contemplated engagement and marketing efforts is more fully described in the *Debtor's Application to Employ CBRE, Inc. as Broker, Effective as of September 18, 2026*, to be filed contemporaneous

with or soon after this Sale Motion.

25. Here, the Debtor has sound business justifications for conducting a bidding process and consummating a 363 Sale. In consultation with its professionals and advisors, the Debtor has determined, in its business judgment, that pursuing a Sale is in the best interests of the estate and creditors and will maximize value for the Debtor's creditor constituency. The Bid Procedures will enable the Debtor in conjunction with 727 Lofts Best Living, LLC to conduct an open and competitive bidding process to determine the highest and best offer for the 727 Lofts Property. The Debtor's decision to pursue a Sale Transaction will therefore be an informed and prudent exercise of the Debtor's business judgment.

**C. SALE FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES**

26. Bankruptcy Code section 363(f) authorizes a debtor to sell Property free and clear of liens, claims, interests, and encumbrances in property of an entity other than the estate if:

(1) applicable nonbankruptcy law permits a sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363 (f).

Because section 363(f) is drafted "in the disjunctive," satisfaction of any one of its five (5) requirements will suffice to permit a sale "free and clear" of liens and interests. *In re Nature Leisure Times, LLC*, 06-41357, 2007 WL 4554276, at *3 (Bankr. E.D. Tex. Dec. 19, 2007); *see also*

*Michigan Employment Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.*), 930 F.2d 1132, 1147 n.24 (6th Cir. 1991); *In re Bygaph, Inc*., 56 B.R. 596, 606 n.8 (Bankr. S.D. N.Y. 1986).[3]

27. In this Case, the Debtor asserts that Bankruptcy Code section 363(f) will be satisfied in that, among other things, the Bid Procedures contemplate that the Lender will consent to the propose 363 Sale and will assume accrued property taxes.

28. The second mortgage filed by YSA and ownership of the 727 Lofts Property is in *bona fide* dispute. Other encumbrances are:

a) Mechanics and Materialmen liens were filed prior to the Petition Date by a) Rasa Floors in the amount $3,398.67, and b) Empire Protection Services, LLC in the amount of $6,554.00.

b) ACRE Credit Investments II, LLC recorded a UCC financing statement encumbering the Debtor's land and personal property on March 11, 2022 , and on March 14, 2022 recorded a UCC financing statement encumbering all of the Debtor's assets.

c) U.S. Bank & Trust Co., N.A., as trustee, filed a UCC financing statement on March 22, 2026 which is now held by ACRE.

d) Palisade Advance recorded a UCC financing statement encumbering the Debtor's accounts on February 27, 2026.

---

[3] The Court also may authorize the sale of a debtor's Property free and clear of any liens pursuant to section 105 of the Bankruptcy Code, even if section 363(f) did not apply. *See Matter of Selby Farms,* 15 B.R. 372, 375 (Bankr. S.D. Miss. 1981) (citing *Van Huffel v. Harkelrode,* 284 U.S. 225, 227-28 (1931)) ("The power of the Bankruptcy Court to sell property free and clear of liens has long been recognized."); *In re Trans World Airlines. Inc.,* No. 01-0056, 2001 WL 1820325, at *3 (Bankr. D. Del. Mar. 27, 2001) ("Bankruptcy courts have long had the authority to authorize the sale of estate Property free and clear even in the absence of § 363(f)."); *see also Volvo White Truck Corp. v. Chambersberg, Beverage, Inc. (In re White Motor Credit Corp.),* 75 B.R. 944, 948 (Bankr. N.D. Ohio 1987) ("Authority to conduct such sales [free and clear of liens] is within the court's equitable powers when necessary to carry out the provisions of Title 11.").

There are no other known asserted liens against the Property. Accordingly, section 363(f) will be satisfied under any proposed Sale.

**D. PURCHASER PROTECTION AS A GOOD-FAITH PURCHASER**

29. Bankruptcy Code section 363(m) states, in relevant part:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11. U.S.C. § 363(m).

30. This Court has upheld section 363 purchase agreements "negotiated, proposed, and entered into ... in good faith, without collusion ... [resulting from] arm's-length bargaining with ... parties represented by independent counsel." *In re Tridimension Energy, L.P.*, No. 10-33565-SGJ, 2010 WL 5209236, at *4, *13 (Bankr. N.D. Tex. Nov. 19, 2010). A sale to a good-faith purchaser cannot be avoided under section 363(m), unless the sale authorization was stayed pending appeal. 11 U.S.C. § 363(m) ("The reversal or modification of an authorization under subsection (b) of this section of a sale ... does not affect the validity of [the] sale ... to an entity that purchased ... the property in good faith...."). However," [t]he trustee may avoid a sale ... if the sale price was controlled by an agreement among potential bidders...." 11 U.S.C. § 363(n). Additionally, for the sale to be considered in good-faith, consideration must: (1) be fair and reasonable; (2) be the highest and best offer for the property, and (3) constitute reasonably equivalent value, fair value, and fair consideration. *Tridimension Energy, L.P.*, 2010 WL 5209236, at *13.

31. The Debtor will show at the Sale Hearing that it negotiated with all potential purchasers at arm's-length, in good faith, and in an effort to achieve the best offer for the Property. The Debtor will show that the ultimate purchaser is entitled to the protections of a good-faith

purchaser under section 363(m), and that the Sale of the Debtor's Property does not constitute an avoidable transaction pursuant to section 363(n).

32. By definition, any prospective purchaser will have participated in a good faith manner if such prospective purchaser complies with the Bid Procedures and submits a Qualified Bid. Specifically, the Bid Procedures require that (a) each Qualified Bidder participating in the Auction confirm, among other things, that it has not engaged in any collusion with respect to the bidding or Sale process and that (b) Qualified Bids must, among other things: (i) include evidence of the Qualified Bidder's financial ability to consummate a Sale, including audited financial statements or a similar equivalent; (ii) be accompanied by a Good Faith Deposit; (iii) contain no contingencies; (iv) contain evidence of corporate authority; (v) provide for an "as is, where is" purchase; (vi) be irrevocable; (vii) contain no break-up fee or expense reimbursement provisions; and (viii) warrant that the Qualified Bidder has conducted all necessary due diligence. An Auction conducted in accordance with the Bid Procedures will ensure that a Sale of the 727 Lofts Property will be the result of arm's length, good faith negotiations between the Debtor and each party submitting a Qualified Bid, including but not limited to the eventual purchaser. The Bid Procedures and the prospect of an open Auction preclude any conduct that would cause or permit the Sale to be set aside under Bankruptcy Code section 363(n).

33. Finally, the Debtor reiterates that any agreement executed with or related to the Sale of the 727 Lofts Property will provide substantial, essential value to the Debtor's estate and creditors because it will facilitate an efficient and valuable disposition of the Debtor's business for fair and reasonable consideration. *Tridimension Energy, L.P.*, 2010 WL 5209236, at *9 (finding that reasonably equivalent value existed under the Bankruptcy Code); *Mellon Bank, NA. v. Metro Communications, Inc.*, 945 F.2d 635 (3d Cir. 1991) (same), cert. denied, 503 U.S. 937 (1992); *see*

*also Mellon Bank, N.A. v. Official Comm. of Unsecured Creditors (In re RM.I., Inc.*), 92 F.3d 139 (3d Cir. 1996); *Salisbury v. Texas Commerce Bank- Houston, N.A. (In re WCC Holding Corp.*), 171 B.R. 972, 984 (Bankr. N.D. Tex. 1994) (reasonably equivalent value under Texas law) (citing *Besing v. Hawthorne (In re Besing*), 981 F.2d 1488, 1495 (5th Cir.), cert. denied. 510 U.S. 821 (1993) and *Southmark Corp. v. Riddle (In re Southmark Corp.*), 138 B.R. 820, 829 (Bankr. N.D. Tex. 1992)); *In re China Resource Prod. Ltd. v. Favda Intern., Inc.*, 856 F. Supp. 856, 866 (D. Del. 1994) (citing *Geyer v. Ingersoll Publications Co.*, 621 A.2d 784, 792 (Del. Ch. 1992)).

34. Through the Sale process, the Debtor will conduct an open process, subject to review by the Court, that recognizes the rights of all parties-in-interest while providing the Debtor's estate along with 727 Lofts Best Living LLC with reasonably equivalent value in exchange for the 727 Lofts Property. The Debtor believes that the ultimate purchaser will therefore be a "good faith" purchaser within the meaning of Bankruptcy Code section 363(m) and entitled to the full protections afforded under that section.

## E. AUTHORITY TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND UNEXPIRED LEASES

35. The standard governing bankruptcy court approval of a debtor's decision to assume or reject executory contracts or unexpired leases is whether the debtor's reasonable business judgment supports assumption or rejection. *See Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1312 (5th Cir. 1985); *In re Taylor*, 913 F.2d 102, 107 (3d Cir. 1990); *Sharon Steel Corp. v. National Fuel Gas Distrib. Corp.*, 872 F.2d 36, 39-40 (3d Cir. 1989); *Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095, 1099 (2d Cir. 1993). Courts give great deference to a debtor's exercise of business judgment in deciding to assume or reject an executory contract or unexpired lease. *Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 139 S.Ct. 1652, 1658 (2019) (citing *NLRB. v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984); *see also In re*

*Pilgrim's Pride Corp.*, 403 B.R. 413,422 (Bankr. N.D. Tex. 2009) (citing *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) ("A debtor's decision [based on its business judgment] to reject an executory contract must be summarily affirmed unless it is the product of 'bad faith, or whim or caprice.'") (citation omitted).

36. It is expected that existing tenant leases will be assumed and assigned to the Successful Bidder.

37. Should the Successful Bidder request the Debtor to assume and assign any of its executory contracts to the Successful Bidder the Debtor shall seek to do so concurrently with or promptly after closing of the sale. As more fully set forth in the Bid Procedures, a Qualified Bidder is required to designate whether it seeks to receive an assignment of such executory contracts as part of a Sale.

## ADEQUATE NOTICE

38. To ensure that adequate notice of this Motion is provided, the Debtor will serve this Motion, including all exhibits hereto, upon all parties listed on the master mailing matrix in this case, which includes all creditors and parties in interest known to the Debtor. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## REQUEST FOR RELIEF

39. WHEREFORE, the Debtor respectfully requests that this Motion be granted and that the Court (a) enter an order approving the Bid Procedures, substantially in the form of proposed order attached hereto as **Exhibit 2**; (b) following conclusion of the Sale process and selection of the Successful Bidder in accordance with the Bid Procedures, enter an order approving the Sale of the 727 Lofts Property to the Successful Bidder, in substantially the form described herein, authorizing, among other things, (i) the Sale of the Debtor's interest in

the 727 Lofts Property free and clear of liens, claims and encumbrances to the Successful Bidder pursuant to Bankruptcy Code § 363(b), (f) and (m), and (ii) the assumption and assignment to the Successful Bidder of the existing tenant leases in connection with such Sale; and (c) grant the Debtor such other and further relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Jason A. Sansone*
Clayton D. Ketter, OBA No. 30611
Jason A. Sansone, OBA No. 30913
Nicholas J. Candido, OBA No. 36069
PHILLIPS MURRAH P.C.
424 N.W. 10th St., Suite 300
Oklahoma City, OK 73103
(405) 235-4100 - telephone
(405) 235-4133 – facsimile
cdketter@phillipsmurrah.com
jasansone@phillipsmurrah.com
njcandido@phillipsmurrah.com
**Proposed Attorneys**
**for YSA Investments 1, LLC**

**CERTIFICATE OF SERVICE**

This is to certify that on the 23rd day of September, 2026, true and correct copies of the above and foregoing were mailed by first class mail, postage prepaid, to all parties on the attached Service List.

*/s/ Jason A. Sansone*
Jason A. Sansone, OBA No. 30913

**SERVICE LIST**

ACRE Q018 Retention Holder LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Axonic Capital LLC
390 Park Avenue, 15th Floor
New York, NY 10022

Bancorp Bank, NA
1200 South Pine Island Road
Plantation, FL 33324

Berkadia Commercial Mortgage LLC
323 Norristown Rd., Suite 300
Ambler, PA 19002

BMO
320 South Canal Street
Chicago, IL 60606

Cohen + Company
3 Columbus Circle, 24th Floor
New York NY 10019

Community Loan Servicing LLC
4425 Ponce de Leon Blvd, Suite 300
Miami, FL 33146

CREO QRS NP LLC
CREO QRS VC LLC
251 Little Falls Drive
Wilmington, DE 19808

Federal National Mortgage Assn
1100 15th Street NW
Washington, DC 20005

First United Bank and Trust Co
1400 West Main
Durant, OK 74701

Legacy Bank
123 East Chicago Ave
Colwich, KS 67030

Newmark (Newmark Knight Frank)
125 Park Avenue
New York, NY 10017

NorthMarq
3500 American Blvd W, Suite 500
Bloomington, MN 55431

SG Capital Partners LLC
750 Washington Blvd, Suite 1050
Stamford, CT 06901

Stride Bank
324 West Broadway Avenue
Enid, OK 73701

YSA Investments 1, LLC
848 Brickell Ave., Suite PH5
Miami, FL 33131

727 Lofts Best Living LLC
850 New Burton Rd 201
Dover, DE 19904

727 Lofts Holdings
850 New Burton Rd 201
Dover, DE 19904

A-V 23 East Owner LLC
251 Little Falls Drive
Wilmington, DE 19808

A-V Classen Owner LLC
251 Little Falls Drive
Wilmington, DE 19808

A-V Village Creek Owner LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

ACRE Q018 Retention Holder LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

American Fiduciary Services LLC
10845 Griffith Peak Dr, Suite 200A
Las Vegas, NV 89135

Asset Holder LLC
691 South 66th East Ave 100
Tulsa, OK 74133

Auerbach-Vesta LLC
251 Little Falls Drive
Wilmington, DE 19808

Axonic Multifamily Bridge SPV
(BC) Trust c/o Axonic Capital LLC
520 Madison Avenue
New York, NY 10022

Axonic Capital LLC
390 Park Avenue, 15th Floor
New York, NY 10022

B&J Woodscape/Oklahoma City LLC
6911 South 66th Avenue 100
Tulsa, OK 74133

Barcelona Best Living LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Bartlesville Best Living LLC
6911 South 66th East Ave 100
Tulsa, OK 74133

Boomar Remodeling LLC
3009 SW 54th Street
Oklahoma City, OK 73119

Bryan Hills Best Living LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

City of Stillwater Oklahoma
723 South Lewis Street
Stillwater, OK 74074

Copperfield Apartments LP
6911 South 66th East Avenue 100
Tulsa, OK 74133

CREO QRS NP LLC
251 Little Falls Drive
Wilmington, DE 19808

Dechert LLP
2929 Arch Street
Philadelphia, PA 19104

Drexel Flats Acquisition TIC LLC
300 Creek View Road 209
Newark, DE 19711

Drexel Flats Acquisition LLC
300 Creek View Road 209
Newark, DE 19711

Eaton Place Best Living LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Eaton Place TIC 1 LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Federal National Mortgage Assn
1100 15th Street NW
Washington, DC 20005

GableGotwals
BOK Park Plaza, Suite 2200
499 West Sheridan Ave.
Oklahoma City, OK 73102

Jenks Best Living LLC
5251 West 116th Place 200
Leawood, KS 66211

Greenberg Traurig, LLP
One Vanderbilt Ave., Suite 400
New York, NY 1017

Hofland Lollman PLLC
401 South Boston Ave., Suite 500
Tulsa, OK 74103

KDL Discovery
9023 Columbine Road
Eden Prairie, MN 55347

Lofts at North Penn Best Living LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Lakeside Best Living LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Louis Investments LLC
5251 West 116th Place 200
Leawood, KS 66211

Marc Kulick
4920 East 113th Street
Tulsa, OK 74137

Montgomery Apartments Holdings
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Muntage Best Living LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Ready Capital Mort Financing
2023 FL 12
251 Little Falls Drive
Wilmington, DE 19808

One Eton Square LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

One Eton TIC 1 LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Putnam Green TIC Interest LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Remington Rach's Best Living LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Ridge Best Living LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Riverpark Best Living LLC
300 Creek View Road 209
Newark, DE 19711

Springdale Village's Best Living LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Summer Oaks Best Living LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Ten Seven Security
4870 South Lewis Avenue #207
Tulsa, OK 74105

Term Fund III MRA Seller LLC
251 Little Falls Drive
Wilmington, DE 19808

TRDWind Capitol LLC
1999 Bryan Street 900
Dallas, TX 75201

TU Properties LLC
511 Oak Street
Kansas City, MO 64106

Tuscany Village Best Living LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Vesta Holdings LLC
6911 South 66th East Ave 100
Tulsa, OK 74133

Vesta-Seminole Ridge LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Villas at Midtown Best Living LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Westlake Hardware Inc
14000 Marshall Drive
Lanexa, KS 66215

Woodland Manor's Best Living LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Woodland Manor TIC 1 LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Internal Revenue Service
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101

Oklahoma Employment Security
Commission / Service of Process
PO Box 52003
Oklahoma City, OK 73152-2003

Oklahoma Tax Commission
Oklahoma City, OK 73194

Delaware State Treasury
820 Silver Lake Blvd., Suite 100
Dover, DE 19904-2464

Empire Protection Services LLC
14083 SH 51
Coweta OK 74429

Rasa Floors and Carpet Cleaning LLC
Reynolds Ridings Vogt Robertson PLLC
101 Park Avenue Suite 1010
Oklahoma City OK 73102

Rasa Floors and Carpet Cleaning LLC
PO Box 110067
Carrollton TX 75011

# EXHIBIT 1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br>YSA INVESTMENTS 1, LLC,<br>Debtor. | Case No. 26-12806-SAH<br>Chapter 11 |

**BID PROCEDURES**

On July 28, 2026 (the "Petition Date"), YSA Investments 1, LLC (the "Debtor" or "YSA"), the Chapter 11 Debtor in the above styled and referenced bankruptcy case filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware, the venue for which case was subsequently transferred to the United States Bankruptcy Court for the Western District of Oklahoma (the "Bankruptcy Court"), thereby commencing the above-captioned chapter 11 bankruptcy case (the "YSA Case").

The Bankruptcy Court has approved and authorized these *Bid Procedures* pursuant to its *Order (I) Authorizing and Approving (A) Bid Procedures and (B) Form and Manner of Notice of Bid Procedures, Auction, and Sale Hearing; (II) Scheduling an Auction and Sale Hearing; and (III) Granting Related Relief* [Doc. ____] (the "Bid Procedures Order") in connection with the potential sale of the 727 Lofts Property (as hereinafter defined) under section 363 of the Bankruptcy Code (the "Sale" or "363 Sale"), as further described in the Debtor's *Expedited Motion for Entry of an Order (I) Approving Bid Procedures in Connection with the Sale of the Debtor's Interests in the 727 Lofts Property, (II) Authorizing and Approving the Sale of Debtor's Property Free and Clear of Liens, Claims and Encumbrances and (III) Granting Related Relief* [Doc. ____] (the "Sale Motion").

These bid procedures relate to the real property and improvements located at 727 E. Main Place, Jenks, Oklahoma 74037, on which is operated a multiple building apartment complex known as 727 Lofts Apartments (the "727 Lofts Property"). Both 727 Lofts Best Living, LLC ("727 Lofts") and the Debtor have asserted an ownership interest in the 727 Lofts Property. These Bid Procedures provide for a sale of title to the 727 Lofts Property on a free and clear basis regardless of which bankruptcy estate (727 Lofts or YSA) owns the 727 Lofts Property.

These Bid Procedures provide interested parties with the opportunity, subject to the terms hereof, to conduct and complete due diligence, submit competing bids, and participate in an auction for 727 Lofts's or YSA's interests in the 727 Lofts Property. **Any person interested in making an offer to purchase the 727 Lofts Property shall comply with these Bid Procedures and may only make a bid for the Assets in accordance with these Bid Procedures. Any interested bidders should, as soon as practical, contact CBRE, Inc. as the joint real estate broker for the 727 Lofts Trustee and YSA (the "Broker") at:**

CBRE, Inc.
c/o Brian Donahue, First Vice President – Multifamily
521 East 2nd Street, Suite 700
Tulsa, OK 74120
Telephone: (918) 392-7250
Email: brian.donahue@cbre.com

## I.
## INTRODUCTION

1. **Rules of Construction.** Capitalized terms used in these Bid Procedures have the meanings provided herein or in the Bid Procedures Order, as applicable, unless otherwise noted. For the avoidance of doubt, capitalized terms that are defined in the Bid Procedures Order, but not defined in these Bid Procedures, shall have the meanings provided in the Bid Procedures Order. All dates and times listed herein are prevailing Central Time unless otherwise noted.

2. **Dates and Deadlines.** Key dates and deadlines related to the 363 Sale are summarized as follows:

| Date/Time | Event |
|---|---|
| **October 15, 2026, at 5:00 p.m. CT** | **Bid Deadline, including submission of signed PSA and redline against model form of Purchase and Sale Agreement in the broker dataroom** |
| **October 16, 2026, at noon CT** | **Qualifying Bids determined and bidders notified** |
| **October 19, 2026, starting at 10:00 a.m. CT, in-person and virtual participation options** | **Auction – Successful and Backup Bidder identified** |
| **October 20, 2026** | **Deadline to serve Sale Notice** |
| **October 20, 2026** | **Deadline to execute Purchase and Sale Agreement with Successful Bidder** |
| **2 Business Days prior to Sale Hearing** | **Deadline for all objections to the Sale** |
| **October 22, 2026, or TBD by the Bankruptcy Court** | **Sale Hearing** |
| **November 6, 2026** | **Closing Deadline** |

## II.
## PROPERTY TO BE SOLD

3. **Property To Be Sold.** The 727 Lofts Property shall be subject to the Sale process, but shall not include (a) the 727 Lofts Debtor's cash on hand associated with the 727 Lofts Property as of the Sale closing or YSA's cash on hand, (b) any other real estate in which YSA asserts an ownership interest that is not the 727 Lofts Property and (c) any other assets identified for exclusion from the Sale in accordance with these Bid Procedures.

## III.
## DUE DILIGENCE

4. **Access to Due Diligence Materials.** The 727 Lofts Debtor and YSA, by and through the Broker, shall maintain information regarding the 727 Lofts Property and other relevant disclosures to facilitate due diligence and all other information reasonably requested by potential bidders or that the 727 Lofts Debtor, YSA or Broker determines is necessary and appropriate under the circumstances to disclose to potential bidders (such information, "Diligence Information"), which will only be provided to parties in accordance with these Bid Procedures. The 727 Lofts Debtor and YSA may, in their respective reasonable discretion, require potential bidders to execute a non-disclosure agreement (an "NDA") before providing any requested Diligence Information. The 727 Lofts Debtor or YSA reserves the right, in their respective discretion, to withhold or limit access to Diligence Information that the 727 Lofts Debtor or YSA determines is business-sensitive or otherwise not appropriate for disclosure to a potential bidder. Notwithstanding any prepetition limitations, including, without limitation, any non-disclosure, confidentiality or similar provisions relating to any Diligence Information, the 727 Lofts Debtor and its estate and YSA and its estate are authorized to provide Diligence Information to potential bidders in accordance with these Bid Procedures and/or the Bid Procedures Order. The 727 Lofts Debtor, YSA and Broker shall have no obligation to comply with any due diligence request they deem onerous, unreasonable or impractical. The 727 Lofts Debtor and its estate and YSA and its estate are not responsible for, and will have no liability with respect to, any Diligence Information obtained by or provided to any potential bidders in connection with these Bid Procedures and the Sale.

5. **Requests for Diligence Information.** All due diligence shall be completed on or before the Bid Deadline. The 727 Lofts Debtor and YSA have jointly designated the Broker to coordinate the response to all reasonable requests for Diligence Information from potential bidders. All requests for Diligence Information should be addressed to the Broker at the address listed above—the 727 Lofts Debtor (including the 727 Lofts Trustee) or YSA should not be contacted by potential bidders.

## IV.
## BIDDING PARTICIPATION

6. **Bid Deadline.** Any party that desires to make a bid shall deliver a written or electronic copy of its Qualifying Bid so as to be received no later than **October 15, 2026 at 5:00 pm CT** (the "Bid Deadline"), to the Notice Parties at the addresses set forth herein below. The Broker shall notify all Qualified Bidders if one or more Qualifying Bids are received. Bids submitted on or prior to the Bid Deadline shall be binding, irrevocable and capable of acceptance until three business days after the conclusion of the Auction, or, in the case of the Successful Bid and the Backup Bid, after the Auction as set forth below.

7. **Bid Requirements (Qualifying Bid).** In determining the highest and best offer for the Assets, the 727 Lofts Debtor and YSA shall only consider bids that meet all the following criteria (such bid, a "Qualifying Bid"), and only parties that submit a Qualifying Bid (a "Qualified Bidder") will be eligible to participate in the Auction. In order be a Qualifying Bid, a bid must be timely submitted prior to the Bid Deadline and meet each of the following requirements:

a. **Non-Disclosure Agreement.** Include an executed NDA if required by the Debtor, in a form acceptable to the 727 Lofts Debtor and YSA.

b. **Identification of Qualified Bidder.** Identify (i) the party submitting the bid (and any equity holders or other financial backer, in the case of a Qualified Bidder which is an entity specially formed for the purpose of effectuating the contemplated 363 Sale) and the representatives thereof who are authorized to appear, act on its behalf, and with authority to legally bind such bidder to an enforceable contract for all purposes regarding the contemplated Sale; and (ii) the material terms of any such participation, including any binding agreements, arrangements, undertakings, contractual obligations or understandings concerning a collaborative or joint bid or any other combination concerning the proposed bid.

c. **Evidence of Financial Ability.** Include sufficient evidence of the bidder's ability to consummate the Sale and pay the purchase price in cash prior to the Closing Deadline, including any such information reasonably requested by the 727 Lofts Debtor, YSA or Broker demonstrating the bidder's ability to timely close the Sale.

d. **Corporate Authority.** Include sufficient evidence of authorization and approval from the bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and closing of the bidder's PSA; *provided that,* if the bidder is an entity specially formed for the purpose of effecting the Sale, then the bidder must furnish sufficient evidence reasonably acceptable to the 727 Lofts Debtor and YSA of the approval of the submission of the bid and consummation of the Sale by equity holder(s) of such bidder.

e. **Purchase and Sale Agreement.** Include a duly authorized, fully enforceable and executed agreement providing for the purchase of the Assets (a "PSA"). The PSA shall be based on the model PSA posted in the Broker's dataroom and shall include a redline of any changes from the model form of PSA:

i. contain no contingencies of any kind or character - except as approved by the 727 Lofts Debtor and YSA or an order of the Bankruptcy Court - including, without limitation, (A) obtaining financing, (B) obtaining internal or other third-party approvals, or (C) the outcome or review of unperformed due diligence;

ii. identify the consideration to be paid for the 727 Lofts Property, which shall include at least $18 million of cash other than the credit bid of the Lender;

iii. identify with specificity the assets included in the bid and the executory contracts or unexpired leases related to the 727 Lofts Property that the bidder seeks to assume, if any;

iv. provide that all 727 Lofts Property is being purchased "as is, where is," and that the bidder is not relying upon any representation or warranty, whether oral or in writing, from the 727 Lofts Debtor, YSA, Broker, or any other person or entity, except as approved by the 727 Lofts Debtor and YSA in writing; and

v. provide for a closing of the Sale by no later than November 6, 2026 (the "Closing Deadline").

**f.** **Good Faith Deposit.** Be accompanied by a cash deposit made to, and received in good funds by, a third party designated by the Broker in an amount equal to one percent (1.00%) of the purchase price set forth in the bidder's PSA (the "Good Faith Deposit" or "Deposit"), which must be delivered on or before the Bid Deadline, and which will constitute liquidated damages to the 727 Lofts Debtor or YSA (as determined subsequently by the Bankruptcy Court with jurisdiction over both of their Chapter 11 cases) if the bidder defaults with respect to its offer. The Good Faith Deposit shall be refunded in the event such bidder is not the Successful Bidder or the Backup Bidder, or is the Backup Bidder and the 727 Lofts Debtor or YSA successfully closes with the Successful Bidder. No Deposit shall be required of the Lender on its Credit Bid.

**g.** **No Break-Up Fee.** Include sufficient information to confirm that the bidder is not seeking or entitled to any breakup fee, expense reimbursement, or similar type of payment**.**

**h.** **Due Diligence.** Include a letter or other writing acknowledging and representing that the bidder: (A) has had an opportunity to conduct, and has completed, any and all due diligence regarding the 727 Lofts Property deemed necessary by the bidder before making its bid; (B) has relied solely on its own independent review, investigation and/or inspection of any documents and the 727 Lofts Property in making its bid; and (C) did not rely on any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the 727 Lofts Property, or the completeness of any information provided in connection therewith, except as expressly stated in these Bid Procedures, and disclaims reliance on any such written or oral statements, representations, promises, warranties or guaranties.

**i.** **Irrevocability of Bid.** Include a letter or other writing stating that the bid is irrevocable until the closing of the Sale if such bidder is the Successful

Bidder, and that the bidder agrees to serve as a Backup Bidder if such bidder's Qualifying Bid is selected as such.

j. **Intention as to Assumption or Rejection of Executory Contracts.** In order to be a Qualifying Bid, each bid must indicate whether the Bidder intends to seek assumption and assignment of any of the executory contracts and unexpired leases, including the tenant leases related to the 727 Lofts Property.

k. **Bid Procedure Compliance.** Provide an express statement that: (A) the bidder agrees to all terms of the Bid Procedures; (B) the bidder has not engaged in any collusive discussion with any other bidder; and (C) the bidder has obtained the appropriate corporate authorization to submit the bid and consummate the Sale, *provided that*, if the bidder is an entity specially formed for the purpose of effectuating the Sale, then the bidder must furnish written evidence reasonably acceptable to the 727 Lofts Debtor and YSA of the submission of the bid and consummation of the Sale by the equity holder(s) of such bidder.

1. **Consent to Jurisdiction and Authority to Enter Final Orders.** State that the bidder consents to the jurisdiction of the Bankruptcy Court and to the entry of a final judgment or order with respect to the bidder's offer, as well as with respect to any aspect of these Bid Procedures, the Sale Motion, and all orders of the Court entered with respect to the Sale.

m. **Regulatory Approvals and Covenants.** Without limiting any of the foregoing requirements, identify each regulatory or governmental approval required for the bidder to consummate the Sale, if any, and the time period within which the bidder expects to receive such approvals.

**8. Determination of Qualified Bids/Bidders.** The 727 Lofts Debtor and YSA, in consultation with the Lender, shall determine whether a bid is a Qualifying Bid, and whether the bidder is a Qualified Bidder, and shall notify all bidders within two days after the Bid Deadline. The 727 Lofts Debtor and YSA reserves the right to: (i) at any time require a bidder previously determined to be a Qualified Bidder to provide additional evidence of its ability to consummate a Sale based on a Qualifying Bid in order to remain a Qualified Bidder; and (ii) to exclude any such bidder from participating further in the Auction as a result of its inability to satisfy such further requirements to remain a Qualified Bidder. The Lender is a Qualified Bidder.

**9. Bid Rejection.** In determining whether a bid is a Qualifying Bid, the 727 Lofts Debtor or YSA may reject any bid that: (a) is on terms that are materially different from the PSA terms stated above; (b) requires the 727 Lofts Debtor or YSA to indemnify the bidder or any other person; (c) includes non-cash consideration which is not freely marketable; (d) is subject to any due diligence, financing condition or other contingencies or conditions; (e) fails to comply with these Bid Procedures; or (f) is received after the Bid Deadline.

**10.** **Credit Bids.** By agreement with the Debtor, ACRE Q018 Retention Holder LLC (the "Lender") shall submit a credit bid of $17,800,000 (the "Credit Bid") by no later than the Bid Deadline. The Credit Bid is allowed under Section 363(k) of the Bankruptcy Code.

Any Credit Bid made by the Lender will be deemed to be a cash Bid solely for purposes of the 727 Lofts Debtors' and YSA's evaluation of Bids, and shall be considered a Qualifying Bid. Lender shall be deemed to have submitted a Qualified Bid, and may participate in the Auction with respect to the Property without the requirement to submit a Good Faith Deposit or any of the other requirements in Section 8 of the Bid Procedures; provided that any such Credit Bid must be submitted no later than the Bid Deadline.

In the event that there is no overbid from a Qualified Bidder submitted by the Bid Deadline or in the event any Successful Bid or any Back-Up Bid from a bidder other than Lender that does not close by the Closing Deadline, the 727 Lofts Debtor and YSA shall close with the Lender on the Credit Bid by the Closing Deadline.

**11** **Bankruptcy Court's Jurisdiction.** By submitting a bid, (a) all Qualified Bidders shall be deemed to have consented to the core jurisdiction of the Bankruptcy Court to enter an order or orders, which shall be binding in all respects, in any way related to the Debtor, this Case, the Bid Procedures, the Auction, the Sale, or the construction and enforcement of documents relating to any Sale, and (b) all Qualified Bidders shall be deemed to have waived any right to a jury trial in connection with any disputes relating to the foregoing.

## V.
## AUCTION

**12.** **Time and Place of Auction.** If necessary in accordance with these Bid Procedures, the 727 Lofts Debtor and YSA will conduct a competitive auction for the Property (an "Auction") on October 19, 2026 at 10:00 a.m. CT, and potential bidders will be allowed to participate *virtually via Zoom, Web Ex, Teams or similar format*. The in person sale shall be conducted at the office of YSA's Oklahoma City counsel, Phillips Murrah, P.C., 424 N.W. 10th Street, Suite 300, Oklahoma City, OK 73103.

**13.** **When Auction is Necessary.** If only one Qualifying Bid is received by the 727 Lofts Debtor and YSA upon the expiration of the Bid Deadline, the 727 Lofts Debtor and YSA may designate such bid as the Successful Bid, without holding an Auction.[1] If the 727 Lofts Debtor and YSA receive two or more Qualifying Bids on or prior to the Bid Deadline, the 727 Lofts Debtor and YSA shall conduct an Auction to determine the highest and best offer for the Property. The Lender's Credit Bid is a Qualified Bid.

**14.** **Auction Participation.** Except as otherwise set forth in these Bid Procedures, only Qualified Bidders (and their professionals) are eligible to participate in the Auction. No later than

[1] Alternatively, the 727 Lofts Debtor and YSA must conduct an Auction with the single Qualifying Bid and a Credit Bidder(s), if any, desiring to assert rights under section 363(k) of the Bankruptcy Code and submit a Credit Bid.

24 hours prior to the Auction, each Qualified Bidder must inform the 727 Lofts Debtor and YSA whether and how it intends to participate in the Auction. The 727 Lofts Debtor and YSA will promptly thereafter in writing (including via email) inform each Qualified Bidder who has expressed its intent to participate in the Auction of the identity of all other Qualified Bidders that have indicated their intent to participate in the Auction.

**15.** **Auction Procedures.** The 727 Lofts Debtor and YSA and their respective professionals shall direct and preside over the Auction, which shall be transcribed. Other than as expressly set forth in the Bid Procedures, the 727 Lofts Debtor and YSA after consultation with the Lender, may conduct the Auction in the manner that it determines will result in the highest or otherwise best offer for the Property. The Auction shall be governed by the following procedures, which may be modified or amended by the 727 Lofts Debtor and YSA (the "Auction Procedures"):

**a.** **Attendance.** Only the 727 Lofts Debtor (including the 727 Lofts Trustee), YSA, the Broker, Lender, any Qualified Bidders, the United States Trustee, and each of their representatives and advisors will be entitled to attend the Auction, and only Qualified Bidders will be entitled to make subsequent Qualifying Bids at the Auction. The 727 Lofts Debtor and YSA reserve the right, but shall be under no obligation whatsoever, to permit other parties-in-interest to attend the Auction for good cause shown.

**b.** **Qualified Bidder Acknowledgments.** Each Qualified Bidder participating in the Auction must confirm that: (i) it has not engaged in any collusion with respect to the bidding or sale of any of the Property described herein; (ii) it has reviewed, understands, and accepts the Bidding Procedures; (iii) it has consented to the core jurisdiction of the Bankruptcy Court (as described herein); and (iv) its Qualifying Bid is a good-faith bona fide offer that it intends to consummate if selected as the Successful Bidder.

**c.** **Minimum Overbid.** The Auction shall begin at the amount of the highest and best offer, as determined by the 727 Lofts Debtor and YSA, in consultation with the Lender, by the Bid Deadline, and proceed in additional cash increments of $100,000.00 (after the initial overbid, the "Minimum Overbid"). The 727 Lofts Debtor or YSA reserves the right, in their respective reasonable business judgment, to announce reductions or increases in the Minimum Overbid at any time during the Auction. Any overbid made at the Auction (an "Overbid") must be made in accordance with the requirements set forth in these Bid Procedures and must include, in addition to the amount and the form of consideration of the Overbid, a description of all changes requested by the bidder to the bidder's Qualifying Bid, as the case may be, in connection therewith. The 727 Lofts Debtor or YSA reserves the right, in their respective reasonable business judgment, to make one or more continuances of the Auction to, among other things: (i) facilitate discussions between the 727 Lofts Debtor or YSA and individual Qualified Bidders; (ii) allow individual Qualified Bidders to consider how they wish to proceed; and (iii) give Qualified Bidders the opportunity to

provide the Broker on behalf of the 727 Lofts Debtor or YSA with such additional evidence as the 727 Lofts Debtor or YSA (in their respective reasonable business judgment) may require, including without limitation that (A) the Qualified Bidder has sufficient internal resources, or (B) has received sufficient debt and/or equity funding commitments, to consummate the proposed transaction at the prevailing Minimum Overbid amount.

d. **Bidding Conclusion.** The Auction shall continue in one or more rounds of bidding and will conclude after (i) each participating Qualified Bidder has had the opportunity to submit one or more additional bids, with full knowledge and confirmation of the then-existing highest bid or bids, and (ii) there is only one offer that the 727 Lofts Debtor and YSA, after consultation with the Lender, determines is the Successful Bid. No bids will be considered for any purpose after the Auction has concluded.

e. **Additional Procedures.** Before or during the Auction, the 727 Lofts Debtor and YSA, after consultation with and approval by the Lender, in the exercise of its fiduciary duties for the purpose of maximizing value for its applicable estate from the Sale process, may modify, add, and/or amend the Auction Procedures and implement additional procedural rules for conducting the Auction. This provision shall not modify the foregoing provisions of these Bid Procedures governing extension of deadlines set forth herein.

## VI.
## SELECTION OF SUCCESSFUL BID

**16.** **Successful Bid Selection.** The Auction, if conducted, shall continue until there is only one Qualifying Bid that the 727 Lofts Debtor and YSA determines, after consultation with the Lender, in their respective reasonable business judgment (a) is the highest or otherwise best Qualifying Bid for the Assets and (b) is in the best interest of the 727 Lofts Debtor's estate or YSA's estate, after considering all relevant factors and potential alternatives, including, among other things: (i) the amount of the purchase price, including any assumed liabilities; (ii) the form of consideration being offered; (iii) the likelihood of the Qualified Bidder's ability to close a Sale and the timing thereof, and the cost to the 727 Lofts Debtor or YSA of any delay; (iv) the net benefit to the 727 Lofts Debtor's estate and YSA's estate; and (v) the number, type and nature of any changes to the PSA. The 727 Lofts Debtor or YSA shall select such Qualifying Bid as the overall highest or otherwise best bid for the Assets (the "Successful Bid," and the Bidder submitting such Successful Bid, the "Successful Bidder"). The 727 Lofts Debtor and YSA will announce the Successful Bid and the Backup Bid before the conclusion of the Auction. Any objections to the conduct of the Auction or the designation of the Successful Bidder or Backup Bidder as announced at said Auction **must be filed at least 48 hours prior to the Sale Hearing** and served via the Court's electronic case filing system ("ECF") and via email upon the Notice Parties, as defined below. The Lender's Credit Bid shall be an additional Backup Bid if there are two or more overbids from Qualified Bidders and the Lender's Credit Bid shall close on October

30, 2026 if neither the Successful Bid or any Backup Bid from a bidder other than the Lender has closed by that date.

**17. Successful Bid Acknowledgment.** Within one calendar day after the conclusion of the Auction, if conducted, and if no Auction is held, as soon as practicable, but in no event later than one calendar day following the date scheduled for the Auction, the Successful Bidder shall complete and execute all agreements, contracts, instruments or other documents evidencing and containing the terms and conditions upon which the Successful Bid was made (the "Sale Documents").

**18. Execution of Purchase and Sale Agreement. No later than October 20, 2026** the Successful Bidder and the 727 Lofts Debtor and YSA shall execute a final Purchase and Sale Agreement ("PSA").

**19. Notice of Successful Bid. No later than October 20, 2026** the 727 Lofts Debtor and YSA shall file a *Notice of Auction Results* with the Bankruptcy Court and serve said Notice on all parties-in-interest by ECF or email (if an email address is available). Such Sale Notice shall provide, at a minimum: (a) the identity of the Successful Bidder and the Backup Bidder; (b) the property to be sold to the Successful Bidder; and (c) the consideration to be paid by the Successful Bidder.

**20. Sale Notice**. On or before **October 20, 2026**, the 727 Lofts Debtor and YSA shall file a *Notice of Proposed Sale of Assets to Successful Bidder* (the "Sale Notice") with the Bankruptcy Court, and serve said Notice on all parties-in-interest by ECF or email (if an email address is available). Such Sale Notice shall provide, at a minimum: (a) the date and time of the Sale Hearing; and (b) any other information the 727 Lofts Debtor and YSA determines, in its respective business judgment, is necessary to include in the Sale Notice. The 727 Lofts Debtor and YSA shall serve the Sale Notice in the manner provided in the Bid Procedures Order.

**21. Backup Bidding.** At the conclusion of the Auction, the 727 Lofts Debtor and YSA jointly may designate the second highest or otherwise second-best Qualifying Bid for the Assets to serve as the backup bid for the Sale (the "Backup Bid," and the Qualified Bidder making the Backup Bid, the "Backup Bidder"). The Backup Bidder shall remain obligated to close the Sale on the terms set forth in the Backup Bid if the Sale with the Successful Bidder does not close. The Backup Bidder shall be obligated to close on the Backup Bid until three business days after the Closing Deadline, or such other time period as agreed to by the Backup Bidder and the 727 Lofts Debtor (the "Backup Release Date"). The Deposit provided by the Backup Bidder shall be returned to the Backup Bidder within one business day after the Backup Release Date, provided that the 727 Lofts Debtor and YSA may, in the exercise of their respective business judgement and/or in accordance with the PSA, as applicable, return any Deposit provided by the Backup Bidder prior to the Backup Release Date. **The Lender's Credit Bid shall be a Backup Bid as well in case any higher and better Successful Bid or any Backup Bid from another bidder does not close by the Closing Deadline.**

**22. Return of Deposits.** The Good Faith Deposits of all Qualified Bidders will be held in an account segregated by CB Richard Ellis, and all Qualifying Bids (other than the Successful

Bid and the Backup Bid) will remain open until the day after the Auction the Auction (the "Release Date"). The Good Faith Deposits of Qualified Bidders which are not designated as the Successful Bidder or the Backup Bidder shall be returned within two (2) business days after the Release Date. The Deposit submitted by the Successful Bidder will be applied against the payment of the purchase price upon the closing of the Sale with the Successful Bidder. Notwithstanding the foregoing, the 727 Lofts Debtor and YSA may, in the exercise of their respective business judgement, return any Deposit provided by any other Qualified Bidder any time prior to the Release Date.

23. **Disputes Between The 727 Lofts Debtor and YSA**. In the event that the 727 Lofts Debtor and YSA take different positions as to any of the discretionary decisions set forth herein after meeting and conferring with each other in good faith, such dispute shall be presented on a swift basis to the Bankruptcy Court for determination.

## VII.
## SALE HEARING AND OBJECTIONS

**24.** **Sale Hearing.** The 727 Lofts Debtor and YSA will seek entry of an order from the Bankruptcy Court approving the Sale to the Successful Bidder on the terms set forth in the Successful Bidder's PSA, and as described in the Sale Notice (such order, the "Sale Order"). The hearing on final approval of the Sale and entry of the Sale Order will be held on **October 22, 2026 at ______ a.m. / p.m. CT** or such other time as the Court may direct (the "Sale Hearing"), notice of which shall be served upon designation of a Sale Hearing date and time by the Bankruptcy Court.

**25.** **Other Objections.** All other objections, including without limitation objections to (a) the 363 Sale or the Bankruptcy Court's entry of an order approving the Sale, (b) the proceedings of the Auction, and (c) the identity of the Successful Bidder and its ability to provide Adequate Assurance, must be filed with the Bankruptcy Court, received by all Notice Parties and the U.S. Trustee, and served via ECF by no later than **2 business days prior to the Sale Hearing**.

## VIII.
## MISCELLANEOUS PROVISIONS

**26.** **Notice Parties.** The 727 Lofts Debtor (acting through the 727 Lofts Trustee), YSA, YSA's counsel, the Broker, counsel for Lender, and the United States Trustee are referred to herein and defined as the "Notice Parties" for the purpose of these Bid Procedures. Contact information for Notice Parties is as follows:

**727 Lofts Trustee:**

727 Lofts Best Living LLC
c/o Daniel J. Sherman, Chapter 11 Trustee
Sherman & Yaquito, L.L.P.
509 N. Montclair Avenue
Dallas, TX 75208
Email : dsherman@syllp.com

**727 Lofts Trustee's Counsel:**

Nicholas K. Gurguis
c/o Daniel J. Sherman, Chapter 11 Trustee
Sherman & Yaquito, L.L.P.
509 N. Montclair Avenue
Dallas, TX 75208
Email : ngurguis@syllp.com

Kevin D. McCullough
Rochelle McCullough PLLC
901 Main St.
Suite 3200
Dallas, TX 75202
Email: kdm@romclaw.com

**YSA:**

YSA Investments I, LLC
848 Brickell Avenue
Suite PH5
Miami, FL 33131
Attn.: Executive Officer

**YSA's Counsel:**

Jason A. Sansone
Clayton D. Ketter
Phillips Murrah P.C.
424 NW 10th Street, Suite 300
Oklahoma City, OK 73103
Email: jasansone@phillipsmurrah.com
cdketter@phillipsmurrah.com

**Broker:**

CB Richard Ellis
521 East 2nd Street, Suite 700
Tulsa, OK 74120
Attn: Brian Donahue
Email: brian.donahue@cbre.com

**Counsel for Lender**

Stephen J. Moriarty, Esq.
Fellers, Snider, Blankenship,
Bailey & Tippens, P.C.
100 N. Broadway Ave., Suite 1700
Oklahoma City, OK 73102
Email: smoriarty@fellerssnider.com

**26. Reservation of Rights.** In addition to the other reservations set forth herein, the 727 Lofts Debtor or YSA may: (a) determine which Qualifying Bid, if any, is the highest or otherwise best offer; and (b) reject at any time before the Court's entry of an order approving a Qualifying Bid, any bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bid Procedures, or the terms and conditions of any proposed 363 Sale or Plan, or (iii) contrary to the best interests of the 727 Lofts Debtor and YSA and their respective estate and creditors. The 727 Lofts Debtor and YSA agree that the Lender's Credit Bid is a Qualified Bid.

**27.** **Sale Free and Clear.** Subject to the Credit Bid Right, and except as otherwise provided in the Sale Motion and any exhibits thereto, all of the 727 Lofts Debtor's or YSA's rights, title, and interest in and to the 727 Lofts Property subject thereto shall be sold free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options and interests thereon and there against (collectively, the "Interests") in accordance with Bankruptcy Code section 363, including Section 363(m), with such Interests to attach to the net proceeds of the Sale. However, notwithstanding anything contained in these Bid Procedures or the Sale Motion to the contrary, no sale under Bankruptcy Code section 363 shall occur without approval by the Bankruptcy Court.

**28.** **Fiduciary Duties.** Notwithstanding anything to the contrary contained herein, nothing in the Bidding Procedures will prevent the 727 Lofts Debtor, YSA or their respective representatives from exercising their respective fiduciary duties under, or otherwise complying with, applicable law.

**[Remainder of page left intentionally blank]**

# EXHIBIT 2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br>YSA INVESTMENTS 1, LLC,<br>Debtor. | Case No. 26-12806-SAH<br>Chapter 11 |

**ORDER (I) AUTHORIZING AND APPROVING (A) BID PROCEDURES AND PROTECTIONS AND (B) FORM AND MANNER OF NOTICE OF BID PROCEDURES, CURE AMOUNTS, AUCTION, AND SALE HEARING; (II) SCHEDULING AN AUCTION AND SALE HEARING; AND (III) GRANTING RELATED RELIEF**

Came on for consideration the above captioned debtor's ("Debtor" or "YSA") *Corrected Expedited Motion for Entry of an Order (I) Approving Bid Procedures in Connection with the Sale of Substantially All of the Debtor's Assets, (II) Authorizing and Approving the Sale of Debtor's Assets Free and Clear of Liens, Claims and Encumbrances and (III) Granting Related Relief, With Brief in Support, and Notice of Opportunity for Hearing and Notice of Hearing* [Dkt. No. __] in the above-captioned case (the "Bankruptcy Case" or "Case") now pending after a transfer of venue in the United States Bankruptcy Court for the Western District of Oklahoma, requesting, *inter alia*, approval of the Bid Procedures attached hereto as **Exhibit 1** (the "Bid Procedures").[1] Having reviewed the Bid Procedures attached to the Motion and all matters brought to the Court's attention at the hearing (the "Bid Procedures Hearing" or "Hearing"), and after due deliberation and consideration of the

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Bid Procedures, unless otherwise noted.

evidence presented and the arguments of counsel, and for the reasons stated on the record at the Hearing, and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, that this is a core proceeding pursuant to 28 U.S.C. § 157(b), and that venue of this proceeding and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409, the Court finds that:

A. It has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue is proper in this District and in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The notice given of the Motion, the Bid Procedures Hearing, and the proposed entry of this Order was reasonable and sufficient considering the circumstances and nature of the relief requested, and no other or further notice of the Bid Procedures Hearing is necessary. A reasonable and fair opportunity to object to the Motion and the relief granted in this Order has been afforded under the circumstances.

C. The legal and factual bases set forth in the Motion and at the Bid Procedures Hearing established just cause for the relief granted herein.

D. The Debtor has presented evidence and has articulated good and sufficient reasons for this Court to grant the relief requested in the Motion as provided herein. Such good and sufficient reasons were set forth in the Motion and on the record at the Bid Procedures Hearing and are incorporated by reference herein and, among other things, form the basis for the findings of fact and conclusions of law set forth herein.

E. The Debtor has demonstrated a compelling and sound business justification for the relief granted herein and the timeline proposed by the Debtor is reasonable under the circumstances including in light of prior marketing efforts by the 727 Lofts Best Living, LLC and by ACRE Q018 Retention Holder, LLC ("ACRE") and additional marketing efforts by CBRE in anticipation of its retention as joint broker for the Daniel J. Sherman as Chapter 11 Trustee (the "727 Lofts Trustee") for 727 Lofts Best Living, LLC (the "727 Lofts Debtor") (Case No. 26-12862) (the "727 Lofts Case") and YSA as the Debtor in this case.

F. The Bid Procedures are fair, reasonable and appropriate under the circumstances of the Case and are designed to maximize the value of the 727 Lofts Property.

G. The proposed form and manner of providing notice of the Bid Procedures, Auction, the Franchise Agreement and Cure Amounts, and Sale Hearing, as set forth herein, is adequate and reasonably calculated to provide due, proper, and timely notice to all interested parties of (i) the Bid Procedures (and all deadlines set forth therein); (ii) the objection deadlines pertaining to the Bid Procedures, including the potential Sale of the 727 Lofts Property; (iii) the date and time of the Auction, if necessary; (iv) the date and time of the Sale Hearing in accordance with Bankruptcy Rule 2002 and the applicable provisions of the Bankruptcy Code; and (v) entry of this Order.

Except as otherwise set forth herein, no other or further notice is necessary.

I. The Auction, if held, is necessary to determine which Qualifying Bid represents the highest or otherwise best Qualifying Bid.

J. The joint bid procedures and sale in the 727 Lofts Case and in this Chapter 11 case, are designed to maximize bidder certainty and interest in bidding on the 727 Lofts Property regardless of whether the 727 Lofts Debtor or YSA owns the 727 Lofts Property or related disputes.

K. The findings of fact and conclusions of law herein constitute the Court's findings of fact and conclusions of law for the purposes of Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014. To the extent any findings of facts are conclusions of law, they are adopted as such.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**1. BID PROCEDURES APPROVED.** The Bid Procedures are hereby approved in their entirety, and the 727 Lofts Trustee and YSA are hereby jointly granted the power and authority to take all steps necessary or appropriate to carry out the provisions of this Order and the Bid Procedures. The Bid Procedures are incorporated herein by reference as if fully set forth herein. The failure to specifically include or reference a particular provision of the Bid Procedures in this Order shall not diminish or impair the effectiveness of such provision. Notwithstanding the foregoing, the consummation of a 363 Sale shall remain subject to the entry of the Sale Order approving the Sale of the 727 Lofts Property.

**2. OBJECTIONS OVERRULED**. Any objections to the relief requested in the Motion, including with respect to the Bid Protections, that have not been withdrawn, waived, or settled as announced to the Court at the Bid Procedures Hearing are hereby overruled in their entirety.

**3. NOTICE OF BID PROCEDURES, AUCTION, AND SALE HEARING.** Within three business days after the Court enters this Order, the Debtor shall serve a copy of this Order, including the Bid Procedures attached hereto, via first class U.S. mail, postage prepaid, or

via electronic mail where possible (including via the Court's electronic case filing system ("ECF") on parties receiving such ECF notice) upon the following parties: (a) all parties listed on the Debtor's master mailing matrix or in the Debtor's filed schedules of assets and liabilities in this Case (the "Mailing List"); (b) all parties who have filed a proof of claim to date in the Debtor's Chapter 11 case; (c) mechanics liens appearing in the title report for the 727 Lofts Property and (d) any persons having been identified as having expressed an interest in purchasing the 727 Lofts Property, as identified by CBRE or otherwise. Service of this Order and the Bid Procedures as set forth herein shall be deemed sufficient and proper notice of the Bid Procedures, Auction, Sale Hearing, and proposed Sale with respect to all parties.

**4.** **BID DEADLINE.** Any potential bidder that desires to make a bid for the 727 Lofts Property shall deliver written copies of its Qualifying Bid, in accordance with the Bid Procedures, so as to be received no later than **October 15, 2026 at 5:00 pm CT** (the "Bid Deadline") by each of the Notice Parties at the addresses set forth in the Bid Procedures. The process and requirements associated with becoming a Qualified Bidder and submitting a Qualifying Bid are approved as fair, reasonable, appropriate, and designed to maximize recoveries for the benefit of the bankruptcy estate, creditors, and other parties-in-interest.

**6.** **AUCTION.** If only one Qualifying Bid is received prior to the expiration of the Bid Deadline, the 727 Lofts Trustee and YSA in consultation with each other may designate such bid as the Successful Bid without holding an Auction.[2] If the 727 Lofts Trustee or YSA receive two or more Qualifying Bids on or prior to the Bid Deadline, the 727 Lofts Trustee and YSA shall

[2] Alternatively, the 727 Lofts Trustee and YSA may jointly conduct an Auction with the single Qualifying Bid and a Credit Bidder(s), if any, desiring to assert rights under section 363(k) of the Bankruptcy Code and submit a Credit Bid, but the 727 Lofts Trustee and YSA are not obligated to conduct an Auction in such circumstances.

jointly conduct a competitive Auction to determine the highest and best offer. The Auction, if one is necessary, will be held at office of YSA's counsel, Phillips Murrah, P.C., 424 N.W. 10th Street, Suite 300, Oklahoma City, OK 73103 commencing on **October 19, 2026 at 10:00 am CT**; or, alternatively, the Auction may be conducted virtually via Zoom, WebEx, Teams or similar format in accordance with the Bid Procedures.

**7. SALE NOTICE.** The 727 Lofts Trustee and YSA shall file the Sale Notice with the Bankruptcy Court in accordance with the Bid Procedures and shall serve such Sale Notice by the most expedient means available--*i.e.*, by e-mail and/or ECF, if possible, and otherwise by overnight mail--to all Qualifying Bidders and/or their counsel. Service of the Sale Notice as provided herein shall be deemed sufficient and proper notice of the Auction, Sale Hearing, and all other contents of the Sale Notice with respect to all parties.

**8. SALE HEARING.** A hearing to consider entry of a Sale Order (a) approving a 363 Sale to the Successful Bidder and (b) authorizing the assumption and assignment of the Assumed Contracts designated by the Successful Bidder is hereby set for **October 22, 2026 at _____ a.m. / p.m. CT** (the "Sale Hearing"), which may be adjourned or rescheduled with notice. Unless the Bankruptcy Court orders otherwise, the Sale Hearing shall be an evidentiary hearing on matters relating to the 363 Sale, and there will be no further bidding at the Sale Hearing. In the event the Successful Bidder cannot or refuses to consummate the Sale, the 727 Lofts Trustee and YSA may jointly designate a Backup Bidder, if any, as the new Successful Bidder and the 727 Lofts Trustee and YSA shall be jointly authorized, but not required, to close with the Backup Bidder on the Backup Bid without further order of the Court. The credit bid of ACRE shall be a further back-up bid if it is not the Successful Bidder or next highest Backup Bidder.

9. **OBJECTIONS.**

a. **Objections.** All objections, including without limitation objections to (a) the 363 Sale or the Court's entry of an order approving the Sale free and clear, (b) the proceedings of the Auction, and (c) the identity of the Successful Bidder and its ability to provide assurance of ability to close, must be filed with the Bankruptcy Court, served via ECF by no later than **2 Business Days prior to the Sale Hearing** and contemporaneously emailed or otherwise provided to the Notice Parties in accordance with the Bid Procedures.

b. **Failure to Object.** Any person or entity failing to timely file an objection to the entry of a Sale Order within the deadlines set forth above shall be forever barred from objecting thereto, including without limitation, the Sale of the 727 Lofts Property, the Sale of the 727 Lofts Debtor's and YSA's respective right, title and interest in and to the 727 Lofts Property and related assets free and clear of any and all liens, encumbrances, and claims, and will be deemed to consent to the Sale regarding such 727 Lofts Property free and clear of any and all liens, encumbrances, and "claims" (as that term is defined in the Bankruptcy Code). Any objections to the Successful Bidder's or Backup Bidder's proposed form of Adequate Assurance must be raised prior to the deadlines set forth above and will be resolved at the Sale Hearing or, in the 727 Lofts Trustee's and YSA's joint discretion, adjourned to a later hearing.

10. **QUALIFYING BIDS AND PARTICIPATION.** The 727 Lofts Trustee and YSA are jointly authorized to take any and all actions necessary or appropriate to implement the Bid Procedures, including the determination of whether a potential bidder is a Qualified Bidder. A potential bidder shall only be deemed a Qualified Bidder, and a bid shall only be deemed a Qualifying Bid, if all requirements of the Bid Procedures related to Qualified Bidders and Qualifying Bids are satisfied prior to the Bid Deadline, subject to the joint discretion of the 727 Lofts Trustee and YSA. The 727 Lofts Trustee and YSA shall promptly jointly determine whether submitted bids are Qualifying Bids and file notice of same with the Court and serve said notice on Qualified Bidders in a manner so it is received by Qualified Bidders no later than **October 16, 2026, at noon CT.**

11. **CONFLICTING TERMS.** The terms of this Order shall control to the extent of

any conflict with the Motion or this Order. Notwithstanding the foregoing, and except for any deadlines or court hearing dates, the 727 Lofts Trustee and YSA may jointly modify the Bid Procedures if, in its business judgment, such modifications will maximize the value of the 727 Lofts Property for the benefit of creditors and other stakeholders.

**12.** **OTHER PROVISIONS.** Notwithstanding Rules 6004, 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), or otherwise, this Order shall be effective and enforceable immediately upon entry, and its provisions shall be self-executing. To the extent applicable, the stays described in Bankruptcy Rules 6004 and 6006 are hereby waived.

**13.** The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

**14.** The 727 Lofts Trustee, YSA, CBRE as the joint broker, and any potential bidders are authorized to take any actions necessary to implement the terms of this Order.

**15.** YSA shall notify all interested parties of this Order.

**16.** All findings of fact are based upon representation of YSA's Counsel.

IT IS SO ORDERED.

# # #

APPROVED:

*/s/ Jason A. Sansone*

Clayton D. Ketter, OBA No. 30611
Jason A. Sansone, OBA No. 30913
Nicholas J. Candido, OBA No. 36069
PHILLIPS MURRAH P.C.
424 N.W. 10th St., Suite 300
Oklahoma City, OK 73103
(405) 235-4100 - telephone
(405) 235-4133 – facsimile
cdketter@phillipsmurrah.com
jasansone@phillipsmurrah.com
njcandido@phillipsmurrah.com
**Proposed Attorneys**
**for YSA Investments 1, LLC**