**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br>YSA INVESTMENTS 1, LLC,<br>Debtor. | Case No. 26-12806-SAH<br>Chapter 11 |

**CORRECTED DEBTOR'S EXPEDITED MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 FOR APPROVAL OF SETTLEMENT AGREEMENT BETWEEN THE DEBTOR AND ACRE Q018 RETENTION HOLDER, AND NOTICE OF OPPURTUNITY FOR HEARING AND NOTICE OF HEARING**

**NOTICE OF OPPORTUNITY FOR HEARING**

**Your rights may be affected. You should read this Document carefully and consult your attorney about your rights and the effect of this Document.** If you do not want the Court to grant the motion, or you wish to have your views considered, you must file a written response to the motion with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean McGee Avenue, Oklahoma City, OK 73102 no later than Friday, October 2, 2026. You should also serve a file-stamped copy of the response to the undersigned [and others who are required to be served] and file a certificate or affidavit of service with the Court.

**NOTICE OF HEARING**
**(TO BE HELD IF A RESPONSE IS FILED)**

Notice is hereby given that if a response to the Application is Filed, the hearing on the matter will be held on Thursday, October 8, 2026, at 10:00AM prevailing Central Time, before the Honorable Judge Sarah Hall, U.S. Bankruptcy Court Western District of Oklahoma, to be conducted by Microsoft Teams. If no response is timely filed and the court grants the requested relief prior to the above referenced hearing date, the hearing will be stricken from the docket of the Court.

COMES NOW, YSA Investments 1, LLC, debtor in the above-styled and numbered case ("Debtor"), and files this its *Expedited*[1] *Motion Pursuant to Federal Rule of Bankruptcy Procedure*

[1] The Debtor is submitting a request for expedited hearing concurrently with this Motion.

*9019 for Approval of Settlement Agreement between the Debtor and ACRE Q018 Retention Holder LLC* (the "Motion")[2], and in support of same would respectfully show the Court as follows:

1. This Court has jurisdiction to consider the relief requested herein under 28 U.S.C. § 1334(b). This Motion concerns the compromise and settlement of claims against the estate and therefore is a core proceeding under 28 U.S.C § 157(b). Venue of this case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief sought is Section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code on July 28, 2026 in the Bankruptcy Court for the District of Delaware. On August 14, 2026, venue was transferred to this Court.

4. YSA Investments 1, LLC, claims some interest in the real property and improvements located at 727 E. Main Place, Jenks, Oklahoma 74037, containing a multi-building apartment complex known as the 727 Lofts Apartments (the "727 Lofts Property").

5. The Debtor is indebted, *in rem,* to ACRE Q018 Retention Holder LLC ("Lender") pursuant to, *inter alia*, that certain prepetition loan agreement between the Debtor and the Lender's predecessor dated as of March 10, 2022 evidencing a loan in the original principal amount of $17,000,000.00 (the "Loan"). Through a series of allonges and assignments, the Lender is the owner and holder of the Loan and holds a first priority deed of trust on the 727 Lofts Property and

[2] There is a dispute between Debtor and 727 Lofts Best Living, LLC as to ownership of the Property. Similar motions are being filed in *In re 727 Best Living, LLC*, U.S. Bankruptcy Court, Western District of Oklahoma, Case No. 26-1285-SAH to settle the claim of ACRE and establish the same timeline for the sale of the 727 Lofts Property with the respective parties claims to ownership attaching to excess proceeds, if any, after payment of the agreed ACRE claim.

a blanket first priority security interest in all of the personal property related to the 727 Lofts Property.

6. Before and during this case, the Debtor and the Lender have engaged in disputes concerning the balance due on the Loan, the timing of payments on the Loan, and other contested issues.

7. The Lender and the Debtor have agreed to settle their disputes and litigation as described in the Settlement Agreement attached hereto as **Exhibit 1** (the "Agreement").

8. The primary terms of the Agreement are as follows:

a. The Debtor will file a motion to approve bid procedures for an auction and sale of the 727 Lofts Property in conjunction with presentation of a similar motion by 727 Lofts Best Living, LLC ("727 Lofts Best Living") which also asserts an ownership interest in the 727 Lofts Property.

b. Should the Court approve both related motions to approve bid procedures, the Debtor and 727 Lofts Best Living will jointly conduct an auction of the 727 Lofts Property, at which the Lender will submit a credit bid in the amount of $17,800,000.00 (the "Credit Bid").

c. If the Lender's Credit Bid is the successful bid at the auction, then i) the Lender shall receive a conveyance of the 727 Lofts Property, and ii) the Lender's claim herein (the "Claim") will be deemed to be satisfied in full and (iii) the Lender will release the guarantees of the Loan from Marc Kulick and Alex Upperman at closing.

d. Should the successful bidder not be the Lender, the sale proceeds will first be applied to payment of the Lender in an amount equal to the Credit Bid, in full satisfaction of the Claim, then to other parties as later determined by the Court.

e. The Debtor's real estate broker CBRE will receive a commission and costs of up to $100,000 payable from sale proceeds of any overbid higher than the Credit Bid or from a carveout from the Lender's lien if the Credit Bid closes, as well as any accrued quarterly fees due to the Office of the United States Trustee through the closing date.

9. Bankruptcy Rule 9019 provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr.

P. 9019(a). Courts have emphasized that "[c]ompromises are favored in bankruptcy." *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (quoting *Collier on Bankruptcy* ¶ 9019.03[1] (15th ed. 1993)). Settlement agreements are generally favored because they minimize litigation expenses and expedite case administration. *See, e.g.*, *In re Idearc Inc.*, 423 B.R. 138, 182 (Bankr. N.D. Tex. 2009) *subsequently aff'd sub nom. In re Idearc, Inc.*, 662 F.3d 315 (5th Cir. 2011). "One of the goals of Congress in fashioning the Bankruptcy Code was to encourage parties in a distress situation to work out a deal among themselves." *Id.* (quoting *In re Mirant Corp.*, 334 B.R. 800, 811 (Bankr. N.D. Tex. 2005)). "The purpose behind compromises 'is to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims.'" *Korngold v. Loyd (In re S. Med. Arts Cos. Inc.)*, 343 B.R. 250, 255 (10th Cir. BAP 2006) (quoting *Martin v. Kane (In re A & C Props.)*, 784 F.2d 1377, 1380–81 (9th Cir. 1986)).

10. A settlement need not result in the best possible outcome for the debtor, but "the court need only determine that the settlement does not fall below the lowest point in the range of reasonableness." *In re Brutsche*, 500 B.R. 62, 71 (Bankr. D.N.M. 2013) (quoting *Tri–State Financial, LLC v. Lovald*, 525 F.3d 649, 654 (8th Cir. 2008)). "[W]hen considering a settlement, the bankruptcy court should not substitute its judgment for the business judgment of the trustee." *In re Whiting*, 329 B.R. 358, n.23 (B.A.P. 10th Cir. 2005) (citing *In re Carla Leather, Inc.*, 44 B.R. 457, 465-66 (Bankr. S.D.N.Y. 1984)). The decision to accept or reject a compromise or settlement is within the sound discretion of the bankruptcy court and "may be disturbed only when it achieves an unjust result amounting to a clear abuse of discretion." *Reiss v. Hagmann*, 881 F.2d 890, 891 (10th Cir. 1989).

11. In exercising its discretion, the bankruptcy court must make an independent determination that the settlement is fair and equitable. *See Protective Comm. for Indep.*

*Stockholders of TMT Trailer Ferry Inc. v. Anderson*, 390 U.S. 414, 424 (1968). To evaluate whether a settlement is fair and equitable, courts in the Tenth Circuit consider the following factors:

> (1) the chance of success on the litigation on the merits;
>
> (2) possible problems in collecting the judgment;
>
> (3) the expense and complexity of the litigation; and
>
> (4) the interest of the creditors.

*See In re S. Med. Arts Companies, Inc.*, 343 B.R. 250, 256 (B.A.P. 10th Cir. 2006).

12. **Chance of success.** The probability of success in reducing the Lender's Claim through litigation to an amount below the Settlement Amount is uncertain. The time and money necessary to litigate the Claim to conclusion would be significant and would negatively impact the Debtor's ability to sell its asserted interest in the 727 Lofts Property and/or confirm a plan of reorganization in this case. The likelihood that the expenditure of such funds and effort would result in a significantly lower claim cannot be reasonably predicted. Lender would assert post-petition attorney's fees and expert witness costs as part of its claim along with post-petition interest accruing at the default rate which would reduce the amount of potential surplus proceeds which the Debtor's estate is hoping to achieve through the free and clear sale motion under CBRE's further marketing efforts for the Property.

13. **Possible problems in collecting the judgment.** The second factor, possible problems in collecting the judgment, is not applicable to the claims related to ownership of the 727 Lofts Property.

14. **The expense and complexity of the litigation.** Continued litigation over the above-referenced disputes, the amount of the Claim and the treatment of the Claim and other asserted claims in a plan of reorganization would require lengthy, complex litigation that would result in significant expense, inconvenience, and delay of relief for all parties involved. Legal fees

and expert witness expenses alone could easily reach hundred of thousands of dollars between the Debtor's professionals and Lender's professionals. Between litigation fees for the Lender and accruing default interest, the Lender's asserted claim would likely significantly exceed the $17,800,000.00 cap it has agreed to in the settlement. Given the extensive pre-petition marketing efforts over multiple months, the Debtor believes that the further marketing period under the Bid Procedure is sufficient to see if there will be any overbids above the $17,800,000.00 credit bid amount.

15. **The interests of creditors.** The Agreement resolves all disputes between the Debtor and the Lender. The Agreement will result in a sale of the Property and a negotiated resolution of the Claim. All creditors and parties in interest are being given notice of this Motion and an opportunity to be heard on this Motion.

16. The Agreement was obtained through arms-length negotiation between the parties. Neither party was subject to any undue influence to execute the Agreement, and there was no collusion between the Debtor, the Lender or any other affected party. The Agreement is within the reasonable business judgment of the Debtor and is in the best interest of the Debtor and its estate because it will settle complicated litigation between the Debtor and the Lender, thus allowing the Debtor to move forward with a sale of the Property and a confirmable plan of reorganization. The Agreement represents a fair and equitable remedy for the Debtor, the Lender, all creditors and parties-in-interest and is certainly well within the lowest range of reasonableness and the Debtor's sound business judgment.

17. The fact that both the YSA Debtor and the 727 Lofts Best Living Debtor in its Chapter 11 cases are jointly selling their asserted interests in the 727 Lofts Property on a free and clear basis should make potential bidders and their title companies more comfortable that if they

bid, they will be acquiring effective fee simple ownership of the 727 Lofts apartment complex and related assets such as the tenant leases regardless of who owns it pursuant to a free and clear order of the same federal bankruptcy court and that disputes about ownership of the 727 Lofts Property, mechanics liens or other disputes can be litigated (or settled) later between the relevant parties without the bidder having to be involved in that litigation or wait to own the 727 Lofts Property.

WHEREFORE, PREMISES CONSIDERED, the Debtor requests the Court to enter an Order approving the Agreement and granting such other and further relief as to which it may be justly entitled.

Respectfully submitted,

*/s/ Jason A. Sansone*
Clayton D. Ketter, OBA No. 30611
Jason A. Sansone, OBA No. 30913
Nicholas J. Candido, OBA No. 36069
PHILLIPS MURRAH P.C.
424 N.W. 10th St., Suite 300
Oklahoma City, OK 73103
(405) 235-4100 - telephone
(405) 235-4133 – facsimile
cdketter@phillipsmurrah.com
jasansone@phillipsmurrah.com
njcandido@phillipsmurrah.com
**Proposed Attorneys**
**for YSA Investments 1, LLC**

## CERTIFICATE OF SERVICE

This is to certify that on the 23rd day of September, 2026, true and correct copies of the above and foregoing were mailed by first class mail, postage prepaid, to all parties on the attached service list.

*/s/ Jason A. Sansone*
Jason A. Sansone, OBA No. 30913

**SERVICE LIST**

ACRE Q018 Retention Holder LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Axonic Capital LLC
390 Park Avenue, 15th Floor
New York, NY 10022

Bancorp Bank, NA
1200 South Pine Island Road
Plantation, FL 33324

Berkadia Commercial Mortgage LLC
323 Norristown Rd., Suite 300
Ambler, PA 19002

BMO
320 South Canal Street
Chicago, IL 60606

Cohen + Company
3 Columbus Circle, 24th Floor
New York NY 10019

Community Loan Servicing LLC
4425 Ponce de Leon Blvd, Suite 300
Miami, FL 33146

CREO QRS NP LLC
CREO QRS VC LLC
251 Little Falls Drive
Wilmington, DE 19808

Federal National Mortgage Assn
1100 15th Street NW
Washington, DC 20005

First United Bank and Trust Co
1400 West Main
Durant, OK 74701

Legacy Bank
123 East Chicago Ave
Colwich, KS 67030

Newmark (Newmark Knight Frank)
125 Park Avenue
New York, NY 10017

NorthMarq
3500 American Blvd W, Suite 500
Bloomington, MN 55431

SG Capital Partners LLC
750 Washington Blvd, Suite 1050
Stamford, CT 06901

Stride Bank
324 West Broadway Avenue
Enid, OK 73701

YSA Investments 1, LLC
848 Brickell Ave., Suite PH5
Miami, FL 33131

727 Lofts Best Living LLC
850 New Burton Rd 201
Dover, DE 19904

727 Lofts Holdings
850 New Burton Rd 201
Dover, DE 19904

A-V 23 East Owner LLC
251 Little Falls Drive
Wilmington, DE 19808

A-V Classen Owner LLC
251 Little Falls Drive
Wilmington, DE 19808

A-V Village Creek Owner LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

ACRE Q018 Retention Holder LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

American Fiduciary Services LLC
10845 Griffith Peak Dr, Suite 200A
Las Vegas, NV 89135

Asset Holder LLC
691 South 66th East Ave 100
Tulsa, OK 74133

Auerbach-Vesta LLC
251 Little Falls Drive
Wilmington, DE 19808

Axonic Multifamily Bridge SPV
(BC) Trust c/o Axonic Capital LLC
520 Madison Avenue
New York, NY 10022

Axonic Capital LLC
390 Park Avenue, 15th Floor
New York, NY 10022

B&J Woodscape/Oklahoma City LLC
6911 South 66th Avenue 100
Tulsa, OK 74133

Barcelona Best Living LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Bartlesville Best Living LLC
6911 South 66th East Ave 100
Tulsa, OK 74133

Boomar Remodeling LLC
3009 SW 54th Street
Oklahoma City, OK 73119

Bryan Hills Best Living LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

City of Stillwater Oklahoma
723 South Lewis Street
Stillwater, OK 74074

Copperfield Apartments LP
6911 South 66th East Avenue 100
Tulsa, OK 74133

CREO QRS NP LLC
251 Little Falls Drive
Wilmington, DE 19808

Dechert LLP
2929 Arch Street
Philadelphia, PA 19104

Drexel Flats Acquisition TIC LLC
300 Creek View Road 209
Newark, DE 19711

Drexel Flats Acquisition LLC
300 Creek View Road 209
Newark, DE 19711

Eaton Place Best Living LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Eaton Place TIC 1 LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Federal National Mortgage Assn
1100 15th Street NW
Washington, DC 20005

GableGotwals
BOK Park Plaza, Suite 2200
499 West Sheridan Ave.
Oklahoma City, OK 73102

Jenks Best Living LLC
5251 West 116th Place 200
Leawood, KS 66211

Greenberg Traurig, LLP
One Vanderbilt Ave., Suite 400
New York, NY 1017

Hofland Lollman PLLC
401 South Boston Ave., Suite 500
Tulsa, OK 74103

KDL Discovery
9023 Columbine Road
Eden Prairie, MN 55347

Lofts at North Penn Best Living LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Lakeside Best Living LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Louis Investments LLC
5251 West 116th Place 200
Leawood, KS 66211

Marc Kulick
4920 East 113th Street
Tulsa, OK 74137

Montgomery Apartments Holdings
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Muntage Best Living LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Ready Capital Mort Financing
2023 FL 12
251 Little Falls Drive
Wilmington, DE 19808

One Eton Square LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

One Eton TIC 1 LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Putnam Green TIC Interest LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Remington Rach's Best Living LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Ridge Best Living LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Riverpark Best Living LLC
300 Creek View Road 209
Newark, DE 19711

Springdale Village's Best Living LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Summer Oaks Best Living LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Ten Seven Security
4870 South Lewis Avenue #207
Tulsa, OK 74105

Term Fund III MRA Seller LLC
251 Little Falls Drive
Wilmington, DE 19808

TRDWind Capitol LLC
1999 Bryan Street 900
Dallas, TX 75201

TU Properties LLC
511 Oak Street
Kansas City, MO 64106

Tuscany Village Best Living LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Vesta Holdings LLC
6911 South 66th East Ave 100
Tulsa, OK 74133

Vesta-Seminole Ridge LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Villas at Midtown Best Living LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Westlake Hardware Inc
14000 Marshall Drive
Lanexa, KS 66215

Woodland Manor's Best Living LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Woodland Manor TIC 1 LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Internal Revenue Service
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101

Oklahoma Employment Security
Commission / Service of Process
PO Box 52003
Oklahoma City, OK 73152-2003

Oklahoma Tax Commission
Oklahoma City, OK 73194

Delaware State Treasury
820 Silver Lake Blvd., Suite 100
Dover, DE 19904-2464

Empire Protection Services LLC
14083 SH 51
Coweta OK 74429

Rasa Floors and Carpet Cleaning LLC
Reynolds Ridings Vogt Robertson PLLC
101 Park Avenue Suite 1010
Oklahoma City OK 73102

Rasa Floors and Carpet Cleaning LLC
PO Box 110067
Carrollton TX 75011

# EXHIBIT 1

**AMENDED AND RESTATED GLOBAL SETTLEMENT AGREEMENT**

This Amended and Restated Global Settlement Agreement (the "Global Settlement Agreement") dated September 17, 2026, is made by and among ACRE Q018 Retention Holder LLC ("ACRE") and 727 Lofts Best Living, LLC ("Project Entity") and 727 Lofts Holdings, LLC ("Pledgor"), each acting by Daniel J. Sherman (the "727 Lofts Trustee") as the Chapter 11 Trustee (collectively, the "727 Lofts Debtors") and YSA Investments I, LLC, as a Chapter 11 Debtor and Debtor in Possession (the "YSA Debtor").

**Recitals**

A. The 727 Lofts Debtors filed Chapter 11 cases under lead case number 26-32779-sgj-11 (the "727 Lofts Cases") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division on June 25, 2026. Venue in the 727 Lofts Cases has been transferred to the United States Bankruptcy Court for the Western District of Oklahoma (the "Oklahoma Bankruptcy Court").

B. The YSA Debtor originally filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Delaware. Venue for that YSA Debtor's Chapter 11 case (the "YSA Case") was transferred to the Oklahoma Bankruptcy Court.

C. This settlement relates to real property located in Tulsa County, Oklahoma commonly known as 727 East Main Place, Jenks, Oklahoma 74037 (the "727 Lofts Property").

C. Pledgor asserts it owns 100% of the equity interests in the Project Entity (the "Equity Interests").

D. The 727 Lofts Debtors executed and delivered a Promissory Note in the original principal amount of $17,000,000 which Promissory Note is currently held by ACRE (the "Loan").

E. There is a mortgage on the Property securing the Loan which mortgage is currently held by ACRE.

F. Pledgor has delivered a Pledge and Security Agreement pledging the Equity Interests which pledge is currently held by ACRE.

G. ACRE filed a Motion to Lift the Automatic Stay Pursuant to Section 362(D) of the Bankruptcy Code [Dkt. No. 16] (the "727 Lofts Case Lift Stay Motion") in the 727 Lofts Cases.

H. 727 Lofts filed a Motion to Compromise Controversary with ACRE Q018 Retention Holder, LLC shortly thereafter [Dkt. No. 22] that proposed to resolve the 727 Lofts Case Lift Stay Motion by allowing a further marketing period for the 727 Lofts Property leading to an auction date to determine if there was in fact equity above the ACRE mortgage on the 727 Lofts Property.

I. ACRE Filed a Motion for Relief From the Automatic Stay [Dkt. No. 27] (the "YSA Case Lift Stay Motion") in the YSA Case.

J. YSA filed an Objection to the YSA Case Lift Stay Motion [Dkt. No. 91] (the "YSA Lift Stay Objection") asserting, among other things, that there was equity in the 727 Lofts Property.

K. The Project Debtor first began marketing the 727 Lofts Property in February, 2026.

L. ACRE retained Jones Lang LaSalle in April 2026 to market the Equity Interests in a UCC Article 9 sale process.

M. YSA along with the 727 Lofts Debtors have jointly engaged CB Richard Ellis as broker ("CBRE"), including, without limitation, with respect to YSA's and the 727 Lofts Debtors' respective asserted interests in the 727 Lofts Property.

N. The parties hereto have agreed to allow CBRE to market the 727 Lofts Property.

O. ACRE has agreed to support a further marketing and sale process allowing for bids to be submitted through October 15, 2026 and an auction on October 18, 2026 if there are qualified overbids to further test the market value of the 727 Lofts Property pursuant to the terms of this Global Settlement Agreement and related implementing pleadings and documents.

J. ACRE has further agreed to submit a floor credit bid capped at $17.8 million for the 727 Lofts Property.

K. The Trustee and YSA have both agreed to seek expedited approval of this Global Settlement Agreement and related matters pursuant to Section 363 of the United States Bankruptcy Code and Bankruptcy Rule 9019 and the local rules of the Bankruptcy Court.

NOW THEREFORE, for and in consideration of the obligations and promises recited below, and other good and valuable consideration, the receipt, adequacy and sufficiency of which are hereby acknowledged, the parties represent and agree as follows:

1. **Global Settlement Terms**

A. The 727 Lofts Trustee on behalf of the Debtors and YSA agree that ACRE's claims should be allowed in the amount of $16,704,604.06 as of the petition date plus accruing post-petition interest at the default rate and post-petition reasonable attorneys' fees without offset, counterclaim, avoidance, designation, subordination, surcharge or other defense of any nature whatsoever which claim is secured by a first position lien on all assets of each 727 Lofts Estate (subject to any accruing real estate taxes related to the 727 Lofts Property) (the "Allowed ACRE Claim") and that ACRE shall not be required to file a proof of claim in the 727 Lofts Cases or the YSA Case. Obtaining Bankruptcy Court approval of the Allowed ACRE Claim and this Global Settlement Agreement by October 8, 2026 is a material condition of this Global Settlement Agreement.

B. The Parties have negotiated a form of Motion to Approve Bid Procedures and Sale Motion and related Bid Procedures Order. Obtaining Bankruptcy Court approval of those bid procedures and form of Order by October 8, 2026 or some other order approving bid procedures in form and substance acceptable to ACRE by October 8, 2026 is a material condition of this Global Settlement Agreement. The parties shall negotiate a form of Sale Order in form and substance acceptable to ACRE by no later than October 6, 2026.

C. ACRE shall submit a credit bid by October 15, 2026 in the full capped amount of the Allowed ACRE Claim pursuant to the Bid Procedures Order. This credit bid shall be permitted under Section 363(k) of the Bankruptcy Code and ACRE's rights to credit bid shall not be subject to challenge.

D. If there is an overbid above the amount owed to ACRE including post-petition interest and attorneys' fees and the break-up fee amount, then ACRE's credit bid would become a back-up bidder and would close if the overbidder or any other higher backup bidder does not close by November 6, 2026. If the overbid closes by November 6, 2026, ACRE would agree to cap its total claim at $17,800,000 (inclusive of post-petition interest and attorneys' fees) and that $17,800,000 would be paid by wire transfer at Closing from the proceeds of the overbid closing.

E. If ACRE's credit bid closes or ACRE is paid $17.8 million in cash from an overbid by November 6, 2026, ACRE would release the guarantees from Marc Kulick and Alex Upperman at closing.

F. If ACRE's credit bid closes, each of the following shall be paid from a carveout to ACRE's lien (which ACRE expressly hereby agrees to): (i) reasonable costs and fees of the 727 Lofts Trustee and his professionals related to the 727 Lofts Property and 727 Lofts Cases, (ii) CBRE's commission and costs related to the sale of the 727 Lofts Property in an amount not

to exceed $100,000, and (iii) any accrued quarterly fees due to the Office of the United States Trustee ("UST Fees") through the closing date related to the 727 Lofts chapter 11 cases. If an overbid closes instead by November 6, 2026, then the 727 Lofts Trustee's costs and fees, CBRE's commission and UST Fees shall instead be paid from the escrow of proceeds from the overbid closing in such amount as the Bankruptcy Court approves.

G. Any excess proceeds from an overbid will be held in escrow by the 727 Lofts Trustee and there will be a later determination as to whether such proceeds go to YSA Investments I, LLC's asserted second mortgage and claims, filed mechanics lien claims, Chapter 11 professional fees, unsecured claims or insider equity/claims of the Kulick related parties and/or the YSA related parties.

H. The Debtors and YSA will file (i) an updated motion to approve this Global Settlement Agreement and the related bid procedures and sale in form and substance agreed to by the parties hereto by no later than September 18, 2026 and any required motion to expedite (the "Bid Procedures and Settlement Motions") and (ii) shall seek to have the Sale and Settlement Motion heard by the Bankruptcy Court no later than October 8, 2026.

I. In the event that an order approving all of the relief sought in the Bid Procedures and Settlement Motion is not granted by the Bankruptcy Court by October 8, 2026, this Global Settlement Agreement shall be null and void and all parties shall reserve all rights, remedies and defenses unless that deadline is extended by mutual agreement of the parties to this Agreement.

J. The closing of the ACRE Credit Bid or any higher and better overbid (the "Closing") shall occur by no later than November 6, 2026.

K. ACRE shall postpone any objection deadlines, hearing dates and discovery response dates to ACRE's Lift Stay Motions to the later of (i) October 8, 2026 and (ii) if the

9019 Settlement Order and Bid Procedures are approved by October 8, 2026, then to November 6, 2026. If there is a Closing by November 6, 2026 under ACRE's credit bid or that pays ACRE $17.8 million in cash, ACRE will thereafter dismiss both Lift Stay Motions.

L. The settlement motions and related bid and sale pleadings filed in each of the YSA Case and the 727 Lofts Cases are interrelated and all must be timely approved by the Bankruptcy Court for the transactions contemplated therein to be effective.

2. **Attorneys' Fees and Costs.** Each party to this Global Settlement Agreement shall bear its own attorneys' fees and costs incurred to date in this matter and those associated with the negotiation and execution of this Global Settlement Agreement.

3. **Entire Agreement.** This instrument contains and embodies the entire agreement of the parties and understanding of the parties and supersedes all prior agreements and understandings, oral or written, between them, relating to the subject matter of this Global Settlement Agreement. No modification or waiver of the terms and conditions contained herein shall be of any force and effect unless such modification or waiver shall be in writing and signed by the parties.

4. **Severability.** If any term or provision of this Global Settlement Agreement shall be deemed to be prohibited, invalid or unenforceable in any jurisdiction, such a provision shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof, or effecting the validity or enforceability of such provisions in any jurisdiction, and all such remaining terms and provisions shall remain in full force and effect.

5. **Governing Law; Consent to Jurisdiction; Waiver of Jury Trial.** This Global Settlement Agreement shall be governed by, and construed in accordance with, the laws of the

State of Oklahoma without regard to conflict of laws principles. The Parties agree that neither shall commence any litigation or any other type of proceedings against the other party over a dispute arising out of this Release or either party's rights and obligations hereunder, except in the Bankruptcy Court so long as the 727 Lofts Case or YSA Case are pending or thereafter, in any court of competent jurisdiction including any state or federal court located in the City of Oklahoma City, Oklahoma. Each party consents, and subjects itself, to the jurisdiction of such courts for any dispute arising out of this Global Settlement Agreement and each party agrees that such jurisdiction and venue are reasonable and just under the circumstances. THE PARTIES HEREBY WAIVE ANY RIGHT TO TRIAL BY JURY RELATED TO THIS GLOBAL SETTLEMENT AGREEMENT AND ANY OF THE MATTERS ADDRESSED HEREIN.

8. **General.** This Global Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and any of the parties may execute this Global Settlement Agreement by signing any such counterpart. Signatures delivered by electronic (PDF) transmission shall constitute execution as though original. The sections and other headings contained in this Global Settlement Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Global Settlement Agreement.

9. **Acknowledgment.** This Global Settlement Agreement is the result of negotiations between the parties and no party shall be deemed to be the drafter of this Global Settlement Agreement. Each of the Parties expressly agrees and acknowledges that, by signing this Global Settlement Agreement, each of them represents and warrants that (a) they are authorized to enter into and execute this Global Settlement Agreement (subject to approval by the Bankruptcy Court); (b) they have read and understand this entire Global Settlement Agreement and documents

attached thereto; (c) they have knowingly and voluntarily entered into this Global Settlement and are not under duress; (d) they have been represented by an attorney in connection with entering into this Global Settlement Agreement; and (e) this Global Settlement Agreement shall inure to the benefit of, and be binding upon, the parties, their related entities and affiliates, officers, directors, members, managers, agents, predecessors, successors and assigns, including, without limitation, any Chapter 7 Trustee for any of the Debtors.

Executed and Delivered as of the date set forth above.

ACRE Q018 RETENTION HOLDER, LLC

Signed by:
Daniel Jacobs
37F436799A9F4AB...

By: ______________________________
Authorized Signatory

727 LOFTS BEST LIVING, LLC

By: ______________________________
Authorized Signatory

727 LOFTS HOLDINGS, LLC

By: ______________________________
Authorized Signatory

YSA INVESTMENTS I, LLC

By: ______________________________
Authorized Signatory

Executed and Delivered as of the date set forth above.

ACRE Q018 RETENTION HOLDER, LLC

By: ______________________________
Authorized Signatory

727 LOFTS BEST LIVING, LLC

By: ______________________________
Daniel J. Sherman, Chapter 11 Trustee

727 LOFTS HOLDINGS, LLC

By: ______________________________
Daniel J. Sherman, Chapter 11 Trustee

YSA INVESTMENTS I, LLC

By: ______________________________
Authorized Signatory

Executed and Delivered as of the date set forth above.

ACRE Q018 RETENTION HOLDER, LLC

By: ______________________________
Authorized Signatory

727 LOFTS BEST LIVING, LLC

By: ______________________________
Daniel J. Sherman, Chapter 11 Trustee

727 LOFTS HOLDINGS, LLC

By: ______________________________
Daniel J. Sherman, Chapter 11 Trustee

YSA INVESTMENTS I, LLC

By: ______________________________
Authorized Signatory