**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| YSA Investments 1, LLC, | ) | |
| | ) | Case No. 26-12806 (SAH) |
| | ) | |
| Debtor. | ) | |

---

# NOTICE OF INTENT OF AUERBACH OPPORTUNITY FUND I, LP, AUERBACH OPPORTUNITY FUND III, LP, AND AUERBACH OPPORTUNITY FUND IV, LP TO PROCEED WITH ARGUMENT ON LIMITED JOINDER SEEKING APPOINTMENT OF A CHAPTER 11 TRUSTEE

Auerbach Opportunity Fund I, LP, Auerbach Opportunity Fund III, LP, and Auerbach Opportunity Fund IV, LP (collectively, "Auerbach"), by and through their undersigned counsel, hereby give notice that, notwithstanding the withdrawal by CREO QRS VC LLC and CREO QRS NP LLC (collectively, "CREO") of the Amended Emergency Motion of CREO QRS VC LLC and CREO QRS NP LLC to Appoint a Chapter 11 Trustee, or Alternatively, to Dismiss the Chapter 11 Case of YSA Investments 1, LLC [Docket No. 184] (the "Motion"), Auerbach intends to proceed with argument and the presentation of evidence on its Limited Joinder of Auerbach Opportunity Fund I, LP, Auerbach Opportunity Fund III, LP, and Auerbach Opportunity Fund IV, LP to the Motion and Brief in Support [Docket No. 346] (the "Joinder"), and to request that the Court appoint a chapter 11 trustee in this case pursuant to 11 U.S.C. § 1104(a). Auerbach further joins in the Amended Motion for Appointment of a Chapter 11 Trustee filed by Fairfax Investors, LLC [Docket No. 232]. Auerbach does not seek dismissal of this case. In support of this Notice, Auerbach respectfully states as follows:

## BACKGROUND

1. On August 21, 2026, CREO filed the Motion, which requested, as its primary relief, the appointment of a Chapter 11 trustee pursuant to 11 U.S.C. § 1104 and, in the alternative, dismissal of this Chapter 11 case.

2. On September 11, 2026, Auerbach filed the Joinder. In the Joinder, Auerbach (a) adopted and incorporated by reference all facts, legal arguments, and authorities set forth in the Motion as if fully restated therein, excepting only those portions of the Motion requesting dismissal; (b) set forth substantial additional facts and argument in support of the appointment of a trustee; (c) affirmatively opposed the alternative request for dismissal; and (d) requested in its own right that the Court enter an order appointing an independent Chapter 11 trustee pursuant to 11 U.S.C. § 1104. Joinder ¶¶ 1, 30, and Conclusion.

3. On September 21, 2026, CREO filed its Notice of Withdrawal of Emergency Motion [Docket No. 383] (the "Withdrawal").

4. Auerbach's Request stands alone and makes separate arguments and requests that of CREO.

## AUERBACH'S REQUEST FOR APPOINTMENT OF A TRUSTEE REMAINS PENDING

5. Section 1104(a) of the Bankruptcy Code provides that, at any time after the commencement of the case but before confirmation of a plan, "on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee" for cause under § 1104(a)(1), or where appointment is in the interests of creditors, any equity security holders, and other interests of the estate under § 1104(a)(2). The statute does not confine the request to the party that first raises it; any party in interest may make it.

6. Auerbach is a party of interest in this case. As set forth in detail in the Joinder, Auerbach has invested approximately $75,000,000 across the Vesta Portfolio and holds direct equity ownership interests, unsecured creditor positions, preferred equity positions, and contractually reserved governance

rights in Portfolio properties that YSA has scheduled in this case as its own assets. Joinder ¶¶ 2–5. Auerbach may raise and be heard on any issue in this case. 11 U.S.C. § 1109(b).

7. The Auerbach Joinder is therefore an independent request by a party in interest for the relief authorized by § 1104(a). It was not merely an expression of support for CREO's request. Auerbach expressly requested the appointment of a trustee in its own right, supported that request with facts and argument beyond those set forth in the CREO Motion, and took a position on the alternative relief contrary to CREO's. CREO's withdrawal of its own request does not withdraw Auerbach's, and the Withdrawal does not render the Joinder moot.

8. Because the Joinder incorporated the Motion by reference "as if fully restated herein," the factual allegations, legal arguments, and authorities set forth in the Motion pertaining to the appointment of a trustee form part of the Joinder. Auerbach hereby confirms that, notwithstanding the Withdrawal, it continues to adopt and rely upon those matters as its own, together with the additional facts and argument set forth in the Joinder.

9. Parties in interest have had notice of the request for appointment of a trustee since the Motion was filed on August 21, 2026, and of Auerbach's independent request since the Joinder was filed and served on September 11, 2026. Proceeding on the Joinder therefore results in no unfair surprise or prejudice to any party.

## AUERBACH DOES NOT SEEK DISMISSAL

10. Auerbach's position regarding the alternative relief requested in the Motion is unchanged. Auerbach does not seek dismissal of this Chapter 11 case and continues to oppose dismissal for the reasons set forth in the Joinder. Joinder ¶ 30. Nothing in this Notice or in the Joinder should be construed as a request for dismissal or conversion of this case.

**HEARING**

11. Auerbach intends to proceed with argument and the presentation of evidence in support of the Joinder at the hearing currently scheduled for October 1, 2026, at 10:00 a.m., or at such other date and time as the Court may set.

12. To the extent the Court determines that, in light of the Withdrawal, the Joinder should be treated as a stand-alone motion or requires additional notice under the Federal Rules of Bankruptcy Procedure or the Local Rules of this Court, Auerbach respectfully requests that the Court treat the Joinder, as supplemented by this Notice, as Auerbach's motion for appointment of a Chapter 11 trustee pursuant to 11 U.S.C. § 1104(a), and set such notice, response deadline, and hearing as the Court deems appropriate. Auerbach will promptly file and serve any supplemental notice the Court may require.

**RESERVATION OF RIGHTS**

13. Moreover, as is detailed in Auerbach's Objection to Debtor's Insurance Report filed herein, Debtor has failed to comply with the Court's Interim Order filed August 28, 2026 [Doc 263]. This failure requires the appointment of a Chapter 11 Trustee, sua sponte, without further argument.

Dated: September 23, 2026

Respectfully submitted,

**LAMUN MOCK CUNNYNGHAM & DAVIS, P.C.**

By: /s/Bret Davis
Bret Davis, OBA No. 15079
5621 N. Classen Blvd.
Oklahoma City, OK 73118
405-840-5900
Email: Bdavis@lamunmock.com
Counsel for Auerbach Opportunity Fund I, LP;
Auerbach Opportunity Fund III, LP; and
Auerbach Opportunity Fund IV, LP

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2026, I electronically transmitted the attached document to the Clerk of the Court using the Court's ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to all registered participants.

I further certify that on this date, I caused the foregoing document to be served via email and/or U.S. Mail, postage prepaid, on all parties required to be served with notice of this document.

/s/Bret Davis
Bret Davis