Exhibit B

(For Recorder's Use Only)

---

**RIDGE BEST LIVING, LLC**

Mortgagor

And

**TOVAL VENTURES, LLC**

Mortgagee

---

# MORTGAGE, ASSIGNMENT OF LEASES AND RENTS, AND SECURITY AGREEMENT

**$3,375,000.00**

---

Dated: June 13, 2025

**PREPARED BY**
**Law Offices of Steven Zakharyayev**
**Steven@StevenZLaw.com**

**RETURN TO:**
**Secure Title & Escrow, LLC**
**4200 E. Skelly Drive, Suite 225**
**Tulsa, OK 74135**

**MORTGAGOR (BORROWER): RIDGE BEST LIVING, LLC**

**A POWER OF SALE HAS BEEN GRANTED IN THIS MORTGAGE. A POWER OF SALE MAY ALLOW THE MORTGAGEE TO TAKE THE MORTGAGED PROPERTY AND SELL IT WITHOUT GOING TO COURT IN A FORECLOSURE ACTION UPON DEFAULT BY THE MORTGAGOR UNDER THIS MORTGAGE**

# MORTGAGE, ASSIGNMENT OF LEASES AND RENTS,

# AND SECURITY AGREEMENT

This Mortgage, Assignment of Leases and Rents, Security Agreement, Financing Statement, and Fixture Filing (as amended, amended and restated, supplemented, renewed, or otherwise modified from time to time, this "**Mortgage**"), dated 06/16/2025 is made by **RIDGE BEST LIVING, LLC** a Delaware limited liability company having an address at **4920 E 113th Street Tulsa OK 74137** ("**Mortgagor**"), in favor of **TOVAL VENTURES, LLC**, a Delaware limited liability company having an address at 1065 Southwest 8th St #1010, Miami, FL 33130 (together with its successors and assigns, "**Mortgagee**").

## RECITALS

A. Pursuant to that certain Loan Agreement, dated as of 06/16/2025 by and among Mortgagor, as the borrower, Mortgagee, as the lender (as amended, amended and restated, supplemented, renewed, or otherwise modified from time to time, the "**Loan Agreement**"), Mortgagee has agreed to make a loan to mortgagor in the original principal amount of **$3,375,000.00** ("**Loan**"). The Loan is evidenced by that certain Promissory Note in the amount of the Loan given by Mortgagor to Mortgagee and dated as of the date hereof ("**Note**").

B. It is a condition of the obligation of Mortgagee to make the Loan evidenced by the Loan Agreement and the other Loan Documents (defined below) that Mortgagor executes and deliver this Mortgage.

C. Mortgagor will receive substantial benefit from the execution, delivery and performance of the Note and the other Loan Documents and is, therefore, willing to enter into this Mortgage.

D. Mortgagor is the owner of the fee simple estate in the Land (defined below) and Improvements (defined below).

NOW, THEREFORE, in consideration of the premises and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in order to secure the due and punctual payment and performance of all of the Secured Obligations (defined below) as and when the same becomes due and payable, Mortgagor hereby represents, warrants, covenants, and agrees for the benefit of Mortgagee as follows:

## ARTICLE I
## DEFINITIONS

For purposes of this Mortgage, the following terms shall have the following meanings. Capitalized terms used in this Mortgage without definition shall have the meanings ascribed to such terms in the Loan Agreement.

"**Assignment of Leases and Rents**" means that certain Assignment of Leases and Rents, dated as of 06/16/2025, by Mortgagor in favor of Mortgagee, as the same may be amended, amended and restated, supplemented, renewed, or otherwise modified from time to time in accordance with its terms.

"**Casualty**" has the meaning set forth in the Loan Agreement.

"**Compliance Notice**" has the meaning set forth in Section 6.12.

"**Condemnation Event**" has the meaning set forth in the Loan Agreement.

"**Default Rate**" has the meaning set forth in the Loan Agreement.

"**Event of Default**" has the meaning set forth in the Loan Agreement.

"**Fixtures and Equipment**" has the meaning set forth in Section 2.01(b).

"**Improvements**" has the meaning set forth in Section 2.01(b).

"**Land**" has the meaning set forth in Section 2.01(a).

"**Leases**" has the meaning set forth in Section 2.01(e).

"**Loan**" has the meaning set forth in the Recitals.

"**Loan Agreement**" has the meaning set forth in the Recitals.

"**Loan Documents**" means, collectively, this Mortgage, the Loan Agreement, the Note, the Assignment of Leases and Rents, and all other instruments and documents at any time executed by Mortgagor or any Obligor (as hereinafter defined) relating to, evidencing, or setting out any of the terms of or security for the Secured Obligations, and the term "**Loan Document**" means any of the Loan Documents, as the same may be amended, restated, supplemented, or otherwise modified from time to time in accordance with its terms.

"**Mortgage**" has the meaning set forth in the introductory paragraph.

"**Mortgagee**" has the meaning set forth in the introductory paragraph.

"**Mortgagor**" has the meaning set forth in the introductory paragraph.

"**Non-Monetary Obligations**" means any and all obligations of the Mortgagor under the Loan Documents that are not related to the making of any payments required under the Loan Documents.

"**Note**" has the meaning set forth in the Recitals.

"**Obligor**" means Mortgagor, any Guarantor under the Loan Agreement and Promissory Note together with their respective successors and assigns.

"**Other Mortgages**" has the meaning set forth in Section 7.19.

"**Permitted Exceptions**" means those matters set forth on Exhibit B attached hereto and incorporated herein by this reference.

"**Personal Property**" has the meaning set forth in the Loan Agreement.

"**Property**" has the meaning set forth in Section 2.01.

"**Property Agreements**" has the meaning set forth in Section 2.01(f).

"**Receiver**" has the meaning set forth in Section 6.03.

"**Release**" has the meaning set forth in Section 7.17(a).

"**Rents**" has the meaning set forth in Section 2.01(d).

"**Secured Indebtedness**" has the meaning set forth in the Loan Agreement.

"**Secured Obligations**" means collectively, the Secured Indebtedness, the Non-Monetary Obligations, and all other obligations of the Borrower under the Loan Documents.

"**Security Agreement**" means the Security Agreement dated as of 06/16/2025 and executed by Mortgagor granting a security interest in the Collateral (as defined therein), as the same may be amended, amended and restated, supplemented, renewed, or otherwise modified from time to time in accordance with its terms.

"**UCC**" has the meaning set forth in Section 2.01(b).

## ARTICLE II
## GRANT AND SECURED OBLIGATIONS

**Section II.1 Grant.** In order to secure the due and punctual payment and performance of all of the Secured Obligations as and when the same becomes due, whether at a stated due date, maturity date, by acceleration, or otherwise, Mortgagor does hereby grant, mortgage, pledge, bargain, sell, assign, alien, transfer, release, convey, and confirm, unto Mortgagee, with right of entry and possession as provided below, a lien on and security interest in all of Mortgagor's present and future estate, right, title, and interest in, to, and under the following described property, now owned or held or hereafter acquired from time to time (collectively, the "**Property**"):

(a) All that certain tract or parcel of land lying and being in **OKLAHOMA** County, OKLAHOMA, and being more particularly described in Exhibit A attached hereto and incorporated herein by this reference (the "**Land**") and all minerals, oil, gas and other hydrocarbon substances, sand, gravel, and other materials that may be mined, produced, or extracted from the Land, in, on, or under the surface of the Land (to the extent owned by Mortgagor), as well as all development rights, permits, licenses, air rights, water, water rights, water stock, utility reservations, sanitary sewer, and other utility capacities relating to the Land.

(b) All buildings, structures and other improvements of every kind and nature whatsoever now or hereafter situated on the Land (collectively, the "**Improvements**"), all apparatus, equipment, fittings, fixtures, machinery, materials, supplies, and other items of personal property now owned or hereafter acquired by Mortgagor and now or hereafter affixed or attached to, installed in, or used in connection with the operation or maintenance of the Land or Improvements including any fixtures as defined in the Uniform Commercial Code in effect in the jurisdiction in which the Land and Improvements are located and/or where Mortgagor is located or organized (the "**UCC**") and any appliances, storm doors and windows, lighting, plumbing, pipes, pumps, tanks, conduits, sprinkler and other fire prevention or suppression, refrigeration, incineration, escalator, elevator, loading, security, water, steam, gas, electrical, telephone, cable,

internet, switchboards, storm and sanitary sewer, drainage, HVAC, boilers, waste removal, or other utility equipment or systems (collectively, the "**Fixtures and Equipment**") and building, construction, development, and landscaping supplies and materials now or hereafter affixed to or located at the Land or the Improvements and all replacements, substitutions, and additions to the foregoing.

(c) All easements, rights-of-way, strips and gores of land, streets, ways, alleys, passages, sewer rights, utility reservations and capacity rights, waters, water courses, water rights and powers, estates, rights, titles, interests, minerals, royalties, privileges, liberties, tenements, hereditaments, and appurtenances whatsoever, in any way now or hereafter belonging, relating, or appertaining to the Land or the Improvements, or any part thereof and the reversions, remainders, rents, issues, and profits thereof; and all right to receive excess payments in any tax sale of the Land and the Improvements.

(d) Any and all rents, revenues, issues, profits, royalties, income, cash proceeds, security deposits, accounts, moneys, and other benefits that are now due or may hereafter become due by reason of the renting, leasing, bailment of all or any portion of the Land or the Improvements, or the use or occupancy thereof (collectively "**Rents**").

(e) Subject to the rights of Mortgagor hereunder and under the Loan Documents, all leasehold estates, leases, subleases, sub-subleases, licenses, concessions, occupancy agreements, or other agreements (written or oral, now or at any time in effect and every modification, amendment, or other agreement relating thereto, including every guarantee of the performance and observance of the covenants, conditions, and agreements to be performed and observed by the other party thereto) which grant a possessory interest in, or the right to use or occupy, all or any part of the Land and/or Improvements, together with all related security and other deposits (in each case, as amended, amended and restated, supplemented, renewed, extended, substituted, or otherwise modified from time to time, collectively, "**Leases**").

(f) All other contracts and agreements in any way relating to, executed in connection with, or used in, the development, construction, use, occupancy, operation, maintenance, enjoyment, acquisition, management, or ownership of the Land and/or Improvements or the sale of goods or services produced in or relating to the Land and/or Improvements (collectively, in each case as amended, amended and restated, supplemented, renewed, extended, substituted, or otherwise modified from time to time, the "**Property Agreements**") including: (i) all construction contracts, architects' agreements, engineers' contracts, utility contracts, letters of credit, escrow agreements, maintenance agreements, management, leasing, and related agreements, parking agreements, equipment leases, service contracts, operating leases, catering and restaurant leases and agreements, agreements for the sale, lease or exchange of goods or other property, agreements for the performance of services, permits, variances, licenses,

certificates, and entitlements; (ii) all material agreements and instruments under which Mortgagor or any of its affiliates or the seller of the Land and/or Improvements have remaining rights or obligations in respect of Mortgagor's acquisition of the Land and/or Improvements or equity interests therein; (iii) business licenses, variances, entitlements, certificates, state health department licenses, liquor licenses, food service licenses, certificates of need, and all other permits, licenses, and rights obtained from any governmental authority or private person; (iv) all rights of Mortgagor to receive monies due and to become due under or pursuant to the Property Agreements; (v) all claims of Mortgagor for damages arising out of or for breach of or default under the Property Agreements; and (vi) all rights of Mortgagor to terminate, amend, supplement, modify, or waive performance under the Property Agreements, to compel performance and otherwise to exercise all remedies thereunder, and, with respect to Property Agreements that are letters of credit, to make any draws thereon.

(g) All insurance or other settlement proceeds relating to or arising out of the foregoing, all proceeds of a sale of all or any portion of the foregoing, and all causes of action, claims, compensation, awards, damages, proceeds, payments, relief, or recoveries, including interest thereon, as a result of any Casualty or Condemnation Event of all or any part of the Land and/or Improvements or for any damage or injury to it or for any loss or diminution in value of the Land and/or Improvements (collectively, the "**Proceeds**").

(h) To the extent not included in the foregoing, all cash and non-cash proceeds, products, offspring, rents, revenues, issues, profits, royalties, income, benefits, additions, renewals, extensions, substitutions, replacements, and accessions of and to any and all of the foregoing.

TO HAVE AND TO HOLD the Property and the rights, remedies, and privileges hereby granted and conveyed unto Mortgagee, its successors and assigns, forever; PROVIDED, HOWEVER, that if Mortgagor shall pay to the Mortgagee the Secured Indebtedness, and if the Mortgagor shall keep and perform each of its Secured Obligations set forth herein and in the other Loan Documents, then, upon the termination of all obligations, duties, and commitments of the Mortgagor under the Secured Obligations and this Mortgage, the estate hereby granted and conveyed shall become null and void and the Mortgagee shall cancel, release, and discharge this Mortgage.

**Section II.2 Secured Obligations.** This Mortgage is made and intended to secure the due and punctual payment and performance of all of the Secured Obligations as and when the same become due and payable, whether at the stated maturity, by acceleration, or otherwise.

## ARTICLE III

## ASSIGNMENT OF LEASES AND RENTS

**Section III.1 Assignment of Leases and Rents.**

(a) Mortgagor hereby absolutely, presently, irrevocably, and unconditionally grants, assigns, and transfers to Mortgagee all of Mortgagor's present and future right, title, interest, and estate in, to, and under all Leases and Rents, whether now owned or hereafter acquired, and the absolute, present, irrevocable, and unconditional right to receive, collect, and possess all Rents.

(b) This Article III constitutes an absolute, present, irrevocable, and unconditional assignment of Leases and Rents to Mortgagee and not merely a collateral assignment of, or the grant of a lien or security interest in or on, Leases and Rents. Such grant, assignment, and transfer shall not be construed to: (i) bind Mortgagee to the performance of any of the covenants, conditions, or provisions contained in any Lease or otherwise impose any obligation upon Mortgagee; or (ii) create, or operate to place or impose, any responsibility, obligation, or liability upon Mortgagee for: (A) the control, care, maintenance, management, or repair of the Property; (B) any dangerous or defective condition of the Property, including, without limitation, the presence of any environmental contamination or conditions; (C) any waste committed on the Property by any Person; and/or (D) any negligence in the management, upkeep, repair, or control of the Property.

**Section III.2 Revocable License.**

(a) Notwithstanding the grant, assignment, and transfer of Leases and Rents from Mortgagor to Mortgagee pursuant to Section 3.01, Mortgagee grants to Mortgagor a revocable license to collect and receive Rents as they become due, and to retain, use, and apply Rents to the payment of the Secured Obligations and to the costs and expenses incurred in connection with the operation and maintenance of the Property, and to exercise all rights as landlord under any Lease, in each case subject to the terms of this Mortgage and the other Loan Documents. After the occurrence and during the continuance of an Event of Default, Mortgagor shall collect and receive all such Rents as trustee for the benefit of Mortgagee.

(b) From and after the occurrence and during the continuance of any Event of Default:

(i) The revocable license granted to Mortgagor pursuant to Section 3.02(a) shall immediately and automatically, with or without notice from Mortgagee, cease and terminate and shall be void and of no further force or effect;

(ii) Mortgagee shall immediately and automatically be entitled to receive, collect, and possess all Rents (whether or not Mortgagee enters upon or takes control of the Property or has a receiver appointed for the Property or takes any other action), as hereinafter provided in this Mortgage;

(iii) Mortgagor shall, immediately upon written demand by Mortgagee, notify in writing all tenants under Leases that all Rents due thereunder from and after the date of such notice shall be paid to Mortgagee at its address set forth in this Mortgage, or at such other place as Mortgagee shall notify Mortgagor or the tenants in writing; and

(iv) Any portion of Rents then or thereafter received or held by Mortgagor shall be payable immediately upon written demand to Mortgagee for application by Mortgagee, at its option, to the payment of the Secured Indebtedness and/or expenses in connection with the operation and maintenance of the Property.

(c) It is agreed that, if the Event of Default that gave rise to the termination of the revocable license pursuant to Section 3.02(a) is cured, then the revocable license granted pursuant to Section 3.02(a) shall be reinstated for so long as no other Event of Default shall occur and be continuing, subject to the provisions of this Section 3.02.

(d) Notwithstanding the license granted to Mortgagor/Upon the occurrence and during the continuance of an Event of Default, Mortgagor agrees that, at Mortgagee's sole option from time to time, Mortgagee, and not Mortgagor, shall be deemed to be the creditor of each tenant under each Lease in respect of any and all assignments for the benefit of creditors and bankruptcy, reorganization, insolvency, dissolution, or receivership proceedings affecting each tenant, with an option to apply in accordance with the Loan Documents any money received from such tenant in reduction of any amounts due under the Loan Documents. In each such case, Mortgagee at Mortgagee's direction shall be obligated to file or make timely filings of claims in such proceedings and to otherwise pursue creditor's rights in such proceedings.

**Section III.3 Certain Rights of Mortgagee.** From and after any revocation of the license granted pursuant to Section 3.02(a), Mortgagee shall, at its option and in addition to its other rights and remedies provided in this Mortgage and the other Loan Documents and/or at law or in equity, have the immediate and continuing right, power, and authority, either personally or by agent without bringing any foreclosure or other action or proceeding, or by a receiver appointed by a court and without the necessity of taking possession of the Property in its own name, and without the need for any other authorization or action by Mortgagor or Mortgagee, to take any or all of the following actions:

(a) Notify any tenant or other person that Leases have been assigned to Mortgagee and that all Rents are to be paid directly to Mortgagee.

(b) Settle, compromise, release, extend the time of payment for, and make allowances, adjustments, and discounts of, any Rents or other obligations in, to, and under Leases.

(c) Lease all or any part of the Property and/or modify, amend, renew, or terminate any Leases.

(d) Perform any and all obligations of Mortgagor under Leases and exercise any and all rights of Mortgagor therein contained to the full extent of Mortgagor's rights and obligations thereunder.

## ARTICLE IV
## SECURITY AGREEMENT AND FIXTURE FILING

**Section IV.1 Security Agreement.** This Mortgage shall also constitute a security agreement and fixture filing within the meaning of the UCC with respect to all of Mortgagor's present and future estate, right, title, and interest in, to, and under the Fixtures and Equipment and any portion of the Property that is not real property (the "**Personal Property**"). Mortgagor hereby grants to Mortgagee a security interest in and to the Personal Property and the Fixtures and Equipment and every component thereof, and hereby transfers and assigns to Mortgagee all of Mortgagor's present and future estate, right, title, and interest in, to, and under the Personal Property and the Fixtures and Equipment and every component thereof, to secure the due and punctual payment and performance of all of the Secured Obligations as and when the same becomes due and payable, whether at the stated maturity, by acceleration, or otherwise. With respect to the Fixtures and Equipment, upon the occurrence and during the continuance of an Event of Default, Mortgagee shall also have the right: (a) to proceed against the Fixtures and Equipment in accordance with Mortgagee's rights and remedies with respect to the Land, in which event the provisions of the UCC shall not govern the default and Mortgagee's remedies; or (b) to proceed against the Fixtures and Equipment separately from the Land in accordance with the UCC. If Mortgagee elects to proceed under the UCC, then 5 days' notice of sale of the Personal Property and/or the Fixtures and Equipment shall be deemed reasonable notice and the reasonable expenses of retaking, holding, preparing for sale, selling, and the like incurred by Mortgagee shall include, but not be limited to, reasonable attorneys' fees and expenses. At Mortgagee's request, Mortgagor shall assemble the Personal Property and make it available to Mortgagee at a place designated by Mortgagee which is reasonably convenient to both parties. Mortgagor hereby authorizes Mortgagee to file financing and continuation statements under the UCC in such filing offices as may be necessary, advisable, or required by law in order to create, establish, perfect, preserve, and protect the security interest hereunder.

**Section IV.2 Fixture Filing.** To the extent permitted under applicable law, the filing or recording of this Mortgage is intended to and will constitute a fixture filing with respect to that portion of the Property which is or is to become Fixtures and Equipment. The "**Secured Party**" is Mortgagee and the "**Debtor**" is Mortgagor. The name, type of organization, jurisdiction of organization, and mailing addresses of the Secured Party and of the Debtor are set out in the preamble to this Mortgage. The land to which the Fixtures and Equipment are related is the Land, and Mortgagor is the record owner of the Land.

**Section IV.3 Other Security Agreement, Harmonization of Conflicts.** If Mortgagor has executed and delivered to Mortgagee one or more separate security agreements in connection with the Secured Indebtedness, such security agreements and the security interests created thereby are in addition to and not in substitution of this Mortgage and the liens and security interests created hereby, and this Mortgage shall be in addition to and not in substitution of such security agreements and security interests. In all cases, this Mortgage and the aforesaid security agreements shall be applied and enforced in harmony with and in conjunction with each other to the end that Mortgagee realizes fully upon its rights and remedies in each and the liens and security interests created by each. If conflicts exist among this Mortgage and such other security agreements, Mortgagee may elect which of such instruments govern with respect to each category of Property encumbered hereby and thereby.

## ARTICLE V
## MORTGAGOR'S COVENANTS

**Section V.1 Mortgagor's Covenants.**

(a) Mortgagor shall not sell, transfer, convey, lease, let, mortgage, pledge, encumber, create, or permit a lien on or security interest in, or otherwise hypothecate all or any part of the Property except for (i) Permitted Exceptions and (ii) other liens, encumbrances, and transfers expressly permitted under the Loan Agreement.

(b) Mortgagor shall forever warrant and defend the title to the Property unto Mortgagee against the claims of all persons whomsoever in accordance with the terms of the Loan Agreement.

(c) Mortgagor shall pay to Mortgagee the Secured Indebtedness with interest thereon as and when the same becomes due and payable in accordance with the terms thereof and shall perform and comply with all of the Non-Monetary Obligations and the covenants and provisions of the Loan Agreement, which are incorporated herein by this reference.

## ARTICLE VI

## REMEDIES

**Section VI.1 Remedies Following Event of Default.** Upon the occurrence and during the continuance of an Event of Default, in addition to any other rights, remedies, and powers that Mortgagee may have under the other Loan Documents or as provided by law, Mortgagee (either personally or by its agents, nominees, or attorneys) may immediately take such action, without notice or demand, as it deems advisable to protect and enforce the lien and security interest hereof and its rights hereunder, including without limitation the following actions, each of which may be pursued in Mortgagee's own name or in the name of Mortgagor, concurrently or otherwise, at such time and in such manner as Mortgagee may determine in its sole discretion, without impairing or otherwise affecting the other rights, remedies, and powers of Mortgagee:

(a) Entry and Possession. (i) Enter upon and take possession of the Property, with or without the appointment of a Receiver or an application therefor; (ii) dispossess and exclude Mortgagor and its agents and servants wholly therefrom by summary proceedings or otherwise; (iii) take possession of all books, records, and accounts relating thereto; (iv) use, operate, manage, control, insure, maintain, repair, restore, improve, alter, and otherwise deal with all and every part of the Property and conduct the business thereat; (v) make, cancel, enforce, or modify Leases and obtain and evict tenants; (vi) demand, sue for, collect, and receive the rents, incomes, issues, and profits of the Property and apply the same, after payment of all charges and expenses (including reasonable attorneys' fees and expenses), on account of the Secured Obligations; or (vii) require Mortgagor to transfer and assign to Mortgagee, in form satisfactory to Mortgagee, Mortgagor's interest as lessor in any Lease now or hereafter affecting the whole or any part of the Property, it being understood that in the event Mortgagor fails to render an assignment of Leases to Mortgagor this document shall upon the occurrence of any Event of Default serve as a de facto notice of such assignment to any interested party.

(b) Payment of Sums. Pay any sums in any form or manner deemed expedient by Mortgagee to protect the lien and security interest of this Mortgage or to cure any Event of Default other than payment of principal of or interest on the Secured Indebtedness; make any payment hereby authorized to be made according to any bill, statement, or estimate furnished or procured from the appropriate public officer or the party claiming payment without inquiry into the accuracy or validity thereof, and the receipt of any such public officer or party in the hands of Mortgagee shall be conclusive evidence of the validity and amount of items so paid, in which event the amounts so paid, with interest thereon from the date of such payment at the Default Rate shall be added to and become a part of the Secured Indebtedness and be immediately due and payable to Mortgagee; and Mortgagee shall be subrogated to any encumbrance, lien, claim, or demand, and to all the rights and securities for the payment thereof, paid or discharged with the principal sum secured hereby or by Mortgagee under the provisions hereof, and any such subrogation rights shall be additional and cumulative security to this instrument.

(c) Acceleration. Declare the entire Secured Indebtedness immediately due, payable, and collectible, regardless of maturity, and, in that event, the entire Secured Indebtedness shall become immediately due, payable, and collectible; and thereupon Mortgagee may institute proceedings to foreclose this Mortgage by judicial action, or to enforce its provisions or any of the indebtedness or obligations secured by this Mortgage.

(d) Foreclosure Sale. Institute a foreclosure action in accordance with OKLAHOMA law or take any other action as may be allowed, at law or in equity, for the enforcement of the Secured Indebtedness and realization on the Property (or such part or parts thereof as Mortgagee may from time to time elect to foreclose upon) or any other security afforded by the Loan Documents. In the case of a judicial proceeding, Mortgagee may proceed to final judgment and execution for the amount owed as of the date of the judgment, together with all costs of suit, reasonable attorneys' fees, and interest on the judgment at the maximum rate permitted by law from the date of the judgment until paid. If Mortgagee is the purchaser at the foreclosure sale of the Property, in lieu of paying cash, Mortgagee may make settlement for all or a portion of the purchase price by crediting the net sale proceeds (after deducting costs expenses including reasonable attorneys' fees and expenses) against the Secured Obligations. Notwithstanding anything herein to the contrary, appraisement of the Property is hereby waived, or not, at the option of Mortgagee. Mortgagee shall exercise such option at or prior to the time judgment is rendered in any judicial foreclosure

(e) Deficiency Judgment. If permitted by applicable law, Mortgagee may sue for and obtain a judgment for any deficiency remaining in the Secured Obligations after applications of all amounts received from the exercise of the rights provided in Section 6.01(d).

(f) Power of Sale. Mortgagor hereby grants to and confers upon Mortgagee the power to sell the Property pursuant to the Oklahoma Power of Sale Mortgage Foreclosure Act (the "**Act**"), as the same may be amended from time to time or other applicable statutory authority. If an Event of Default occurs, Mortgagee may, in addition to and not in limitation of any other rights and remedies set forth in this Mortgage, elect to use the power of sale. No action of Mortgagee based upon this Mortgage or the Act, shall constitute an election of remedies that would preclude Mortgagee from pursuing judicial foreclosure before or at any time after commencement of the power of sale foreclosure procedure.

(g) Other Rights. Exercise any and all rights, remedies, and powers accruing to a secured party under this Mortgage, the other Loan Documents, the UCC, or any other applicable law or available in equity.

**Section VI.2 Sale in Parcels.** In any action to foreclose this Mortgage, at the election of Mortgagee, the Property or any part thereof may be sold together or separately, in one sale or separate sales, in one parcel and as an entirety, or in such parcels, manner, or order as Mortgagee in its sole discretion may elect, and one or more exercises of the rights and powers herein granted shall not extinguish or exhaust Mortgagee's rights and powers unless the entire Property is sold or the Secured Indebtedness is paid in full.

**Section VI.3 Receiver.** In any action to foreclose this Mortgage, or upon the occurrence and during the continuance of an Event of Default, Mortgagee shall have the right to apply for the appointment of a receiver, trustee, liquidator, or conservator (a "**Receiver**") of the rents and profits or of the Property, or both, without notice, and shall be entitled to the appointment of such a Receiver as a matter of right, without consideration of the value of the Property as security for the amounts due Mortgagee, or the solvency of any person or entity liable for the payment of such amounts. Mortgagor hereby consents to such appointment and waives notice of any application therefor (except as may be required by applicable law).

**Section VI.4 Mortgagee's Right to Sue.** Mortgagee shall have the right from time to time to sue for any sums, whether interest, principal, or any installment of either or both, taxes, penalties, or any other sums required to be paid under the terms of this Mortgage, without regard to whether or not all of the Secured Indebtedness shall be due on demand and without prejudice to the right of Mortgagee thereafter to enforce any appropriate remedy against Mortgagor, including an action of foreclosure or any other action, for a default or defaults by Mortgagor existing at the time such earlier action was commenced.

**Section VI.5 No Obligation to Marshal Assets.** In exercising its rights and remedies hereunder, Mortgagee shall have no obligation whatsoever to marshal assets or to realize upon all of the Property. Mortgagee shall have the right to realize upon all or any part of the Property from time to time as Mortgagee deems appropriate. Mortgagor hereby waives any right to have any of the Property marshaled in connection with any sale or other exercise of Mortgagee's rights, remedies, and powers hereunder.

**Section VI.6 Remedies Cumulative.** The rights, powers, and remedies of Mortgagee granted and arising under this Mortgage and the other Loan Documents are separate, distinct, and cumulative of other rights, powers, and remedies granted herein or therein, and all other rights, powers, and remedies that Mortgagee may have at law or in equity, none of which are to the exclusion of the others and all of which are cumulative to the rights, powers, and remedies provided at law for the collection of indebtedness, enforcement of rights under mortgages, and preservation of security. No act of Mortgagee shall be construed as an election to proceed under any one provision herein or under the Note, this Mortgage, or any other Loan Document to the exclusion of any other provision, or an election of remedies to the bar of any other remedy allowed at law or in equity, anything herein or otherwise to the contrary notwithstanding.

**Section VI.7 Discontinuance of Proceedings.** If Mortgagee commences the enforcement of any right, power, or remedy, whether afforded under this Mortgage or otherwise, and including without limitation foreclosure or entry upon the Property, and such enforcement is then discontinued or abandoned for any reason, or is determined adversely to Mortgagee, then and in every such case Mortgagor and Mortgagee shall be restored to their former positions and rights hereunder, without waiver of any Event of Default and without novation, and all rights, powers, and remedies of Mortgagee shall continue as if no such enforcement had been commenced.

**Section VI.8 Expenses.** Mortgagor shall reimburse Mortgagee on demand for all out-of-pocket costs, fees, and expenses (including reasonable expenses and fees of its counsel) incurred by Mortgagee in connection with the transactions contemplated hereby, including the negotiation, documentation, and execution of this Mortgage and the other Loan Documents and the enforcement of Mortgagee's rights, powers, or remedies hereunder, thereunder, or available under applicable law, all of which sums are part of the Secured Indebtedness and are secured by this Mortgage. Mortgagor's statutory rights of reinstatement, if any, are expressly conditioned upon Mortgagor's payment of the foregoing and of all sums required under any applicable reinstatement statute and performance of all required acts thereunder.

**Section VI.9 Mortgagor as Tenant at Sufferance.** If Mortgagor or its successors, assigns, or tenants remain in possession of the Property after the Property is sold or transferred as provided above, or after Mortgagee otherwise becomes entitled to possession of the Property, then Mortgagor and its successors, assigns, and tenants shall become tenants at sufferance of Mortgagee or the purchaser of the Property and shall either: (i) pay a reasonable rental for the use of the Property after the date of such sale, transfer, or possession; or (ii) vacate the Property immediately upon the demand of Mortgagee or such purchaser. If Mortgagor or its successors, assigns, or tenants fail to vacate the Property as required under this paragraph, then Mortgagor and its successors, assigns, and tenants may be summarily dispossessed in accordance with the provisions of law applicable to tenants holding over.

**Section VI.10 Mortgagor's Waivers.** To the fullest extent permitted by law, Mortgagor, for Mortgagor and its successors and assigns, and for any and all persons ever claiming any interest in the Property, except as otherwise provided herein or in the other Loan Documents, hereby:

(a) Waives any and all rights which it may have to notice prior to seizure by Mortgagee of the Property or any part thereof under the provisions of this Mortgage, whether such seizure is by writ of possession or otherwise.

(b) Waives and renounces all right of homestead exemption in the Property and any other right to designate all or any portion of the Property as exempt from forced

sale under any provision of the Constitution or laws of the United States, the state where the Land and Improvements are located, or any other state in the United States.

(c) Acknowledges the right to accelerate the Secured Indebtedness and the power given to Mortgagee to sell the Property by foreclosure without any notice, other than such notice (if any) as is specifically required to be given hereunder or under applicable law, and waives presentment, demand for payment, protest, notice of dishonor, notice of protest or nonpayment, notice of intent to accelerate, notice of acceleration of maturity and diligence in connection with the enforcement of the Secured Indebtedness, or the taking of any action to collect sums owing under the Loan Documents.

(d) Waives the benefit of all laws now or subsequently in effect providing for: (i) any appraisement before sale of any portion of the Property; (ii) any extension of the time for the enforcement of the collection of the Secured Indebtedness or the creation or extension of a period of redemption from any sale made in collecting such debt; and (iii) exemption of the Property from attachment, levy, or sale under execution or exemption from civil process.

(e) Agrees not at any time to insist upon, plead, claim, or take the benefit or advantage of any law now or hereafter in force providing for any appraisement, valuation, stay, exemption, extension, or redemption, or requiring foreclosure of this Mortgage before exercising any other remedy granted hereunder.

(f) Waives any right to retain possession of the Property during the continuation of an Event of Default and all rights of redemption from sale under any order or decree of full or partial foreclosure.

**Section VI.11 Right of Setoff.** In addition to any rights, remedies, or powers now or hereafter granted under applicable law, and not by way of limitation of any such rights, Mortgagee is hereby authorized by Mortgagor at any time or from time to time, without notice to Mortgagor, any other Obligor, or any other person, any such notice being hereby expressly waived, to set off any obligations or liabilities any time held or owing by Mortgagee to or for the credit or the account of Mortgagor or any other Obligor against the Secured Indebtedness, the Non-Monetary Obligations, and any other obligations and liabilities of Mortgagor or any such Obligor to Mortgagee, including, but not limited to, all claims of any nature or description arising out of or connected with this Mortgage, the Note, or any other Loan Document, irrespective of whether or not Mortgagee has made any demand hereunder or has declared the Secured Indebtedness to be due and owing and although said obligations and liabilities, or any of them, may be contingent or not matured.

**Section VI.12 Right to Cure Violations.** If Mortgagor or Mortgagee receives notice of a current or pending violation of any applicable law, rule, regulation, ordinance, code,

requirements, covenants, conditions, restrictions, orders, licenses, permits, or approvals related to the maintenance, repair, replacement, nuisance, or other condition of the Property or any Improvements or tangible property thereon (a "**Compliance Notice**") and (a) an Event of Default has occurred and is continuing or (b) such violation in the reasonable good faith judgment of Mortgagee is likely to have a material adverse effect on its rights and remedies under this Mortgage or on the value of the Property, then Mortgagee and any person authorized by Mortgagee shall have the right, but not the obligation, to enter upon the Property at any reasonable time to repair, alter, replace, clean up, or perform any necessary or appropriate work or maintenance activities that, in Mortgagee's sole discretion, are necessary or advisable to comply with the requirements of the Compliance Notice and cure the alleged, possible, or pending violation. Mortgagee shall have the right to remove any tangible property, motor vehicles, rubbish, stored materials, debris, refuse, trash, or other items on the Property and to dispose of the same, as Mortgagee may determine in its sole discretion, without being deemed guilty of trespass or theft of such items.

**Section VI.13 Application of Proceeds.** The proceeds from the Property, together with any other sums that may be held by Mortgagee under this Mortgage, whether under the provisions of this Article VI or otherwise, shall be applied in the same manner as is provided for the application of proceeds pursuant to the Loan Agreement.

## ARTICLE VII
## MISCELLANEOUS

**Section VII.1 Amendments, Extensions, and Modifications.** This Mortgage may not be amended, supplemented, or otherwise modified except in accordance with the Loan Agreement. No amendment, supplement, or other modification of this Mortgage shall be effective unless it is in writing and executed by Mortgagor and Mortgagee.

**Section VII.2 Counterparts; Entire Agreement.** This Mortgage and any amendments, waivers, consents, or supplements hereto may be executed in counterparts, each of which shall constitute an original, but all taken together shall constitute a single contract. This Mortgage and the other Loan Documents constitute the entire contract of Mortgagor and Mortgagee with respect to the subject matter hereof and supersede all previous agreements and understandings, oral or written, with respect thereto. Delivery of an executed counterpart of a signature page to this Mortgage and the Loan Documents or any amendment, modification, or supplement thereto by facsimile or in electronic (i.e., "pdf" or "tif") format shall be effective as delivery of a manually executed counterpart of this Mortgage and the Loan Documents.

**Section VII.3 Successors and Assigns.** This Mortgage may be assigned or transferred, in whole or in part, by Mortgagee to any person, at any time, without notice to or the consent of Mortgagor. Mortgagor may not assign or transfer this Mortgage or any of its rights hereunder

without the prior written consent of Mortgagee. This Mortgage shall inure to the benefit of and be binding upon the parties hereto and their permitted assigns. The terms "Mortgagor" and "Mortgagee" shall include the legal representatives, heirs, executors, administrators, successors, and assigns of the parties hereto, and all those holding under either of them. The term "Mortgagee" shall include any payee of the Secured Indebtedness and any transferee or assignee thereof, whether by operation of law or otherwise.

**Section VII.4 No Merger.** In the event that Mortgagee's interest under this Mortgage and title to the Property or any estate therein shall become vested in the same person or entity, this Mortgage shall not merge in such title but shall continue as a valid lien on the Property for the amount secured hereby, unless expressly provided otherwise in writing executed by the person in whom such interests, title, and estate are vested.

**Section VII.5 Relationship of Parties.** The relationship of Mortgagee to Mortgagor is that of a creditor or lender to an obligor (inclusive of a person obligated on a supporting obligation) or debtor; and in furtherance thereof and in explanation thereof, Mortgagee has no fiduciary, trust, advisor, business consultant, guardian, representative, partnership, joint venture, or other similar relationship to or with Mortgagor and no such relationship shall be drawn or implied from this Mortgage or any of Mortgagee's actions or inactions hereunder or with respect hereto or from any prior relationship between the parties. Mortgagee has no obligation to Mortgagor or any other person relative to administration of the Secured Indebtedness or the Property, or any part or parts thereof.

**Section VII.6 Commercial Transaction.** The interest of Mortgagee under this Mortgage and the liability and obligation of Mortgagor for the payment and performance of the Secured Obligations arise from a commercial transaction.

**Section VII.7 Defined Terms; Rules of Construction.** The rules of construction set forth in the Loan Agreement apply to this Mortgage and are incorporated herein by specific reference, as if such rules were fully set forth herein.

**Section VII.8 Joint and Several Liability.** If more than one party executes this Mortgage as a mortgagor, the term "Mortgagor" means all parties signing, and each of them, and each agreement, obligation, Non-Monetary Obligation, and Secured Indebtedness of Mortgagor shall be and mean the several as well as joint undertaking of each of them.

**Section VII.9 Headings.** The headings of the various articles, sections, and subsections in this Mortgage are for reference only and shall not define, expand, or limit any of the terms or provisions hereof.

**Section VII.10 Severability.** If any term or provision of this Mortgage is invalid, illegal, or unenforceable in any jurisdiction, such invalidity, illegality, or unenforceability shall

not affect any other term or provision of this Note or invalidate or render unenforceable such term or provision in any other jurisdiction. Upon any determination that any term or other provision hereof is invalid, illegal, or unenforceable, Mortgagor and Mortgagee shall negotiate in good faith to modify this Mortgage so as to effect the original intent of the parties as closely as possible in a mutually acceptable manner in order that the transactions contemplated hereby be consummated as originally contemplated to the greatest extent possible.

**Section VII.11 Governing Law.** This Mortgage and any claim, controversy, dispute, or cause of action (whether in contract, equity, tort, or otherwise) based upon, arising out of, or relating to this Mortgage and the transactions contemplated hereby shall be governed by and construed in accordance with the laws of the State of OKLAHOMA, without regard to principles of conflicts of law. Mortgagor acknowledges that the Loan Agreement and all the other Loan Documents are governed and construed in accordance with the laws of the State of OKLAHOMA, without regard to principles of conflicts of law.

**Section VII.12 Submission to Jurisdiction.**

(a) Mortgagor hereby irrevocably and unconditionally: (i) agrees that any legal action, suit, or proceeding arising out of or relating to this Mortgage may be brought in the courts of the State of OKLAHOMA or of the United States of America for the District of OKLAHOMA; and (ii) submits to the jurisdiction of any such court in any such action, suit, or proceeding. Final judgment against Mortgagor in any action, suit, or proceeding shall be conclusive and may be enforced in any other jurisdiction by suit on the judgment.

(b) Nothing in this Section 7.12 shall affect the right of Mortgagee to: (i) commence legal proceedings or otherwise sue Mortgagor in any other court having jurisdiction over Mortgagor; or (ii) serve process upon Mortgagor in any manner authorized by the laws of any such jurisdiction.

**Section VII.13 Waiver of Venue.** Mortgagor hereby irrevocably and unconditionally waives, to the fullest extent permitted by applicable law, any objection that it may now or hereafter have to the laying of venue of any action or proceeding arising out of or relating to this Mortgage or the Secured Obligations in any court referred to in Section 7.12 and the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court.

**Section VII.14 Waiver of Jury Trial.** MORTGAGOR HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVES, TO THE EXTENT PERMITTED BY LAW, ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN ANY PROCEEDING DIRECTLY OR INDIRECTLY RELATING TO THIS MORTGAGE, THE OTHER LOAN DOCUMENTS, THE SECURED OBLIGATIONS, OR THE TRANSACTIONS

CONTEMPLATED HEREBY OR THEREBY, WHETHER BASED ON CONTRACT, EQUITY, TORT, OR ANY OTHER THEORY. THIS WAIVER OF RIGHT TO TRIAL BY JURY IS GIVEN KNOWINGLY AND VOLUNTARILY BY MORTGAGOR, AND IS INTENDED TO ENCOMPASS INDIVIDUALLY EACH INSTANCE AND EACH ISSUE AS TO WHICH THE RIGHT TO A TRIAL BY JURY WOULD OTHERWISE ACCRUE. MORTGAGEE IS HEREBY AUTHORIZED TO FILE A COPY OF THIS PARAGRAPH IN ANY PROCEEDING AS CONCLUSIVE EVIDENCE OF THIS WAIVER BY MORTGAGOR.

**Section VII.15** **Notices.** Unless specifically stated otherwise in this Mortgage, all notices, requests, and communications required or permitted to be delivered hereunder shall be in writing and delivered to all persons at the addresses below, by one of the following methods:

(a) Hand delivery, whereby delivery is deemed to have occurred at the time of delivery.

(b) A nationally or regionally recognized overnight courier company, whereby delivery is deemed to have occurred the Business Day following deposit with the courier.

(c) Registered United States Mail, signature required and postage-prepaid, whereby delivery is deemed to have occurred on the third Business Day following deposit with the United States Postal Service.

(d) Electronic transmission (facsimile or email) and the original also is sent via overnight courier or U.S. Mail, whereby delivery is deemed to have occurred at the end of the Business Day on which electronic transmission is completed.

To Mortgagor: Name:
Address: 4920 E 113th Street Tulsa OK 74137
Telephone:
Facsimile:
Email: marc@vestarealproperty.com

with a copy to: Name:
Address:
Telephone:
Facsimile:
Email:

To Mortgagee: 1065 Southwest 8th St #1010, Miami, FL 33130
admin@tovalventures.com

with a copy to:

Any party may change its address for purposes of this Section 7.15 by giving written notice as provided in this Section 7.15.

All notices and demands delivered by a party's attorney on a party's behalf shall be deemed to have been delivered by said party. Notices shall be valid only if served in the manner provided in this Section 7.15.

**Section VII.16 No Waiver; No Course of Dealing; No Invalidity.** No failure to exercise and no delay in exercising on the part of Mortgagee of any right, remedy, or power hereunder, or rights, remedies, and powers otherwise provided by law or available in equity, shall operate as a waiver thereof or preclude the exercise thereof during the continuance of any Event of Default or if any subsequent Event of Default occurs, nor shall any single or partial exercise of any right, remedy, or power hereunder preclude any other or further exercise thereof or the exercise of any other right, remedy, or power. No act or inaction of Mortgagee under this Mortgage shall be deemed to constitute or establish a "course of performance or dealing" that would require Mortgagee to so act or refrain from acting in any particular manner at a later time under similar or dissimilar circumstances. Wherever possible, each provision of this Mortgage shall be interpreted in such manner as to be effective and valid to the maximum extent allowed under applicable law.

**Section VII.17 Release of Mortgage.**

(a) Release on Satisfaction of Secured Obligations. If at any time during the period of this Mortgage the Secured Indebtedness has been paid and the Non-Monetary Obligations have been performed in full, no indebtedness remains outstanding under the Loan Documents, and Mortgagee has no further obligation under the Loan Documents to make any additional advances to Mortgagor, then Mortgagee will, upon written request of Mortgagor and at Mortgagor's cost and expense (including, without limitation, reasonable attorneys' fees and expenses), execute and deliver to Mortgagor a release, reconveyance, satisfaction, or cancellation (a "**Release**") of this Mortgage and such other documentation (including without limitation UCC-3 termination statements) as may be reasonably necessary to effectuate the release and termination of Mortgagee's liens and security interests on the Property.

(b) Release on Sale or Transfer of Mortgaged Property. If the Property or any portion thereof is sold or otherwise transferred in accordance with the provisions of the Loan Agreement, then Mortgagee will, upon written request of Mortgagor and at Mortgagor's cost and expense (including, without limitation, reasonable attorneys' fees

and expenses), execute and deliver to Mortgagor a Release of this Mortgage with respect to such portion of the Property as is so sold or transferred and such other documentation (including without limitation UCC-3 termination statements) as may be reasonably necessary to effectuate the release and termination of Mortgagee's liens and security interests on such portion of the Property. In connection with any such release that is a partial release, Mortgagor shall at the reasonable request of Mortgagee deliver or cause to be delivered to Mortgagee an endorsement to the Mortgagee's title insurance policy, an updated survey showing the portion of the Land and Improvements that remain subject to the lien of the Mortgage, and such other documentation as Mortgagee may reasonably request in order to insure the continued validity, enforceability, and perfection of its lien and security interest on the portion of Property not intended to be released from the Mortgagee's lien and security interest.

(c) Compliance with Applicable Laws. The foregoing provisions relating to the release, reconveyance, satisfaction, or cancellation of this Mortgage shall not be deemed or construed to supersede any obligation of Mortgagee to cause the release, reconveyance, satisfaction, or cancellation of this Mortgage that may be addressed by applicable law of the state in which the Land and Improvements are located, and it is expressly declared to be the intention and agreement of Mortgagee to comply with the requirements of applicable law with respect to such obligation.

**Section VII.18 After-Acquired Property.** This Mortgage shall encumber, encompass, cover, and apply to and include any and all "after-acquired property" of Mortgagor located at, adjacent, or adjoining to, or in any way associated with the use or operation of Property, and such after-acquired property shall be a part of the Property. In furtherance of the foregoing, Mortgagor has given, granted, bargained, sold, and conveyed, and by these presents does give, grant, bargain, sell, and convey unto Mortgagee all of Mortgagor's right, title, and interest in and to said after-acquired property. The after-acquired property identified by Mortgagee from time to time may also be identified in a notice of extension filed in the real property records in which this Mortgage is recorded or in any other county in which the after-acquired property is located. Mortgagor agrees that Mortgagee has the absolute, irrevocable right and power, which right and power is coupled with an interest, to file one or more notices of extension, and that all after-acquired property of Mortgagor identified by Mortgagee, whether through a notice of extension or otherwise, shall secure the due and punctual payment and performance of all of the Secured Indebtedness as and when the same becomes due and payable, with interest (including postpetition interest) thereon, and all renewals, extensions, rearrangements, modifications, replacements, amendments, amendments and restatements, or supplements thereof. This Section 7.18 is intended to be and is an "after-acquired property clause" and shall be construed in accordance with the provisions of the applicable laws of the state in which the Land and Improvements are located that authorize or govern after-acquired property clauses in mortgage.

**Section VII.19** **No Credit for Tax Paid.** Mortgagor waives any right it may have to a credit against interest due under the Secured Indebtedness secured by this Mortgage.

**Section VII.20** **Receipt of Copy.** Mortgagor hereby acknowledges receipt of a true copy of this Mortgage without charge.

**Section VII.21** **Mortgage Tax.** Mortgagor shall pay any Oklahoma Real Estate Mortgage Tax payable in connection with this Mortgage.

**Section VII.22** **Future Advances.** This Mortgage secures future advances.

**[SIGNATURES ON FOLLOWING PAGE]**

IN WITNESS WHEREOF, Mortgagor has caused this Mortgage to be executed on the date set forth in the acknowledgment below and to be effective as of the date first set forth above.

**RIDGE BEST LIVING, LLC**

By: ______________________

Name: Marc Louis Kulick

Title: CEO / Owner

**ACKNOWLEDGMENT**

STATE OF Oklahoma )
) ss:
COUNTY OF Tulsa )

This instrument was acknowledged before me on 16th June, 2025, by Marc Kulick, the CEO / Owner of RIDGE BEST LIVING, LLC.

[Seal]

CAMILLE LOUISE BOHNERT
MY COMMISSION # 19003514
EXPIRES: April 4, 2027
STATE OF OKLAHOMA NOTARY PUBLIC

Camille Bohnert
Notary Public
My commission expires: 04/04/2027
Commission #: 19003514

**LOUIS INVESTMENTS, LLC**

By: ______________________

Name: Marc Louis Kulick

Title: CEO/Owner

*As manager for mortgagors*

**ACKNOWLEDGMENT**

STATE OF Oklahoma )
) ss:
COUNTY OF Tulsa )

This instrument was acknowledged before me on June 16th, 2025, by Marc Kulick, the CEO/owner of LOUIS INVESTMENTS, LLC.

[Seal]

CAMILLE LOUISE BOHNERT
MY COMMISSION # 19003514
EXPIRES: April 4, 2027

Camille Bohnert
Notary Public
My commission expires: 04/04/2027
Commission #: 19003514

**EXHIBIT A**
**LEGAL DESCRIPTION**

**Blocks FIFTEEN (15) and SIXTEEN (16), in REPLAT OF RIDGEVIEW HEIGHTS, to Midwest City, Oklahoma County, Oklahoma, according to the recorded plat thereof.**

## ADDENDUM

## ASSIGNMENT OF LEASES AND RENTS

This Addendum is attached to and made a part of that certain **Mortgage and Assignment of Leases and Rents** dated as of **June 13, 2025** (the "Mortgage"), executed by **RIDGE BEST LIVING, LLC** ("Mortgagor") in favor of TOVAL VENTURES, LLC ("Mortgagee"), concerning the real property located in the State of Oklahoma, as legally described in Exhibit A to the Mortgage.

1. **Integrated Assignment of Leases and Rents.** Mortgagor hereby grants, transfers, and assigns to Mortgagee all of Mortgagor's right, title, and interest in and to all leases, subleases, occupancy agreements, licenses, and other agreements for the use and occupancy of any portion of the Mortgaged Property, whether now existing or hereafter entered into (collectively, the "Leases"), together with all rents, issues, profits, revenues, royalties, and other income derived from the Leases or the use of the Mortgaged Property (collectively, the "Rents").

This assignment is intended to be a present, absolute, and irrevocable assignment for security purposes only, integrated fully within and enforceable under the Mortgage and not requiring a separate instrument to effectuate its terms.

**2. License to Collect Rents; Termination Upon Default.** So long as no Event of Default has occurred and is continuing under the Mortgage or any of the Loan Documents, Mortgagor shall have a revocable license to collect and receive all Rents, which shall be applied in the ordinary course of business to operate and maintain the Mortgaged Property.

Upon the occurrence and during the continuance of any Event of Default, such license shall immediately and automatically terminate without further notice, and Mortgagee shall have the right to collect and receive all Rents directly from any tenant, occupant, or other party without the necessity of taking possession of the Mortgaged Property, and to apply such Rents to the Debt secured by the Mortgage in such order and manner as Mortgagee may determine in its sole discretion.

**3. No Requirement for Separate Assignment.** The parties agree that this Addendum shall be deemed to be fully incorporated into the Mortgage for all purposes. No separate document titled "Assignment of Leases and Rents" shall be required to create, perfect, or enforce the rights granted herein. The recording of the Mortgage together with this Addendum shall provide constructive notice of the rights of Mortgagee in and to the Leases and Rents.

**[SIGNATURES ON FOLLOWING PAGE]**

**IN WITNESS WHEREOF**, this Addendum has been executed as of the date of the Mortgage.

**RIDGE BEST LIVING, LLC**

By:________________________

Name: Marc Louis Kulick
Title: Authorized Signor

**LOUIS INVESTMENTS, LLC**

By:________________________

Name: Marc Louis Kulick
*As manager for mortgagors*