Joyce W. Lindauer
Texas State Bar No. 21555700
Lindauer & Vaughn
117 S. Dallas Street
Ennis, Texas 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Ridge Best
Living, LLC and Woodland
Manor Best Living, LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**OKLAHOMA CITY DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **YSA INVESTMENTS 1, LLC,** | § | **CASE NO. 26-12806-sah-11** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

**RESPONSE AND LIMITED OBJECTION TO TERM FUND III MRA SELLER LLC AND TERM FUND B IV MRA SELLER LLC'S AGREED APPLICATION FOR ENTRY OF AN INTERIM ORDER REGARDING THE SG PROPERTIES**
**(Relates to Docket No. 334)**

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COME NOW Ridge Best Living, LLC and Woodland Manor Best Living, LLC (the "Objecting Parties") by and through their undersigned counsel, and file this Response and Limited Objection to Term Fund III MRA Seller LLC and Term Fund B IV MRA Seller LLC's Agreed Application for Entry of an Interim Order (I) Approving Stipulation Regarding Oklahoma Receiver; (II) Granting Relief from Stay Pursuant to Bankruptcy Code Section 362(d); (III) Excusing Compliance with Bankruptcy Code Section 543; and (IV) Granting Related Relief [Dkt. No. 334] (the "Application"), and respectfully states as follows:

## I. BACKGROUND

1. On September 9, 2026, Term Fund III MRA Seller LLC and Term Fund B IV MRA Seller LLC (collectively, the "Lender") filed the Application seeking, among other things, approval of a stipulation between the Lender and YSA Investments 1, LLC (the "Debtor") concerning certain properties identified as the "SG Properties."

2. The Application seeks broad relief relating to the SG Properties, including modification and termination of the automatic stay, authorization for the Receiver to possess, control, and manage the SG Properties, relief from the turnover requirements of 11 U.S.C. § 543, and authorization for the Lender to pursue its contractual and legal remedies against its collateral.

3. The proposed relief further includes findings concerning the validity and priority of the Lender's liens, the absence of equity in the SG Properties, and the rights of the Lender and Receiver with respect to the possession, management, liquidation, foreclosure, sale, or other disposition of the SG Properties.

4. The Objecting Parties file this Response to ensure that entry of any order on the Application does not adjudicate, impair, waive, release, or otherwise prejudice the rights, claims, defenses, interests, or remedies of parties who are not parties to the Stipulation.

5. The Objecting Parties object to the relief requested as it relates to the Woodland Manor Apartments and The Ridge Apartments. The ownership of those properties, and the nature and effect of the interests asserted by the Debtor, are disputed and are the subject of separate adjudication. Until those issues are resolved, relief from the automatic stay is premature. It would be inappropriate to lift the stay for the Lender on the basis of a stipulation by a party whose own interest is in dispute, just as it would be inappropriate to grant the Debtor relief on those same disputed interests. Relief from stay should not operate as an indirect determination of those

disputed ownership and interest issues. The dispute is also the reason no party has been able to pursue any other remedy for these properties and should be resolved first. Further, foreclosure is inappropriate on the present record because the proposed finding that there is no equity in the SG Properties is unsupported by valuation evidence and rests solely on representations of counsel. Valuation evidence available to the Objecting Parties reflects value in excess of the Lender's asserted claims. Until the ownership dispute is resolved and value is determined on an appropriate record, the automatic stay should remain in place as to the Woodland Manor Apartments and The Ridge Apartments.

## II. RESPONSE AND LIMITED OBJECTION

6. The Objecting Parties do not object to reasonable measures necessary to preserve and maintain the SG Properties or to protect the health, safety, and interests of the residents of the SG Properties.

7. However, to the extent the Application or proposed order seeks relief beyond that necessary to maintain and preserve the SG Properties, the Objecting Parties respectfully request that any relief granted be appropriately limited.

8. In particular, the Objecting Parties object to any provision of the proposed order that could be interpreted as making final and binding determinations concerning the validity, extent, priority, enforceability, or amount of any lien, claim, or interest as against persons or entities who are not parties to the Stipulation.

9. Likewise, any finding that there is no equity in the SG Properties should not constitute a binding determination against any non-stipulating party or otherwise prejudice the rights of any party to challenge valuations, claims, liens, priorities, or interests in an appropriate proceeding.

10. The Debtor and Lender may stipulate between themselves concerning their respective rights and obligations; however, such stipulation should not expand the rights of the Lender or Receiver against third parties or bind parties who did not consent to the Stipulation.

11. To the extent the Receiver is excused from compliance with the turnover requirements of 11 U.S.C. § 543, such relief should be limited to the circumstances presented and should not constitute an adjudication or waiver of any independent rights, claims, defenses, or interests held by other parties.

12. Similarly, any modification or termination of the automatic stay should be limited to the specific collateral and relief addressed in the Application and should not authorize actions against property or interests outside the scope of the Lender's valid and enforceable liens, as ultimately determined.

13. The Objecting Parties further request that nothing contained in the Application, Stipulation, or any order entered thereon be construed as:

a. a release, waiver, or adjudication of any claims, causes of action, defenses, objections, or rights belonging to any non-stipulating party;

b. a determination of the validity, amount, extent, priority, or enforceability of any claim or lien except as expressly agreed between the parties to the Stipulation;

c. authorization to dispose of property in which another party may claim an interest without whatever notice and process may otherwise be required by applicable law;

d. a waiver of any party's right to object to the disposition, accounting, allocation, or distribution of proceeds from the SG Properties; or

e. a limitation upon any rights or remedies that may otherwise exist under the Bankruptcy Code, applicable non-bankruptcy law, or orders of this Court.

14. The Objecting Parties therefore request that any order approving the Application expressly preserve the rights of all non-stipulating parties and provide that the findings and

agreements contained in the Stipulation are binding only upon the parties thereto, except to the extent otherwise determined by the Court after appropriate notice and an opportunity to be heard.

## III. RESERVATION OF RIGHTS

15. The Objecting Parties expressly reserve all rights, claims, causes of action, defenses, objections, and remedies concerning the SG Properties, the SG Borrowers, the Lender's asserted liens and claims, the Receiver, and any proceeds generated from or attributable to the SG Properties.

16. Nothing contained in this Response shall constitute an admission regarding the validity, priority, extent, enforceability, or amount of any asserted lien, claim, debt, obligation, or interest.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, the Objecting Parties respectfully request that the Court condition or modify any relief granted under the Application so that the rights, claims, defenses, objections, and interests of non-stipulating parties are expressly preserved; that no finding or stipulation between the Debtor and Lender be deemed binding upon a non-stipulating party absent further order of the Court after appropriate notice and opportunity to be heard; and that the Court grant such other and further relief as it deems just and proper.

Dated: September 23, 2026.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
Texas State Bar No. 21555700
Lindauer & Vaughn
117 S. Dallas Street
Ennis, Texas 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Ridge Best
Living, LLC and Woodland
Manor Best Living, LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 23, 2026, a true and correct copy of the foregoing document was served via email through the Court's ECF system upon those parties receiving electronic notice in this case.

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer