Joyce W. Lindauer
Texas State Bar No. 21555700
Lindauer & Vaughn
117 S. Dallas Street
Ennis, Texas 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Ridge Best
Living, LLC and Woodland
Manor Best Living, LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**OKLAHOMA CITY DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **YSA INVESTMENTS 1, LLC,** | § | **CASE NO. 26-12806-sah-11** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

**RESPONSE AND LIMITED OBJECTION TO TERM FUND III MRA SELLER LLC AND TERM FUND B IV MRA SELLER LLC'S MOTION FOR ENTRY OF AN ORDER (I) APPROVING STIPULATION REGARDING OKLAHOMA RECEIVER; (II) GRANTING RELIEF FROM STAY PURSUANT TO BANKRUPTCY CODE SECTION 362(d); (III) EXCUSING COMPLIANCE WITH BANKRUPTCY CODE SECTION 543; AND (IV) GRANTING RELATED RELIEF**
(Relates to Docket No. 335)

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COME NOW Ridge Best Living, LLC and Woodland Manor Best Living, LLC (the "Objecting Parties") by and through their undersigned counsel, and file this Response and Limited Objection to Term Fund III MRA Seller LLC and Term Fund B IV MRA Seller LLC's Motion for Entry of an Order (I) Approving Stipulation Regarding Oklahoma Receiver; (II) Granting Relief from Stay Pursuant to Bankruptcy Code Section 362(d); (III) Excusing Compliance with Bankruptcy Code Section 543; and (IV) Granting Related Relief [Dkt. No. 335] (the "Motion"), and respectfully states as follows:

## I. BACKGROUND

1. On September 9, 2026, Term Fund III MRA Seller LLC and Term Fund B IV MRA Seller LLC (collectively, the "Lender") filed the Motion seeking approval of a stipulation between the Lender and YSA Investments 1, LLC (the "Debtor") concerning certain properties identified as the "SG Properties."

2. The Motion seeks, among other things, modification and termination of the automatic stay pursuant to 11 U.S.C. § 362(d), authorization for the Receiver to possess, control, and manage the SG Properties, relief from the turnover requirements of 11 U.S.C. § 543, and authorization for the Lender to pursue its contractual and legal rights and remedies with respect to its asserted collateral.

3. The Motion further seeks authority for Fund 3 Lender to pursue foreclosure proceedings and appointment of a receiver with respect to the Ridge Property and seeks authorization for the Lender to recover and dispose of collateral through foreclosure proceedings or otherwise.

4. The Objecting Parties file this Response and Limited Objection to ensure that any relief granted pursuant to the Motion does not adjudicate, impair, waive, release, or otherwise prejudice the rights, claims, defenses, interests, or remedies of parties who are not parties to the Stipulation.

5. The Objecting Parties object to the relief requested as it relates to the Woodland Manor Apartments and The Ridge Apartments. The ownership of those properties, and the nature and effect of the interests asserted by the Debtor, are disputed and are the subject of separate adjudication. Until those issues are resolved, relief from the automatic stay is premature. It would be inappropriate to lift the stay for the Lender on the basis of a stipulation by a party whose own

interest is in dispute, just as it would be inappropriate to grant the Debtor relief on those same disputed interests. Relief from stay should not operate as an indirect determination of those disputed ownership and interest issues. The dispute is also the reason no party has been able to pursue any other remedy for these properties and should be resolved first. Further, foreclosure is inappropriate on the present record because the proposed finding that there is no equity in the SG Properties is unsupported by valuation evidence and rests solely on representations of counsel. Valuation evidence available to Respondents reflects value in excess of the Lender's asserted claims. Until the ownership dispute is resolved and value is determined on an appropriate record, the automatic stay should remain in place as to the Woodland Manor Apartments and The Ridge Apartments.

## II. RESPONSE AND LIMITED OBJECTION

6. The Objecting Parties do not object to reasonable measures necessary to preserve and maintain the SG Properties or to protect the health, safety, and interests of the residents of the SG Properties.

7. However, to the extent the Motion or proposed order seeks relief beyond that necessary to maintain and preserve the SG Properties, the Objecting Parties respectfully request that any relief granted be appropriately limited.

8. The proposed order contains findings that there is no equity in the SG Properties and that the Lender holds valid and enforceable first mortgage liens on the SG Properties. The Objecting Parties object to such findings to the extent they may be construed as binding upon parties who did not enter into or consent to the Stipulation.

9. Any determination concerning the validity, amount, extent, priority, or enforceability of the Lender's asserted liens or claims should be limited to the parties to the

Stipulation and should not prejudice the rights of any non-stipulating party to contest such matters in an appropriate proceeding.

10. Likewise, any finding that there is no equity in the SG Properties should not constitute a final or binding determination against the Objecting Parties or any other non-stipulating party, nor should such finding prejudice the right to challenge the valuation of the SG Properties or the amount, validity, extent, or priority of any asserted lien or claim.

11. The Debtor and Lender may stipulate between themselves concerning their respective rights and obligations. However, the Stipulation should not expand the rights of the Lender or Receiver against third parties or bind persons or entities that did not consent to its terms.

12. The Motion also seeks to excuse the Receiver from compliance with the turnover requirements of 11 U.S.C. § 543(a)-(c), nunc pro tunc to the Petition Date. To the extent such relief is granted, the Objecting Parties respectfully request that it be limited to the circumstances presented and not constitute an adjudication or waiver of any independent rights, claims, defenses, interests, or remedies held by a non-stipulating party.

13. Similarly, any modification or termination of the automatic stay pursuant to 11 U.S.C. § 362(d) should be limited to the specific collateral and relief addressed by the Motion and should not authorize actions against property or interests outside the scope of the Lender's valid and enforceable liens, as ultimately determined.

14. To the extent the Lender or Receiver is authorized to sell, foreclose upon, liquidate, or otherwise dispose of any SG Property, the rights of parties asserting claims, liens, or other interests in such property or its proceeds should be expressly preserved.

15. The Objecting Parties further request that nothing contained in the Motion, Stipulation, or any order entered thereon be construed as:

a. a release, waiver, or adjudication of any claims, causes of action, defenses, objections, or rights belonging to the Objecting Parties or any other non-stipulating party;

b. a determination binding upon the Objecting Parties concerning the validity, amount, extent, priority, or enforceability of any claim or lien;

c. authorization to dispose of property in which the Objecting Parties or another party may claim an interest without whatever notice and process may otherwise be required by applicable law;

d. a waiver of any right to object to the disposition, accounting, allocation, or distribution of proceeds generated from the SG Properties;

e. an adjudication of the respective rights of parties in any proceeds remaining after satisfaction of allowed secured claims; or

f. a limitation upon any rights or remedies otherwise available under the Bankruptcy Code, applicable non-bankruptcy law, or further order of this Court.

16. The Objecting Parties therefore request that any order approving the Motion expressly provide that the findings, stipulations, acknowledgments, and agreements between the Debtor and Lender are binding only upon the parties thereto and shall not prejudice or otherwise affect the rights of any non-stipulating party except as otherwise determined by the Court after appropriate notice and an opportunity to be heard.

## III. RESERVATION OF RIGHTS

17. The Objecting Parties expressly reserve all rights, claims, causes of action, defenses, objections, and remedies concerning the SG Properties, the SG Borrowers, the Lender's asserted liens and claims, the Receiver, and any proceeds generated from or attributable to the SG Properties.

18. Nothing contained in this Response shall constitute an admission regarding the validity, priority, extent, enforceability, or amount of any asserted lien, claim, debt, obligation, or interest.

19. The Objecting Parties further reserve the right to supplement or amend this Response as may be necessary based upon additional information, further filings, or developments in this case.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, the Objecting Parties respectfully request that the Court condition or modify any relief granted pursuant to the Motion so that the rights, claims, defenses, objections, and interests of the Objecting Parties and other non-stipulating parties are expressly preserved; that no finding, stipulation, acknowledgment, or agreement between the Debtor and Lender be deemed binding upon the Objecting Parties absent further order of the Court after appropriate notice and opportunity to be heard; and that the Court grant such other and further relief as it deems just and proper.

Dated: September 23, 2026.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
Texas State Bar No. 21555700
Lindauer & Vaughn
117 S. Dallas Street
Ennis, Texas 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Ridge Best
Living, LLC and Woodland
Manor Best Living, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 23, 2026, a true and correct copy of the foregoing document was served via email through the Court's ECF system upon those parties receiving electronic notice in this case.

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer