**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br>YSA INVESTMENTS 1, LLC,<br>Debtor. | Chapter 11<br>Case No. 26-12806 (SAH) |

**JOINT MOTION OF DEBTOR AND THE BANCORP BANK FOR ENTRY OF AN ORDER GRANTING RELIEF FROM STAY TO PERMIT THE BANCORP BANK TO PROCEED WITH FORECLOSURE, AND NOTICE OF OPPORTUNITY FOR HEARING**

**NOTICE OF OPPORTUNITY OF HEARING**

**Your rights may be affected. You should read this Document carefully and consult your attorney about your rights and the effect of this Document.** If you do not want the Court to grant the motion, or you wish to have your views considered, you must file a written response to the motion with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean McGee Avenue, Oklahoma City, OK 73102 no later than 14 days from the date of filing of the motion. You should also serve a file-stamped copy of the response to the undersigned [and others who are required to be served] and file a certificate or affidavit of service with the Court.

**[Note – this is a flat fourteen (14) days regardless of the manner of service.]**

YSA Investments 1, LLC (the "Debtor") and The Bancorp Bank ("Bancorp" and together with the Debtor, the "Movants") hereby file this joint motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit 1** (the "Proposed Order"), and modifying the automatic stay pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), to allow Bancorp to exercise its rights and remedies in, to, and against the real and personal property consisting of the multifamily apartment complex located at 3041 NW 41st Street, Oklahoma City, Oklahoma 73112, all as described more particularly in the Loan Documents (hereinafter defined) (the "Property"). In support of this Motion, the Movants respectfully state as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue of these proceedings and this Motion in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. Bancorp is the current owner and holder of a $12,700,000.00 commercial mortgage loan (the "Loan") made to Muntage Best Living, LLC ("Borrower"). The Loan is evidenced by, among other things, (a) that certain Loan Agreement, dated April 8, 2022, executed by Borrower and Lender, which was amended by that certain Amended and Restated Loan Agreement, dated September 29, 2025 (collectively, the "Loan Agreement"), and (b) certain Promissory Note, dated April 8, 2022, in the original principal amount of $12,700,000.00 (the "Note"), the maker of which is Borrower.

4. The indebtedness owed under the Note is secured by that certain Mortgage, Assignment of Leases and Rents and Security Agreement, dated April 8, 2022, and recorded in the Oklahoma County Real Property Records on April 13, 2022, in Book 15122, Page 1135 (the "Mortgage"), pursuant to which Borrower granted to Lender a first priority lien and security interest on the Property.

5. The Loan Agreement, Note, Mortgage, and all other documents executed in connection with, evidencing or securing the Loan are collectively referred to herein as the "Loan Documents."

6. Borrower defaulted under Loan Documents and Bancorp commenced an action against Borrower and others the District Court of Oklahoma County, Oklahoma (the "State Court"), Case No. CJ-2026-5195 (the "State Court Case") to enforce its rights and remedies.

7. On July 28, 2026, the State Court entered into an Order Appointing Receiver, appointing Jim Parrack with Price Edwards and Company (the "Receiver") as receiver for the Property.

8. Later that same day, on July 28, 2026, the Debtor commenced a voluntary case under Chapter 11 of the Bankruptcy Code.

9. On September 4, 2026, this Court entered into a Final Order (I) Approving Stipulation Regarding Oklahoma Receiver; (II) Granting Relief from Stay Pursuant to Bankruptcy Code Section 362(d); (III) Excusing Compliance with Bankruptcy Code Section 543; and (IV) Granting Related Relief [Doc. No. 325], which terminated the automatic stay solely to permit the Receiver to remain in place as receiver for the Property.

## RELIEF REQUESTED

10. The Movants submit that approving this Motion and permitting Bancorp to pursue its rights and remedies at law and under the Loan Documents against the Property, including foreclosure of Bancorp's liens against Borrower's interests, the Debtor's interests, and any other interests in the Property by judicial and/or non-judicial proceedings, is in the best interests of the Debtor, its estate, creditors, and other stakeholders.

11. The Movants therefore respectfully request that the Court enter the Proposed Order, submitted herewith, (i) approving this Motion; (ii) terminating, modifying, and lifting the automatic stay to permit Bancorp to pursue all rights and remedies at law and under its loan documents in, to, and against the Property, without further application to or order of this Court, including without limitation continuing, proceeding with, and prosecuting foreclosure of Bancorp's liens against Borrower's interests, the Debtor's interests, and any other interests in the Property by judicial and/or non-judicial proceedings or actions; obtaining and enforcing any foreclosure judgment and orders of sale; conducting title work, obtaining appraisals and

inspections; publishing and serving sale notices; scheduling foreclosure sales; instructing the Sheriff or other selling officer; conducting one or more judicial or non-judicial foreclosure sales to the extent permitted by applicable non-bankruptcy law; submitting a credit bid; seeking confirmation of any foreclosure sale in state court; obtaining and recording any foreclosure deed, Sheriff's deed, receiver's deed, or other instrument of conveyance; obtaining possession of the Property and enforcing any assignment of leases and rents; continuing the pending State Court receivership and seeking instructions concerning the Receiver; exercising all other in rem rights and remedies against the Property available under the Loan Documents or applicable non-bankruptcy law; and taking all other preparatory actions in connection with any of the foregoing, with no further notice to the Debtor, motion, application, hearing, or order of this Court required; (iii) approving the agreement that Borrower, the Debtor, and their respective principals, owners, members, managers, authorized agents, successors, and assigns will not commence, prosecute, finance, assist, support, join in, or cause any action, adversary proceeding, contested matter, motion, petition, appeal, request for reconsideration, request for stay pending appeal, application for temporary restraining order, preliminary or permanent injunction, or other proceeding whose purpose or reasonably foreseeable effect is to enjoin, restrain, stay, postpone, condition, impair, or otherwise interfere with Bancorp's exercise of the rights granted by the Proposed Order; (iv) finding cause to waive the fourteen (14)-day stay imposed by Bankruptcy Rule 4001(a)(4) and ordering that the Proposed Order shall be effective immediately upon entry; and (v) granting related relief.

## BASIS FOR RELIEF

### A. The Automatic Stay Should be Lifted

12. Bankruptcy Code section 362(d)(1) provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay ... for cause, including the

lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). "Cause" is a flexible concept evaluated under the totality of the circumstances, and relief is warranted where the balance of hardships supports permitting a secured creditor to proceed with state-law foreclosure remedies.

13. Here, cause exists to modify the automatic stay. Bancorp holds a first-priority lien on and security interest in the Property, Borrower defaulted under the Loan Documents, Bancorp commenced the State Court Case to enforce its remedies, and the Debtor has agreed through this Motion that Bancorp should be permitted to proceed with foreclosure.

14. Additional cause exists because Bancorp's asserted secured debt substantially exceeds the asserted value of the Property, the Borrower has no apparent equity in the Property, the Property is already subject to a state-court receivership, and continued delay would risk further diminution in value and prejudice to Bancorp and other stakeholders. The consensual nature of the requested relief, the existing receivership, and the need to permit continuation of foreclosure and receivership proceedings without further uncertainty or delay support waiver of the fourteen (14)-day stay imposed by Bankruptcy Rule 4001(a)(4) and immediate effectiveness of the Proposed Order upon entry.

15. Bankruptcy Rule 4001(a)(4) provides that an order granting relief from the automatic stay is stayed until the expiration of fourteen (14) days after entry of the order unless the Court orders otherwise. Consistent with the agreement announced in open court and the attached order, cause exists for the Court to order otherwise because the requested relief is consensual, the Property is already in the possession of a state-court-appointed receiver, and immediate effectiveness is necessary to permit continuation of the existing foreclosure and receivership proceedings without further uncertainty or delay.

**B. The Proposed Order Should be Binding and not Subject to Collateral Delay**

16. The Proposed Order should provide that it is a final order upon entry.

17. The Proposed Order should further be binding upon and inure to the benefit of Bancorp, Borrower, the Debtor, and each of their successors, assigns, trustees, estates, and predecessors in interest. Conversion, dismissal, reinstatement, reopening, substantive consolidation, appointment of a trustee or examiner, or confirmation of a plan should not vacate, modify, reinstate, or impair the stay relief granted by the Proposed Order, and no later order concerning any receiver, cash collateral, financing, sale, plan, or other subject should be construed to modify the Proposed Order unless the later order expressly identifies the Proposed Order and states that it modifies specified provisions with Bancorp's written consent.

## NOTICE

18. Notice of this Motion has been provided to all parties who, as of the filing of this Motion, have requested notice in this Chapter 11 Case pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Movants submit that no other or further notice is necessary.

19. No prior request for the relief sought herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Movants respectfully request that the Court enter the Proposed Order approving this Motion, terminating, modifying, and lifting the automatic stay to permit Bancorp to proceed with all foreclosure and related in rem remedies concerning the Property without further application to or order of this Court, including title work, appraisals, inspections, notices, foreclosure sale scheduling, credit bidding, sale confirmation, deeds or other conveyance instruments, possession, enforcement of assignments of leases and rents, and continuation of the

pending State Court receivership; providing that no further notice to the Debtor, motion, application, hearing, or order of this Court shall be required for Bancorp to exercise those rights and remedies; approving the agreement that Borrower, the Debtor, and their respective principals, owners, members, managers, authorized agents, successors, and assigns will not take or support any action whose purpose or reasonably foreseeable effect is to enjoin, restrain, stay, postpone, condition, impair, or otherwise interfere with Bancorp's exercise of those rights; providing that the Proposed Order is final and effective immediately upon entry, and that the fourteen (14)-day stay imposed by Bankruptcy Rule 4001(a)(4) is waived; providing that the Proposed Order is binding upon and inures to the benefit of Bancorp, Borrower, the Debtor, and each of their successors, assigns, trustees, estates, and predecessors in interest; providing that conversion, dismissal, reinstatement, reopening, substantive consolidation, appointment of a trustee or examiner, or confirmation of a plan shall not vacate, modify, reinstate, or impair the stay relief granted by the Proposed Order; and granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Kiran A. Phansalkar*

Kiran A. Phansalkar, OBA #11470
Preston M. Sullivan, OBA #33619
McAfee & Taft A Professional Corporation
8th Floor, Two Leadership Square
211 N Robinson Ave
Oklahoma City, OK 73102-7103
Telephone: (405) 235-9621
Email: kiran.phansalkar@mcafeetaft.com
preston.sullivan@mcafeetaft.com
***Attorneys for The Bancorp Bank, N.A.***

*/s/ Jason A. Sansone*

Clayton D. Ketter, OBA No. 30611
Jason A. Sansone, OBA No. 30913
Nicholas J. Candido, OBA No. 36069
PHILLIPS MURRAH P.C.
424 N.W. 10th St., Suite 300
Oklahoma City, OK 73103
(405) 235-4100 – telephone
(405) 235-4133 – facsimile
cdketter@phillipsmurrah.com
jasansone@phillipsmurrah.com
njcandido@phillipsmurrah.com
***Proposed Attorneys for the Debtor***
***YSA Investments 1, LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2026, I electronically transmitted this filing to the Clerk of the Court using the ECF system for filing and transmittal of Notice of Electronic Service to the ECF registrants of record.

*/s/ Kiran A. Phansalkar*
Kiran A. Phansalkar