**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

In re:

YSA INVESTMENTS 1, LLC,

Debtor.

Case No. 26-12806-SAH
Chapter 11

**DEBTOR'S RESPONSE TO GENERAL HOLDING, LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Debtor, YSA Investments 1, LLC, ("Debtor"), by and through the undersigned counsel, respectfully files this Response to the *Motion for Relief from the Automatic* Stay [Doc. 389] (the "Motion") filed by General Holding, LLC. In support thereof, the Debtor would show the Court as follows:

1. On no less than three occasions, Vesta Holdings, LLC ("Vesta") and Mark Kulick ("Kulick"), through counsel, have filed pleadings in matters pending in the District Court of Tulsa County, State of Oklahoma (the "State Court"), which erroneously suggest to the State Court that, as a result of the Debtor's bankruptcy proceeding, "this matter [the State Court litigation] is stayed entirely until the Bankruptcy Court determines otherwise." For avoidance of doubt, the Debtor is not a party to any of the aforementioned State Court proceedings, nor, upon information and belief, is any other party who has sought relief under the Bankruptcy Code.

2. As an introductory matter, Kulick has not sought relief under the bankruptcy code. *See Okla. Federated Gold and Numismatics, Inc. v. Blodgett*, 24 F.3d 136 (10th Cir. 1994) ("[T]he rule followed by this circuit and the general rule in other circuits is that the stay provision does not extend to [co-debtors] of the debtor."); *In re F.T.L., Inc.*, 152 B.R. 61, 63 (Bankr. E.D. Va. 1993) ("…guarantors of a debtor must file their own bankruptcy petition to receive the benefits of bankruptcy law…"). Vesta and Kulick do not suggest otherwise. "The protections of the

Bankruptcy Code extend to Debtors who choose to file for relief not to non-debtor third parties." *In re Harrison*, 82 B.R. 557, 558 (Bankr. D. Colo. 1987); *See, e.g.*, *Harrington v. Purdue Pharma L. P.*, 603 U.S. 204, 222, 144 S. Ct. 2071, 2085, 219 L. Ed. 2d 721 (2024).

3. Moreover, the Debtor asserts to own and/or control the membership units in certain Kulick entities (the "Units"), including without limitation Vesta. To the extent that a *bona fide* dispute exists regarding the Units, the automatic stay created by the Debtor's filing for bankruptcy extends to the Units. *In re Grooms*, 599 B.R. 155, 159 (Bankr. W.D. Okla. 2019) (Automatic Stay applies where ownership of property is in *bona fide* dispute).

4. However, the State Court litigation is not against the Units but against Vesta and Kulick. Assets of entities in which the Debtor holds Units are not property of the Debtor's estate, a fact not in dispute, thus "the automatic stay does not stay actions against property that is not property of the estate." *In re Grooms*, 599 B.R. 155, 159; 11 U.S.C. § 541(a)(1); *In re Peeples*, 880 F.3d 1207, 1216 (10th Cir. 2018) ("the automatic stay is for the benefit of the estate"); Norton Bankruptcy L. and Practice 3d § 43:4.

5. Further, the Plaintiffs in the State Court actions allege they have been and are being injured by Vesta, but are without remedy in this Bankruptcy Court. *See, e.g.*, *In re Foster*, No. 15-14050-SAH, 2016 WL 1105594, at *1 (Bankr. W.D. Okla. Mar. 21, 2016) ("the Court is unaware of any authority, whether pursuant to Section 105 or any other provision of the Bankruptcy Code, that authorizes this Court to order Debtors to physically surrender [collateral]"); *C.f.* 11 U.S.C. § 542 (Providing for turnover of only estate property).

6. Accordingly, the automatic stay in this bankruptcy case does not extend to Kulick nor Vesta. *See Martin v. Tap Rock Res., LLC*, 519 F. Supp. 3d 961 (D.N.M. 2021) ("[I]t would

distort congressional purpose to hold that a third party… should be shielded by a device intended for the protection of the insolvent debtor.”).

WHEREFORE, for the reasons stated herein, the Debtor respectfully requests the Court grant the Motion *provided however* that nothing in an order approving the Motion shall grant relief from the automatic stay with respect to property of the Debtor’s estate.

Respectfully submitted,

*/s/ Jason A. Sansone*

Clayton D. Ketter, OBA No. 30611
Jason A. Sansone, OBA No. 30913
Nicholas J. Candido, OBA No. 36069
PHILLIPS MURRAH P.C.
424 N.W. 10th St., Suite 300
Oklahoma City, OK 73103
(405) 235-4100 - telephone
(405) 235-4133 – facsimile
cdketter@phillipsmurrah.com
jasansone@phillipsmurrah.com
njcandido@phillipsmurrah.com
**Proposed Attorneys**
**for YSA Investments 1, LLC**