**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| YSA Investments 1, LLC | ) | |
| | ) | |
| Debtor | ) | Case No. 26-12806 |
| | ) | |

**FEDERAL NATIONAL MORTGAGE ASSOCIATION'S MOTION TO MODIFY AUTOMATIC STAY AND TO ABANDON PROPERTY AS BURDENSOME WITH BRIEF IN SUPPORT THEREOF, NOTICE OF OPPORTUNITY FOR HEARING AND REQUEST FOR WAIVER OF FOURTEEN (14) DAY STAY UNDER BANKRUPTCY RULE 4001(a)(4)**

**NOTICE OF OPPORTUNITY FOR HEARING**

**Your rights may be affected. You should read this Document carefully and consult your attorney about your rights and the effect of this Document.** If you do not want the Court to grant the motion, or you wish to have your views considered, you must file a written response to the motion with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than 14 days from the date of filing of the motion. You should also serve a file stamped copy of the response to the undersigned [and others who are required to be served] and file a certificate or affidavit of service with the Court.

**[Note – this is a flat fourteen (14) days regardless of the manner of service.]**

Federal National Mortgage Association ("**Fannie Mae**") moves the Court for relief from the automatic stay provision of the Bankruptcy Code, Title 11 U.S.C. § 362(a), as to the Debtor and the real property described herein and for an order abandoning property as burdensome pursuant to 11 U.S.C. § 554(b).

Said real property is more fully described as follows:

PHASE I:
A part of the Northeast Quarter (NE/4) of the Southwest Quarter (SW/4) of the Northwest Quarter (NW/4) of Section Eleven (11), Township Nineteen (19) North, Range Two (2) East of the Indian Meridian, Payne County, State of Oklahoma, according to the U.S. Government Survey thereof, more particularly described as follows:

Beginning at the Southeast corner of the Northeast Quarter (NE/4) of the Southwest Quarter (SW/4) of the Northwest Quarter (NW/4) of said Section Eleven (11); thence North for a distance of 300 feet; thence West and parallel to the South line of said Northeast Quarter (NE/4) of the Southwest Quarter (SW/4) of the Northwest Quarter (NW/4) for a distance of 480 feet, more or less to a point 150 feet from the East right-of-way line of Highway 177, said 150 feet being measured perpendicular to said East right-of-way line; thence 150 feet Southwesterly on said perpendicular to a point on said East right-of-way line; thence Southeasterly along said East right-of-way line for a distance of 265.25 feet, more or less, to the South line of said Northeast Quarter (NE/4) of the Southwest Quarter (SW/4) of the Northwest Quarter (NW/4) of Section Eleven (11); thence East for a distance of 485.15 feet, more or less to the point or place of beginning.

PHASE II:
A part of the Northeast Quarter (NE/4) of the Southwest Quarter(SW/4) of the Northwest Quarter (NW/4) of Section Eleven (11), Township Nineteen (19) North, Range Two (2) East of the Indian Meridian, Payne County, State of Oklahoma, according to the U.S. Government Survey thereof, more particularly described as follows:

Beginning at the Northeast corner of the Southwest Quarter (SW/4) of the Northwest Quarter (NW/4) of said Section Eleven (11); thence South 51.2 feet along the East line of said Southwest Quarter(SW/4) to a point or place of beginning; thence West and parallel to the North line of said Southwest Quarter (SW/4) a distance of 150 feet; thence South and parallel to the East line of said Southwest Quarter (SW/4) a distance of 30 feet; thence West 488 feet parallel to the North line of said Southwest Quarter (SW/4); thence 320 feet in a Southeasterly direction to a point 150 feet from the East right-of-way line of U.S. Highway 177, said 150 feet being measured perpendicular to said right-of-way line; thence 481.78 feet East and parallel to the North line of said Southwest Quarter (SW/4) to a point; thence 310 feet North to the point or place of beginning.

PHASE III:
A tract of land in the Northeast Quarter (NE/4) of the Southwest Quarter (SW/4) of the Northwest Quarter (NW/4) of Section Eleven (11), Township Nineteen (19) North, Range Two (2) East of the Indian Meridian, Payne County, State of Oklahoma, according to the U.S. Government Survey thereof, more particularly described as follows:

Beginning at the Northeast corner of said Southwest Quarter (SW/4) of the Northwest Quarter (NW/4) of Section Eleven (11); thence West and along the North line of said Southwest Quarter (SW/4) of the Northwest Quarter (NW/4) a distance of 580 feet to a point approximately 274.56 feet along this line projected from the 580.00 foot line to the East right-of-way line of U.S. Highway No. 177; thence South and parallel to the East line of said Southwest Quarter (SW/4) of the Northwest Quarter (NW/4) a distance of 81.2 feet; thence East and parallel to the North line of said Northwest Quarter (NW/4) a distance of 430.00 feet; thence North and parallel to the East line of said Southwest Quarter (SW/4) of the Northwest Quarter (NW/4) a distance of 30 feet; thence East and parallel to the North line of said Southwest Quarter (SW/4) of the Northwest Quarter *(NW/4) a distance* of 150 feet; thence North and along the East line of said Southwest Quarter (SW/4) of the Northwest Quarter (NW/4) a distance of 51.2 feet to the point of beginning.

PHASE IV:
A tract of land in the Northwest Quarter (NW/4) of the Northwest Quarter (NW/4) of Section Eleven (11), Township Nineteen (19) North, Range Two (2) East of the Indian Meridian, Payne County, State of Oklahoma, according to the U.S. Government Survey thereof, more particularly described as follows, to-wit:

Beginning at a point 25.0 feet North of the Southeast Corner of the Northwest Quarter (NW/4) of the Northwest Quarter (NW/4) of Section Eleven (11), Township Nineteen (19) North, Range Two (2) East of the Indian Meridian; thence North 150.0 feet; thence West 954.1 feet more or less to the East right-of-way line of U.S. Highway No.

177, formerly Oklahoma Highway No. 40; thence Southeasterly along said East right-of-way line to a point which is 25.0 feet North of the South line of said Northwest Quarter (NW/4) of the Northwest Quarter (NW/4) of said Section Eleven (11); thence East 872.3 feet, more or less, to the point of beginning.

TOGETHER WITH EASEMENT RIGHTS CONTAINED IN THE RIGHT OF WAY EASEMENT RECORDED IN BOOK 182, PAGE 552, ACROSS THE FOLLOWING DESCRIBED PROPERTY, TO-WIT:

Beginning at a point on the North line of the Southwest Quarter (SW/4) of the Northwest Quarter (NW/4) of Section Eleven (11), Township Nineteen (19) North, Range Two (2) East of the Indian Meridian, 580 feet West of the Northeast corner of the said Southwest Quarter (SW/4) of the Northwest Quarter (NW/4) of the said Section Eleven (11); thence West along the North line of said Southwest Quarter (SW/4) of Northwest Quarter (NW/4) of said Section Eleven (11), a distance of 274.56 feet more or less to the East boundary of U.S. Highway 177 (formerly State Highway 40); thence Southeasterly along said right of way line to a point thereon 20 feet South of the North line of the said Southwest Quarter (SW/4) of the Northwest Quarter (NW/4) of Section Eleven (11); thence East parallel to and 20 feet South of the North line of said Southwest Quarter (SW/4) of Northwest Quarter (NW/4) of Section Eleven (11), to a point 20 feet South of the Point of Beginning; thence North 20 feet to the Point of Beginning, otherwise described as the North 20 feet of the West 274.56 feet of the East 854.56 feet of the Southwest Quarter (SW/4) of the Northwest Quarter (NW/4) of Section Eleven (11), Township Nineteen (19) North, Range Two (2) East of the Indian Meridian, Payne County, State of Oklahoma, according to the U.S. Government Survey thereof.

(the "**Property**"). Fannie Mae alleges and states as follows:

1. That this Court has jurisdiction of this proceeding pursuant to Title 28 U.S.C. § 1334, 11 U.S.C. §§ 362, 363, 552(b) and 554.

2. On or about April 29, 2024, Remington Ranch's Best Living, LLC provided to Berkely Point Capital, LLC, d/b/a Newmark Knight Frank ("**Newmark**") a Multifamily Note (the "**Note**") in the original stated principal amount of $13,470,000.00 (the "**Loan**"). *See* Ex. 1, Note.

3. As security for the Note, Remington Ranch's Best Living, LLC executed a Multifamily Loan And Security Agreement (together with all schedules, exhibits and amendments thereto, the "**Loan Agreement**") and a Multifamily Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "**Mortgage**") covering the Property. *See* Ex. 2, Loan Agreement; Ex. 3, Mortgage.

4. On or about April 29, 2024, Newmark assigned to Fannie Mae the Note, Loan Agreement, and Mortgage, and related documents such that Fannie Mae is the owner and holder of the Note. *See* Ex. 4, Assignments.

5. Remington Ranch's Best Living, LLC defaulted on the note and as of February 2, 2026, there was due and owing to Fannie Mae on the total amount principal amount of $13,470,000.00, accrued interest of $261,691.86, accrued default interest of $140,686.67, which continues to accrue at the rate of 9.86% per annum until paid, together with other costs and expenses set forth in the Note, Loan Agreement, and Mortgage totaling $2,147,732.30. Due to said default, Fannie Mae is entitled to foreclose its mortgage lien against the Property.

6. Upon information and belief, the Property is likely owned by Remington Ranch's Best Living, LLC, but Debtor may claim an interest in the Property pursuant to the Special Warranty Deed (Deed-in-Lieu of Foreclosure) purportedly granted from Remington Ranch's Best Living, LLC. *See* Ex. 5, Deed-in-Lieu of Foreclosure.

7. There is pending in the District Court of Payne County, State of Oklahoma, Case No. CJ-2025-77 (the "State Court Litigation") a suit involving the Property. The Plaintiff in the State Court Litigation is Fannie Mae, and Debtor and Remington Ranch's Best Living, LLC are among the Defendants. Just prior to YSA Investments 1, LLC's bankruptcy filing, the District Court orally granted Fannie Mae's Motion for Summary Judgment.

8. The value of the Property is less than the debt secured by the Mortgage. In addition to the Mortgage, there are additional junior liens and mortgage interests filed against the Property. As a result, the Debtor lacks any equity in the property.

9. The Property is not necessary to an effective reorganization. The Debtor has acknowledged that it does not anticipate needing the Property in order to effectuate a plan

of reorganization.

10. The City of Stillwater has initiated a nuisance action with respect to the Property jeopardizing Fannie Mae's interest in the Property. Immediate action will be required in order to preserve the value of the Property for the benefit of Fannie Mae.

11. The Debtor has advised Fannie Mae that it does not oppose the relief sought herein.

**REQUEST FOR RELIEF FROM AUTOMATIC STAY**

12. Section 362(d) provides in part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –
>
> (1) for cause, including the lack of adequate protection of an interest in property of such part in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if –
>
> (A) the debtor does not have an equity in such property; and
>
> (B) Such property is not necessary to an effective reorganization . . . .

In this case, among other reasons, cause exists for granting relief from the automatic stay because: (a) there is a lack of adequate protection of Fannie Mae's interest in the Property; and (b) Debtor has no equity in the Property and the Property is not needed to effectuate a reorganization of Debtor.

13. Due to the pending nuisance action filed by the City of Stillwater with respect to the Property, cause exists under § 362(d)(1) for the Court to grant Fannie Mae relief

from the automatic stay to pursue foreclosure of the Mortgage and sell the Property.

14. The Debtor lacks any equity in the Property. Furthermore, the Debtor has acknowledged that the Property is not needed to effectuate a reorganization of Debtor. Accordingly, cause also exists under § 362(d)(2)(A) to grant Fannie Mae relief from the automatic stay to pursue foreclosure of the Mortgage and sell the Property.

**REQUEST FOR ABANDONMENT OF PROPERTY**

15. Section 554(b) provides in part:

> On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

16. Here, the Property is of inconsequential value and benefit to the estate because the amount of debt secured by the Property exceeds the value of the Property and significant expense and effort will be required in order to avoid the adverse consequences of the nuisance action filed by the City of Stillwater.

**REQUEST FOR WAIVER OF RULE 4001(a)(4) STAY**

17. In view of the pending nuisance action and the Debtor's consent to the relief sought hereing, Fannie Mae also requests the Court waive the automatic 14-day stay of an order granting relief from the automatic stay.

**Conclusion**

For the foregoing reasons, Fannie Mae moves the Court for an Order (a) modifying the automatic stay as to the Debtor and the Property and allowing the State Court Litigation to proceed, so that Fannie Mae may enforce and foreclose its liens against the Property

and/or conduct a deed-in-lieu of foreclosure transaction in accordance with applicable law, and permitting Fannie Mae to move forward with its foreclosure action; (b) abandoning said Property from the bankruptcy estate; (c) ordering that the stay of this order provided in Bankruptcy Rule 4001(a)(4) shall not apply, and granting such additional relief as this Court deems equitable.

Respectfully submitted,

*/s/ Christopher M. Scaperlanda*

Christopher M. Scaperlanda, OBA #31703
Ross A. Plourde, OBA #7193
Gatlin C. Squires, OBA #34795
McAfee & Taft A Professional Corporation
8th Floor, Two Leadership Square
211 N. Robinson
Oklahoma City, Oklahoma 73120
Telephone: (405) 235-9621
Facsimile: (405) 235-0439
christopher.scaperlanda@mcafeetaft.com
ross.plourde@mcafeetaft.com
gatlin.squires@mcafeetaft.com

***Attorneys for Federal National Mortgage Association***

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2026, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court for the Western District of Oklahoma using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are registered C/ECF users in this case.

I further certify that on September 24, 2026, I served a true and correct copy of the foregoing document on the following parties, who have not yet entered an appearance or are not registered CM/ECF users, by first-class mail:

YSA Investments 1, LLC
8 The Green, Suite B
Dover, Delaware, 19901

Capital Assets, Inc.
502 W. 6th St.
Tulsa, Oklahoma 74119

**Defendant**

_*/s/ Christopher M. Scaperlanda*___
Christopher M. Scaperlanda