Joyce W. Lindauer
Texas State Bar No. 21555700
Lindauer & Vaughn
117 S. Dallas Street
Ennis, Texas 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for A-V Lofts Owner LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**OKLAHOMA CITY DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **YSA INVESTMENTS 1, LLC,** | § | **CASE NO. 26-12806-sah-11** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

**RESPONSE AND OBJECTION TO MOTION OF CREO QRS NP LLC**
**FOR RELIEF FROM THE AUTOMATIC STAY**
(Relates to Docket No. 347)

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COMES NOW A-V Lofts Owner LLC ("A-V Lofts"), by and through undersigned counsel, and files this Response and Objection to the Motion of CREO QRS NP LLC for Relief from the Automatic Stay (the "Motion") [Docket No. 347], and respectfully states as follows:

## BACKGROUND

1. CREO QRS NP LLC ("CREO") seeks relief from the automatic stay to the extent necessary to continue Oklahoma County Case No. CJ-2026-230, styled CREO QRS NP LLC v. Marc L. Kulick and John Alexander Upperman (the "State Court Action"), against Marc L. Kulick and John Alexander Upperman (collectively, the "Guarantors").

2. CREO acknowledges that YSA Investments 1, LLC ("YSA") is not a party to the State Court Action and that CREO seeks no relief against YSA in that action.

3. The State Court Action arises from a loan CREO made to A-V Lofts Owner LLC ("Lofts"), which the Guarantors allegedly guaranteed. Neither Lofts nor YSA is a party to the State Court Action.

4. CREO alleges that suggestions of bankruptcy were filed in the State Court Action based upon the bankruptcy proceedings of Lofts and YSA, after which the state court entered a docket notation reflecting that bankruptcy had been filed and struck the hearing on CREO's motion for summary judgment.

## ARGUMENT AND AUTHORITIES

### I. CREO HAS NOT ESTABLISHED CAUSE FOR THE RELIEF REQUESTED.

5. CREO maintains that the automatic stay does not apply to an action against non-debtor guarantors and alternatively seeks relief under 11 U.S.C. § 362(d)(1). CREO therefore bears the initial burden of establishing a prima facie basis for relief before the burden shifts to the party opposing relief.

6. CREO's principal basis for relief is that YSA is not a named party to the State Court Action. The absence of YSA from the state-court caption, however, does not by itself establish that continued prosecution of the State Court Action will have no effect on the pending bankruptcy proceedings or the interests implicated by them.

7. The Court should consider the practical effect of the requested relief, including whether prosecution of the claims against the Guarantors would interfere with administration of related bankruptcy proceedings, create overlapping factual or legal determinations, divert persons necessary to ongoing restructuring efforts, or otherwise impair interests protected during the reorganization process.

## II. CREO'S SONNAX ANALYSIS DOES NOT ESTABLISH THAT RELIEF IS WARRANTED

8. CREO relies upon the factors identified in Sonnax Industries, Inc. v. Tri Component Products Corp. (In re Sonnax Industries, Inc.), 907 F.2d 1280 (2d Cir. 1990). The Motion, however, does not meaningfully analyze those factors individually and instead principally concludes that they favor relief, or are irrelevant, because YSA is not a party to the State Court Action.

9. The relevant considerations include the connection between the State Court Action and the pending bankruptcy proceedings, potential interference with reorganization efforts, prejudice to creditors and other interested parties, judicial economy, and the balance of harms. Those considerations cannot be resolved solely by reference to the identity of the parties named in the State Court Action.

10. Accordingly, CREO has not demonstrated on the present record that the requested relief will have no material effect on the interests implicated by the pending bankruptcy proceedings or that cause exists to grant the relief requested.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, A-V Lofts Owner LLC respectfully requests that the Court deny CREO QRS NP LLC's Motion for Relief from the Automatic Stay, or alternatively defer or condition any relief as the Court determines appropriate, and grant such other and further relief to which A-V Lofts Owner LLC may be justly entitled.

Dated: September 25, 2026

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
Texas State Bar No. 21555700
Lindauer & Vaughn
117 S. Dallas St.
Ennis, TX 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com
Attorney for A-V Lofts Owner LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 25, 2026, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF filing system upon those parties receiving electronic notice in this case.

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer