**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br><br>YSA INVESTMENTS 1, LLC,<br><br>Debtor. | Case No. 26-12806-SAH<br>Chapter 11 |

**DEBTOR'S RESPONSE TO CREO QRS NP LLC'S**
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Debtor, YSA Investments 1, LLC, ("Debtor"), by and through the undersigned counsel, respectfully files this Response to the *Motion for Relief from the Automatic* Stay [Doc. 347] (the "Motion") filed by CREO QRS NP LLC. In support thereof, the Debtor would show the Court as follows:

1. On August 27, 2026, Mark Kulick ("Kulick"), through counsel, filed a *Suggestion of Bankruptcy*, attached hereto as **Exhibit 1**, in a matter styled *CREO QRS NP LLC v. Marc L. Kulick, et al.*, District Court of Oklahoma County, State of Oklahoma (the "State Court"), Case No. CJ-2026-230 (the "State Court Action"), which erroneously suggests to the State Court that, as a result of the Debtor's bankruptcy proceeding, "this matter [the State Court Action] is stayed entirely until the Bankruptcy Court determines otherwise." Ex. 1 at ¶ 14.

2. For avoidance of doubt, the Debtor is not a party to the State Court Action, nor, upon information and belief, is any other party who has sought relief under the Bankruptcy Code.

3. Kulick has not sought relief under the bankruptcy code. *See Okla. Federated Gold and Numismatics, Inc. v. Blodgett*, 24 F.3d 136 (10th Cir. 1994) ("[T]he rule followed by this circuit and the general rule in other circuits is that the stay provision does not extend to [co-debtors] of the debtor."); *In re F.T.L., Inc.*, 152 B.R. 61, 63 (Bankr. E.D. Va. 1993) ("…guarantors of a debtor must file their own bankruptcy petition to receive the benefits of bankruptcy law…"). Kulick does

not suggest otherwise. "The protections of the Bankruptcy Code extend to Debtors who choose to file for relief not to non-debtor third parties." *In re Harrison*, 82 B.R. 557, 558 (Bankr. D. Colo. 1987); *See, e.g., Harrington v. Purdue Pharma L. P.*, 603 U.S. 204, 222, 144 S. Ct. 2071, 2085, 219 L. Ed. 2d 721 (2024); *In re Peeples*, 880 F.3d 1207, 1216 (10th Cir. 2018) ("the automatic stay is for the benefit of the estate").

4. Accordingly, the automatic stay in this bankruptcy case does not extend to Kulick. *See Martin v. Tap Rock Res., LLC*, 519 F. Supp. 3d 961 (D.N.M. 2021) ("[I]t would distort congressional purpose to hold that a third party… should be shielded by a device intended for the protection of the insolvent debtor.").

5. It is unclear how Kulick can suggest otherwise. *See* Fed. R. Bankr. P. 9011(b).

WHEREFORE, for the reasons stated herein, the Debtor respectfully requests the Court grant the Motion *provided however* that nothing in an order approving the Motion shall grant relief from the automatic stay with respect to property of the Debtor's estate.

Respectfully submitted,

*/s/ Jason A. Sansone*

Clayton D. Ketter, OBA No. 30611
Jason A. Sansone, OBA No. 30913
Nicholas J. Candido, OBA No. 36069
PHILLIPS MURRAH P.C.
424 N.W. 10th St., Suite 300
Oklahoma City, OK 73103
(405) 235-4100 - telephone
(405) 235-4133 – facsimile
cdketter@phillipsmurrah.com
jasansone@phillipsmurrah.com
njcandido@phillipsmurrah.com
**Proposed Attorneys**
**for YSA Investments 1, LLC**