**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br>YSA INVESTMENTS 1, LLC,<br>Debtor. | Case No. 26-12806-SAH<br>Chapter 11 |

**DEBTOR'S APPLICATION FOR AN ORDER ESTABLISHING THE TIME WITHIN WHICH PROOFS OF CLAIM MUST BE FILED, INCLUDING CLAIMS UNDER BANKRUPTCY CODE SECTION 503(b)(9), ESTABLISHING THE PROCEDURES FOR FILING, AND APPROVING THE FORM OF THE NOTICE THEREOF, WITH BRIEF IN SUPPORT**

Debtor, YSA Investments 1, LLC (the "Debtor"), by and through the undersigned counsel, seeks entry of an order from the Court establishing the deadline for filing proofs of claim against the Debtor, including administrative claims filed pursuant to section 503(b)(9) of title 11 of the United States Code (the "Bankruptcy Code"), establishing the procedures for filing claims, and approving the form of the notice thereof (the "Application"). In support thereof, the Debtor would show the Court as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 1408. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory predicates for the relief requested are Bankruptcy Code sections 501, 502, 503, and 1111(a) and Rules 2002(a)(7), 3003(c), and 5005(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II. BACKGROUND

3. On July 28, 2026 (the "Petition Date"), the Debtor filed a voluntary petition with the United States Bankruptcy Court for the District of Delaware pursuant to Chapter 11 of the Bankruptcy Code.

4. On August 14, 2026, this case was transferred to this Court.

5. Pursuant to Bankruptcy Code sections 1107 and 1108, the Debtor has retained possession of its assets as a debtor in possession and is continuing to operate its business.

6. No trustee, examiner, or committee has been appointed in this Chapter 11 case.

## III. RELIEF REQUESTED

### A. The Need for a Bar Date

To maintain momentum in this Chapter 11 case and foster the best possible environment for a comprehensive and meaningful plan process, the Debtor seeks to set a claims bar date and the procedures for providing notice of the bar date to all creditors.

### B. Proposed Bar Dates

*i. General Bar Date*

The Debtor requests that the Court establish **November 6, 2026, at 5:00 p.m. prevailing Central time**, as the date by which all entities[1] (other than governmental units) holding claims that arose (or are deemed to have arisen) prior to the Petition Date, as well as claims pursuant to Bankruptcy Code section 503(b)(9)[2] ("503(b)(9) Claims") must file proofs of claim, including with respect to secured claims, unsecured priority claims, and unsecured non-priority claims (the "General Bar Date").

[1] Terms specifically defined in the Bankruptcy Code and not otherwise defined herein have the meanings assigned to them in the Bankruptcy Code. In particular, as used herein, (i) the term "claim" has the meaning given to it in Bankruptcy Code section 101(5); (ii) the term "entity" has the meaning given to it in Bankruptcy Code section 101(15); (iii) the term "governmental unit" has the meaning given to it in Bankruptcy Code section 101(27); and (iv) the term "person" has the meaning given to it in Bankruptcy Code section 101(41).

[2] Bankruptcy Code section 503(b)(9) provides: "[a]fter notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including . . . (9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business."

*ii. Governmental Bar Date*

The Debtor requests that the Court establish the date 180 days after the Petition Date, **January 25, 2027, at 5:00 p.m. prevailing Central time**, as the date by which all governmental units holding claims that arose (or are deemed to have arisen) prior to the Petition Date, as well as 503(b)(9) Claims, must file proofs of claim, including with respect to secured claims, unsecured priority claims, and unsecured non-priority claims (the "Governmental Bar Date").

*iii. Supplemental Bar Dates*

The Debtor recognizes that it may become necessary to establish supplemental bar dates on a limited basis to ensure that all known and unknown creditors receive notice thereof (each, a "Supplemental Bar Date" and together with the General Bar Date and the Governmental Bar Date, the "Bar Dates" and each a "Bar Date"). To reduce the attendant time and expense associated with filing individual requests for subsequent Court orders, the Debtor is seeking authority at this point to establish Supplemental Bar Dates with respect to (a) creditors to which a re-mailing of the Bar Date Notice (as defined herein) is appropriate, but which cannot be accomplished in time to provide at least 21-days' notice of the applicable Bar Date and (b) other creditors that become known to the Debtor after the applicable Bar Date. To ensure parties in interest receive adequate notice of the Supplemental Bar Date, the Debtor proposes to: (a) file a notice of the Supplemental Bar Date with the Court and (b) mail notice of the Supplemental Bar Date to known creditors subject to the Supplemental Bar Date.

The Debtor believes that the vast majority of its creditors will be subject to the General Bar Date. Because the Debtor does not anticipate establishing Supplemental Bar Dates until further into its Chapter 11 case (if at all), the Debtor proposes a 30-day notice period with respect thereto, as delays resulting from an extended notice period at that point in time could hinder, unnecessarily, the progress of this Chapter 11 case.

## C. Procedures for Filing Proofs of Claim

*i. Parties Required to File Proofs of Claim*

Except as otherwise set forth herein, the Debtor proposes that the following persons or entities holding claims against the Debtor arising prior to the Petition Date be required to file proofs of claim on or before the applicable Bar Date:

(a) any person or entity whose claim against the Debtor is not listed in the schedules of assets and liabilities (the "Schedules");

(b) any person or entity whose claim is listed in the Schedules as contingent, unliquidated, or disputed; and

(c) any person or entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount.

In addition, the Debtor proposes that persons or entities holding 503(b)(9) Claims against the Debtor be required to file proofs of claim on or before the applicable Bar Date.

*ii. Parties Not Required to File Proofs of Claim*

The Debtor proposes that the following persons or entities holding claims that would otherwise be subject to the applicable Bar Date need not file proofs of claim:

(a) any person or entity that has already filed a signed proof of claim against the Debtor in a form substantially similar to Official Form No. 410;

(b) any person or entity whose claim is listed on the Schedules, but only if: (i) such claim is not scheduled as "contingent," "unliquidated," or "disputed"; (ii) the claimant does not disagree with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) the claimant does not dispute that the claim is an obligation of the Debtor as set forth in the Schedules;

(c) a holder of a claim that has previously been allowed by order of the Court;

(d) a holder of a claim that has been paid in full by the Debtor or any other party;

(e) a holder of a claim for which a specific deadline previously has been fixed by the Court;

(f) a current employee of the Debtor, if an order of this Court authorized the Debtor to honor such claim in the ordinary course of business as a wage, commission, or benefit; provided, however, that a current employee must submit a proof of claim by the applicable Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation, and/or claims covered by the Debtor's workers' compensation insurance;

(g) a holder of a claim based on an interest in an equity security of the Debtor; provided, however, that any claimant who wishes to assert a claim against the Debtor based on, without limitation, claims for damages or rescission arising from or relating to the purchase or sale of an equity security, must file a proof of claim on or before the applicable Bar Date. The Debtor reserves all rights with respect to any such claims including, *inter alia*, the right to assert that such claims are subject to subordination pursuant to Bankruptcy Code section 510(b); and

(h) any claims allowable as administrative expenses of the Debtor's estate under Bankruptcy Code sections 503(b) and 507(a)(1), except for 503(b)(9) Claims, which must be filed on or before the applicable Bar Date.

*iii. Requirements for Preparing and Filing Proofs of Claim*

All claims subject to this Application, including 503(b)(9) Claims, shall be asserted by filing a proof of claim. With respect to preparing and filing proofs of claim, the Debtor proposes that each proof of claim must:

(a) be written in the English language;

(b) be denominated in lawful currency of the United States as of the Petition Date;

(c) conform substantially with Official Form No. 410; and

(d) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

Each proof of claim must be filed electronically, by mail, or in person, including supporting documentation, so as to be actually received by the applicable Bar Date at the following address: Clerk of the Bankruptcy Court, United States Bankruptcy Court for the

Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, Oklahoma 73102. Any proofs of claim sent to the Debtor or the Debtor's attorneys will be disregarded.

*iv. Failure to File a Proof of Claim*

In accordance with Bankruptcy Rule 3003(c)(2), the Debtor proposes that any person or entity who is required, but fails, to file a proof of claim in accordance with the terms of the order approving this Application, shall, except as otherwise authorized by order of this Court, (a) be forever barred, estopped, and enjoined from asserting such claim against the Debtor or thereafter filing a proof of claim with respect thereto in this Chapter 11 case; (b) not be, with respect to such claim, treated as a creditor of the Debtor for the purpose of voting upon any plan of reorganization in this proceeding; and (c) not receive or be entitled to receive any payment or distribution of property from the Debtor or its successors or assigns with respect to such claim.

**D. Procedures for Providing Notice of the Bar Date**

The Debtor proposes to serve all known persons or entities holding potential pre-petition claims with written notice of the applicable Bar Date, substantially in the form attached hereto as **Exhibit 1** (the "Bar Date Notice"). Among other things, the Bar Date Notice will: (a) identify the Bar Date; (b) provide claimants with the information necessary to allow them to make an informed decision as to whether to file a proof of claim; and (c) describe the procedures for filing a timely proof of claim and the consequences of failing to do so. Not later than three (3) business days after entry of an order setting Bar Dates, substantially in the form attached hereto as **Exhibit 2** (the "Bar Date Order")**,** the Debtor will serve the Bar Date Notice by first class U.S. mail, postage pre-paid on all known persons or entities holding potential pre-petition claims.

**E. Authority for Establishing Bar Date**

Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a Chapter 11 case and provides in relevant part: "[t]he court shall fix and for cause shown may extend the

time within which proofs of claim or interest may be filed." Bankruptcy Rule 2002(a)(7) requires that the Debtor provide claimants at least 21-days' notice by mail of the time fixed for filing proofs of claim. In addition, Bankruptcy Code section 502(b)(9) provides that "[a] claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the [Bankruptcy Rules] may provide." Bankruptcy Rule 9007 provides the Court with general authority to regulate notices.

The Debtor submits that the relief requested herein provides for clear notice of the Bar Dates in satisfaction of the requirements of the Bankruptcy Rules and consistent with the underlying policies of the Bankruptcy Code. Specifically, to the extent the General Bar Date is established, as proposed, on November 6, 2026, the Debtor intends to mail the Bar Date Notice not later than three (3) business days after entry of the Bar Date Order, and in any event no later than October 16, 2026. Thus, Bankruptcy Rule 2002(a)(7), which requires 21-days' notice, will be satisfied. In addition, the proposed Governmental Bar Date is to be set on the date that is 180 days after the Petition Date, thereby satisfying Bankruptcy Code section 502(b)(9).

The Debtor believes that the procedures and notice periods described herein afford creditors adequate opportunity to file proofs of claim while, at the same time, ensuring that the Debtor remains in Chapter 11 for no longer than is necessary to effect a successful reorganization.

Accordingly, for all the foregoing reasons, the Debtor submits that the Bar Date and the form and manner of providing notice thereof are appropriate in light of the circumstances, inure to the benefit of all parties in interest, and should be approved.

## IV. CONCLUSION

WHEREFORE, the Debtor respectfully requests this Court enter an order (a) establishing the deadline for filing proofs of claim against the Debtor, including administrative claims filed

pursuant to Bankruptcy Code section 503(b)(9), establishing the procedures for filing claims, and approving the form of the notice thereof and (b) granting such other and further relief as the Court deems appropriate.

Respectfully submitted,

*/s/ Jason A. Sansone*
Clayton D. Ketter, OBA No. 30611
Jason A. Sansone, OBA No. 30913
Nicholas J. Candido, OBA No. 36069
PHILLIPS MURRAH P.C.
424 N.W. 10th St., Suite 300
Oklahoma City, OK 73103
(405) 235-4100 - telephone
(405) 235-4133 – facsimile
cdketter@phillipsmurrah.com
jasansone@phillipsmurrah.com
njcandido@phillipsmurrah.com
**Proposed Attorneys**
**for YSA Investments 1, LLC**