**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br>YSA INVESTMENTS 1, LLC,<br>Debtor. | Case No. 26-12806-SAH<br>Chapter 11 |

**NOTICE OF DATES BY WHICH PARTIES MUST FILE PROOFS OF CLAIM AND PROCEDURES FOR FILING PROOFS OF CLAIM (INCLUDING CLAIMS PURSUANT TO BANKRUPTCY CODE SECTION 503(b)(9))**

**PLEASE TAKE NOTICE THAT** debtor, YSA Investments 1, LLC (the "Debtor"), filed a voluntary petition for relief under Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware on July 28, 2026. On August 14, 2026, this case was transferred to United States Bankruptcy Court for the Western District of Oklahoma (the "Court").

**PLEASE TAKE FURTHER NOTICE THAT** the Debtor filed the Debtor's Application for an Order Establishing the Time Within Which Proofs of Claims Must Be Filed, Including Claims Under Bankruptcy Code Section 503(b)(9), Establishing the Procedures for Filing, and Approving the Form of the Notice Thereof, Combined with Brief in Support (the "Application").[1] On [__________], 2026, the Court entered an order approving the Application (the "Bar Date Order"), pursuant to which the Court established certain dates (referred to herein as "Bar Dates") by which parties holding pre-petition claims against the Debtor and claims pursuant to Bankruptcy Code section 503(b)(9) ("503(b)(9) Claims") must file proofs of claim against the Debtor. Each date is expressly set forth below.

| |
|---|
| YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY BE HOLDING A CLAIM AGAINST THE DEBTOR IN THE ABOVE-CAPTIONED CHAPTER 11 CASE. THEREFORE, YOU SHOULD READ THIS NOTICE CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE. |

**Bar Dates Approved by the Court**

**General Bar Date**: **November 6, 2026, at 5:00 p.m. prevailing Central time**, is the date by which all entities (which includes individual persons, estates, trusts, partnerships, and corporations, among others) must file proofs of claim (the "General Bar Date").

**Governmental Bar Date**: **January 25, 2027, at 5:00 p.m. prevailing Central time**, is the date by which all governmental units holding claims

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

(whether secured, unsecured priority, or unsecured nonpriority) must file proofs of claim, including claims for unpaid taxes, whether such claims arise from pre-petition tax years or periods or pre-petition transactions to which the Debtor was a party (the "Governmental Bar Date" and together with the General Bar Date and any Supplemental Bar Date, the "Bar Dates" and each a "Bar Date").

## Parties Required to File Proofs of Claim

**Definition of "Claim."** Under Bankruptcy Code section 101(5) and as used herein, the word "claim" means: (i) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (ii) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**Definition of "503(b)(9) Claim."** A 503(b)(9) Claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

**Parties Who Must File Proofs of Claim**. Except as otherwise set forth herein, the following persons or entities holding pre-petition claims against the Debtor must file proofs of claim on or before the applicable Bar Date:

- any person or entity whose claim against the Debtor is not listed in the Schedules;
- any person or entity whose claim is listed in the Schedules as contingent, unliquidated, or disputed; and
- any person or entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount.

**In addition, any person or entity holding a 503(b)(9) Claim against the Debtor must file a proof of claim with the Bankruptcy Court asserting a 503(b)(9) Claim on or before the applicable Bar Date.**

**Parties Who Do Not Need to File Proofs of Claim**. Certain parties are not required to file proofs of claim. The Court may, however, enter one or more separate orders at a later time requiring creditors to file proofs of claim for some kinds of the following claims and setting related deadlines. If the Court does enter such an order, you will receive notice of it. The following persons or entities holding claims that would otherwise be subject to the Bar Date need not file proofs of claim:

- any person or entity that has already filed a signed proof of claim against the Debtor in a form substantially similar to Official Form No. 410;
- any person or entity whose claim is listed on the Schedules, **but only if**: (i) such claim is not scheduled as "contingent," "unliquidated," or "disputed"; (ii) the claimant does not

disagree with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) the claimant does not dispute that the claim is an obligation of the Debtor as set forth in the Schedules;

- a holder of a claim that has previously been allowed by order of the Court;
- a holder of a claim that has been paid in full by the Debtor or any other party;
- a holder of a claim for which a specific deadline previously has been fixed by the Court;
- a current employee of the Debtor, if an order of this Court authorized the Debtor to honor such claim in the ordinary course of business as a wage, commission, or benefit; provided, however, that a current employee must submit a proof of claim by the applicable Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation, and/or claims covered by the Debtor's workers' compensation insurance;
- a holder of a claim based on an interest in an equity security of the Debtor; provided, however, that any claimant who wishes to assert a claim against the Debtor based on, without limitation, claims for damages or rescission arising from or relating to the purchase or sale of an equity security, must file a proof of claim on or before the applicable Bar Date. The Debtor reserves all rights with respect to any such claims including, inter alia, the right to assert that such claims are subject to subordination pursuant to Bankruptcy Code section 510(b); and
- any claims allowable as administrative expenses of the Debtor's estate under Bankruptcy Code sections 503(b) and 507(a)(1), except for 503(b)(9) Claims, which must be filed on or before the applicable Bar Date.

## Instructions for Filing Proofs of Claim

**Contents of Proofs of Claim**. Each proof of claim must (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with Official Form No. 410, a copy of which is enclosed herein; (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant (and the proof of claim bearing the original signature must be the form filed); and (v) include as attachments any and all supporting documentation on which the claim is based.

**Supporting Documentation**. Each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d) (or, if such documentation is voluminous, include a summary of such documentation) or an explanation as to why such documentation is not available.

**Timely Filing**. Each proof of claim must be filed electronically, by mail, or in person, so as to be **actually received** on or before the applicable Bar Date at the following address: **Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, Oklahoma 73102**. Proofs of claim will be deemed filed only if in accordance herewith.

## Consequences of Failing to Timely File Your Claim

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a proof of claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

- **YOU WILL NOT BE TREATED AS A CREDITOR IN THESE CHAPTER 11 PROCEEDINGS;**
- **YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION OR LIQUIDATION FOR THE DEBTOR ON ACCOUNT OF THESE BARRED CLAIMS; AND**
- **YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THIS CHAPTER 11 CASE UNDER ANY CONFIRMED PLAN.**

## Reservation of Rights

Nothing contained in this notice is intended to or should be construed as a waiver of the Debtor's right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as contingent, disputed, or unliquidated; and (c) otherwise amend or supplement the Schedules.