**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br>YSA INVESTMENTS 1, LLC,<br>Debtor. | Case No. 26-12806-SAH<br>Chapter 11 |

**ORDER GRANTING DEBTOR'S APPLICATION FOR AN ORDER ESTABLISHING THE TIME WITHIN WHICH PROOFS OF CLAIM MUST BE FILED, INCLUDING CLAIMS UNDER BANKRUPTCY CODE SECTION 503(b)(9), ESTABLISHING THE PROCEDURES FOR FILING, AND APPROVING THE FORM OF THE NOTICE THEREOF**

This matter comes on for consideration based on the Debtor's *Application for an Order Establishing the Time Within Which Proofs of Claims Must Be Filed, Including Claims Under Bankruptcy Code Section 503(b)(9), Establishing the Procedures for Filing, and Approving the Form of the Notice Thereof* [Doc. ____] (the "Application") filed by Debtor, YSA Investments 1,

LLC (the "Debtor").[1] The Court has jurisdiction to consider the Application, has considered the evidence and arguments regarding the Application, and finds that the relief requested in the Application is necessary and in the best interests of the Debtor and its estate.

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED to the extent set forth herein.

2. Each person or entity that asserts a pre-petition claim against the Debtor, including 503(b)(9) Claims, shall be required to file an original, written proof of that claim in accordance with the procedures set forth below. Except in the case of certain exceptions explicitly set forth herein, all proofs of claim must be filed with the Court on or before the applicable Bar Date as set forth below:

(a) Unless otherwise set forth herein, all entities (other than governmental units) holding claims that arose (or are deemed to have arisen) prior to the Petition Date, as well as 503(b)(9) Claims, must file proofs of claim, including with respect to secured claims, unsecured priority claims, and unsecured non-priority claims no later than **November 6, 2026, at 5:00 p.m. prevailing Central time**.

(b) Unless otherwise set forth herein, all governmental units holding claims that arose (or are deemed to have arisen) prior to the Petition Date, as well as 503(b)(9) Claims must file proofs of claim, including with respect to secured claims, unsecured priority claims, and unsecured non-priority claims no later than **January 25, 2027, at 5:00 p.m. prevailing Central time**.

3. Each proof of claim must (a) be written in English; (b) include a claim amount denominated in United States dollars; (c) conform substantially with Official Form No. 410; and (d) be signed by the claimant or by an authorized agent or legal representative of the claimant (and the proof of claim bearing the original signature must be the form filed). Claims subject to this Order, including 503(b)(9) Claims, shall not be permitted to be asserted via motion.

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

4. Each proof of claim must be filed electronically, by mail, or in person, including supporting documentation, so as to be actually received by the applicable Bar Date at the following address: Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, Oklahoma 73102. Any proofs of claim sent to the Debtor or the Debtor's attorneys shall be deemed improperly filed and disregarded.

5. In accordance with Bankruptcy Rule 3003(c)(2), any person or entity who is required, but fails, to file a proof of claim in accordance with the Application on or before the applicable Bar Date shall, except as otherwise authorized by order of the Court, not be treated as a creditor in this Chapter 11 proceeding, and therefore, shall not be permitted to: (a) vote on any plan of reorganization or plan of liquidation, or (b) receive any distribution under any confirmed plan.

6. The following categories of claimants shall not be required to file a proof of claim by the Bar Date:

(a) any person or entity that has already filed a signed proof of claim against the Debtor in a form substantially similar to Official Form No. 410;

(b) any person or entity whose claim is listed on the Schedules, but only if: (i) such claim is not scheduled as "contingent," "unliquidated," or "disputed"; (ii) the claimant does not disagree with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) the claimant does not dispute that the claim is an obligation of the Debtor as set forth in the Schedules;

(c) the holder of a claim that has previously been allowed by order of the Court;

(d) a holder of a claim that has been paid in full by the Debtor or any other party;

(e) a holder of a claim for which a specific deadline previously has been fixed by the Court;

(f) a current employee of the Debtor, if an order of this Court authorized the Debtor to honor such claim in the ordinary course of business as a wage, commission, or benefit; provided, however, that a current employee must submit a proof of claim by the applicable Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation, and/or claims covered by the Debtor's workers' compensation insurance;

(g) a holder of a claim based on an interest in an equity security of the Debtor; provided, however, that any claimant who wishes to assert a claim against the Debtor based on, without limitation, claims for damages or rescission arising from or relating to the purchase or sale of an equity security, must file a proof of claim on or before the applicable Bar Date. The Debtor reserves all rights with respect to any such claims including, *inter alia*, the right to assert that such claims are subject to subordination pursuant to Bankruptcy Code section 510(b); and

(h) any claims allowable as administrative expenses of the Debtor's estate under Bankruptcy Code sections 503(b) and 507(a)(1), except for 503(b)(9) Claims, which must be filed on or before the applicable Bar Date.

7. The Debtor shall mail the Bar Date Notice, substantially in the form attached to the Application as **Exhibit 1**, by first-class U.S. mail with postage pre-paid on all known persons or entities holding potential pre-petition claims.

8. The Debtor may establish Supplemental Bar Dates with respect to (a) creditors to which a re-mailing of the Bar Date Notice is appropriate, but which cannot be accomplished in time to provide at least 21-days' notice of the applicable Bar Date and (b) other creditors that become known to the Debtor after the applicable Bar Date. The Supplemental Bar Date shall be established on a date that is no later than 30 days from the date on which the Bar Date Notice was mailed to known creditors.

9. If the Debtor amends its Schedules, claimants holding claims affected by the amendment must file proofs of claim with respect to such claims by the later of (a) the Bar Date

and (b) 30 days from the date on which the Debtor provided notice of the amendment to its Schedules (or another time period fixed by the Court).

10. Notice of the Bar Date as set forth in the Application constitutes adequate and sufficient notice of the Bar Date and satisfies the requirements of the Bankruptcy Code and the Bankruptcy Rules.

11. The Debtor, its officers, employees, and agents are authorized to take or refrain from taking such acts as are necessary and appropriate to implement and effectuate the relief granted herein.

12. This Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

13. The Debtor shall notify all interested parties of this Order.

14. Findings of fact are based upon representation of counsel.

IT IS SO ORDERED.

# # #

APPROVED:

*/s/ Jason A. Sansone*
Clayton D. Ketter, OBA No. 30611
Jason A. Sansone, OBA No. 30913
Nicholas J. Candido, OBA No. 36069
PHILLIPS MURRAH P.C.
424 N.W. 10th St., Suite 300
Oklahoma City, OK 73103
(405) 235-4100 - telephone
(405) 235-4133 – facsimile
cdketter@phillipsmurrah.com
jasansone@phillipsmurrah.com
njcandido@phillipsmurrah.com
**Proposed Attorneys**
**for YSA Investments 1, LLC**