**Dated: October 7, 2026**

**The following is DENIED:**

**Application denied without prejudice to filing provided the chapter 11 trustee (when appointed) consents to the relief being requested.**

Sarah A Hall
United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br><br>YSA Investments 1, LLC,<br><br>Debtor. [1] | Chapter 11<br><br>Case No. 26-12806 (SAH) |

**ORDER GRANTING AGREED APPLICATION FOR ENTRY OF AN INTERIM ORDER (I) APPROVING STIPULATION REGARDING OKLAHOMA RECEIVER; (II) GRANTING RELIEF FROM STAY PURSUANT TO BANKRUPTCY CODE SECTION 362(a) AND (f); (III) EXCUSING COMPLIANCE WITH BANKRUPTCY CODE SECTION 543; (IV) WAIVING BANKRUPTCY RULE 4001 STAY; AND (V) GRANTING RELATED RELIEF**

DENIED

Upon the application (the "Application") of Term Fund III MRA Seller LLC (together with its successors and/or assigns, "Fund 3 Lender") and Term Fund B IV MRA Seller LLC (together with its successors and/or assigns, "Fund 4 Lender", and together with Fund 3 Lender, individually and/or collectively, as the context may require, "Lender"), pursuant to Bankruptcy Code sections 105(a), 362(a) and (f), and 543(d), Bankruptcy Rule 4001, and Local Rule 4001-1, for entry of an order (i) modifying the automatic stay to allow the Receiver to possess, control and manage the

[1] The address of the Debtor is 848 Brickell Avenue, Suite PH5, Miami, Florida 33131. The last four digits of the Debtor's federal tax identification numbers are 3352.

SG Properties[2], including the exercise of such power and authority set forth in the Classen Receivership Order, Montgomery Receivership Order, and the Woodland Manor Receivership Order; (ii) excusing the Receiver from compliance with Bankruptcy Code sections 543(a)-(c) *nunc pro tunc* to the Petition Date; (iii) terminating the automatic stay to permit the Lender to pursue and exercise any and all of its contractual and legal rights and remedies pursuant to its loan documents and applicable law, including, but not limited to, recovering and disposing of all collateral, through foreclosure proceedings, or otherwise, and applying the proceeds of the collateral against the amounts owed to the Lender; and (iv) granting related relief, all as more fully set forth in the Application; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court finding that, due to the exigencies of circumstances and the agreement of all interested parties having been represented below, that adequate notice of the Application and opportunity for objection has been given under the circumstances; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein and that such relief is in the best interests of the Debtor, its estate, its creditors, and all parties in interest; and upon all of the proceedings before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as set forth herein.

2. The Court FINDS that there is no equity in the SG Properties.

[2] Capitalized terms used but not defined herein shall have the meanings attributed to them in the Application.

3. The Court FINDS that the Lender has a valid and enforceable first mortgage lien on the SG Properties.

4. The Debtor agrees that it shall not (i) interfere with the Receiver's operation and management of the SG Properties, (ii) challenge the Receiver's appointment and exercise of his rights and duties, (iii) interfere with or challenge the Lender's exercise or pursuit of any of its contractual and legal rights or remedies pursuant to its loan documents and applicable law, (iv) exercise dominion or control over or disburse, except to Lender, any cash or rents generated by the SG Properties, and (v) grant liens or provide adequate protection of any interest other than Lender's interest with respect to the SG Properties.

5. The Debtor is authorized and DIRECTED to execute and deliver to the Receiver or Lender all agreements, instruments and other documents as the Receiver or Lender may reasonably request to evidence, confirm, validate or effectuate the liquidation, foreclosure or other sale or disposition of the SG Properties.

6. Pursuant to Bankruptcy Code sections 362(a) and (f), the automatic stay is hereby modified immediately, notwithstanding the provisions of Bankruptcy Rule 4001(a)(4), to permit the Receiver to exercise all powers and authority set forth in in the Classen Receivership Order, the Montgomery Receivership Order, the Woodland Manor Receivership Order (collectively, the "Receivership Orders"), and applicable law, including, without limitation, to enter into amended and restated property management agreements with Friedman.

7. Pursuant to Bankruptcy Code section 362(f), the automatic stay is hereby modified immediately, notwithstanding the provisions of Bankruptcy Rule 4001(a)(4), to permit the Fund 3 Lender to file a foreclosure action in Oklahoma State District Court and request the immediate appointment of a Receiver with respect to the Ridge Property substantially similar to the

Receivership Orders and Receiver to exercise all powers and authority set forth in such Receivership Order and applicable law.

8. . The automatic stay is further modified to permit junior lienholders, including, without limitation, Toval Ventures, LLC and Evolved Capital, LLC, to assert applicable claims, defenses, liens and interests in the Oklahoma State Court Cases.

9. The Receiver shall and is hereby authorized to possess, control and manage the SG Properties.

10. The Receiver is excused from the requirement of complying with Bankruptcy Code sections 543(a), (b), and (c) nunc pro tunc to the Petition Date.

11. Notwithstanding any applicability of Bankruptcy Rules 4001(a)(4) and 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

13. This Order shall be effective until the Court makes its determination of *Term Fund III MRA Seller LLC and Term Fund B IV MRA Seller LLC's First Amended Agreed Motion for Entry of an Order (I) Granting Relief from Stay Pursuant to Bankruptcy Code Section 362(d); (II) Excusing Compliance with Bankruptcy Code Section 543; (III) Waiving Bankruptcy Rule 4001; and (IV) Granting Related Relief* [Dkt. No. 481].

14. ALL STIPULATIONS AND FINDINGS OF FACT HEREIN ARE BASED UPON REPRESENTATIONS OF COUNSEL.

15. Lender shall effectuate service of this Order upon all interested parties.

IT IS SO ORDERED.

###

Approved for Entry:

*/s/Craig M. Regens*_______________

William H. Hoch, OBA#15788
Craig M. Regens, OBA #22894
CROWE & DUNLEVY, A PROFESSIONAL CORPORATION
324 North Robinson Avenue, Suite 100
Oklahoma City, OK 73102
Telephone: 405.239.6692
Email: will.hoch@crowedunlevy.com
craig.regens@crowedunlevy.com

*COUNSEL FOR TERM FUND III MRA SELLER LLC AND TERM FUND B IV MRA SELLER LLC*

*s/Jason A. Sansone*______________________

Clayton D. Ketter, OBA No. 30611
Jason A. Sansone, OBA No. 30913
Nicholas J. Candido, OBA No. 36069
PHILLIPS MURRAH, P.C.
424 N.W. 10th St., Suite 300
Oklahoma City, OK 73103
Telephone: 405.235.4100
Facsimile: 405.235.4133
cdketter@phillipsmurrah.com
jasansone@phillipsmurrah.com
njcandido@phillipsmurrah.com

*PROPOSED COUNSEL FOR YSA INVESTMENTS 1, LLC*

s/ Jessica N. Alt______________________________

Jessica N. Alt
Oklahoma Federal I.D. #25-150
100 Throckmorton Street, Suite 700
Fort Worth, Texas 76102
Phone: 817-338-1616
Fax: 817-338-1610
jalt@padfieldstout.com
*Counsel for Toval and Evolved*