**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re: | Chapter 11 |
| YSA Investments 1, LLC, | Case No. 26-12806-SAH |
| Debtor. | |

**OMNIBUS REPLY OF CREO QRS NP LLC AND CREO QRS VC LLC TO OBJECTIONS TO MOTION FOR ENTRY OF AN ORDER APPROVING STIPULATION AND GRANTING RELIEF FROM THE AUTOMATIC STAY**

CREO QRS VC LLC ("**CREO VC**") and CREO QRS NP LLC ("**CREO NP**" and collectively with CREO VC, "**CREO**"), by and through undersigned counsel, file this omnibus reply (this "**Reply**") to *Auerbach Opportunity Fund I, III, & IV ("Auerbach Group")'s Objection to Debtor, CREO QRS VC LLC and CREO QRS NP LLC's Motion for Entry of an Order Approving Stipulation and Granting Relief from the Automatic Stay and Brief in Support* [Docket No. 457] (the "**Auerbach Objection**") and to the *Objection of A-V Village Creek Owner LLC and Lofts At North Penn Best Living LLC to Joint Motion of Debtor, CREO QRS VC LLC, and CREO QRS NP LLC for Entry of an Order Approving Stipulation and Granting Relief from the Automatic Stay* [Docket No. 460] (the "**Village Creek-North Penn Objection**," and collectively with the Auerbach Objection, the "**Objections**"). In support, CREO respectfully states as follows:

**OMNIBUS REPLY**

1. As an initial matter, the Auerbach Group, as an equity investor in Village Creek, but not in YSA, has no standing in the chapter 11 case of YSA.

2. Further, in the *Joint Motion of Debtor, CREO QRS VC LLC, and CREO QRS NP LLC for Entry of an Order Approving Stipulation and Granting Relief from the Automatic Stay to CREO QRS VC LLC and CREO QRS NP LLC, and Notice of Opportunity for Hearing* [Docket

No. 374] (the "**Motion**"), YSA Investments 1, LLC ("**YSA**") and CREO do not seek to grant CREO relief from the automatic stay with respect to the Properties in the chapter 11 cases of Village Creek and North Penn.[1] The Motion only seeks relief from the automatic stay in the chapter 11 case of YSA. CREO would not be able to pursue foreclosure or other enforcement remedies against the Properties based on the relief sought in the Motion alone without seeking further relief in the chapter 11 cases of Village Creek and North Penn.

3. CREO is coordinating with the chapter 11 trustee appointed in the chapter 11 cases of Village Creek and North Penn to pursue sales of the Properties pursuant to section 363 of the Bankruptcy Code. CREO is not seeking to act outside of the bankruptcy process with respect to the Properties at this time.

4. The Village Creek-North Penn Objection appears to object to the Motion primarily on the basis that Village Creek and North Penn are not parties to the stipulation, and thus the stipulation should not be permitted to prejudice the rights of Village Creek or North Penn. However, the Village Creek-North Penn Objection does not set forth how the Motion might prejudice these parties. CREO respectfully submits that the relief sought in the Motion would not prejudice Village Creek or North Penn, as these parties will retain the benefit of the automatic stay in each of their chapter 11 cases.

5. The Auerbach Objection objects to the Motion primarily on the basis that there allegedly is equity in the Properties and that this Court has recently ordered the appointment of a chapter 11 trustee in the chapter 11 case of YSA.

6. These issues are immaterial because (1) there is no credible evidence that there is equity in the Properties, (2) even if there were equity in the Properties, such equity would be

[1] All terms not defined herein have the meaning assigned to them in the Motion.

captured and appropriately distributed in the chapter 11 cases of Village Creek and North Penn, and (3) Village Creek and North Penn already have the benefit of the appointment of a chapter 11 trustee in their chapter 11 cases.

7. The Auerbach Objection bases its assertion that there is equity in the Properties on YSA's schedules and "evidence Auerbach intends to present." The Auerbach Objection also alleges that the Properties have even higher value in their "stabilized condition," though Auerbach does not provide any information on the source of these valuations. As discussed at the August 27, 2026 hearing before this Court, YSA's schedules contain significant credibility problems and suggest that there is equity in nearly every property in which YSA asserts an interest. YSA has since acknowledged in the Motion that there is no equity in the Properties. CREO has not seen any other evidence that Auerbach intends to present regarding the Properties. The possibility of other evidence or unsubstantiated allegations regarding the value of the Properties in a "stabilized condition," however, is not sufficient to establish that there is equity in the Properties or that CREO is adequately protected.

8. In the event that there is equity in the Properties, this equity will not be lost in a sale pursuant to section 363 of the Bankruptcy Code, but rather will be distributed to the appropriate parties in interest in the order and priority prescribed by the Bankruptcy Code.

9. The fact that the appointment of a chapter 11 trustee has now been ordered in the chapter 11 case of YSA does not change the situation or the value of the Properties. The Properties have already been under the management of the chapter 11 trustee appointed in the chapter 11 cases of Village Creek and North Penn, with whom CREO has been negotiating for months. The Properties and the interests of creditors are already being safeguarded by an estate fiduciary. There is no need for any further delay.

WHEREFORE, CREO respectfully requests that this Court (a) overrule the Objections, (b) grant the relief requested in the Motion, and (c) grant any other or further relief that the Court deems appropriate under the circumstances.

Dated: October 7, 2026

Respectfully submitted,

**FBT GIBBONS LLP**

/s/*Mark A. Platt*
Mark A. Platt (admitted *pro hac vice*)
2101 Cedar Springs Road, Suite 900
Dallas, Texas 75201
Telephone: (214) 580-5852
Facsimile: (214) 545-3473
Email: mplatt@fbtgibbons.com

-and-

Heather P. McMutry (admitted *pro hac vice*)
150 3rd Avenue South, Suite 1900
Nashville, TN 37201
Tel: (615) 251-5590
Fax: (615) 251-5551
Email: hmcmutry@fbtgibbons.com

-and-

Ross A. Plourde, OBA #7193
MCAFEE & TAFT A PROFESSIONAL CORPORATION
8th Floor South, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102-7103
405/235-9621; 405/235-0439 (FAX)
ross.plourde@mcafeetaft.com

*Counsel for CREO QRS VC LLC and CREO QRS NP LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2026, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties receiving electronic notice from the Court's CM/ECF system.

*/s/ Mark A. Platt*
Mark A. Platt