**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | **Chapter 11** |
| **YSA Investments 1, LLC,** | ) | |
| | ) | **Case No. 26-12806 (SAH)** |
| | ) | |
| **Debtor.** | ) | |

**AUERBACH OPPORTUNITY IV, LP'S OBJECTION TO FEDERAL NATIONAL MORTGAGE ASSOCIATION'S MOTION TO MODIFY STAY AND ABANDON PROPERTY AS BURDENSOME GRANTING RELIEF FROM THE AUTOMATIC STAY AND BRIEF IN SUPPORT THEREOF**

The Auerbach Opportunity Fund IV, LP ("**Auerbach**"), by and through undersigned counsel, hereby objects to the Motion to Modify the Automatic Stay (the "Motion") [Doc. 412] filed by Federal National Mortgage Association ("Movant" or "FNMA") seeking modification of and relief from the automatic stay pursuant to 11 U.S.C. § 362(d) with respect to the real property identified as Remington Ranch, located at 1815 North Boomer Road, Stillwater, OK 74075 (the "Property"). In support of this Objection, Auerbach states as follows:

Movant seeks relief from the automatic stay under 11 U.S.C. § 362(d) to pursue foreclosure or other enforcement remedies against the Property. Auerbach is an equity investor in a different debtor before this Court, Remington Ranch's Best Living, LLC (Case No. 26-12842 (SAH)) (the "Title Owning Debtor"), in which Auerbach has invested approximately $7,400,000.00. While the Debtor in this case has not included Remington Ranch on its schedules, it recently purchased insurance for the Property and has claimed an interest therein. Relief should be denied because the Title Owning Debtor has substantial equity in the Property, according to its schedules and the evidence Auerbach intends to present. The Debtor's alleged interest therein, to which Auerbach objects, has not yet been adjudicated. Movant is adequately protected, and the Property is necessary for an effective reorganization of whichever Debtor is found by this Court to own it.

The existence of equity defeats Movant's entitlement to relief under § 362(d)(2) and weighs heavily against a finding of "cause" under § 362(d)(1).

Based on Auerbach's valuation, the current fair market value of Remington Ranch is approximately $18,980,000.00 in its current condition and $24,990,000.00 in a stabilized capacity. The Title Owning Debtor's schedules reflect a value of $20,200,000.00. It is believed the total amount of FNMA's liens and encumbrances against the Remington Ranch Property is approximately $15,000,000.00.

Accordingly, there is equity in the Remington Ranch Property of approximately $3,980,000.00, in its current condition and could have approximately $9,990,000.00 in a stabilized condition.

Based on the Debtor's recent filings there is insurance on Remington Ranch. The Auerbach Group believes FNMA has additional insurance on the property. In August, the property sustained tornado damage, and a claim should be submitted to the appropriate insurer to pay for the damage. If the Debtor's disputed interest in the Property is validated, the Property would be necessary for Debtor's effective reorganization because there is evidence of equity in the Property. Further, the newly appointed Chapter 11 Trustee should be given the opportunity to review the status of the Property and be allowed to make an independent determination whether this property should be surrendered.

Section 362(d)(2) permits relief from the stay of an act against property only if (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization.

Debtor has equity in the Property because the fair market value substantially exceeds the aggregate of all validly recorded liens. "Equity" for purposes of § 362(d)(2) means the amount

by which the value of the collateral exceeds the total of all valid liens against it. Value is measured at the filing date under 11 U.S.C. §522(a)(2). The Debtor's Schedules illustrate that this property has value over the first mortgage. Auerbach's analysis shows equity. Because equity exists, the first prong of § 362(d)(2) is not satisfied and relief under that subsection must be denied as a matter of law. Even if equity were lacking (which it is not), the Property is necessary for an effective reorganization of whichever debtor is found to own it because under proper management, the property will not only survive but thrive. Further, relief under 11 U.S.C. § 362(d)(1) should be denied because there is no "Cause." Section 362(d)(1) permits relief "for cause, including the lack of adequate protection of an interest in property." The existence of a substantial equity cushion constitutes adequate protection as a matter of law in the majority of jurisdictions. See In re Mellor, 734 F.2d 1396 (9th Cir. 1984), In re Big Dog II, LLC 602, B.R.64,70 (Bankr. N.D. Flar 2019). Here, the equity cushion fully protects Movant's interest. In addition, there is insurance on the property. The automatic stay is a fundamental protection of the Bankruptcy Code. Granting relief would deprive Auerbach of the ability to preserve the assets and save the equity in the property for its investors. The equities and the purposes of the Code favor denial of the Motion.

For the foregoing reasons, Auerbach respectfully requests that the Court: deny the Motion to Modify the Automatic Stay and Abandon Property as Burdensome (the "Motion") [Doc. 412] in its entirety and for any further relief deemed proper by the Court.

Respectfully Submitted,

s/Bret Davis
Bret Davis, OBA No. 15079
Lamun Mock Cunnyngham & Davis, P.C.
5621 North Classen Boulevard
Oklahoma City, OK 73118
(405) 840-5900
Email: bdavis@lamunmock.com
*Counsel for Auerbach Opportunity Fund I, L.P.*
*Auerbach Opportunity III, LP, and*
*Auerbach Opportunity IV, LP*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2026, I electronically transmitted the attached document to the Clerk of the Court using the Court's ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to all registered participants.

I further certify that on this date, I caused the foregoing document to be served via email and/or U.S. Mail, postage prepaid, on all parties required to be served with notice of this document.

s/Bret Davis