**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br>YSA INVESTMENTS 1, LLC,<br><br>Debtor. | Case No. 26-12806-SAH<br>Chapter 11 |

**VERIFIED DECLARATION OF MICHAEL E. DEEBA IN SUPPORT OF TRUSTEE'S APPLICATION TO EMPLOY MICHAEL E. DEEBA, PLLC AS ACCOUNTANT AND FINANCIAL CONSULTANT**

---

I, Michael E. Deeba, declare the following to be true and correct under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am the Managing Member of Michael E. Deeba, P.L.L.C. ("MEDPLLC"), a professional services firm engaged in the business of providing accounting, tax, financial advisory, investigative, and related professional consulting services. MEDPLLC provides tax, management advisory, consulting, and other financial-advisory services.

2. I submit this verified declaration (the "Declaration") on behalf of MEDPLLC in support of the Trustee's application (the "Application"),[1] for entry of an order authorizing the employment and retention of MEDPLLC as Accountant and Financial Consultant to the Trustee, on the terms and conditions set forth herein and in the Engagement Letter attached to the Application as Exhibit 2 and attached to this Declaration as Attachment 1. I have personal knowledge of the matters set forth herein, and, if called as a witness, would testify competently thereto.

---

[1] Capitalized terms used but otherwise not defined herein will have the meanings ascribed to them in the Application.

3. The Trustee requires the services of a financial consultant to provide accounting, financial, tax and other financial reorganization advice. The employment of MEDPLLC is necessary to enable the Trustee to execute his duties and to achieve a successful reorganization to the benefit of all stakeholders.

4. MEDPLLC and its professionals are well-suited to provide the services that the Trustee requires. MEDPLLC is a professional services firm, among other things, engaged in the business of providing accounting, financial advisory and related professional consulting services and has extensive experience and reputation in providing accounting, financial, tax, investigatory and testimonial services relating to complex financial transactions, related-party transactions, and potential causes of action arising therefrom.

5. Michael E. Deeba has been retained in a number of chapter 11 and chapter 7 cases, serving as trustee, examiner, Court Appointed Expert Witness, financial advisor to various constituents, as well as fiduciaries, including, but not limited to: *Charles V. Long Bankruptcy Estate*, Case No. 23-10316, (Bankr. W.D. Okla.); *In re Wright Brothers Aircraft Tile, Inc.*, Case No. 21-10994, (Bankr. W.D. Okla.); *In re Sabine Oil & Gas Corporation, et al.*, Case No. 15-11835 (Bankr. S.D. NY); *In re PostRock Energy Corporation, et al.*, Case No. 16-11230, (Bankr. W.D. Okla.); *In re Pasquinelli Homebuilding, LLC*, Case No. 11-14829 (Bankr. N.D. Ill.); *In re Macco, et al.*, Case No.

10-16682, (Bankr. W.D. Okla.); and *In re: Den-Way, Inc., Den-OK, Inc, et al.*, Case No. 03-22984 (Bankr. W.D. Okla.).[2]

6. Michael E. Deeba performed an analysis to determine whether MEDPLLC or Michael E. Deeba had any conflicts or other relationships that might cause them not to be disinterested or to hold or represent an interest adverse to the parties involved in this case. Specifically, Michael E. Deeba, as Chapter 11 Trustee, filed the Verified Statement of Michael E. Deeba [Docket No. 495-1] (the "Deeba Verified Statement") and reviewed the names of individuals and entities that may be parties in interest in this chapter 11 case. As stated in the Deeba Verified Statement, MEDPLLC and Michael E. Deeba have no connections with the debtor, creditors, any other parties in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United Trustee except as identified in the Deeba Verified Statement.

7. Neither MEDPLLC nor Michael E. Deeba have been retained in any capacity by YSA Investments 1, LLC, or any of its related parties, including: Interchange Claims Group LLC (a Wyoming limited liability company and the sole member of and 100% owner of membership interests in YSA Investments 1, LLC), Midas Infinity One LLC (a Nevada limited liability company and the Sole Member of Interchange Claims Group LLC), Midas Infinity One Irrevocable Trust (the Sole Member of Midas Infinity One LLC), and Preservation Trust Company, Inc (a Nevada corporation and the Trustee of Midas Infinity One Irrevocable Trust).

---

2 Some of the services were provided by Michael E. Deeba while employed or partner in or by other firms.

8. Neither MEDPLLC nor Michael E. Deeba have been retained in any capacity in the related cases in which Daniel Sherman has been appointed Trustee[3] and three other related cases[4].

9. Based upon the search described above, MEDPLLC and Michael E. Deeba are "disinterested persons" as that term is defined in section 101(14) of the Bankruptcy Code, given that, to the best of my information and belief, MEDPLLC and Michael E. Deeba:

a. are not a creditor, an equity security holder, or an insider of the Debtor;

b. are not and were not, within two years before the commencement of this chapter 11 case, a director, officer or employee of the Debtor; and

c. do not have an interest materially adverse to the interests of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or for any other reason.

10. To the best of my knowledge, and subject to the limitations discussed herein, (a) MEDPLLC and Michael E. Deeba do not hold or represent an interest materially adverse to the Debtor, their creditors, and shareholders for the matters for which Michael

---

[3] A-V Village Creek Owner, LLC (Case No. 26-12846 Bankr. W.D. Okla., Case No. 26-32922 Bankr. N.D. Tex.); 727 Lofts Best Living, LLC (Case No. 26-12825 Bankr. W.D. Okla., Case No. 26-32779 Bankr. N.D. Tex.); 727 Lofts Holdings, LLC (Case No. 26-12826 Bankr. W.D. Okla., Case No. 26-32780 Bankr. N.D. Tex.); Louis Investments, LLC (Case No. 26-12851 Bankr. W.D. Okla., Case No. 26-33110 Bankr. N.D. Tex.); Remington Ranch's Best Living, LLC (Case No. 26-12842 Bankr. W.D. Okla., 26-32804 Bankr. N.D. Tex.); Barcelona Best Living, LLC (Case No. 26-12850 Bankr. W.D. Okla., Case No. 26-33093 Bankr. N.D. Tex.); Lofts at North Penn Best Living, LLC (Case No. 26-12844 Bankr. W.D. Okla., Case No. 26-32920 Bankr. N.D. Tex.); Ridge Best Living, LLC (Case No. 26-12869 Bankr. W.D. Okla., Case No. 26-33177 Bankr. N.D. Tex.); Woodland Manor's Best Living, LLC (Case No. 26-12858 Bankr. W.D. Okla., Case No. 26-33167 Bankr. N.D. Tex.); and Woodland Manor TIC 1, LLC (Case No. 26-12859 Bankr. W.D. Okla., Case No. 26-33168 Bankr. N.D. Tex.).

[4] Jenk's Best Living, LLC (Case No. 26-12812 Bankr. W.D. Okla., Case No. 26-17758 Bankr. W.D. Md.); Woodland Oaks Best Living, LLC (Case No. 26-11986 Bankr. W.D. Okla.); Fairfax Investors, LLC (Case No. 26-11984 Bankr. W.D. Okla.)

E. Deeba as Trustee or to be employed; (b) MEDPLLC and Michael E. Deeba have no connection to the Debtor, its creditors, shareholders, or related parties herein except as disclosed in this Declaration; and (c) Michael E. Deeba and the MEDPLLC professionals working on this matter are not relatives of the United States Trustee of the Western District of Oklahoma or of any known employee in the office thereof, or any United States Bankruptcy Judge for the Western District of Oklahoma. Michael E. Deeba was formerly employed by the Office of the United States Trustee for the Western District of Oklahoma and for Region 20.

11. In connection with certain of the relationships noted herein, MEDPLLC and Michael E. Deeba disclose the following:

a. In my capacity as a court-appointed receiver in the past, Michael E. Deeba retained Fellers Sinder and Stephen Moriarty, Counsel to party in interest and creditor in unrelated matters (matters closed).

b. In my capacity as a bankruptcy trustee and as a court-appointed receiver in the past, Michael E. Deeba retained Crowe Dunlevy, Counsel to party in interest and creditor in unrelated matters (matters closed).

c. Michael E. Deeba is currently a financial advisor to the Trustee, Stephen Moriarty in the *In re PostRock Energy Corporation, et al.*, Case No. 16-11230, (Bankr. W.D. Okla.).

d. Michael E. Deeba is currently a financial advisor to the Trustee, David R. Payne in the *In re Charles V. Long Bankruptcy Estate*, Case No. 23-10316 (Bankr. W.D. Okla.) and *In re Silver Star of Nevada, Inc.*, Case No. 23-10315 (Bankr. W.D. Okla.).

e. Currently, Michael E. Deeba routinely and currently works with and consults with D. R. Payne & Associates, Inc. ("DRPA") on unrelated matters. Michael E. Deeba was employed as a partner with DRPA from 1994 to 2007.

f. Michael E. Deeba worked in the Office of the United States Trustee (1992-1994).

g. Michael E. Deeba has in the past been retained by, currently provides services to companies, and may in the future provide services to certain creditors of the Debtors, other parties-in-interest, and their respective attorneys, accountants, and professionals in matters unrelated to the Debtor, this chapter 11 case, or such parties claims against or interests in the Debtor or the Debtor's estate.

h. MEDPLLC and/or Michael E. Deeba in the past has retained Richard R. Horton to serve as an insurance broker in matters unrelated to this chapter 11 case (matters closed). Currently Acrisure, in which Richard Horton is associated, is MEDPLLC's insurance broker.

i. In my capacity as a court appointed co-trustee and personal representative in the past, Michael E. Deeba retained Phillips Murrah, Counsel to party in interest and creditor in unrelated matters (matters closed).

12. MEDPLLC and/or Michael E. Deeba and/or its professionals have in the past been retained by, and presently and possibly likely in the future will provide services for, certain creditors of the Debtor, other parties-in-interest, and their respective attorneys and accountants in matters unrelated to such parties' claims against the Debtor or interests in this chapter 11 case.

13. As part of their practice, MEDPLLC and/or Michael E. Deeba appear in many cases, proceedings and transactions involving many different law firms, financial consultants, accountants, and investment bankers in matters unrelated to this chapter 11 case. MEDPLLC and Michael E. Deeba have not identified any material relationships or connections with any law firm, financial consultant, accountant, or investment banker involved in this chapter 11 case that would cause it to be adverse to the Trustee, the Debtor, the Debtor's estate, any creditor or any other party-in-interest, or that would otherwise

affect MEDPLLC's and/or Michael E. Deeba's judgment to perform services for the Trustee.[5]

14. MEDPLLC and Michael E. Deeba have not provided, and will not provide, any professional services to any of the Debtor's creditors, other parties-in-interest, or its respective attorneys or accountants with regard to any matter related to this chapter 11 case.

15. MEDPLLC and Michael E. Deeba will make continued inquiries following the filing of the Application, on a periodic basis, with additional disclosures to this Court if necessary or otherwise appropriate. If any additional, relevant facts or relationships are discovered or arise, MEDPLLC and Michael E. Deeba will use reasonable efforts to identify such further developments and will file a supplemental declaration as required by Bankruptcy Rule 2014(a).

16. Based on the search conducted by Michael E. Deeba to date and described herein, to the best of my knowledge and insofar as I have been able to ascertain, (a) MEDPLLC and Michael E. Deeba are "disinterested persons" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and do not hold or represent an interest adverse to the Debtor's estate and (b) except that the Firm is the Trustee's own firm—the relationship for which authorization is sought under section 327(d) of the Bankruptcy Code—and except as otherwise disclosed in this Declaration, and in the Deeba Verified Statement, MEDPLLC and Michael E. Deeba have no connection to the Debtor, its creditors, or its related parties.

[5] From time to time, MEDPLLC and Michael E. Deeba hires attorneys in the ordinary course of its businesses. No firm has been retained regarding any issues in this matter, other than disclosed to the Court.

17. MEDPLLC utilizes regular associates[6], namely Dan Jares, among others as a contract associate of MEDPLLC.

18. In compliance with Fed. R. Bankr. P. 2016 and 11 U.S.C. § 504, any compensation to be charged by Mr. Jares and any other to MEDPLLC for this matter, will be passed through "in full" to Mr. Jares as a regular associate and no compensation or reimbursement is shared and there is no agreement to share compensation with MEDPLLC.

19. MEDPLLC has not shared or agreed to share any compensation to be paid by the Debtor, in connection with services to be performed after the Petition Date, with any other person, other than the partner, principals, and employees of MEDPLLC, to the extent required by section 504 of the Bankruptcy Code. No promises have been received by MEDPLLC or Michael E. Deeba as to compensation in connection with this chapter 11 case, other than as outlined in the Application.

20. MEDPLLC acknowledges that its retention and all compensation and reimbursement of expenses are subject to the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, the applicable United States Trustee Guidelines, and the orders of this Court. To the extent the Court authorizes the Trustee to employ MEDPLLC under 11 U.S.C. § 327(d), MEDPLLC will seek compensation only for services it performs as Accountant and Financial Consultant for the estate, and not for the performance of any duties generally performed by a trustee without the assistance of

---

6 *See* Fed. R. Bankr. P. 9001(10); Fed. R. Bankr. P .2016, and 11 USC 329.

an accountant, consistent with 11 U.S.C. § 328(b). Because MEDPLLC is the Trustee's own firm, the Trustee will segregate his trustee services from MEDPLLC's accounting and financial-advisory services, recording as trustee time any task that is not clearly an accounting or financial-advisory service, so that trustee duties are not billed as professional services.

Executed on October 14, 2026

By: ______________________________

Michael E. Deeba, CPA, CFF, CIRA, CTP
Managing Member
Michael E. Deeba, PLLC
Oklahoma City, OK
(405) 615 1010
Mike.d@medeeba.com

MICHAEL E. DEEBA, PLLC CERTIFIED PUBLIC ACCOUNTANT

PO Box 2895 • OKLAHOMA CITY, OK 73101-2895
405.615.1010 – mike.d@medeeba.com

October 13, 2026

Michael E. Deeba, Trustee
In re YSA Investments 1, LLC (CH11)
c/o Michael E. Deeba, PLLC
P.O. Box 2895
Oklahoma City, OK 73102

*Re:* *In re YSA Investments 1, LLC*, Case No. Case Number: 26-12806 (Bankr. W.D. Okla.)

Dear Michael,

This letter and the attached Terms and Conditions incorporated in the engagement letter ("Engagement Letter" or collectively, "Agreement"), confirms the scope and terms of the retention between Michael E. Deeba, PLLC ("MEDPLLC") and the duly appointed Chapter 11 Trustee (the "Trustee") and the Bankruptcy Estate.

The scope of this engagement will be to assist the Trustee with accounting, financial analysis, reporting and tax matters including review of various information, reporting, and support for other requested accounting and financial analysis. Trustee has requested that MEDPLLC provide certain consulting and advisor services including:

a. Assisting the investigation of the debtor's financial and other records to determine the disposition of all funds and other assets held by the debtor including possible compliance issues;

b. Assisting in investigation of the Debtors affairs including but not limited to financial assessment of closely held business entities, Debtor management activities, transfers of assets, intracompany and intercompany transfers, pre-petition transfers and post-petition activities including transfers or intercompany transactions;

c. Assisting in assessment of assets and liabilities of the Debtor and possibly owned and/or related entities and prepare report(s) of findings to the Trustee for reporting to Court and parties in interest;

d. Assisting in and determining whether claims may exist under Chapter 5 of the Bankruptcy Code or other applicable laws against third parties;

e. Analyzing the profitability of the Debtors;

f. Assisting in the Bankruptcy Estate accounting and financial reporting of Debtors' funds, assets and liabilities, and other financial transactions including operating results, availability, and any variances from Debtors' budgets;

g. Assisting with preparation of Trustee's Monthly Operating Reports;

h. Assisting in tax related matters of the Estate and assist the Trustee in the administration of the Estate as needed;

i. Assisting with the assessment of and possible amendments of the Debtors Statements of Financial Affairs and Schedules of Assets and Liabilities;

j. Assisting with analyzing claims and upon request, with communications with creditors with respect to issues arising from the claims process;

k. Assisting with preparation of a plan of reorganization or plan of liquidation;

l. Providing expert testimony, if requested; and

m. Performing such other services as may be requested by Trustee.

MEDPLLC and Michael E. Deeba have undertaken steps and searches to determine if any work currently being performed by MEDPLLC or Michael E. Deeba would pose a conflict with the work that is the subject of this Engagement Letter. As of the date of this Engagement Letter, we have determined that we can perform the work contemplated herein, free of any conflict of interest. Trustee agrees to inform us of additional parties to the extent such additional parties or name changes come to the attention of Trustee. Should subsequent information or any other circumstance comes to our attention with regard to a conflict of interest, we shall advise Trustee as soon as possible.

The services will not include all aspects of the internal controls and are not designed to do so. Additionally, the services should not be relied upon to disclose internal weaknesses in internal controls, financial statement errors, irregularities, illegal acts, or disclosure of efficiencies. Also, the work in connection with this engagement does not include any procedures designed to discover defalcations or other irregularities, should any exist.

MEDPLLC's fees for these services will be based upon the amount of time required at standard billing rates for the professional assigned plus out-of-pocket expenses. MEDPLLC fees are based on hourly rates by professional level of the person assigned. The current normal and customary hourly rates for the financial advisory and consulting services to be rendered herein are as follows:

| **Level** | **Hourly Rates** |
|---|---|
| Technical Directors, Principals, and Partners | $535-$1,250 |
| Senior Managers and Directors | $375-$500 |
| Managers | $300-$425 |
| Senior Consultants | $225-$450 |
| Staff Consultants | $175-$295 |
| Paraprofessionals | $135-$195 |

In the normal course of business, MEDPLLC may revise its hourly rates. MEDPLLC will provide the Trustee and Court not less than twenty (20) business days' notice prior to any increase of rate.

MEDPLLC understands that fees and expenses in this engagement are set forth by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules for the United States Bankruptcy Court for the Western District of Oklahoma (the "Local Rules") including orders entered by the Court with regard to professional compensation.

If the foregoing fairly sets forth your understanding, please sign the enclosed copy of this letter in the space indicated and return it to MEDPLLC's office. If you have any questions, please call at 405-615-1010.

Very truly yours,

**MICHAEL E. DEEBA, PLLC**

Michael E. Deeba

Accepted by:

**Michael E. Deeba, Trustee, solely in his Capacity as Trustee of the YSA Investments 1, LLC Bankruptcy Estate**

______________________________ Date: ____________________

Michael E. Deeba, solely in his capacity
as Trustee of YSA Investments 1, LLC

# Michael E. Deeba, PLLC's Terms and Conditions Addendum

***Overview***

This addendum to the engagement letter with describes our standard terms and conditions ("Terms and Conditions") related to our provision of services to you. This addendum, and the accompanying engagement letter, comprise your agreement with us ("Agreement"). If there is any inconsistency between the engagement letter and this *Terms and Conditions Addendum*, the engagement letter will prevail to the extent of the inconsistency.

For the purposes of this *Terms and Conditions Addendum*, any reference to "firm," "we," "us," or "our" is a reference to Michael E. Deeba, PLLC ("MEDPLLC"), and any reference to "you," or "your" is a reference to the party or parties that have engaged us to provide services. References to "Agreement" mean the engagement letter or other written document describing the scope of services, any other attachments incorporated therein, and this *Terms and Conditions Addendum*.

***~~Billing and Payment Terms~~***

~~All outstanding invoices must be paid prior to the release of the deliverable(s) specified in the Agreement. We do not release incomplete deliverables.~~

~~We reserve the right to suspend or terminate our work for non-payment of fees. In the event that work is discontinued, either temporarily or permanently, as a result of delinquent payment, we shall not be liable for any damages you may incur as a result of the work stoppage.~~

***Termination and Withdrawal***

We reserve the right to withdraw from the engagement without completing services for any reason, including, but not limited to, non-payment of fees, your failure to comply with the terms of this Agreement, or as we determine professional standards require. If our work is suspended or terminated, you agree that we will not be responsible for your failure to meet governmental and other deadlines, or for any liability, including but not limited to, penalties or interest that may be assessed against you resulting from your failure to meet such deadlines.

If this Agreement is terminated before services are completed, you agree to compensate us for the services performed and expenses incurred through the effective date of termination.

***Proprietary Information***

You acknowledge that proprietary information, documents, materials, management techniques and other intellectual property are a material source of the services we perform and were developed prior to our association with you. Any new forms, software, documents or intellectual property we develop during this engagement for your use shall belong to us, and you shall have the limited right to use them solely within your business. All reports, templates, manuals, forms, checklists, questionnaires, letters, agreements and other documents which we make available to you are confidential and proprietary to us. Neither you, nor any of your agents, will copy, electronically store, reproduce or make available to anyone other than your personnel, any such documents. This provision will apply to all materials whether in digital, "hard copy" format or other medium.

***Conflicts of Interest***

If we, in our sole discretion, believe a conflict has arisen affecting our ability to deliver services to you in accordance with either the ethical standards of our firm or the ethical standards of our profession, we may be required to suspend or terminate our services without issuing our work product.

***Client Portals***

To enhance our services to you, we may utilize a client portal collaborative, virtual workspace in

a protected, online environment. A portal permits real-time collaboration across geographic boundaries and time zones and allows MEDPLLC and you to share data, engagement information, knowledge, and deliverables in a protected environment. In order to use a portal, you may be required by the provider to execute a client portal agreement and agree to be bound by the terms, conditions and limitations of such agreement. You agree that we have no responsibility for the activities of the portal vendor and agree to ~~indemnify and~~ hold us harmless with respect to any and all claims arising from or related to the operation of the portal.

MEDPLLC is not a host for any of your information. You are responsible for maintaining your own copy of this information. We do not provide back-up services for any of your data or records, including information we provide to you. Portals are utilized solely as a method of transferring data and are not intended for the storage of your information. Information on a portal may be deleted by MEDPLLC.

If you decide to transmit your confidential information to us in a manner other than a secure portal, you accept responsibility for any and all unauthorized access to your confidential information. If you request that we transmit confidential information to you in a manner other than a secure portal, you agree that we are not responsible for any liability, including but not limited to, (a) any loss or damage of any nature, whether direct or indirect, that may arise as a result of our sending confidential information in a manner other than a secure portal, and (b) any damages arising as a result of any virus being passed on or with, or arising from any alteration of, any email message.

***Third-Party Service Providers or Subcontractors***

To enhance our availability to meet your professional service needs while maintaining service quality and timeliness, we may use a third-party service provider to assist us. This may include provision of your confidential information to the third-party service provider. We require our third-party service providers to have established procedures and controls designed to protect client confidentiality and maintain data security. As the paid provider of professional services, our firm remains responsible for exercising reasonable care in providing such services, and our work product will be subjected to our firm's customary quality control procedures. By accepting the terms and conditions of our engagement, you consent to the disclosure of your confidential information to third-party service providers, if such disclosure is necessary to deliver professional services to you or provide support services to our firm.

***Records Management***

<u>Record Retention and Ownership</u>
We will return any original records and documents you provide to us on or before the conclusion of the engagement. Our copies of your records and documents are solely for our documentation purposes and are not a substitute for your own records and do not mitigate your record retention obligations under any applicable laws or regulations. You are responsible for maintaining complete and accurate books and records, which may include financial statements, schedules, tax returns and other deliverables provided to you by us. If we provide deliverables or other records to you via an information portal, you must download this information within the allotted time frame. Professional standards preclude us from being the sole repository of your original data, records, or information.

Workpapers and other documents created by us are our property and will remain in our control. Copies are not to be distributed without your written request and our prior written consent. Our workpapers will be maintained by us in accordance with our firm's record retention policy and any applicable legal and regulatory requirements.

Our firm usually destroys workpaper files after a period of seven years. Catastrophic events or physical deterioration may result in damage to or destruction of our firm's records, causing the records to be unavailable before the expiration of the retention period, as stated in our record retention policy.

Working Paper Access Requests by Regulators and Others

State, federal and foreign regulators may request access to or copies of certain workpapers pursuant to applicable legal or regulatory requirements. Requests also may arise with respect to peer review, an ethics investigation, the sale of your organization, or the sale of our accounting practice. If requested, access to such workpapers will be provided under the supervision of firm personnel. Regulators may request copies of selected workpapers to distribute the copies or information contained therein to others, including other governmental agencies.

If we receive a request for copies of selected workpapers, provided that we are not prohibited from doing so by applicable laws or regulations, we agree to inform you of such request as soon as practicable. You may, within the time permitted for our firm to respond to any request, initiate such legal action as you deem appropriate, at your sole expense, to attempt to limit the disclosure of information. If you take no action within the time permitted for us to respond, or if your action does not result in a judicial order protecting us from supplying requested information, we may construe your inaction or failure as consent to comply with the request.

If we are not a party to the proceeding in which the information is sought, you agree to reimburse us for our professional time and expenses, as well as the fees and expenses of our legal counsel, incurred in responding to such requests.

Summons or Subpoenas

All information you provide to us in connection with this engagement will be maintained by us on a strictly confidential basis. If we receive a summons or subpoena which our legal counsel determines requires us to produce documents from this engagement or testify about this engagement, provided that we are not prohibited from doing so by applicable laws or regulations, we agree to inform you of such summons or subpoena as soon as practicable. You may, within the time permitted for our firm to respond to any request, initiate such legal action as you deem appropriate, at your sole expense, to attempt to limit discovery. If you take no action within the time permitted for us to respond, or if your action does not result in a judicial order protecting us from supplying requested information, we may construe your inaction or failure as consent to comply with the request.

If we are not a party to the proceeding in which the information is sought, you agree to reimburse us for our professional time and expenses, as well as the fees and expenses of our legal counsel, incurred in responding to such requests.

***Confidentiality***

In providing services to you, we may require information that is considered confidential and may include Personally Identifiable Information (PII), i.e. information that can be used to distinguish or trace an individual's' identity such as address, bank account and social security information. We treat all client information, including PII, as confidential and have a duty to do so based on the standards promulgated by the American Institute of Certified Public Accountants as well as applicable laws and regulations. You agree to only provide us with information, including PII, that is necessary for us to provide services to you in accordance with the Agreement.

# Michael E. Deeba, PLLC's Terms and Conditions Addendum

***Referrals***

In the course of providing services to you, you may request referrals to products or professionals such as attorneys, brokers, or investment advisors. We may identify professional(s) or product(s) for your consideration. However, you are responsible for evaluating, selecting, and retaining any professional or product and determining if the professional or product meets your needs. You agree that we will not oversee the activities of and have no responsibility for the work product of any professional or the suitability of any product we refer to you or that you separately retain. Further, we are not responsible for any services we perform that fail to meet the intended outcomes as a result of relying on the services of other professionals or products you may retain.

***Limitations on Oral and Email Communications***

We may discuss with you our views regarding the treatment of certain items or decisions you may encounter. We may also provide you with information in an email. Any advice or information delivered orally or in an email (rather than through a memorandum delivered as an email attachment) will be based upon limited research and a limited discussion and analysis of the underlying facts. Additional research or a more complete review of the facts may affect our analysis and conclusions.

Due to these limitations and the related risks, it may or may not be appropriate to proceed with a decision solely on the basis of any oral or email communication from us. You accept all responsibility, except to the extent caused by our gross negligence or willful misconduct, for any liability, including but not limited to additional tax, penalties or interest resulting from your decision (i) not to have us perform the research and analysis necessary to reach a more definitive conclusion and (ii) to instead rely on an oral or email communication. The limitation in this paragraph will not apply to an item of written advice that is a deliverable of a separate engagement. If you wish to engage us to provide formal advice on a matter on which we have communicated orally or by email, we will confirm this service in a separate agreement.

***Brokerage, Investment Advisory or Digital Asset Statements***

If you provide our firm with copies of brokerage, investment advisor, or digital asset statements, we will use the information solely for the purpose described in the *Engagement Objective and Scope* section of this Agreement. We will rely on the accuracy of the information provided in the statements and will not undertake any action to verify this information. We will not monitor transactions, investment activity, provide investment advice, or supervise the actions of the entity or individuals entering into transactions or investment activities on your behalf. We recommend that you receive and carefully review all statements upon receipt, and direct any questions regarding account activity to your banker, broker or investment advisor.

***Disclaimer of Legal and Investment Advice***

Our services under this Agreement do not constitute legal or investment advice. We make no representations regarding matters, requests or representations of legal interpretation. You should consult with legal counsel with respect to any legal issues requiring legal interpretation.

Unless specifically engaged to provide investment advice in the *Engagement Objective and Scope* section of this Agreement. We recommend that you retain legal counsel and investment advisors to provide such advice.

Our work will involve the financial analyses of accounting books and financial information/ documents. This does not include an audit, review, or compilation in accordance with Generally Accepted Auditing Standards ("GASS") of any financial statements.

# Michael E. Deeba, PLLC's Terms and Conditions Addendum

***Circular 230 Disclosure***

Pursuant to requirements relating to practice before the Internal Revenue Service, any tax advice in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the United States Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

***Electronic Data Communication and Storage***

In the interest of facilitating our services to you, we may send data over the Internet, temporarily store electronic data via computer software applications hosted remotely on the Internet, or utilize cloud-based storage. Your confidential electronic data may be transmitted or stored using these methods. In using these data communication and storage methods, our firm employs measures designed to maintain data security. We use reasonable efforts to keep such communications and electronic data secure in accordance with our obligations under applicable laws, regulations, and professional standards.

You recognize and accept that we have no control over the unauthorized interception or breach of any communications or electronic data once it has been transmitted or if it has been subject to unauthorized access while stored, notwithstanding all reasonable security measures employed by us. You consent to our use of these electronic devices and applications during this engagement.

***Newsletters and Similar Communications***

We may send newsletters, emails, explanations of technical developments or similar communications to you. These communications are of a general nature and should not be construed as professional advice. We may not send all such communications to you. These communications do not constitute a client relationship with you, nor do they constitute advice or an undertaking on our part to monitor issues for you.

***Federally Authorized Practitioner – Client Privilege***

Internal Revenue Code §7525, *Confidentiality Privileges Related to Taxpayer Communication*, provides a limited confidentiality privilege applying to tax advice embodied in taxpayer communications with federally authorized tax practitioners in certain limited situations.

This privilege is limited in several important respects. For example, the privilege may not apply to your records, state tax issues, state tax proceedings, private civil litigation proceedings, or criminal proceedings.

While we will cooperate with you with respect to the privilege, asserting the privilege is your responsibility. Inadvertent disclosure of otherwise privileged information may result in a waiver of the privilege. Please contact us immediately if you have any questions or need further information about this federally authorized practitioner-client privilege.

~~***Dispute Resolution; Jury Trial Waiver***~~

~~Any dispute, controversy, or claim arising out of or relating to this Agreement or the services provided (including disputes regarding termination, validity, interpretation, or enforceability of this clause) shall be resolved exclusively by binding arbitration administered by the Oklahoma Arbitration Center under its Arbitration Rules in effect as of the date of this Agreement, except where inconsistent with this clause.~~

# Michael E. Deeba, PLLC's Terms and Conditions Addendum

~~The arbitration shall be conducted by one arbitrator, selected jointly by the parties within fifteen (15) days of commencement of arbitration or, failing agreement, appointed by the Director of the Oklahoma Arbitration Center. The arbitrator shall be a retired judge or an experienced attorney in commercial matters.~~

~~The arbitration shall take place in Oklahoma City, Oklahoma, governed by the Federal Arbitration Act (9 U.S.C. §§ 1 et seq.) and the laws of the State of Oklahoma. Proceedings shall be confidential, and the award shall be final and binding, enforceable in any court of competent jurisdiction.~~

**~~By agreeing to arbitration, the parties waive any right to a trial by judge or jury, including for disputes over fees.~~**

~~The arbitrator shall have no authority to award punitive damages, damages excluded under this Agreement, or remedies unavailable under applicable law. All arbitration-related fees and expenses – including arbitrator fees, facilities, and transcripts – shall be split 50% by claimant(s) and 50% by respondent(s), with internal allocation determined by each side.~~

~~At the initial pre-hearing conference, the arbitrator shall (a) require that the parties exchange (i) a good faith calculation of any claimed damages, (ii) the name and, if known, address and telephone number of each person likely to have knowledge of relevant information, and (iii) non-privileged documents that are relevant to the issues raised by any claim, defense or counterclaim; and (b) determine the number of depositions to be permitted, taking into consideration the nature of claims and damages sought. Third-party subpoenas seeking documents and/or testimony shall be permitted. Absent extraordinary circumstances, the arbitration hearing shall be held on consecutive hearing days. In the event it is necessary to confirm the arbitration award in court, the costs of such confirmation proceedings, including attorneys' fees, incurred by the party seeking confirmation shall be borne entirely by the party against whom enforcement is sought.~~

***~~Limitation of Liability~~***

**~~MEDPLLC'S LIABILITY FOR ALL CLAIMS, DAMAGES, AND COSTS ARISING FROM THIS ENGAGEMENT IS LIMITED TO 1.5 TIMES THE TOTAL AMOUNT OF FEES PAID BY YOU TO MEDPLLC FOR THE SERVICE GIVING RISE TO THIS LIABILITY.~~**

***~~Limitation of Damages~~***

**~~NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THIS AGREEMENT, MEDPLLC SHALL NOT BE LIABLE FOR ANY LOST PROFITS, INDIRECT, SPECIAL, INCIDENTAL, PUNITIVE OR CONSEQUENTIAL DAMAGES OF ANY NATURE EVEN IF WE HAVE BEEN ADVISED BY YOU OF THE POSSIBILITY OF SUCH DAMAGES.~~**

***~~Indemnification of Michael E. Deeba, PLLC and Michael Deeba~~***

~~Unless otherwise stated in the Agreement, you agree to indemnify, defend, and hold harmless MEDPLLC and any of its partners, principals, shareholders, officers, directors, members, employees, agents or assigns with respect to any and all claims made by third parties arising from this engagement, regardless of the nature of the claim, and including the negligence of any party, excepting claims arising from the gross negligence or intentional acts of MEDPLLC.~~

# Michael E. Deeba, PLLC's Terms and Conditions Addendum

***Designation of Venue and Jurisdiction***

In the event of a dispute, the courts of the state of Oklahoma shall have jurisdiction. We agree that the law of the state of Oklahoma shall govern all such disputes.

***~~Statute of Limitations~~***

~~You agree that any claim arising out of this Agreement shall be commenced within two year(s) of the delivery of the work product to you, regardless of any longer period of time for commencing such claim as may be set by law. A claim is understood to be a demand for money or services, the service of a suit, or the institution of arbitration proceedings against MEDPLLC.~~

***Independent Contractor***

When providing services to your company, we will be functioning as an independent contractor and in no event will we or any of our employees be an officer of you, nor will our relationship be that of joint venturers, partners, employer and employee, principal and agent, or any similar relationship ~~giving rise to a fiduciary duty to you~~.

Our obligations under this Agreement are solely obligations of MEDPLLC, and no partner, principal, employee or agent of MEDPLLC shall be subjected to any personal liability whatsoever to you or any person or entity.

***Severability***

If any portion of this Agreement is deemed invalid or unenforceable, said finding shall not operate to invalidate the remainder of the terms set forth in this Agreement.

***Assignment***

All parties acknowledge and agree that the terms and conditions of this Agreement shall be binding upon and inure to the parties' successors and assigns, subject to applicable laws and regulations.

***Force Majeure***

Neither party shall be held liable for any delays resulting from circumstances or causes beyond our reasonable control, including, without limitation, fire or other casualty, act of God, strike or labor dispute, war or other violence, epidemics or pandemics as defined by The Centers for Disease Control and Prevention, or any law, order or requirement of any governmental agency or authority. However, no Force Majeure event shall excuse you of any obligation to pay any outstanding invoice ~~or fee or from any indemnification obligation~~ under this Agreement.

***Electronic Signatures and Counterparts***

Each party hereto agrees that any electronic signature is intended to authenticate a written signature, shall be valid, and shall have the same force and effect as a manual signature. For purposes hereof, "electronic signature" includes, but is not limited to, a scanned copy of a manual signature, an electronic copy of a manual signature affixed to a document, a signature incorporated into a document utilizing touchscreen capabilities, or a digital signature. Documents may be executed in one or more counterparts, each of which shall be considered an original instrument, but all of which shall be considered one and the same agreement.

***Entire Agreement***

This Agreement, including this *Terms and Conditions Addendum* and any other attachments, encompass the entire agreement of the parties and supersedes all previous understandings and agreements between the parties, whether oral or written. Any modification to the terms of this

Agreement must be made in writing and signed by both parties. This Agreement has been entered into solely between you and MEDPLLC, and no third-party beneficiaries are created hereby.

* * * * * *