**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br>YSA INVESTMENTS 1, LLC,<br><br>Debtor. | Case No. 26-12806-SAH<br>Chapter 11 |
| In re:<br>727 LOFTS BEST LIVING, LLC,[1] et al.,<br><br>Debtors. | Case No. 26-12825-SAH<br>Chapter 11 |

**VERIFIED DECLARATION OF RICHARD R. (DICK) HORTON IN SUPPORT OF APPLICATION TO EMPLOY INSURANCE CONSULTANT**

I, Richard R. (Dick) Horton, CIC, declare under penalty of perjury declare as follows:

1. I am over the age of eighteen, of sound mind, and competent to make this Declaration. The statements set forth herein are based on my personal knowledge, and if called to testify I could and would testify competently thereto. I make this Declaration in support of the Joint Application of Chapter 11 Trustees to Hire Insurance Consultant (the "Application") filed by Michael E. Deeba, the Chapter 11 Trustee (the "Trustee") for YSA Investments, LLC ("YSA Debtor") and Daniel J. Sherman, the Chapter 11 Trustee (the "Trustee") for 727 Lofts Best Living, LLC ("727 Debtors"), and in accordance with Fed R. Bankr. P. 2014(a).

[1] The Debtors in these chapter 11 cases being jointly administered and their respective case numbers are: 727 Lofts Best Living, LLC (Case No. 26-12825-SAH) and 727 Lofts Holdings, LLC (Case No. 26-12826-SAH).

2. The Trustees have requested that I serve as insurance consultant to the estate to provide the expert services described in the Application. My qualifications, education, licenses, certifications, and relevant experience are set forth in my curriculum vitae, a true and correct copy of which is attached to the Application as Exhibit 2. The terms of my engagement are attached to the Application as Exhibit 3.

3. I have reviewed the mailing matrix for this matter and have conducted a reasonable inquiry into my connections and those of my firm with the Debtor, the Debtor's creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, and any person employed in the office of the United States Trustee. Based on that inquiry, I have identified no connections other than the following: in matters unrelated to this case, I have served in the past, or presently serve, as an insurance agent/broker for certain parties in interest, including law firms, attorneys affiliated with those firms, the YSA Trustee, Michael E. Deeba, and/or the YSA Trustee's firm, Michael E. Deeba, P.L.L.C. ("MEDPLLC"). Currently, Acrisure, in which I am a partner and risk advisor, is MEDPLLC's insurance broker.

4. To the best of my knowledge, information, and belief, neither I nor my firm holds or represents any interest adverse to the Debtor or the estate. Except for the insurance-agent relationships in unrelated matters disclosed in paragraph 3, neither I nor my firm has any connection with the Debtor, its creditors, other parties in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

5. Neither I nor my firm is a creditor, equity security holder, or insider of the Debtor; neither I nor my firm is or was, within two years before the petition date, a director, officer, or employee of the Debtor; and neither I nor my firm holds an interest materially adverse to the estate or any class of creditors or equity security holders. Based upon the foregoing and my reasonable inquiry, I believe that I am a "disinterested person" within the meaning of 11 U.S.C. § 101(14), and that neither I nor my firm holds or represents an interest adverse to the estate within the meaning of 11 U.S.C. § 327(a).

6. My proposed compensation is $450.00 per hour for the services described in the Application, including analysis, consultation, report preparation, deposition or trial testimony, and travel time. My compensation does not depend on the content of my opinions or the outcome of any dispute. I understand that all compensation and reimbursement of expenses are subject to approval of the Court under 11 U.S.C. §§ 330 and 328 and Fed. R. Bankr. P. 2016, and that any request for compensation will substantially comply with the United States Trustee's guidelines.

7. My opinions will reflect my independent professional judgment. Compensation is not contingent upon the opinions expressed or litigation outcome. I will maintain contemporaneous time and expense records and submit compensation requests as required by applicable law and Court orders.

8. If I become aware of any additional connections or material changes affecting the disclosures made herein during my employment, I will promptly disclose that information to the Trustees and their counsel and, as appropriate, submit a supplemental declaration for filing with the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 15 day of October 2026.

Richard R. (Dick) Horton, CIC