# ENGAGEMENT AGREEMENT FOR INSURANCE CONSULTING SERVICES

This Engagement Agreement ("Agreement") is entered into by and between **Michael E. Deeba**, solely in his capacity as the duly appointed Chapter 11 Trustee (the "YSA Trustee") for the bankruptcy estate of **YSA Investments 1, LLC** (the "YSA Debtor"), and **Daniel J. Sherman**, solely in his capacity as the duly appointed Chapter 11 Trustee (the "727 Trustee") for the bankruptcy estate of **727 Lofts Best Living, LLC** (the "727 Debtor" and collectively with the YSA Debtor, the "Debtors"), and **Richard R. (Dick) Horton, CIC** (the "Insurance Consultant").

The YSA Debtor's bankruptcy case is pending in the United States Bankruptcy Court for the Western District of Oklahoma (the "Bankruptcy Court"), Case No. 26-12806-SAH (the "YSA Bankruptcy Case").

The 727 Debtor's bankruptcy case is pending in the Bankruptcy Court, Case No. 26-12825-SAH (the "727 Bankruptcy Case" and collectively with the YSA Bankruptcy Case, the "Bankruptcy Cases").

## 1. Engagement and Purpose

The Trustees desire to retain the Insurance Consultant to provide specialized insurance consulting and related expert services concerning insurance coverage applicable to the Debtors' properties and operations.

The Insurance Consultant agrees to provide such services pursuant to the terms of this Agreement, subject to approval of his employment by the Bankruptcy Court under 11 U.S.C. § 327(a) and applicable bankruptcy rules.

## 2. Scope of Services

The Insurance Consultant shall provide insurance consulting and related expert services as reasonably requested by the Trustees or their counsel, including:

a) Reviewing and evaluating existing and historical insurance policies and coverage applicable to the Debtors' properties and operations;
b) Analyzing the adequacy, scope, limits, terms, conditions, exclusions, and cost of property, casualty, liability, and other relevant insurance coverage;
c) Identifying potential gaps, lapses, deficiencies, defaults, or other issues concerning insurance coverage;
d) Evaluating pending or potential insurance claims and related coverage issues;
e) Advising the Trustees and their counsel concerning appropriate insurance coverage for the Debtors' properties and operations going forward;
f) Providing consultation, analysis, recommendations, and independent professional opinions concerning insurance-related matters affecting the bankruptcy estates;
g) Preparing written reports, analyses, or other materials as reasonably requested by the Trustees or their counsel; and

h) Providing deposition, hearing, or trial testimony concerning matters within the Insurance Consultant's expertise, if requested and appropriate.

The Insurance Consultant shall perform services within his professional expertise and shall coordinate with the Trustees, estates' counsel, and other retained professionals to avoid unnecessary duplication of services. Any material expansion of the engagement beyond the scope authorized by the Bankruptcy Court shall be subject to further approval when required by applicable law.

**3. Independent Professional Judgment**

The Insurance Consultant shall exercise independent professional judgment in performing the services contemplated by this Agreement. All findings, analyses, conclusions, opinions, and testimony shall be based upon the Insurance Consultant's professional knowledge, experience, and evaluation of the relevant facts and circumstances. The Insurance Consultant's compensation shall not be contingent upon the substance of any opinion expressed, the outcome of any litigation or dispute, or any recovery or other result obtained by the Trustees or the bankruptcy estates. Nothing in this Agreement shall require the Insurance Consultant to reach any predetermined conclusion or express any opinion inconsistent with his independent professional judgment.

**4. Compensation**

The Insurance Consultant shall be compensated at the rate of **$475.00 per hour** for professional services performed pursuant to this Agreement, including:

a) Insurance coverage analysis and evaluation;
b) Consultation with the Trustees, Trustees' counsel and professionals, and estate counsel;
c) Review of documents and other relevant materials;
d) Research, investigation, and preparation of written reports or analyses;
e) Preparation for and attendance at depositions, hearings, and trials; and
f) Travel time reasonably necessary to perform the services.

No additional personnel shall perform compensable services under this Agreement unless their participation and applicable hourly rates have been disclosed to the Trustees and approved by the Bankruptcy Court to the extent required.

**Additional personnel:** None.

**Minimum charges, cancellation fees, or other charges:** None.

All compensation shall be subject to allowance and approval by the Bankruptcy Court pursuant to 11 U.S.C. §§ 330 and 331, Federal Rule of Bankruptcy Procedure 2016, applicable local bankruptcy rules, and orders of the Bankruptcy Court. No provision of this Agreement constitutes a guarantee that any particular fee or expense will be allowed or paid.

**5. Expenses**

The Insurance Consultant shall be entitled to reimbursement of reasonable and necessary out-of-pocket expenses actually incurred in connection with the performance of authorized services, subject to Bankruptcy Court approval. Reimbursable expenses may include reasonable travel, lodging, meals, and other expenses directly related to the engagement, to the extent permitted by applicable law and Bankruptcy Court orders. Expenses shall be reimbursed at actual cost, without markup, unless otherwise disclosed and approved. The Insurance Consultant shall maintain appropriate documentation supporting all expenses for which reimbursement is requested.

**6. Billing and Payment**

The Insurance Consultant shall maintain contemporaneous records of all services performed, including the date, description of services, time expended, and applicable charges. Invoices shall be submitted to the Trustees or their counsel on a monthly basis, or at such other intervals as the parties may agree. All invoices shall contain sufficient detail to permit review of the services performed and expenses incurred. Payment of fees and expenses from the bankruptcy estates shall be subject to applicable provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, local bankruptcy rules, and orders of the Bankruptcy Court. Unless otherwise authorized by the Bankruptcy Court, the Insurance Consultant shall not receive payment from estate funds except pursuant to an applicable order authorizing such payment. The Insurance Consultant shall segregate his services and billing for tasks performed for the YSA Debtor and the 727 Debtor. Where applicable, the Insurance Consultant shall allocate his services and billing between the YSA Debtor and the 727 Debtor as appropriate to conserve resources and promote economy. All services and billing shall be subject to the final orders entered by the Bankruptcy Court in the YSA Bankruptcy Case and the 727 Bankruptcy Case.

**Retainer:** None.

**7. Bankruptcy Court Approval**

The parties acknowledge that the Insurance Consultant's employment is subject to approval by the Bankruptcy Court pursuant to 11 U.S.C. § 327(a) and Federal Rule of Bankruptcy Procedure 2014. The Trustees shall seek an order authorizing employment of the Insurance Consultant on the terms disclosed in the application for employment and this Agreement. Unless otherwise authorized by the Bankruptcy Court, the effective date of the Insurance Consultant's employment shall be the date of entry of the order approving employment. Compensation and reimbursement shall remain subject to subsequent Bankruptcy Court review and allowance under 11 U.S.C. §§ 330 and 331. The parties do not seek advance approval of compensation under 11 U.S.C. § 328(a). In the event of any inconsistency between this Agreement and an order of the Bankruptcy Court, the Bankruptcy Court's order shall control.

**8. Confidentiality**

In performing services under this Agreement, the Insurance Consultant may receive confidential, proprietary, privileged, or otherwise nonpublic information concerning the Debtors, the bankruptcy estates, its properties, insurance policies, business operations, and potential claims. The Insurance Consultant shall maintain the confidentiality of such information and shall not disclose it to any person or entity other than the Trustees, estates' counsel, or persons authorized by them, except as required by applicable law, court order, or authorized testimony. The Insurance Consultant shall take reasonable measures to protect confidential information and shall use such information solely for purposes of performing services under this Agreement.

The parties acknowledge that certain communications or materials may be subject to the attorney-client privilege, work-product doctrine, or other applicable protections. Nothing in this Agreement is intended to waive any such protection. The Insurance Consultant shall promptly notify the Trustees' counsel of any subpoena, discovery request, or other demand seeking confidential information, unless prohibited by law.

**9. Cooperation and Access to Information**

The Trustees and their counsel shall provide the Insurance Consultant with such documents, records, information, and access as they reasonably determine necessary for the performance of the authorized services. The Insurance Consultant may rely upon information provided by the Trustees, estates counsel, or other sources reasonably believed to be reliable, subject to the exercise of independent professional judgment. The Insurance Consultant shall promptly advise the Trustees or their counsel if additional information is reasonably necessary to complete an assigned analysis.

**10. Term and Termination**

This Agreement shall become effective upon entry of an order of the Bankruptcy Court approving the Insurance Consultant's employment, unless otherwise authorized by the Bankruptcy Court. The engagement shall continue until completion of the authorized services or termination as provided herein. The Trustees may terminate this Agreement at any time upon written notice to the Insurance Consultant. The Insurance Consultant may terminate the engagement upon reasonable written notice to the Trustees, subject to any applicable Bankruptcy Court requirements. Upon termination, the Insurance Consultant shall cooperate in the orderly transition of any pending work and shall provide the Trustees or their counsel with estates-related documents and materials in his possession, subject to applicable law. Termination shall not eliminate the Insurance Consultant's right to seek allowance of reasonable compensation and reimbursement for authorized services performed before termination, subject to Bankruptcy Court approval.

**11. Independent Contractor**

The Insurance Consultant shall perform services as an independent contractor and not as an employee, partner, agent, or joint venturer of the Trustees, Debtors, or bankruptcy estates. Except as expressly authorized in writing, the Insurance Consultant shall not represent that he has

authority to act on behalf of or bind the Trustees or the bankruptcy estate. The Insurance Consultant shall be responsible for his own applicable taxes and other obligations arising from his status as an independent contractor.

**12. Governing Law**

This Agreement shall be governed by applicable federal bankruptcy law and, to the extent not inconsistent therewith, the laws of the State of Oklahoma. All matters concerning the Insurance Consultant's employment, compensation, reimbursement, and compliance with applicable bankruptcy requirements shall remain subject to the jurisdiction and orders of the Bankruptcy Court.

**13. Entire Agreement; Amendments**

This Agreement constitutes the understanding of the parties concerning the engagement described herein. Any amendment materially affecting the scope of employment, compensation, or other terms requiring disclosure or approval shall be subject to further Bankruptcy Court approval to the extent required by applicable law. No amendment shall be effective to the extent inconsistent with an applicable order of the Bankruptcy Court.

**14. Counterparts and Electronic Signatures**

This Agreement may be executed in counterparts, each of which shall be deemed an original, and all of which together shall constitute one agreement. Signatures transmitted electronically shall be deemed effective as original signatures.

**AGREED AND ACCEPTED:**

**YSA CHAPTER 11 TRUSTEE**

Michael E. Deeba, solely in his capacity as Chapter 11 Trustee for the bankruptcy estate of YSA Investments 1, LLC

Signature: ______________________________

Date: __________________________________

**727 CHAPTER 11 TRUSTEE**

Daniel J. Sherman, solely in his capacity as Chapter 11 Trustee for the bankruptcy estate of 727 Lofts Best Living, LLC

Signature: ______________________________

Date: __________________________________

**INSURANCE CONSULTANT**

Richard R. (Dick) Horton, CIC

Signature: ______________________

Date: 10/15/26

Firm (if applicable): N/A