**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br><br>YSA Investments 1, LLC,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 26-12806 (SAH) |

**TERM FUND III MRA SELLER LLC AND TERM FUND B IV MRA SELLER LLC'S SECOND AMENDED AGREED APPLICATION FOR ENTRY OF AN INTERIM ORDER (I) GRANTING RELIEF FROM STAY PURSUANT TO BANKRUPTCY CODE SECTION 362(a) AND (f); (II) EXCUSING COMPLIANCE WITH BANKRUPTCY CODE SECTION 543; (III) WAIVING BANKRUPTCY RULE 4001 STAY; AND (IV) GRANTING RELATED RELIEF WITH BRIEF IN SUPPORT**

Term Fund III MRA Seller LLC (together with its successors and/or assigns, "Fund 3 Lender") and Term Fund B IV MRA Seller LLC (together with its successors and/or assigns, "Fund 4 Lender", and together with Fund 3 Lender, individually and/or collectively, as the context may require, "Lender") hereby apply (this "Application") for entry of an interim order (the "Proposed Order") substantially in the form attached hereto as **Exhibit 1**, (i) excusing the Receiver (as hereinafter defined) from compliance with section 543(a)-(c) of title 11 of the United States Code (the "Bankruptcy Code"); (ii) granting related relief, including establishment of the Carve Out (defined below); and (iii) immediately modifying the automatic stay pursuant to section 362(a) and (f) of the Bankruptcy Code, Rule 4001(a)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Rules of the United States Bankruptcy Court for the Western District of Oklahoma (the "Local Rules") to allow: (a) C. David Rhoades or any other receiver that may be appointed for any of the SG Properties (C. David Rhoades or any

---

[1] The address of the Debtor is 848 Brickell Avenue, Suite PH5, Miami, Florida 33131. The last four digits of the Debtor's federal tax identification numbers is 3352.

such other receiver that may be so appointed, individually and/or collectively, as the context may require, the "Receiver") to possess, control and manage those certain multifamily apartment complexes defined herein as the SG Properties, and (b) Lender to pursue and exercise any and all of its contractual and legal rights and remedies pursuant to its loan documents and applicable law with regard to its collateral. The relief sought herein is requested on an interim basis and is intended to be effective immediately upon entry of the Proposed Order and to remain effective until such time as a proposed order granting *Term Fund III MRA Seller LLC and Term Fund B IV MRA Seller LLC's First Amended Agreed Motion for Entry of an Order (i) Granting Relief from Stay Pursuant to Bankruptcy Code 362(d); (ii) Excusing Compliance with Bankruptcy Code Section 543; (iii) Waiving Bankruptcy Rule 4001 Stay; and (iv) Granting Related Relief* [Dkt. No. 481] (the "Stay Relief Motion") filed contemporaneously herewith and seeking similar relief on a final basis is entered by this Court and becomes effective.

Michael E. Deeba, the Chapter 11 Trustee appointed in this Chapter 11 Case (the "YSA Trustee"), Daniel C. "Corky" Sherman, the Chapter 11 Trustee appointed in (i) *In re Ridge Best Living, LLC*, Case No. 26-12869-SAH, (ii) *In re Woodland Manor's Best Living, LLC*, Case No. 26-12858-SAH, and (iii) *In re Woodland Manor TIC 1, LLC*, Case No. 26-12859-SAH, among other chapter 11 cases pending in this District (the "Trustee") and junior lienholders, Toval Ventures, LLC and Evolved Capital, LLC consent to the relief sought in this Application.

In further support of this Application, Lender respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and Lender consents to the entry of a final order by the Court in connection with this Application to the extent that it is later

determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Debtor commenced a voluntary case (this "Chapter 11 Case") on July 28, 2026 (the "Petition Date"), as Case Number 26-11178 (BLS) in the United States Bankruptcy Court for the District of Delaware ("Delaware Bankruptcy Court"). On August 14, 2026, the Delaware Bankruptcy Court determined that the Western District of Oklahoma, Judge Sarah Hall presiding, was the more appropriate venue and transferred this Chapter 11 Case from the Delaware Bankruptcy Court to this Court.

3. The statutory and legal predicates for the relief requested herein are sections 105(a), 362(a) and (f), and 543(d) of the Bankruptcy Code, Bankruptcy Rule 4001(a)(1) and (2), and Local Rule 4001-1.

## BACKGROUND

4. Lender is the first lien secured creditor with respect to the SG Properties (as hereafter defined) and the property and other assets owned or previously owned by the following entities: (1) A-V Classen Owner LLC ("Classen Borrower"); (2) Montgomery Best Living, LLC ("Montgomery Borrower"); (3) Woodland Manor's Best Living, LLC and Woodland Manor TIC 1, LLC (collectively, "Woodland Manor Borrowers"); and (4) Ridge Best Living, LLC ("Ridge Borrower" and, together with Classen Borrower, Montgomery Borrower and Woodland Manor Borrowers, individually and/or collectively, as the context may require, "SG Borrowers" and the underlying properties for each SG Borrower is called the "SG Property" or collectively the "SG Properties").[2] The SG Properties referred to herein all relate to real property located in the State of

---

[2] Prepetition, Lender filed foreclosure cases and obtained Oklahoma State Court receivership orders in the following cases: (i) Classen Borrower: Oklahoma County District Court, Case No.

Oklahoma. Fund 3 Lender and Fund 4 Lender are the current owners and holders of the following first-priority senior secured mortgage loans (individually and collectively, as the context may require, the "SG Loans") made to the applicable SG Borrowers.

5. The following is a description of the SG Properties and the SG Loans pertaining to the SG Properties:

a. The Classen Loan: Loan in the principal amount of up to $14,450,000.00 (the "Classen Loan") made on September 30, 2021, to Classen Borrower. The Classen Loan is held by Fund 3 Lender and is secured by the project commonly known as The Classen Apartments (the "Classen Property"), a high-rise apartment building which is located at 2200 North Classen Blvd., Oklahoma City, Oklahoma 73106. On June 15, 2026, the Court in the Classen Foreclosure Action (as defined in the Stipulation) entered a Temporary Order Appointing Receiver (the "Classen Receivership Order"). Pursuant to the Classen Receivership Order, the Receiver was appointed as receiver over Classen Borrower's related SG Property.

b. The Montgomery Loan: Loan in the principal amount of up to $15,840,000.00 (the "Montgomery Loan") made on February 4, 2022, to Montgomery Borrower. The Montgomery Loan is held by Fund 3 Lender and is secured by the project commonly known as The Montgomery (the "Montgomery Property"), a mid-rise apartment building which is located at 500 W Main Street, Oklahoma City, Oklahoma 73102. On June 18, 2026, the Court in the Montgomery Foreclosure Action (as defined in the Stipulation) entered a Temporary Order Appointing Receiver (the "Montgomery Receivership Order"). Pursuant to the Montgomery Receivership Order, Receiver was appointed as receiver over Montgomery Borrower's related SG Property.

c. The Woodland Manor Loan: Loan in the principal amount of up to $21,068,750.00 (the "Woodland Manor Loan") made on October 18, 2022, to Woodland Manor Borrowers. The Woodland Manor Loan is held by Fund 4 Lender and is secured by the project commonly known as The Woodland Manor Apartments (the "Woodland Property"), a garden-style apartment complex which is located at 8641 E. 61st

---

CJ-2026-04901; (ii) Montgomery Borrower: Oklahoma County District Court, Case No. CJ-2026-5022; and (iii) Woodland Manor Borrowers: Tulsa County District Court, Case No. CJ-2026-3185; (collectively, the "Oklahoma State Court Cases"). Due to the automatic stay under 11 U.S.C. § 362, a foreclosure action was not filed with respect to the Ridge Borrower and related SG Property as the Ridge Borrower filed a voluntary petition under Chapter 11 of the Bankruptcy Code the day before the Lender was to file its foreclosure action. For the avoidance of doubt, this Application seeks relief from the automatic stay so that a foreclosure action may be brought with respect to the Ridge Borrower and related property and a receivership order obtained substantially similar to the prior receivership orders obtained in connection with the Oklahoma State Court Cases.

Street, Tulsa, Oklahoma 74133. On July 14, 2026, the Court in the Woodland Manor Foreclosure Action (as defined in the Stipulation) entered a Temporary Order Appointing Receiver (the "Woodland Manor Receivership Order" and, together with the Classen Receivership Order, the Montgomery Receivership Order, and any subsequently entered receivership order (each, a "Subsequent Receivership Order"), the "Receivership Orders"). Pursuant to the Woodland Manor Receivership Order, Receiver was appointed as receiver over Woodland Manor Borrowers' related SG Property. On July 14, 2026 (the "Woodland Manor Petition Date"), Woodland Manor Borrowers filed voluntary Chapter 11 Bankruptcy Petitions in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "ND TX Bankruptcy Court"). On July 28, 2026, the ND TX Bankruptcy Court entered a *sua sponte* order directing the appointment the Trustee as Chapter 11 Trustee for Woodland Manor Borrowers.[3]

d. The Ridge Loan: Loan in the principal amount of up to $15,000,000.00 (the "Ridge Loan") made on December 21, 2021, to Ridge Borrower. The Ridge Loan is held by Fund 3 Lender and is secured by the project commonly known as The Ridge (the "Ridge Property"), a garden-style apartment complex which is located at 3834 North Oak Grove Drive, Midwest City, Oklahoma 73110. On July 15, 2026, Ridge Borrower filed a voluntary Chapter 11 Bankruptcy Petition in the ND TX Bankruptcy Court. On July 28, 2026, the ND TX Bankruptcy Court entered a sua sponte order directing the appointment of a Chapter 11 Trustee for the Ridge Borrower. The Trustee was appointed as Chapter 11 Trustee for Ridge Borrower.

6. All SG Borrowers are limited liability companies doing business in Oklahoma County, or Tulsa County, State of Oklahoma.

7. Prepetition, the applicable Lender commenced a foreclosure on the applicable SG Properties, except for the Ridge Property and obtained the appointment of Receiver as receiver over such SG Borrowers and SG Properties.

8. Despite his appointment as receiver in the Woodland Manor Foreclosure Action, upon his learning that Woodland Manor Borrowers filed bankruptcy in the United States Bankruptcy Court for the Northern District of Texas, Case No. 26-33167 and Case No. 26-33168,

---

[3] Because the Woodland Manor Borrowers' bankruptcy cases and the Ridge Borrower's bankruptcy case were transferred to this Court, similar relief will be sought in both of those cases with the consent of the Chapter 11 Trustee.

Receiver returned possession of the Woodland Property to Vesta Realty, LLC ("Vesta Realty") the management company controlled by Marc Kulick.

9. Receiver has continued to maintain his possession of the Classen Property and the Montgomery Property pursuant to 11 U.S.C. §543(a), (b) and (c). Fund 3 Lender has not filed a foreclosure petition with respect to the Ridge Property because Ridge Borrower filed a bankruptcy petition in the United States Bankruptcy Court for the Northern District of Texas, Case No. 26-33177.

10. Since the Petition Date, the Debtor has taken no action to manage or control any of the SG Properties. Since the entry of the applicable Receivership Orders, the Receiver, with the assistance of an independent third-party management company engaged by the Receiver, has managed the Classen Property and the Montgomery Property to preserve those properties and serve the related tenants. Additionally, the Trustee has taken control of the Woodland Property and the Ridge Property (collectively, the "Trustee Managed Properties"). The Trustee has been coordinating with the Lender to address management of the Trustee Managed Properties and for consent to use of cash collateral to maintain said properties. As such, the Debtor has consented to maintaining the status quo of the SG Properties, including ordinary course expenditures by the Receiver and the Trustee to maintain the SG Properties.

11. The Debtor does not dispute the Lender's senior first-priority liens in the SG Properties and acknowledges there is no equity value in any of the SG Properties beyond the applicable Lender's first lien claims.

12. Given the deteriorating condition of the SG Properties, *inter alia*, the Parties believe that immediate action is required to prevent ongoing harm to the SG Properties and their residents.

## RELIEF REQUESTED

13. Lender submits that approving the Stipulation and permitting the Receiver to control and manage the SG Properties is in the best interests of the Debtor, its estate, its creditors, and all other stakeholders in this Chapter 11 Case. To this end, Lender respectfully requests that the Court enter the Proposed Order, (i) modifying the automatic stay to allow the Receiver to possess, control and manage the SG Properties, including the exercise of all powers set forth in the Classen Receivership Order, the Montgomery Receivership Order, and the Woodland Manor Receivership Order; (ii) allowing the Fund 3 Lender to file a foreclosure action and request the appointment of a receiver pursuant to an order substantially in the same form as previously obtained in Oklahoma State District Court, with respect to the Ridge Property; (iii) excusing the Receiver in all Oklahoma State Court Cases from compliance with Bankruptcy Code sections 543(a)-(c) *nunc pro tunc* to the Petition Date; (iv) terminating the automatic stay to permit Lender to pursue and exercise any and all of its contractual and legal rights and remedies pursuant to its loan documents and applicable law, including, but not limited to, recovering and disposing of all collateral, through foreclosure proceedings, or otherwise, and applying the proceeds of the collateral against the amounts owed to the Lender; and (v) granting related relief, including establishment of the Carve Out (defined below), all on an interim basis, effective until an order resolving the related motion seeking identical relief on a final basis has been entered and become effective.

## BASIS FOR RELIEF

### A. The Automatic Stay Should Be Lifted

14. Bankruptcy Code section 362(f) provides that:

> [u]pon request of a party in interest, the court, with or without hearing, shall grant such relief from the stay provided under subsection (a) of this section as is necessary to prevent irreparable

> damage to the interest of an entity in property, if such interest will suffer such damage before there is an opportunity for notice and a hearing under subsection (d) or (e) of this section.

11 U.S.C. § 362(f).

15. Bankruptcy Rule 4001(a)(2) authorizes the Court to grant relief from the automatic stay, such as requested herein, upon (i) a verified showing that Lender "will suffer immediate and irreparable injury, loss or damage before the adverse party or its attorney can be heard in opposition;" and (ii) a certified, written showing by Lender's attorney of "what efforts, if any, have been made to give notice and why it should not be required." Fed. R. Bankr. P. 4001(a)(2).

16. In the instant matter, the Debtor is functionally adverse to Lender for two reasons: first, it asserts, by and through a deed-in-lieu, the validity of which Lender contests, that it is the owner of the SG Properties; and second, Debtor asserts junior mortgage liens on the SG Properties, the validity of which, Lender contests. While the Debtor is functionally adverse to Lender, the Debtor consented to the relief requested herein. Upon the appointment of the YSA Trustee, the YSA Trustee stands in the shoes of the Debtor. The YSA Trustee consents to the relief requested herein, as does the Trustee. Moreover, Bankruptcy Rule 4001(a)(2)(A) is satisfied because Lender and, critically, the tenants residing in the SG Properties, "will suffer immediate and irreparable injury, loss, or damage" unless the interim relief sought in this Application is granted.

17. Since the Petition Date, the Debtor has taken no action to manage or control any of the SG Properties. The Receiver, with the assistance of Friedman Real Estate Management OK MF LLC ("Friedman"), an independent third-party management company engaged by the Receiver, has managed the Classen Property and the Montgomery Property to preserve those properties and serve the related tenants. Additionally, the Trustee has taken control of the Woodland Property and the Ridge Property. The Trustee has been coordinating with the Lender to address management of the

Trustee Managed Properties and for consent to use of cash collateral to maintain said properties. As such, the Debtor has consented to maintaining the status quo of the SG Properties, including ordinary course expenditures by the Receiver and the Trustee to maintain the SG Properties.

18. The alternative to immediate stay relief is untenable and will result in irreparable harm to Lender and the tenants of the SG Properties. To illustrate, none of the SG Properties are covered by necessary and appropriate policies of insurance that are required by Lender's loan documents. For example, as of the Petition Date, there was no property insurance with respect to the Classen Property. As of the Petition Date, the Montgomery Property, the Woodland Property, and the Ridge Property were neither covered by property insurance nor liability insurance.[4] The SG Properties are occupied by tenants and the Woodland Property's elderly tenants are in a higher risk category with respect to the maintenance and utility issues described below. The SG Properties lack an authorized property manager. The SG Properties, through no fault of Lender, have suffered from deferred maintenance predating the Petition Date. Air conditioners and other items necessary for residents to safely reside in the SG Properties require repair and/or replacement. The SG Properties require continued utility service and attention to deferred maintenance and repairs. The Receiver ensured continued utility service to the Woodland Property, the Classen Property, and the Montgomery Property prior to the Petition Date.[5] Since the Petition Date, the Receiver has lacked authority to ensure the maintenance of utility service to these properties. The Debtor is not ensuring the continuation of utility service to these

---

[4] Lender has obtained force-placed policies of insurance covering the Montgomery and Classen Properties at its expense. No coverage exists for the Woodland and Ridge Properties.

[5] Prior to the Petition Date, the Receiver was in place for the Woodland Property for no more than one (1) day. The Receiver has not exercised control over the Ridge Property.

properties and has agreed to the Receiver's resumption of control over these properties. Further, with respect to the Ridge Property, there is also a need to continue utilities and address urgent deferred maintenance and repair needs.

19. The most significant operational issue concerns the elevators at the Montgomery Property and the Classen Property. The Montgomery Property is a six-story apartment building with three (3) elevators. The Classen Property is a twenty-one (21) story apartment building with four (4) elevators. None of the elevators consistently operate, tenants have been stuck in the elevators when they cease operating and the Oklahoma City Fire Department has had to rescue tenants on more than one occasion. Required repairs to the elevators will exceed $2,000,000 for each property and neither of the applicable Debtors has sufficient resources to fund those repairs. The deferred maintenance costs for additional health and safety issues are estimated to exceed $1,000,000 for the Classen Property and $600,000 for the Montgomery Property. The elevator issues and the deferred maintenance issues have contributed to the loss of over ten percent (10%) of the tenant base at each property. On the Woodland Manor Petition Date, the Woodland Property lacked trash dumpsters. Vesta Realty contracted to have large roll-off containers delivered to the property. The tenants put their household trash in the roll offs. There was so much trash that the trash bags spilled over onto the ground. This violated Tulsa City/County codes. The Ridge Property is experiencing plumbing leaks and sewer flow issues and multiple units have not had air conditioning for an extended period of time during a severe, sustained heat wave. Moreover, the Oklahoma City Police Department has placed the Ridge Property on a "hypersecurity" watch because of the prevalence of drug dealing and use. Lender will suffer irreparable harm if it is prevented from immediately addressing these issues.

20. Furthermore, the Debtor agreed to the relief requested in order to allow for the appointment of a receiver for the Ridge Property to stabilize and manage the Ridge Property to protect its tenants' health and safety.

21. Absent the granting of the relief sought in this Application, a lengthy interval will exist within which no party shall be responsible for ensuring the health, safety, and welfare of the SG Properties' tenants, including, without limitation, that the SG Properties have operating air conditioning and continued utility services.

22. Upon entry of the Proposed Order, the Receiver and Friedman are considering entering into an amendment and restatement of the existing property management agreement pursuant to which Friedman (x) is managing the Classen Property and the Montgomery Property and (y) was managing the Woodland Property prior to the Receiver returning possession of the Woodland Property to Vesta Realty upon the Receiver's learning that the Woodland Manor Borrowers filed bankruptcy in the United States Bankruptcy Court for the Northern District of Texas, Case No. 26-33167 and Case No. 26-33168. If entered into, the net effect of such amendments and restatements of the Friedman property management agreements would result in more favorable terms from the perspective of the Receiver. As such, the Parties request that the Court authorize the execution and delivery of amended and restated property management agreements in the form agreed by the Receiver and Friedman for the Classen Property, the Montgomery Property and the Woodland Property.

23. For the foregoing reasons, Lender respectfully submits that cause for immediate entry of the Proposed Order exists under sections 362(a) and (f) of the Bankruptcy Code and Bankruptcy Rule 4001(a)(2). Pursuant to the Proposed Order, the Receiver should be authorized to exercise all authorities under the Receivership Order, including, without limitation, to enter

into amended and restated property management agreements with Friedman. Further, for the avoidance of doubt and as is reflected in the Proposed Order, upon the grant of relief from the automatic stay, junior lienholders should be authorized to assert any claims, defenses, liens and interests in the Oklahoma State Court Cases.

**B. <u>The Court Should Excuse Turnover of the Property</u>**

24. Section 543(d)(1) of the Bankruptcy Code provides that this Court may "excuse compliance [with the turnover requirements of Sections 543(a) and (b)] . . . if the interests of creditors . . . would be better served by permitting a custodian to continue in possession, custody, or control [of the debtors' assets]." 11 U.S.C. § 543(d)(1); *see also In re LCL Income Props., L.P. VI*, 177 B.R. 872, 874 (Bankr. S.D. Ohio 1995); *In re Poplar Springs Apartments of Atlanta, Ltd.*, 103 B.R. 146, 149 (Bankr. S.D. Ohio 1989); *In re Lizeric Realty Corp.*, 188 B.R. 499, 506 (Bankr. S.D.N.Y. 1995). Section 543(d) is "intended to provide flexibility when there is no useful purpose to be served by turnover." *Matter of Plantation Inn Partners*, 142 B.R. 561, 564 (Bankr. S.D. Ga. 1992). Accordingly, "subsection (d) is an abstention policy which permits the custodianship to continue if the best interest of creditors and stockholders is served . . .." *In re Sundance Corp.*, 83 B.R. 746, 747 (Bankr. D. Mont. 1988).

25. To determine whether to excuse turnover under section 543(d)(1), courts may consider several factors, however the paramount and sole concern is the interests of the debtor's creditors. *In re Falconridge, LLC*, No. 07-BK-19200, 2007 WL 3332769, at *7 (Bankr. N.D. Ill. Nov. 8, 2007); *Lizeric*, 188 B.R. at 506-07 (three of the main factors are the likelihood of rehabilitation, whether there are available funds for the reorganization process, and any mismanagement); *Dill v. Dime Savings Bank, FSB (In re Dill)*, 163 B.R. 221, 225 (Bankr. E.D.N.Y. 1994) (same).

26. Lender respectfully submits that the interests of creditors will be best served by authorizing the Receiver to remain in possession and control of the SG Properties and exercise all powers authorized by the applicable receivership order and applicable law. The Receiver should therefore be excused from complying with the turnover provisions of Bankruptcy Code sections 543(a) and (b) *nunc pro tunc* to the Petition Date. Lender believes that permitting the Receiver to liquidate the SG Properties provides the most efficient mechanism to achieve the highest value for the SG Properties.

27. Notwithstanding the waiver of turnover of the SG Properties and all proceeds generated therefrom, the YSA Trustee shall be entitled to receive, and the Receiver shall pay from sale proceeds generated from the liquidation of the SG Properties or other cash collateral of the SG Properties, the YSA Trustee's reasonable, necessary costs and expenses, of preserving the SG Properties incurred by the YSA Trustee from his appointment date of October 7, 2026 through the date on which a final order granting the Stay Relief Order is entered (the "Carve Out"). The Carve Out shall be paid from a carveout to Lender's lien by the Receiver to the YSA Trustee, such that the YSA Trustee shall receive payment ahead of distributions to Lender and any lienholders junior in priority to Lender. For the avoidance of doubt, the YSA Trustee's fees and expenses comprising the Carve Out must be approved by the Bankruptcy Court prior to any payment by the Receiver and Lender reserves all rights, waiving none with respect to the Carve Out.

28. Accordingly, Lender submits that approval of the relief sought in the Proposed Order is warranted under Bankruptcy Code sections 362(a) and (f)[6] and 543(d) and is necessary to prevent any further delay or diminution of value with respect to the SG Properties.

---

[6] And, for the avoidance of doubt, is warranted under section 362(d) of the Bankruptcy Code as is set forth in the Stay Relief Motion.

## WAIVER OF STAY UNDER BANKRUPTCY RULES 4001(A)(4) AND 6004(H)

29. Lender requests that the fourteen (14) day stay provided in Bankruptcy Rules 4001(a)(4) and 6004(h) be waived to enable the Parties and the Receiver to immediately enforce and implement the terms of the Proposed Order.

30. Such stay should be waived because it is essential that the Receiver maintain operations of the SG Properties, including ensuring that the SG Properties are covered by appropriate and necessary policies of insurance, and that tenants receive utility services, including, without limitation, provision of air conditioning, electricity, and water. Absent a waiver of the Bankruptcy Rule 4001(a)(4) stay, irreparable harm to the SG Properties and the tenants residing therein is likely to occur.

## NOTICE

31. The Debtor has consented to the entry of the Proposed Order.[7] All other parties claiming an interest in the SG Properties are being provided notice of the Application contemporaneously with its filing. Due to the exigencies of circumstances, the the Lender requests immediate entry of the Proposed Order without further notice or hearing.

## CONCLUSION

WHEREFORE, Lender respectfully requests that the Court enter the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

---

[7] As of the date of this filing, a trustee has not been appointed in this Chapter 11 Case. Upon the appointment of a trustee in this Chapter 11 Case, Lender shall seek such trustee's consent to the Stay Relief Motion.

**Bankruptcy Rule 4001(a)(2)(A) Verification**

I, C. David Rhoades, being duly sworn and legally competent to testify, hereby verify the facts set forth in this Application with respect to the showing made under Bankruptcy Rule 4001 pursuant to 28 U.S.C. § 1746.

*/s/C. David Rhoades*
David Rhoades

**Bankruptcy Rule 4001(a)(2)(B) Verification**

The undersigned counsel verifies that the YSA Trustee's, the Debtor's and the Trustee's consent to this Application has been obtained. All parties asserting junior mortgage liens, judgment liens, or mechanics' or materialmens' liens burdening the SG Properties are being provided notice of this Application, either through CM/ECF or U.S. Mail, as set forth in the certificate of service. Such parties will benefit from the Lender's efforts to ensure that the Receiver may immediately obtain insurance policies covering the SG Properties and continue to operate the SG Properties, thereby generating revenues. Such parties have been afforded the opportunity to object to the grant of final relief sought by and through the Stay Relief Motion. Due to the exigencies of circumstances, as set forth in paragraphs 14 - 23 above, Lender respectfully submits that notice is adequate and sufficient, and no further notice should be required.

Dated: October 20, 2026

*/s/Craig M. Regens*
William H. Hoch, OBA#15788
Craig M. Regens, OBA #22894
CROWE & DUNLEVY, A PROFESSIONAL CORPORATION
324 North Robinson Avenue, Suite 100
Oklahoma City, OK 73102
Telephone: 405.239.6692
Email: will.hoch@crowedunlevy.com
craig.regens@crowedunlevy.com

*COUNSEL FOR TERM FUND III MRA SELLER LLC AND TERM FUND B IV MRA SELLER LLC*

# Exhibit 1

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br><br>YSA Investments 1, LLC,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 26-12806 (SAH) |

**ORDER GRANTING AGREED APPLICATION FOR ENTRY OF AN INTERIM ORDER (I) APPROVING STIPULATION REGARDING OKLAHOMA RECEIVER; (II) GRANTING RELIEF FROM STAY PURSUANT TO BANKRUPTCY CODE SECTION 362(a) AND (f); (III) EXCUSING COMPLIANCE WITH BANKRUPTCY CODE SECTION 543; (IV) WAIVING BANKRUPTCY RULE 4001 STAY; AND (V) GRANTING RELATED RELIEF**

Upon the application (the "Application") of Term Fund III MRA Seller LLC (together with its successors and/or assigns, "Fund 3 Lender") and Term Fund B IV MRA Seller LLC (together with its successors and/or assigns, "Fund 4 Lender", and together with Fund 3 Lender, individually and/or collectively, as the context may require, "Lender"), pursuant to Bankruptcy Code sections 105(a), 362(a) and (f), and 543(d), Bankruptcy Rule 4001, and Local Rule 4001-1, for entry of an order (i) modifying the automatic stay to allow the Receiver to possess, control and manage the SG Properties[2], including the exercise of such power and authority set forth in the Classen

[1] The address of the Debtor is 848 Brickell Avenue, Suite PH5, Miami, Florida 33131. The last four digits of the Debtor's federal tax identification numbers are 3352.

[2] Capitalized terms used but not defined herein shall have the meanings attributed to them in the Application.

Receivership Order, Montgomery Receivership Order, and the Woodland Manor Receivership Order; (ii) excusing the Receiver from compliance with Bankruptcy Code sections 543(a)-(c) *nunc pro tunc* to the Petition Date; (iii) terminating the automatic stay to permit the Lender to pursue and exercise any and all of its contractual and legal rights and remedies pursuant to its loan documents and applicable law, including, but not limited to, recovering and disposing of all collateral, through foreclosure proceedings, or otherwise, and applying the proceeds of the collateral against the amounts owed to the Lender; and (iv) granting related relief, all as more fully set forth in the Application; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court finding that, due to the exigencies of circumstances and the agreement of all interested parties having been represented below, that adequate notice of the Application and opportunity for objection has been given under the circumstances; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein and that such relief is in the best interests of the Debtor, its estate, its creditors, and all parties in interest; and upon all of the proceedings before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as set forth herein.

2. The Court FINDS that there is no equity in the SG Properties.

3. The Court FINDS that the Lender has a valid and enforceable first mortgage lien on the SG Properties.

4. The Debtor agrees that it shall not (i) interfere with the Receiver's operation and management of the SG Properties, (ii) challenge the Receiver's appointment and exercise of his

rights and duties, (iii) interfere with or challenge the Lender's exercise or pursuit of any of its contractual and legal rights or remedies pursuant to its loan documents and applicable law, (iv) exercise dominion or control over or disburse, except to Lender, any cash or rents generated by the SG Properties, and (v) grant liens or provide adequate protection of any interest other than Lender's interest with respect to the SG Properties.

5. The YSA Trustee and the Debtor are authorized and DIRECTED to execute and deliver to the Receiver or Lender all agreements, instruments and other documents as the Receiver or Lender may reasonably request to evidence, confirm, validate or effectuate the liquidation, foreclosure or other sale or disposition of the SG Properties.

6. Pursuant to Bankruptcy Code sections 362(a) and (f), the automatic stay is hereby modified immediately, notwithstanding the provisions of Bankruptcy Rule 4001(a)(4), to permit the Receiver to exercise all powers and authority set forth in in the Classen Receivership Order, the Montgomery Receivership Order, the Woodland Manor Receivership Order (collectively, the "Receivership Orders"), and applicable law, including, without limitation, to enter into amended and restated property management agreements with Friedman.

7. Pursuant to Bankruptcy Code section 362(f), the automatic stay is hereby modified immediately, notwithstanding the provisions of Bankruptcy Rule 4001(a)(4), to permit the Fund 3 Lender to file a foreclosure action in Oklahoma State District Court and request the immediate appointment of a Receiver with respect to the Ridge Property substantially similar to the Receivership Orders and Receiver to exercise all powers and authority set forth in such Receivership Order and applicable law.

8. . The automatic stay is further modified to permit junior lienholders, including, without limitation, Toval Ventures, LLC and Evolved Capital, LLC, to assert applicable claims, defenses, liens and interests in the Oklahoma State Court Cases.

9. The Receiver shall and is hereby authorized to possess, control and manage the SG Properties.

10. The Receiver is excused from the requirement of complying with Bankruptcy Code sections 543(a), (b), and (c) nunc pro tunc to the Petition Date.

11. The Carve Out is approved, subject to the terms and conditions set forth in the Application.

12. Notwithstanding any applicability of Bankruptcy Rules 4001(a)(4) and 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

14. This Order shall be effective until the Court enters an Order concerning the *Term Fund III MRA Seller LLC and Term Fund B IV MRA Seller LLC's First Amended Agreed Motion for Entry of an Order (I) Granting Relief from Stay Pursuant to Bankruptcy Code Section 362(d); (II) Excusing Compliance with Bankruptcy Code Section 543; (III) Waiving Bankruptcy Rule 4001; and (IV) Granting Related Relief* [Dkt. No. 481] and such Order becomes effective.

15. ALL STIPULATIONS AND FINDINGS OF FACT HEREIN ARE BASED UPON REPRESENTATIONS OF COUNSEL.

16. Lender shall effectuate service of this Order upon all interested parties.

IT IS SO ORDERED.

###

Approved for Entry:

*/s/Craig M. Regens*_______________
William H. Hoch, OBA#15788
Craig M. Regens, OBA #22894
CROWE & DUNLEVY, A PROFESSIONAL CORPORATION
324 North Robinson Avenue, Suite 100
Oklahoma City, OK 73102
Telephone: 405.239.6692
Email: will.hoch@crowedunlevy.com
craig.regens@crowedunlevy.com

*COUNSEL FOR TERM FUND III MRA SELLER LLC AND TERM FUND B IV MRA SELLER LLC*

*s/Jason A. Sansone*_______________
Clayton D. Ketter, OBA No. 30611
Jason A. Sansone, OBA No. 30913
Nicholas J. Candido, OBA No. 36069
PHILLIPS MURRAH, P.C.
424 N.W. 10th St., Suite 300
Oklahoma City, OK 73103
Telephone: 405.235.4100
Facsimile: 405.235.4133
cdketter@phillipsmurrah.com
jasansone@phillipsmurrah.com
njcandido@phillipsmurrah.com

*PROPOSED COUNSEL FOR YSA INVESTMENTS 1, LLC*

s/ Jessica N. Alt______________________________
Jessica N. Alt
Oklahoma Federal I.D. #25-150
100 Throckmorton Street, Suite 700
Fort Worth, Texas 76102
Phone: 817-338-1616
Fax: 817-338-1610
jalt@padfieldstout.com
*Counsel for Toval and Evolved*

*/s/ J. Clay Christensen*
J. Clay Christensen, OBA# 11789
Christensen Law Group, PLLC
The Parkway Building
3401 NW 63rd St., Ste. 600
Oklahoma City, OK 73116
Telephone: 405.232.2020
Facsimile: 405.228.1113
clay@christensenlawgroup.com

*Counsel for Chapter 11 Trustee Michael E. Deeba*