Joyce W. Lindauer
State Bar No. 21555700
Lindauer & Vaughn
117 S. Dallas Street
Ennis, Texas 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Ridge Best
Living LLC and Woodland
Manor Best Living, LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**OKLAHOMA CITY DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **YSA INVESTMENTS 1, LLC,** | § | **CASE NO. 26-12806-sah-11** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

**NOTICE REGARDING ORDER (I) GRANTING RELIEF FROM STAY PURSUANT TO BANKRUPTCY CODE SECTION 362(d); (II) EXCUSING COMPLIANCE WITH BANKRUPTCY CODE SECTION 543; (III) WAIVING BANKRUPTCY RULE 4001; AND (IV) GRANTING RELATED RELIEF (re: Docket No. 535)**

PLEASE TAKE NOTICE THAT the *Order (I) Granting Relief from Stay Pursuant to Bankruptcy Code Section 362(d); (II) Excusing Compliance with Bankruptcy Code Section 543; (III) Waiving Bankruptcy Rule 4001; and (IV) Granting Related Relief* (the "Order") [Docket No. 535] entered on October 22, 2026, does not lift the stay in the case of Ridge Best Living, LLC (Case No. 26-12869-sah) or in the case of Woodland Manor Best Living, LLC (Case No. 26-12858) pending before this Court. Woodland Manor and Ridge Best Living claim ownership of their properties in their own cases and are the actual borrowers on the loans on such properties. For the record, both Debtors objected to the original motion to lift stay filed by the Secured Lenders claiming relief from the stay in this case [Docket No. 406]. A copy of the Order is attached hereto as Exhibit "A."

Dated: October 22, 2026.

Respectfully submitted,

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer
Texas State Bar No. 21555700
Lindauer & Vaughn
117 S. Dallas Street
Ennis, Texas 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Ridge Best
Living LLC and Woodland
Manor Best Living, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 22, 2026, a true and correct copy of the foregoing document was served via email through the Court's ECF system upon those parties receiving electronic notice in this case.

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer

# EXHIBIT "A"

**Dated: October 22, 2026**

**The following is ORDERED:**

Sarah A Hall
United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br><br>YSA Investments 1, LLC,<br><br>Debtor. [1] | Chapter 11<br><br>Case No. 26-12806 (SAH) |

**ORDER (I) GRANTING RELIEF FROM STAY PURSUANT TO BANKRUPTCY CODE SECTION 362(d); (II) EXCUSING COMPLIANCE WITH BANKRUPTCY CODE SECTION 543; (III) WAIVING BANKRUPTCY RULE 4001; AND (IV) GRANTING RELATED RELIEF**

**Relates to Dkt. No. 481**

Upon the motion (the "Motion") of Term Fund III MRA Seller LLC (together with its successors and/or assigns, "Fund 3 Lender") and Term Fund B IV MRA Seller LLC (together with its successors and/or assigns, "Fund 4 Lender", and together with Fund 3 Lender, individually and/or collectively, as the context may require, "Lender"), pursuant to Bankruptcy Code sections 105(a), 362(d), and 543(d), Bankruptcy Rule 4001, and Local Rule 4001-1, for entry of an order

---

[1] The address of the Debtor is 848 Brickell Avenue, Suite PH5, Miami, Florida 33131. The last four digits of the Debtor's federal tax identification numbers is 3352.

(i) modifying and/or terminating the automatic stay to allow (a) the Receiver to possess, control and manage the SG Properties[2], including the exercise of such power and authority set forth in the Classen Receivership Order, Montgomery Receivership Order, and the Woodland Manor Receivership Order and (b) the Lender to pursue and exercise any and all of its contractual and legal rights and remedies pursuant to its loan documents and applicable law, including, but not limited to, recovering and disposing of all collateral, through foreclosure proceedings, or otherwise, and applying the proceeds of the collateral against the amounts owed to the Lender; (iii) excusing the Receiver from compliance with Bankruptcy Code sections 543(a)-(c) *nunc pro tunc* to the Petition Date; (iv) waiving Bankruptcy Rule 4001(a)(4); and (v) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court finding that the Motion was filed on October 6, 2026, properly and timely served on all parties-in-interest, and that the deadline for filing responses to the Motion expired on October 20, 2026, without any responses having been filed; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtor, its estates, its creditors, and all parties in interest; and any objections to the Motion having been withdrawn or overruled on the merits; and upon all of the proceedings before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

[2] Capitalized terms used but not defined herein shall have the meanings attributed to them in the Application.

1. The Motion is granted as set forth herein.

2. The Stipulation is approved and incorporated by reference herein.

3. The Court FINDS that there is no equity in the SG Properties.[3]

4. The Court FINDS that the Lender has a valid and enforceable first mortgage lien on the SG Properties.

5. The Debtor agrees that it shall not (i) interfere with the Receiver's operation and management of the SG Properties, (ii) challenge the Receiver's appointment and exercise of his rights and duties, (iii) interfere with or challenge the Lender's exercise or pursuit of any of its contractual and legal rights or remedies pursuant to its loan documents and applicable law, (iv) exercise dominion or control over or disburse, except to Lender, any cash or rents generated by the SG Properties, and (v) grant liens or provide adequate protection of any interest other than Lender's interest with respect to the SG Properties.

6. The Debtor is authorized and DIRECTED to execute and deliver to the Receiver or Lender all agreements, instruments and other documents as the Receiver or Lender may reasonably request to evidence, confirm, validate or effectuate the liquidation, foreclosure or other sale or disposition of the SG Properties.

7. Pursuant to Bankruptcy Code section 362(d), the automatic stay is hereby modified immediately, notwithstanding the provisions of Bankruptcy Rule 4001(a)(4), to permit the Receiver to exercise all powers and authority set forth in in the Classen Receivership Order, the Montgomery Receivership Order, the Woodland Manor Receivership Order (collectively, the "<u>Receivership Orders</u>"), and applicable law.

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

8. Pursuant to Bankruptcy Code section 362(d), the automatic stay is hereby modified immediately, notwithstanding the provisions of Bankruptcy Rule 4001(a)(4), to permit the Fund 3 Lender to file a foreclosure action in Oklahoma State District Court and request the immediate appointment of a receiver with respect to the Ridge Property substantially similar to the Receivership Orders and Receiver to exercise all powers and authority set forth in such Subsequent Receivership Order.

9. The Receiver shall and is hereby authorized to possess, control and manage the SG Properties.

10. The Receiver is excused from the requirement of complying with Bankruptcy Code sections 543(a), (b), and (c) *nunc pro tunc* to the Petition Date.

11. Pursuant to Bankruptcy Code section 362(d), the automatic stay is hereby terminated to permit the Lender to pursue and exercise any and all of its contractual and legal rights and remedies pursuant to its loan documents and applicable law, including, but not limited to, recovering and disposing of all collateral, including, but not limited to, the SG Properties, through foreclosure proceedings, or otherwise, and applying the proceeds of the collateral against the amounts owed to the Lender. The automatic stay is further modified to permit junior lienholders, including, without limitation, Toval Ventures, LLC and Evolved Capital, LLC, to assert applicable claims, defenses, liens and interests in the Oklahoma State Court Cases.

12. The Carve Out is approved on a final basis, as defined in and subject to the terms and conditions set forth in the Application.[4] To the extent there are excess proceeds following the

---

[4] For the avoidance of doubt, the definition, terms and conditions of the Carve Out are as follows: Notwithstanding the waiver of turnover of the SG Properties and all proceeds generated therefrom, the YSA Trustee shall be entitled to receive, and the Receiver shall pay from sale proceeds generated from the liquidation of the SG Properties or other cash collateral of the SG Properties, the YSA Trustee's reasonable, necessary costs and expenses, of preserving the SG Properties

sale of any of the SG Properties and application of the same to all outstanding obligations owed to Lender, such proceeds shall be subject to distribution in the order of priority under applicable law and subject to applicable court order(s). To the extent there are excess proceeds following the Receiver's distribution to holders of allowed claims pursuant to applicable law, such excess proceeds should be distributed by the Receiver in accordance with further Order of this Bankruptcy Court, such Order to be obtained jointly by the YSA Trustee and the Trustee.

13. Notwithstanding any applicability of Bankruptcy Rules 4001(a)(4) and 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

15. ALL STIPULATIONS AND FINDINGS OF FACT HEREIN ARE BASED UPON REPRESENTATIONS OF COUNSEL.

16. Lender shall effectuate service of this Order upon all interested parties.

IT IS SO ORDERED.

###

---

incurred by the YSA Trustee from his appointment date of October 7, 2026 through the date on which a final order granting the Stay Relief Order is entered (the "Carve Out"). The Carve Out shall be paid from a carveout to Lender's lien by the Receiver to the YSA Trustee, such that the YSA Trustee shall receive payment ahead of distributions to Lender and any lienholders junior in priority to Lender. For the avoidance of doubt, the YSA Trustee's fees and expenses comprising the Carve Out must be approved by the Bankruptcy Court prior to any payment by the Receiver and Lender reserves all rights, waiving none with respect to the Carve Out.

Approved for Entry:

/s/Craig M. Regens
William H. Hoch, OBA#15788
Craig M. Regens, OBA #22894
CROWE & DUNLEVY, A PROFESSIONAL CORPORATION
324 North Robinson Avenue, Suite 100
Oklahoma City, OK 73102
Telephone: 405.239.6692
Email: will.hoch@crowedunlevy.com
craig.regens@crowedunlevy.com

*COUNSEL FOR TERM FUND III MRA SELLER LLC AND TERM FUND B IV MRA SELLER LLC*

s/Jason A. Sansone
Clayton D. Ketter, OBA No. 30611
Jason A. Sansone, OBA No. 30913
Nicholas J. Candido, OBA No. 36069
PHILLIPS MURRAH, P.C.
424 N.W. 10th St., Suite 300
Oklahoma City, OK 73103
Telephone: 405.235.4100
Facsimile: 405.235.4133
cdketter@phillipsmurrah.com
jasansone@phillipsmurrah.com
njcandido@phillipsmurrah.com

*PROPOSED COUNSEL FOR YSA INVESTMENTS 1, LLC*

s/ Jessica N. Alt
Jessica N. Alt
Oklahoma Federal I.D. #25-150
100 Throckmorton Street, Suite 700
Fort Worth, Texas 76102
Phone: 817-338-1616
Fax: 817-338-1610
jalt@padfieldstout.com
*Counsel for Toval and Evolved*

*<u>/s/ J. Clay Christiansen</u>*
J. Clay Christiansen, OBA# 11789
Christensen Law Group, PLLC
The Parkway Building
3401 NW 63rd St., Ste. 600
Oklahoma City, OK 73116
Telephone: 405.232.2020
Facsimile: 405.228.1113
clay@christensenlaw.com

*Counsel for Chapter 11 Trustee Michael E. Deeba*