Joyce W. Lindauer
Texas State Bar No. 21555700
Lindauer & Vaughn
117 S. Dallas Street
Ennis, Texas 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Woodland Manor's
Best Living, LLC, Woodland Manor
TIC 1, LLC, and Ridge Best Living, LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**OKLAHOMA CITY DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **YSA INVESTMENTS 1, LLC,** | § | **CASE NO. 26-12806-sah-11** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

**LIMITED OBJECTION OF WOODLAND MANOR'S BEST LIVING, LLC, WOODLAND MANOR TIC 1, LLC, AND RIDGE BEST LIVING, LLC TO TERM FUND III MRA SELLER LLC AND TERM FUND B IV MRA SELLER LLC'S SECOND AMENDED AGREED APPLICATION FOR INTERIM RELIEF [DKT. 532]**

TO THE HONORABLE SARAH A. HALL, UNITED STATES BANKRUPTCY JUDGE:

Woodland Manor's Best Living, LLC, Woodland Manor TIC 1, LLC, and Ridge Best Living, LLC (collectively, the "Objecting Debtors"), by and through undersigned counsel, file this Limited Objection to Term Fund III MRA Seller LLC and Term Fund B IV MRA Seller LLC's (collectively, "Term Fund") Second Amended Agreed Application for Interim Relief [Dkt. 532] (the "Application"), and respectfully state as follows:

## I. BACKGROUND

1. On October 6, 2026, Term Fund filed its First Amended Motion for Entry of an Order Granting Relief from Stay Pursuant to Bankruptcy Code Section 362(d), Excusing

Compliance with Bankruptcy Code Section 543, Waiving Bankruptcy Rule 4001, and Granting Related Relief [Dkt. 481] (the "Final Stay Relief Motion").

2. The Final Stay Relief Motion seeks authority to pursue foreclosure and other remedies against certain multifamily apartment properties, including Woodland Manor Apartments and The Ridge.

3. On October 20, 2026, Term Fund filed its Second Amended Agreed Application for Interim Relief [Dkt. 532], seeking immediate relief pending consideration of the Final Stay Relief Motion.

4. The Objecting Debtors do not seek relief concerning the Classen Apartments or The Montgomery. This Objection is expressly limited to the relief requested in the Application affecting Woodland Manor Apartments, located at 8641 E. 61st Street, Tulsa, Oklahoma, and The Ridge, located at 3834 North Oak Grove Drive, Midwest City, Oklahoma.

5. Woodland Manor's Best Living, LLC and Woodland Manor TIC 1, LLC are the borrowers associated with Woodland Manor Apartments. Ridge Best Living, LLC is the borrower associated with The Ridge.

6. The Objecting Debtors are debtors in separate Chapter 11 bankruptcy proceedings and have independent rights and interests concerning their respective properties and bankruptcy estates.

7. The Objecting Debtors oppose the Application to the extent the requested interim relief would authorize foreclosure, receivership control, disposition of property, or other enforcement actions against their properties without preserving the protections afforded in their separate bankruptcy proceedings.

## II. OBJECTION TO INTERIM RELIEF

### A. The Automatic Stays in the Objecting Debtors' Separate Bankruptcy Cases Must Be Preserved.

8. The Objecting Debtors are separate legal entities whose bankruptcy estates are distinct from the bankruptcy estate of YSA Investments 1, LLC.

9. Pursuant to 11 U.S.C. § 362(a), the filing of each Objecting Debtor's bankruptcy petition resulted in the imposition of an automatic stay applicable to that debtor and its bankruptcy estate.

10. The Application is filed in the bankruptcy proceeding of YSA Investments 1, LLC. Any relief granted from the automatic stay in the present case should not be interpreted as independently terminating, modifying, or otherwise affecting the automatic stays arising in the Objecting Debtors' separate bankruptcy proceedings.

11. Indeed, the Final Stay Relief Motion acknowledges that similar relief would be sought in the separate bankruptcy cases involving Woodland Manor and Ridge.

12. Accordingly, the Objecting Debtors object to any provision of the requested interim order that could be construed as authorizing Term Fund or its receiver to exercise remedies against property protected by the automatic stays in the Objecting Debtors' bankruptcy cases.

### B. The Requested Interim Relief Is Overly Broad Insofar as It Affects the Objecting Debtors' Property Rights.

13. The Application seeks immediate authority for the receiver to exercise possession, control, and management over the properties and for Term Fund to pursue rights and remedies concerning its collateral.

14. The Objecting Debtors object to the extent such relief would permit foreclosure proceedings, enforcement actions, or the transfer of possession and control of their respective properties without appropriate authorization in their separate bankruptcy proceedings.

15. The Objecting Debtors further object to the entry of findings or provisions that could be construed as conclusively determining the validity, priority, extent, or enforceability of Term Fund's liens, or the absence of equity in the Objecting Debtors' properties, without an appropriate adjudication of those matters.

16. Interim relief should be narrowly tailored to the circumstances presented and should not unnecessarily prejudice the Objecting Debtors' rights or interests.

### C. The Alleged Emergency Does Not Justify Relief Beyond the Scope of the Present Bankruptcy Case.

17. Term Fund requests immediate relief under 11 U.S.C. § 362(f), citing concerns regarding the condition, maintenance, insurance, management, and operation of the properties.

18. The Objecting Debtors recognize the importance of maintaining the properties, protecting residents, and preserving property value.

19. However, the existence of alleged emergency circumstances does not eliminate the separate statutory protections afforded to the Objecting Debtors or automatically authorize enforcement against property of their bankruptcy estates.

20. Section 362(f) permits interim relief where necessary to prevent irreparable damage to an interest in property. Any such relief should be limited to what is necessary to address the demonstrated emergency and should not extend beyond the automatic stay at issue in the present proceeding.

21. The Objecting Debtors therefore request that the Court deny the requested interim relief insofar as it purports to authorize enforcement actions against their properties notwithstanding the automatic stays applicable in their separate bankruptcy cases.

**D. The Requested Receivership and Turnover Relief Must Not Prejudice the Objecting Debtors.**

22. The Application also seeks relief relating to the receiver's possession, control, and management of the properties and compliance with the turnover requirements of 11 U.S.C. § 543.

23. The Objecting Debtors object to the extent such relief would affect possession, custody, control, or disposition of property belonging to their respective bankruptcy estates without an appropriate determination of the parties' rights in the applicable bankruptcy proceedings.

24. Any interim order should expressly preserve the rights of the Objecting Debtors and their respective bankruptcy estates concerning receivership authority, turnover, property management, and disposition of estate assets.

**E. The Objecting Debtors Expressly Reserve All Rights and Defenses.**

25. The Objecting Debtors do not consent, by virtue of the filing of the Application or the entry of any order in the YSA bankruptcy case, to the termination or modification of the automatic stays applicable in their respective bankruptcy cases.

26. Nor should any order entered on the Application be construed as a waiver, release, or adjudication of any rights, claims, defenses, or interests belonging to the Objecting Debtors.

27. The Objecting Debtors expressly reserve all rights concerning the validity, priority, extent, and enforceability of liens; the ownership, possession, management, and disposition of their properties; receivership authority; foreclosure; and any other rights and remedies available under applicable law.

## III. PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Woodland Manor's Best Living, LLC, Woodland Manor TIC 1, LLC, and Ridge Best Living, LLC respectfully request that this Court:

A. **SUSTAIN** this Limited Objection to Term Fund's Second Amended Agreed Application for Interim Relief [Dkt. 532];

B. **DENY** the Application to the extent the requested interim relief would authorize foreclosure, receivership control, transfer of possession, liquidation, or other enforcement actions against the Objecting Debtors' properties in contravention of the automatic stays applicable in their separate bankruptcy cases;

C. Alternatively, **LIMIT** any interim relief granted to the automatic stay arising in the bankruptcy case of YSA Investments 1, LLC, and expressly provide that such relief does not independently modify or terminate the automatic stays applicable in the Objecting Debtors' separate bankruptcy proceedings;

D. Preserve all rights, claims, defenses, and interests of the Objecting Debtors concerning their respective properties and bankruptcy estates;

E. Decline to enter findings that would conclusively adjudicate the Objecting Debtors' property rights or the validity, priority, extent, or enforceability of liens against their properties; and

F. Grant such other and further relief as the Court deems just and proper.

Dated: October 23, 2026.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
Texas State Bar No. 21555700
Lindauer & Vaughn
117 S. Dallas Street
Ennis, Texas 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Woodland Manor's
Best Living, LLC, Woodland Manor
TIC 1, LLC and Ridge Best Living, LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 23, 2026, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon those parties receiving electronic notice in this case.

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer