IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
OKLAHOMA CITY DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 26-12806-SAH |
| | § | |
| YSA INVESTMENTS 1, LLC | § | |
| | § | Chapter 11 |
| Debtor. | § | |
| | § | |

**DECLARATION OF KELLY MCCULLOUGH**

STATE OF TEXAS §
§
COUNTY OF DALLAS §

1. My name is Kelly McCullough. I am over the age of 18 years and am competent and otherwise qualified to make this Declaration. I have personal knowledge of the facts stated herein, and they are all true and correct to the best of my knowledge.

2. I am a Director of the accounting firm of Lain, Faulkner & Co., P.C. ("LainFaulkner"), which maintains offices at 1700 Pacific Avenue, Suite 2700, Dallas, Texas 75201. LainFaulkner is currently comprised of approximately 18 accountants and support staff. LainFaulkner has expertise in many areas of accounting, including business reorganization, bankruptcy, forensic accounting, and claims administration.

3. The Trustee has requested that LainFaulkner render professional services at the direction of the Trustee in connection with this chapter 11 case. The professional services, pursuant to section 327 of the Bankruptcy Code, that the Trustee requires or may need LainFaulkner to render include, but are not limited to, the following:

a) To assist the Trustee in determining the assets of these Chapter 7 estates and their fair value through the review of accounting related documents;

b) To assist the Trustee in determining the claims against these Chapter 7 estates;

c) To assist the Trustee in preparation of any tax returns due from these estates;

d) To develop litigation strategy accounting data to assist in determining and analyzing whether potential claims or causes of action exist for, among other things, preferences and fraudulent transfers; and

e) Perform all other accounting services and provide all other financial advice to the Trustee in connection with these Chapter 7 cases as may be required or necessary.

4. The above-described professional services will be performed in a consultant role. Should it be determined at a later date that the Trustee requires expert witness services in this matter and desires LainFaulkner to provide those services, the Application will be amended to address those additional services.

5. Subject to court approval of the Application, LainFaulkner is willing to serve as the Trustee's accountants and to perform the services described above.

6. LainFaulkner has agreed to perform such accounting services on an hourly fee basis at its standard hourly rates, and the Trustee has agreed to same subject to this Court's approval. LainFaulkner's standard rates range from the following, depending on the personnel assigned:

| **Professional/Paraprofessional** | **Hourly Rate** |
|---|---|
| Directors | \$440 - \$540 |
| Accounting Professionals | \$210 - \$350 |
| IT Professionals | \$325 |
| Staff Accountants | \$270 - \$295 |
| Clerical and Bookkeepers | \$95 - \$145 |

LainFaulkner's rates are subject to periodic adjustment (normally at year-end) to reflect economic conditions, as well as experience and other similar factors.

7. LainFaulkner has not received any promise as to compensation in connection with the representation other than as set out above.

8. As part of its diverse practice, LainFaulkner is involved in numerous proceedings and transaction that involve many different professionals, including attorneys, brokers, and

financial consultants, who may represent claimants and parties in interest in this bankruptcy case. Also, LainFaulkner has performed in the past, and may perform in the future, services for various attorneys and law firms, and has been represented by several attorneys and law firms, some of whom may be involved in this proceeding. LainFaulkner has previously worked, may currently work, and will likely in the future be working with or against other professionals involved in this case in matters unrelated to the Debtor and this case. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create interests materially adverse to the Debtor, and none are in connection with this case.

9. The members of LainFaulkner (i) do not have any connection with the Debtor, its creditors, or any other party in interest or their respective attorneys and accountants, (ii) do not have any connection with the United States Trustee or any person employed in the Office of the United States Trustee, (iii) are "disinterested persons," as that term is defined in § 101(14) of the Bankruptcy Code, and (iv) do not hold or represent any interest adverse to the Debtor's estate.

10. In preparing this Declaration, I have reviewed, or caused to be reviewed, the records of LainFaulkner to determine whether LainFaulkner has any connections with the known parties in interest in this case or any of their known attorneys or accountants.

11. As it relates to personal associations with the Debtor, its creditors, or any other party in interest or its respective attorneys and accountants, Kelly McCullough, a Director at LainFaulkner, is the brother of Kevin D. McCullough of Rochelle McCullough PLLC ("RoMc") who is a member at Rochelle McCullough PLLC. LainFaulkner often works with, or against, RoMc in matters unrelated to the Debtor and this case, and I do not believe this relationship creates an interest materially adverse to the Debtor.

12. Based on the foregoing, I believe LainFaulkner and its members to be "disinterested

persons" for purposes of section 101(14) of the Bankruptcy Code. To the extent that LainFaulkner discovers any facts bearing upon the matters described herein or its engagement by the Trustee, LainFaulkner will promptly supplement the information contained in this Declaration to disclose such information.

13. Accordingly, to the best of my knowledge, LainFaulkner is qualified to serve as accountants for the Trustee in this case.

14. I declare under penalty of perjury that the foregoing is true and correct.

Executed on 11/02, 2026.

Kelly McCullough