**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **IN RE:** | § | **Case No. 26-12825-SAH** |
| | § | |
| **727 LOFTS BEST LIVING, LLC**[1] | § | **Jointly Administered** |
| | § | |
| **Debtors.** | § | **Chapter 11** |
| | § | |
| | § | |
| **----------------------------------------------------** | § | |
| | § | |
| **YSA INVESTMENTS 1, LLC** | § | **Case No. 26-12806-SAH** |
| | § | |
| **Debtor.** | § | |

---

**TRUSTEES' JOINT NOTICE REGARDING SECURITY DEPOSITS**

---

**TO THE HONORABLE SARAH A. HALL,**
**CHIEF UNITED STATES BANKRUPTCY JUDGE:**

COME NOW Daniel J. Sherman ("Trustee Sherman"), Chapter 11 Trustee for the above-referenced jointly administered debtors (the "727 Debtors"), and Michael E. Deeba ("Trustee Deeba"), Chapter 11 Trustee for YSA Investments 1, LLC ("YSA") (collectively, the "Trustees"), and, in support of this Joint Notice Regarding Security Deposits (the "Joint Notice"), respectfully show the Court as follows:

1. Each of the 727 Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Northern District of Texas, Dallas Division, all of which have subsequently been transferred to the Western District of Oklahoma, Oklahoma City Division, and

[1] The jointly administered debtors and their respective case numbers are as follows: 727 Lofts Best Living, LLC, Case No. 26-12825-SAH; 727 Lofts Holdings, LLC, Case No. 26-12826-SAH; Remington Ranch's Best Living, LLC, Case No. 26-12842-SAH; Lofts at North Penn Best Living, LLC, Case No. 26-12844-SAH; A-V Village Creek Owner, LLC, Case No. 26-12846-SAH; Barcelona Best Living, LLC, Case No. 26-12850-SAH; Louis Investments, LLC, Case No. 26-12851-SAH; Woodland Manor Best Living, LLC, Case No. 26-12858-SAH; Woodland Manor TIC 1, LLC, Case No. 26-12859-SAH; and Ridge Best Living, LLC, Case No. 26-12869-SAH.

are pending before the Honorable Sarah A. Hall as jointly administered cases under the lead case of *In re 727 Lofts Best Living, LLC, et al., Case No. 26-12825-SAH*.

2. Daniel J. Sherman is the duly appointed and acting Chapter 11 trustee of the 727 Debtors' estates and continues to serve in that capacity.

3. On July 28, 2026, YSA Investments 1, LLC commenced this Chapter 11 case. On August 14, 2026, the bankruptcy proceeding was transferred to this Court.

4. On October 7, 2026, Ilene J. Lashinsky, the United States Trustee (the "UST"), filed her Application for Order Approving Appointment of Chapter 11 Trustee [Docket No. 495]. On October 7, 2026, the United States Trustee provided *Notice of Appointment of Chapter 11 Trustee* [Docket No. 489], and the Court approved the appointment on October 8, 2026 [Docket No. 499].

5. Michael E. Deeba is the duly appointed and acting Chapter 11 trustee of YSA's estate and continues to serve in that capacity.

6. The secured creditor for the property commonly known as Lakeside Place Apartments, a multifamily housing business located at 9601 E 21st Place, Tulsa, OK 74129 ("Lakeside Place Property"), is Computershare Trust Company, N.A. ("Computershare").

7. The secured creditor for the property commonly known as One Eaton Square Apartments, a multifamily housing business located at 8111 East 60th Street, Tulsa, OK 74145 ("One Eaton Square Property"), is Federal National Mortgage Association ("Fannie Mae").

8. The secured creditor for the property commonly known as 23 East Apartments, a multifamily housing business located at 11321 E 23rd St Unit 1 Tulsa, OK 74129 ("23 East Apartments Property"), is Computershare.

9. The secured creditor for the property commonly known as 727 Lofts, a multifamily housing business located at 727 E Main PI., Jenks, OK 74037 ("727 Lofts Property"), is ACRE Q018 Retention Holder LLC ("ACRE").

10. The secured creditor for the property commonly known as Barcelona Apartments, a multifamily housing business located at 5160 S Yale Ave, Tulsa, OK 74135 ("Barcelona Apartments Property"), is Fannie Mae.

11. As of October 23, 2026, the Trustees' records show that security deposit refunds due to tenants were as follows:

| **PROPERTY** | **SECURITY DEPOSIT** |
|---|---|
| Lakeside Place Property | $1,062.00 |
| One Eaton Square Property | $4,944.00 |
| 23 East Apartments Property | $1,834.00 |
| 727 Lofts Property | $3,060.00 |
| Barcelona Apartments Property | $3,292.00 |

(collectively, the "Security Deposits").

12. Please take notice that on or before November 4, 2026, the Trustees directed property manager, Capital Assets, Inc., to refund the Security Deposits to the tenants of the Lakeside Place Property, One Eaton Square Property, 23 East Apartments Property, 727 Lofts Property, and Barcelona Apartments Property, as required.

13. Prior to doing so, the Trustees and their counsel contacted counsel for the secured lenders who stated that their respective clients did not oppose the refund of the Security Deposits to the tenants.

14. Furthermore, Capital Assets' records relating to the properties commonly known as Village Creek, 23 East, Riverpark, and Villas at Midtown did not indicate that any security deposit refunds were due as of October 23, 2026.

15. This notice and disclosure to the Court and all parties in interest are necessary, as well as the above-referenced approvals from the secured creditors, because, in whole or in part, security deposits were previously commingled with rental payments, security deposits were interpleaded in state court actions, and/or security deposits were not properly segregated and sequestered in such a way to permit clear demarcation of non-cash collateral security deposit refund items and cash collateral rental payments.

16. As a direct result, some rental payment funds were likely utilized to refund the Security Deposits.

17. The secured lenders for the subject properties agreed to the refund of the Security Deposits.

18. Tenant security deposits generally are neither property of the bankruptcy estate nor a secured creditor's cash collateral; rather, they are funds a debtor-landlord holds for the benefit of its tenants. Section 363(a) of the Bankruptcy Code defines “cash collateral” to include the rents and proceeds of property in which both the estate and an entity other than the estate hold an interest subject to a security interest under Section 552(b). 11 U.S.C.A. § 363. Courts in Chapter 11 debtor-landlord apartment cases have distinguished such rents from tenant security deposits, holding that the security deposits “are neither cash collateral nor property of the estate” but instead “remain property of the tenants” under applicable state law, while prepetition rents subject to the mortgagee's lien are property of the estate and constitute cash collateral. *In re Pine Lake Vill. Apartment Co.*, 17 B.R. 829, 835-836 (Bankr. S.D.N.Y. 1982). Whether such funds are characterized as property of the estate or as trust funds held for the tenants is a question governed by state law. *Id.* at 833-834.

19. Oklahoma law, which governs the character of these funds, reinforces this treatment. The Oklahoma Residential Landlord and Tenant Act requires that any security deposit "be kept in an escrow account for the tenant," maintained in the State of Oklahoma with a federally insured financial institution, and makes misappropriation of a security deposit unlawful. Okla. Stat. Ann. tit. 41, § 115. Upon the cessation of a landlord's interest in a dwelling unit—expressly including "termination of interest by sale, assignment, death, bankruptcy, appointment of receiver or otherwise"—the person in possession of the tenants' security deposits must, within a reasonable time, either transfer them to the landlord's successor in interest and notify the tenants, or return the deposits to the tenants; if the landlord or manager fails to comply, the tenant may recover the deposit. *Id*. Oklahoma courts have enforced a landlord's statutory duty to return the security deposit upon a proper termination of the tenancy. *Ahlstrom v. Campbell Real Est., LLC*, 2020 OK CIV APP 70, 482 P.3d 17.

20. The Trustees acknowledge that, because the Security Deposits were previously commingled with rental payments and were not segregated or sequestered, the deposits may no longer be fully traceable as distinct, non-estate trust funds, and some cash collateral rental payments were likely used to fund the refunds. Accordingly, and notwithstanding the authority recognizing that tenant security deposits are properly refundable to the tenants, the Trustees obtained the consent of the secured lenders and file this Joint Notice out of an abundance of caution so that the Court and all parties in interest are apprised of the refunds and of the Trustees' use, if any, of cash collateral to accomplish them.

21. The Trustees further intend, in the ordinary course, to continue to refund additional security deposits to tenants, in due course, after discussion and confirmation with the secured lenders relating to the requested refunds.

WHEREFORE, the Trustees respectfully request that this Court and all interested parties take notice of the refund of the Security Deposits, and that the Court grant such other and further relief as this Court may deem just, equitable, and proper.

Dated: November 4, 2026.

Respectfully submitted,

*/s/Kevin D. McCullough*
Kevin D. McCullough
TX State Bar No. 00788005 (*Admitted Pro Hac Vice*)
Shannon S. Thomas
TX State Bar No. 24088442 (*Admitted Pro Hac Vice*)
ROCHELLE MCCULLOUGH PLLC
901 Main Street, Suite 3200
Dallas, Texas 75202
Telephone: (214) 953-0182
Facsimile: (888) 467-5979
kdm@romclaw.com
sthomas@romclaw.com

Daniel J. Sherman
TX State Bar No. 18241000 (*Pro Hac* pending)
Nick Gurguis *(Admitted to Practice – WDOK)*
TX State Bar No. 24106036
SHERMAN & YAQUINTO, L.L.P.
509 N. Montclair Ave.
Dallas, TX 75208-5450
Telephone: (214) 942-5502
Facsimile: (214) 946-7601
djsherman@syllp.com
nick@syllp.com

**CO-GENERAL COUNSEL FOR**
**DANIEL J. SHERMAN, CHAPTER 11 TRUSTEE**

/s/ *Brock Z. Pittman*
J. Clay Christensen (OBA # 11789)
Jonathan M. Miles (OBA # 31152)
Brock Z. Pittman (OBA # 32853)
The Parkway Building
3401 N.W. 63rd Street, Suite 600
Oklahoma City, Oklahoma 73116
Telephone (405) 232-2020
Facsimile (405) 228-1113
Clay@christensenlawgroup.com
Jon@christensenlawgroup.com
Brock@christensenlawgroup.com

**PROPOSED COUNSEL FOR**
**TRUSTEE MICHAEL E. DEEBA**

**CERTIFICATE OF SERVICE**

I hereby certify that, on November 4, 2026, a copy of this document was electronically filed in this case with the Clerk of the United States Bankruptcy Court by using the CM/ECF system, and a copy was served on all parties who receive notice via the Court's ECF notification system.

*/s/ Brock Z. Pittman*
Brock Z. Pittman