**Dated: November 9, 2026**

**The following is ORDERED:**

Sarah A Hall
United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br>YSA INVESTMENTS 1, LLC,<br>Debtor. | Chapter 11<br>Case No. 26-12806 (SAH) |

**ORDER GRANTING JOINT MOTION OF DEBTOR AND SAPEREAN CAPITAL IV TB NOTE LENDER KD4, LLC FOR RELIEF FROM STAY**

Upon the Joint Motion [Doc. No. 377] of the Debtor YSA Investments 1, LLC and Saperean Capital IV TB Note Lender KD4, LLC, pursuant to Bankruptcy Code sections 105(a), 362(d), and 543(d), Bankruptcy Rule 4001; and the Court having jurisdiction to consider the relief requested pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found venue proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the pleadings on file noting the only objection filed to the Joint Motion was by Auerbach Opportunity Fund 1, LP, Auerbach Opportunity Fund III, LP and Auerbach Opportunity Fund IV, LP (collectively "**Auerbach**") which has since been withdrawn, and having determined that good and adequate cause exists to grant the stay relief set forth in the Joint Motion [Doc. No. 377] with respect to the Debtor's interests in the multifamily apartment complexes located at 7142 South 92nd East

Avenue, Tulsa, Oklahoma 74133 (the "Woodland Property") and 7801 NE 10th Street, Midwest City, Oklahoma (the "Fairfax Property" and together with the Woodland Property, the "Properties"); and upon submission of this Order under certification of counsel,

**IT IS HEREBY ORDERED THAT:**

1. The Joint Motion is GRANTED as set forth herein.

2. The Joint Motion was filed on September 18, 2026.

3. Findings of fact are based upon representation of counsel pursuant to Local Rule 9013-1(L)(1)(a).

4. Pursuant to Bankruptcy Code section 362(d), the automatic stay is terminated, modified, and lifted so that Saperean may pursue all of its rights and remedies at law and under its loan documents in, to, and against the Properties, including, without limitation, continuing, proceeding, and prosecuting foreclosure of Saperean's liens as against the Fairfax/Woodland Borrowers' interests, the Debtor's interests, and any other interests in the Properties by way of judicial and/or non-judicial proceedings or actions, obtaining and enforcing any foreclosure judgment and orders of sale, conducting title work, obtaining appraisals and inspections, publishing and serving sale notices, scheduling foreclosure sales, instructing the Sheriff or other selling officer, conducting one or more judicial or non-judicial foreclosure sales to the extent permitted by applicable non-bankruptcy law, submitting a credit bid or bids, seeking confirmation of any foreclosure sale in State-court, obtaining and recording any foreclosure deed, Sheriff's deed, receiver's deed, or other instrument of conveyance, obtaining possession of the Properties and enforcing any assignment of leases and rents, continuing the pending State-court receivership and seeking instructions concerning the court-appointed receiver therein, exercising all other in rem rights and remedies against the Properties available under the loan documents or applicable non-

bankruptcy law, and taking all other preparatory actions in connection with any of the foregoing. No further notice to the Debtor, motion, application, hearing, or order of this Court shall be required for Saperean to exercise its rights and remedies.

5. The Debtor, the Fairfax/Woodland Borrowers, and their respective principals, owners, members, managers, authorized agents, successors, and assigns shall not commence, prosecute, finance, assist, support, join in, or cause any action, adversary proceeding, contested matter, motion, petition, appeal, request for reconsideration, request for stay pending appeal, application for temporary restraining order, preliminary or permanent injunction, or other proceeding whose purpose or reasonably foreseeable effect is to enjoin, restrain, stay, postpone, condition, impair, or otherwise interfere with Saperean's exercise of the rights granted by this Order.

6. The Court finds cause to waive the fourteen (14)-day stay imposed by Federal Rule of Bankruptcy Procedure 4001(a)(4) because the relief granted herein is consensual, the Properties are already in the possession of a state-court-appointed receiver, and immediate effectiveness is necessary to permit continuation of the existing foreclosure and receivership proceedings without further uncertainty or delay. Accordingly, Federal Rule of Bankruptcy Procedure 4001(a)(4) is waived, and this Order is effective immediately upon entry.

7. To the extent there are excess proceeds following the sale of the Property and application of the same to all outstanding obligations owed to Lender, such proceeds shall be subject to distribution in the order of priority under applicable law and subject to applicable court order(s). To the extent there are excess proceeds following the distribution to holders of allowed claims pursuant to applicable law, such excess proceeds should be distributed in accordance with further Order of this Bankruptcy Court.

8. The relief from stay being granted in this Order is exclusive of and does not encompass the ownership dispute respecting the underlying Property, and this Court retains exclusive jurisdiction to make such determination.

9. Nothing in this Order determines or establishes the total amount of indebtedness owed by the Fairfax/Woodland Borrowers to Saperean Capital IV TB Note Lender KD4, LLC.

10. Auerbach's objection was withdrawn as evidenced by the *Withdrawal of Objection to Joint Motion of Debtor and Saperean Capital IV TB Note Lender KD4, LLC for Relief from Stay to Permit Foreclosure* [Doc. No. 556] and by Auerbach's approval of this Order by counsel for Auerbach.

11. This Order shall be considered a final order upon entry.

12. Saperean Capital IV TB Note Lender KD4, LLC shall serve this Order on parties-in-interest.

13. IT IS SO ORDERED.

###

Approved for Entry:

*/s/ Kiran A. Phansalkar*

Kiran A. Phansalkar, OBA #11470
Preston M. Sullivan, OBA #33619
McAfee & Taft A Professional Corporation
8th Floor, Two Leadership Square
211 N Robinson Ave
Oklahoma City, OK 73102-7103
Telephone: (405) 235-9621
Email: kiran.phansalkar@mcafeetaft.com
preston.sullivan@mcafeetaft.com

-and-

Nicholas A. Griebel (*admitted pro hac vice*)
POLSINELLI PC
7676 Forsyth Boulevard, Suite 800
St. Louis, Missouri 63105
Telephone: (314) 622-6613
Email: ngriebel@polsinelli.com
***Attorneys for Saperean Capital IV TB Note Lender KD4, LLC***

Approved for Entry:

*/s/ Jonathan M. Miles*

J. Clay Christensen (OBA #11789)
Jonathan M. Miles (OBA #31152)
Brock Z. Pittman (OBA #32853)
Spencer K. Strickland (OBA #36272)
The Parkway Building
3401 N.W. 63rd Street, Suite 600
Oklahoma City, Oklahoma 73116
Telephone: (405) 232-2020
Facsimile: (405) 228-1113
Clay@christensenlawgroup.com
Jon@christensenlawgroup.com
Brock@christensenlawgroup.com
Spencer@christensenlawgroup.com
***Proposed Counsel for Trustee***

Approved for Entry:

*/s/ Jeffrey E. Tate*

Jeffrey E. Tate, OBA #17150
Office of the United States Trustee
215 Dean A. McGee, Room 408
Oklahoma City, OK 73102
Telephone: (202) 603-5228
Email: Jeff.Tate@usdoj.gov
***Attorney for the United States Trustee***

Approved for Entry:

*/s/ Bret D. Davis*

Bret D. Davis, OBA #15079
Lamun Mock Cunnyngham & Davis, P.C.
5621 N. Classen Blvd.
Oklahoma City, OK 73118
Telephone: (405) 840-5900
Email: bdavis@lamunmock.com
***Attorneys for Auerbach Opportunity Fund I, L.P.; Auerbach Opportunity III, LP; and Auerbach Opportunity IV, LP***