**Dated: November 12, 2026**

**The following is ORDERED:**

Sarah A Hall
United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**OKLAHOMA CITY DIVISION**

| | | |
|---|---|---|
| **IN RE:**<br><br>**727 LOFTS BEST LIVING, LLC**[1]<br><br>**Debtors.** | §<br>§<br>§<br>§<br>§<br>§ | **Case No. 26-12825-SAH**<br><br>**Jointly Administered**<br><br>**Chapter 11** |
| **IN RE:**<br><br>**YSA INVESTMENTS 1, LLC**<br><br>**Debtor.** | §<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 26-12806-SAH**<br><br>**Chapter 11** |

**AGREED ORDER (I) AUTHORIZING AND APPROVING (A) BID PROCEDURES AND PROTECTIONS AND (B) FORM AND MANNER OF NOTICE OF BID PROCEDURES, CURE AMOUNTS, AUCTION, AND SALE HEARING; (II) SCHEDULING AN AUCTION AND SALE HEARING; AND (III) GRANTING RELATED RELIEF**

Came on for consideration:

(i) The *Debtor's Motion for Entry of an Order (I) Approving Bid Procedures in*

[1] The jointly administered debtors and their respective case numbers are as follows: 727 Lofts Best Living, LLC, Case No. 26-12825-SAH; 727 Lofts Holdings, LLC, Case No. 26-12826-SAH; Remington Ranch's Best Living, LLC, Case No. 26-12842-SAH; Lofts at North Penn Best Living, LLC, Case No. 26-12844-SAH; A-V Village Creek Owner, LLC, Case No. 26-12846-SAH; Barcelona Best Living, LLC, Case No. 26-12850-SAH; Louis Investments, LLC, Case No. 26-12851-SAH; Woodland Manor Best Living, LLC, Case No. 26-12858-SAH; Woodland Manor TIC 1, LLC, Case No. 26-12859-SAH; and Ridge Best Living, LLC, Case No. 26-12869-SAH.

*Connection with the Sale of Substantially All of the Debtor's Property, (II) Authorizing and Approving the Sale of Debtor's Property Free and Clear of Liens, Claims and Encumbrances and (III) Granting Related Relief* [Dkt. No. 23] as adopted and amended by Docket Nos. 163 and 306 (as amended, the "**727 Motion**"),[2] which motion was originally filed by 727 Lofts Best Living LLC (the "**727 Debtor**") and was later amended and adopted by Daniel J. Sherman as Chapter 11 Trustee for the 727 Debtor (the "**727 Trustee**") in the bankruptcy case of *In re 727 Lofts Best Living, LLC*, Bankr. No. 26-12825-SAH (the "**727 Bankruptcy Case**"); and

(ii) The *Corrected Debtor's Expedited Motion for Entry of an Order (I) Approving Bid Procedures in Connection with the Sale of the Debtor's Interests in the 727 Lofts Property; (II) Authorizing and Approving the Sale of Debtor's Interests in the 727 Lofts Property Free and Clear of Liens, Claims and Encumbrances and (III) Granting Related Relief* [Dkt. No. 397] as amended by Docket No. 563[3] (as amended the "**YSA Motion**" and together with the 727 Motion, the "**Sale Motions**"), which motion was originally filed by YSA Investments 1, LLC (the "**YSA Debtor**") and was later amended and adopted by Michael E. Deeba as Chapter 11 Trustee for the YSA Debtor (the "**YSA Trustee**" and with the 727 Trustee, the "**Trustees**") in the bankruptcy case of *In re YSA Investments 1, LLC*, Bankr. No. 26-12806-SAH (the "**YSA Bankruptcy Case**").

The Sale Motions jointly request, *inter alia*, approval of the Bid Procedures attached hereto as **Exhibit A** (the "**Bid Procedures**").[4] Having reviewed the Bid Procedures attached to the Sale

---

[2] Dkt. No. 163 is the *[Corrected] 727 Lofts Chapter 11 Trustee's Adoption in Updated Form of the Motion for Entry of Order (I) Approving Bid Procedures in Connection with the Sale of Substantially All of the Debtor's Property; (II) Authorizing and Approving the Sale of Debtor's Property Free and Clear of Liens, Claims and Encumbrances; and (III) Granting Related Relief [Dkt. No. 23];* and Dkt. No. 306 is the *Trustee's Joint Notice of Revised Bid Procedures.*
[3] Dkt. No. 563 is Trustees' Notice of Revised Bid Procedures.
[4] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Bid Procedures, unless otherwise noted.

Motions and all matters brought to the Court's attention at the hearing (the "**Bid Procedures Hearing**" or "**Hearing**"), and after due deliberation and consideration of the evidence presented and the arguments of counsel, and for the reasons stated on the record at the Hearing, and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, that this is a core proceeding pursuant to 28 U.S.C. § 157(b), and that venue of this proceeding and the Sale Motions in this district is proper under 28 U.S.C. §§ 1408 and 1409, the Court finds that:

A. It has jurisdiction to consider the Sale Motions pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue is proper in this District and in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The notice given of the Sale Motions, the Bid Procedures Hearing, and the proposed entry of this Order was reasonable and sufficient considering the circumstances and nature of the relief requested, and no other or further notice of the Bid Procedures Hearing is necessary. A reasonable and fair opportunity to object to the Sale Motions and the relief granted in this Order has been afforded under the circumstances.

C. The legal and factual bases set forth in the Sale Motions and at the Bid Procedures Hearing established just cause for the relief granted herein.

D. The Trustees have presented evidence and have articulated good and sufficient reasons for this Court to grant the relief requested in the Sale Motions as provided herein. Such good and sufficient reasons were set forth in the Sale Motions and on the record at the Bid Procedures Hearing and are incorporated by reference herein and, among other things, form the basis for the findings of fact and conclusions of law set forth herein.

E. The Trustees have demonstrated a compelling and sound business justification for the relief granted herein and the timeline proposed by the Trustees is reasonable under the circumstances including in light of prior marketing efforts by the 727 Debtor and by ACRE Q018 Retention Holder, LLC ("**ACRE**") and additional marketing efforts by CBRE in anticipation of its retention as joint broker for the Trustees.

F. The Bid Procedures are fair, reasonable and appropriate under the circumstances of the bankruptcy cases and are designed to maximize the value of the 727 Lofts Property.

G. The *Limited Objection and Reservation of Rights of Yamato OKC Lender, LLC to*

*(A) Debtor's Corrected Expedited Motion for Entry of Order Approving Bid Procedures and Sale of the Debtor's Interests in the 727 Lofts Property [Doc. 397] and (B) Debtor's Corrected Expedited Motion Pursuant to Rule 9019 for Approval of Settlement Agreement with ACRE Q018 Retention Holder LLC [Doc. 398]* [Dkt. No. 462], filed in the YSA Bankruptcy Case on October 2, 2026, has been fully resolved, as reflected by the signature of Yamato OKC Lender, LLC's counsel hereto.

H. The proposed form and manner of providing notice of the Bid Procedures, Auction, the Franchise Agreement and Cure Amounts, and Sale Hearing, as set forth herein, is adequate and reasonably calculated to provide due, proper, and timely notice to all interested parties of (i) the Bid Procedures (and all deadlines set forth therein); (ii) the objection deadlines pertaining to the Bid Procedures, including the potential Sale of the 727 Lofts Property; (iii) the date and time of the Auction, if necessary; (iv) the date and time of the Sale Hearing in accordance with Bankruptcy Rule 2002 and the applicable provisions of the Bankruptcy Code; and (v) entry of this Order. Except as otherwise set forth herein, no other or further notice is necessary.

I. The Auction, if held, is necessary to determine which Qualifying Bid represents the highest or otherwise best Qualifying Bid.

J. The joint bid procedures and sale are designed to maximize bidder certainty and interest in bidding on the 727 Lofts Property regardless of whether the 727 Debtor or YSA Debtor owns the 727 Lofts Property, or related disputes.

K. The findings of fact and conclusions of law herein constitute the Court's findings of fact and conclusions of law for the purposes of Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014. To the extent any findings of facts are conclusions of law, they are adopted as such.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**1. BID PROCEDURES APPROVED.** The Bid Procedures attached hereto as **Exhibit A** are hereby approved in their entirety, and the Trustees are hereby jointly granted the power and authority to take all steps necessary or appropriate to carry out the provisions of this Order and the Bid Procedures. The Bid Procedures are incorporated herein by reference as if fully set forth herein. The failure to specifically include or reference a particular provision of the Bid Procedures in this Order shall not diminish or impair the effectiveness of such provision. Notwithstanding the foregoing, the consummation of a 363 Sale shall remain subject to the entry

of the Sale Order approving the Sale of the 727 Lofts Property.

**2.** **OBJECTIONS OVERRULED**. Any objections to the relief requested in the Sale Motions, including with respect to the Bid Protections, that have not been withdrawn, waived, or settled as announced to the Court at the Bid Procedures Hearing are hereby overruled in their entirety.

**3.** **NOTICE OF BID PROCEDURES, AUCTION, AND SALE HEARING. Within three (3) business days after the Court enters this Order**, the Trustees shall serve a copy of this Order, including the Bid Procedures attached hereto, via first class U.S. mail, postage prepaid, or via electronic mail where possible (including via the Court's electronic case filing system ("**ECF**") on parties receiving such ECF notice) upon the following parties: (a) all parties listed on the 727 Debtor and YSA Debtor's master mailing matrix or in the respective debtor's filed schedules of assets and liabilities in the bankruptcy cases (the "**Mailing List**"); (b) all parties who have filed a proof of claim to date in the 727 Bankruptcy Case or the YSA Bankruptcy Case; (c) mechanics liens appearing in the title report for the 727 Lofts Property and (d) any persons having been identified as having expressed an interest in purchasing the 727 Lofts Property, as identified by CBRE or otherwise. Service of this Order and the Bid Procedures as set forth herein shall be deemed sufficient and proper notice of the Bid Procedures, Auction, Sale Hearing, and proposed Sale with respect to all parties.

**4.** **BID DEADLINE.** Any potential bidder that desires to make a bid for the 727 Lofts Property shall deliver written copies of its Qualifying Bid, in accordance with the Bid Procedures, so as to be received no later than **November 19, 2026 at 5:00 pm CT** (the "**Bid Deadline**") by each of the Notice Parties at the addresses set forth in the Bid Procedures. The process and requirements associated with becoming a Qualified Bidder and submitting a Qualifying Bid are

approved as fair, reasonable, appropriate, and designed to maximize recoveries for the benefit of the bankruptcy estate, creditors, and other parties-in-interest.

**5.** **AUCTION.** If only one Qualifying Bid is received prior to the expiration of the Bid Deadline, the Trustees, in consultation with each other, may designate such bid as the Successful Bid without holding an Auction.[5] If the Trustees receive two or more Qualifying Bids on or prior to the Bid Deadline, the Trustees shall jointly conduct a competitive Auction to determine the highest and best offer. The Auction, if one is necessary, will be held at the office of ACRE's counsel, Fellers Snider., 100 N. Broadway Ave., Suite 1700, Oklahoma City, OK 73102, commencing on **November 30, 2026 at 10:00 am CT**; or, alternatively, the Auction may be conducted virtually via Zoom, WebEx, Teams or similar format in accordance with the Bid Procedures.

**6.** **SALE NOTICE.** The Trustees shall file the Sale Notice with the Bankruptcy Court no later than **2:00 pm CT on December 1, 2026**, in accordance with the Bid Procedures, and shall serve such Sale Notice by the most expedient means available--*i.e.*, by e-mail and/or ECF, if possible, and otherwise by overnight mail--to all Qualifying Bidders and/or their counsel. Service of the Sale Notice as provided herein shall be deemed sufficient and proper notice of the Auction, Sale Hearing, and all other contents of the Sale Notice with respect to all parties.

**7.** **SALE HEARING.** A hearing to consider entry of a Sale Order (a) approving a 363 Sale to the Successful Bidder and (b) authorizing the assumption and assignment of the Assumed Contracts designated by the Successful Bidder is hereby set for **December 3, 2026, at 10:00 A.M.** to be conducted by video via Microsoft Teams (the "**Sale Hearing**"), which may be adjourned or

[5] Alternatively, the Trustees may jointly conduct an Auction with the single Qualifying Bid and a Credit Bidder(s), if any, desiring to assert rights under section 363(k) of the Bankruptcy Code and submit a Credit Bid, but the Trustees are not obligated to conduct an Auction in such circumstances.

rescheduled with notice. Unless the Bankruptcy Court orders otherwise, the Sale Hearing shall be an evidentiary hearing on matters relating to the 363 Sale, and there will be no further bidding at the Sale Hearing. In the event the Successful Bidder cannot or refuses to consummate the Sale, the Trustees may jointly designate a Backup Bidder, if any, as the new Successful Bidder and the Trustees shall be jointly authorized, but not required, to close with the Backup Bidder on the Backup Bid without further order of the Court. The credit bid of ACRE shall be a further back-up bid if it is not the Successful Bidder or next highest Backup Bidder.

**8. OBJECTIONS.**

a. **Objections.** All objections, including without limitation objections to (a) the 363 Sale or the Court's entry of an order approving the Sale free and clear, (b) the proceedings of the Auction, and (c) the identity of the Successful Bidder and its ability to provide assurance of ability to close, must be filed with the Bankruptcy Court, served via ECF by no later than **2:00 pm CT on December 2, 2026,** and contemporaneously emailed or otherwise provided to the Notice Parties in accordance with the Bid Procedures.

b. **Failure to Object.** Any person or entity failing to timely file an objection to the entry of a Sale Order within the deadlines set forth above shall be forever barred from objecting thereto, including without limitation, the Sale of the 727 Lofts Property, the Sale of the 727 Debtor and YSA Debtor's respective right, title and interest in and to the 727 Lofts Property and related assets free and clear of any and all liens, encumbrances, and claims, and will be deemed to consent to the Sale regarding such 727 Lofts Property free and clear of any and all liens, encumbrances, and "claims" (as that term is defined in the Bankruptcy Code). Any objections to the Successful Bidder's or Backup Bidder's proposed form of Adequate Assurance must be raised prior to the deadlines set forth above and will be resolved at the Sale Hearing or, in the Trustees' joint discretion, adjourned to a later hearing.

**9. QUALIFYING BIDS AND PARTICIPATION.** The Trustees are jointly authorized to take any and all actions necessary or appropriate to implement the Bid Procedures, including the determination of whether a potential bidder is a Qualified Bidder. A potential bidder shall only be deemed a Qualified Bidder, and a bid shall only be deemed a Qualifying Bid, if all

requirements of the Bid Procedures related to Qualified Bidders and Qualifying Bids are satisfied prior to the Bid Deadline, subject to the joint discretion of the Trustees. The Trustees shall promptly jointly determine whether submitted bids are Qualifying Bids and file notice of same with the Court and serve said notice on Qualified Bidders in a manner so it is received by Qualified Bidders no later than **November 20, 2026**.

**10.** **CONFLICTING TERMS.** The terms of this Order shall control to the extent of any conflict with the Sale Motions or this Order. Notwithstanding the foregoing, and except for any deadlines or court hearing dates, the Trustees may jointly modify the Bid Procedures if, in their business judgment, such modifications will maximize the value of the 727 Lofts Property for the benefit of creditors and other stakeholders.

**11.** **OTHER PROVISIONS.** Notwithstanding Rules 6004, 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), or otherwise, this Order shall be effective and enforceable immediately upon entry, and its provisions shall be self-executing. To the extent applicable, the stays described in Bankruptcy Rules 6004 and 6006 are hereby waived.

**12.** The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

**13.** The Trustees, CBRE as the joint broker, and any potential bidders are authorized to take any actions necessary to implement the terms of this Order.

**14**. The Trustees shall notify all interested parties, in their respective bankruptcy estates, of this Order.

**15.** All findings of fact are based upon representation of counsel.

**IT IS SO ORDERED.**

# # #

Respectfully submitted, by agreement:

*/s/ Shannon S. Thomas (*by permission)
Kevin D. McCullough
TX State Bar No. 00788005 (*Admitted Pro Hac Vice*)
Shannon S. Thomas
TX State Bar No. 24088442 (*Admitted Pro Hac Vice*)
ROCHELLE MCCULLOUGH PLLC
901 Main Street, Suite 3200
Dallas, Texas 75202
Telephone: (214) 953-0182
Facsimile: (888) 467-5979
kdm@romclaw.com
sthomas@romclaw.com

Daniel J. Sherman
TX State Bar No. 18241000 (*Pro Hac* pending)
Nick Gurguis *(Admitted to Practice – WDOK)*
TX State Bar No. 24106036
SHERMAN & YAQUINTO, L.L.P.
509 N. Montclair Ave.
Dallas, TX 75208-5450
Telephone: (214) 942-5502
Facsimile: (214) 946-7601
djsherman@syllp.com
nick@syllp.com

**CO-GENERAL COUNSEL FOR**
**DANIEL J. SHERMAN, CHAPTER 11 TRUSTEE**

*/s/ J. Clay Christensen*
J. Clay Christensen (OBA # 11789)
Jonathan M. Miles (OBA # 31152)
Brock Z. Pittman (OBA # 32853)
The Parkway Building
3401 N.W. 63rd Street, Suite 600
Oklahoma City, Oklahoma 73116
Telephone (405) 232-2020
Facsimile (405) 228-1113
Clay@christensenlawgroup.com
Jon@christensenlawgroup.com
Brock@christensenlawgroup.com

**PROPOSED COUNSEL FOR**
**TRUSTEE MICHAEL E. DEEBA**

/s/ *Stephen J. Moriarty* (by permission)
Stephen J. Moriarty, OBA No. 6410
FELLERS, SNIDER, BLANKENSHIP,
BAILEY & TIPPENS
100 North Broadway, Suite 1700
Oklahoma City, OK 73102-8820
Telephone: (405) 232-0621
Facsimile: (405) 232-9659
smoriarty@fellerssnider.com

**ATTORNEYS FOR ACRE Q018**
**RETENTION HOLDER LLC**

Agreed as to form:
/s/ *Jonathan Lozano* (by permission)
Jonathan Lozano (*admitted pro hac vice*)
BRACEWELL LLP
111 Congress Avenue, Suite 2300
Austin, TX 78701
Jonathan.lozano@bracewell.com

**ATTORNEYS FOR YAMATO OKC LENDER, LLC**