# **EXHIBIT A**

(Bid Procedures)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**OKLAHOMA CITY DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Case No. 26-12825-SAH** |
| | § | |
| **727 LOFTS BEST LIVING, LLC**[1] | § | **Jointly Administered** |
| | § | |
| **Debtors.** | § | **Chapter 11** |
| | § | |
| | § | |
| **IN RE:** | § | |
| | § | **Case No. 26-12806-SAH** |
| **YSA INVESTMENTS 1, LLC** | § | |
| | § | **Chapter 11** |
| **Debtor.** | § | |
| | § | |

On June 25, 2026 (the **"**Petition Date"**)**, 727 Lofts Best Living LLC, the Chapter 11 Debtor in the above styled and referenced bankruptcy case (the "727 Lofts Debtor") filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, the venue for which case was subsequently transferred to the United States Bankruptcy Court for the Western District of Oklahoma (the "Bankruptcy Court"), thereby commencing the above-captioned chapter 11 bankruptcy case (the "727 Bankruptcy Case").

The Bankruptcy Court has approved and authorized these *Bid Procedures* pursuant to its *Agreed Order (I) Authorizing and Approving (A) Bid Procedures and Protections and (B) Form and Manner of Notice of Bid Procedures, Cure Amounts, Auction, and Sale Hearing; (II) Scheduling an Auction and Sale Hearing; and (III) Granting Related Relief* (the "Bid Procedures Order") in connection with the potential sale of the 727 Lofts Property (as hereinafter defined) under section 363 of the Bankruptcy Code (the "Sale"), as further described in the: (i) 727 *Debtor's Motion for Entry of an Order (I) Approving Bid Procedures in Connection with the Sale of Substantially All of the Debtor's Property, (II) Authorizing and Approving the Sale of Debtor's Property Free and Clear of Liens, Claims and Encumbrances and (III) Granting Related Relief* [Dkt. No. 23] as adopted and amended by Docket Nos. 163 and 306 (as amended, the "**727 Motion**"),[2] which motion was originally filed by 727 Lofts Best Living LLC (the "**727 Debtor**") and was later amended and adopted by Daniel J. Sherman as Chapter 11 Trustee for the 727 Debtor (the "**727 Trustee**") in the bankruptcy case of *In re 727 Lofts Best Living, LLC*, Bankr. No. 26-12825-SAH (the "**727**

[1] The jointly administered debtors and their respective case numbers are as follows: 727 Lofts Best Living, LLC, Case No. 26-12825-SAH; 727 Lofts Holdings, LLC, Case No. 26-12826-SAH; Remington Ranch's Best Living, LLC, Case No. 26-12842-SAH; Lofts at North Penn Best Living, LLC, Case No. 26-12844-SAH; A-V Village Creek Owner, LLC, Case No. 26-12846-SAH; Barcelona Best Living, LLC, Case No. 26-12850-SAH; Louis Investments, LLC, Case No. 26-12851-SAH; Woodland Manor Best Living, LLC, Case No. 26-12858-SAH; Woodland Manor TIC 1, LLC, Case No. 26-12859-SAH; and Ridge Best Living, LLC, Case No. 26-12869-SAH.

[2] Dkt. No. 163 is the *[Corrected] 727 Lofts Chapter 11 Trustee's Adoption in Updated Form of the Motion for Entry of Order (I) Approving Bid Procedures in Connection with the Sale of Substantially All of the Debtor's Property; (II) Authorizing and Approving the Sale of Debtor's Property Free and Clear of Liens, Claims and Encumbrances; and (III) Granting Related Relief [Dkt. No. 23];* and Dkt. No. 306 is the *Trustee's Joint Notice of Revised Bid Procedures.*

**Bankruptcy Case**"); and (ii) the *Corrected YSA Debtor's Expedited Motion for Entry of an Order (I) Approving Bid Procedures in Connection with the Sale of the Debtor's Interests in the 727 Lofts Property; (II) Authorizing and Approving the Sale of Debtor's Interests in the 727 Lofts Property Free and Clear of Liens, Claims and Encumbrances and (III) Granting Related Relief* [Dkt. No. 397] as amended by Docket No. 563[3] (as amended the "**YSA Motion**" and together with the 727 Motion, the "**Sale Motions**"), which motion was originally filed by YSA Investments 1, LLC (the "**YSA Debtor**") and was later amended and adopted by Michael E. Deeba as Chapter 11 Trustee for the YSA Debtor (the "**YSA Trustee**" and with the 727 Trustee, the "**Trustees**") in the bankruptcy case of *In re YSA Investments 1, LLC*, Bankr. No. 26-12806-SAH (the "**YSA Bankruptcy Case**").

These bid procedures relate to the real property and improvements located at 727 E. Main Place, Jenks, Oklahoma 74037, on which is operated a multiple building apartment complex known as 727 Lofts Apartments (the "727 Lofts Property"). Both the 727 Lofts Debtor and YSA Debtor have asserted an ownership interest in the 727 Lofts Property. These Bid Procedures provide for a sale of title to the 727 Lofts Property on a free and clear basis regardless of which bankruptcy estate (727 Lofts or YSA) owns the 727 Lofts Property.

These Bid Procedures provide interested parties with the opportunity, subject to the terms hereof, to conduct and complete due diligence, submit competing bids, and participate in an auction for the 727 Lofts Debtor's or YSA's interests in the 727 Lofts Property. **Any person interested in making an offer to purchase the 727 Lofts Property shall comply with these Bid Procedures and may only make a bid for the Assets in accordance with these Bid Procedures. Any interested bidders should, as soon as practical, contact CB Richard Ellis as the joint real estate broker for the Trustees** (the "Broker") at:

CB Richard Ellis
c/o Brian Donahue, First Vice President – Multifamily
521 East 2nd Street, Suite 700
Tulsa, OK 74120
Telephone: (918) 392-7250
Email: brian.donahue@cbre.com

## I.
## INTRODUCTION

**1. Dates and Deadlines.** Key dates and deadlines related to the 363 Sale are summarized as follows (all times are prevailing central time):

**2. Rules of Construction.** Capitalized terms used in these Bid Procedures have the meanings provided herein or in the Bid Procedures Order, as applicable, unless otherwise noted. For the avoidance of doubt, capitalized terms that are defined in the Bid Procedures Order, but not defined in these Bid Procedures, shall have the meanings provided in the Bid Procedures Order. All dates and times listed herein are prevailing Central Time unless otherwise noted.

[3] Dkt. No. 563 is Trustees' Notice of Revised Bid Procedures.

| Date/Time | Event |
|---|---|
| **November 19, 2026 at 5:00 pm** | **Bid Deadline, including submission of signed PSA and redline against model form of Purchase and Sale Agreement in the broker dataroom** |
| **November 20, 2026, at 12:00pm** | **Qualifying Bids determined and bidders notified** |
| **November 30, 2026, at 10:00 am, in-person and virtual participation options** | **Auction – Successful and Backup Bidder identified** |
| **December 1, 2026 at 2:00 pm CT** | **Deadline to serve Sale Notice / Executed PSA** |
| **December 2, 2026 at 2:00pm CT** | **Deadline for all objections to the Sale Hearing** |
| **December 3, 2026 at 10:00 am CT via Microsoft Teams** | **Sale Hearing** |
| **December 18, 2026** | **Closing Deadline** |

## II.
## PROPERTY TO BE SOLD

3. **Property To Be Sold.** The 727 Lofts Property shall be subject to the Sale process, but shall not include (a) the 727 Lofts Debtor's cash on hand associated with the 727 Lofts Property as of the Sale closing or YSA's cash on hand, (b) any other real estate in which YSA asserts an ownership interest that is not the 727 Lofts Property and (c) any other assets identified for exclusion from the Sale in accordance with these Bid Procedures.

## III.
## DUE DILIGENCE

4. **Access to Due Diligence Materials.** The 727 Lofts Debtor and YSA, by and through the Broker, shall maintain information regarding the 727 Lofts Property and other relevant disclosures to facilitate due diligence and all other information reasonably requested by potential bidders or that the 727 Lofts Debtor, YSA or Broker determines is necessary and appropriate under the circumstances to disclose to potential bidders (such information, "Diligence Information"), which will only be provided to parties in accordance with these Bid Procedures. The 727 Lofts Debtor and YSA may, in their respective reasonable discretion, require potential bidders to execute a non-disclosure agreement (an "NDA") before providing any requested Diligence Information. The 727 Lofts Debtor or YSA reserves the right, in their respective discretion, to withhold or limit access to Diligence Information that the 727 Lofts Debtor or YSA determines is business-sensitive or otherwise not appropriate for disclosure to a potential bidder. Notwithstanding any prepetition limitations, including, without limitation, any non-disclosure, confidentiality or similar provisions relating to any Diligence Information, the 727 Lofts Debtor and its estate and YSA and its estate are authorized to provide Diligence Information to potential bidders in accordance with these Bid Procedures and/or the Bid Procedures Order. The 727 Lofts Debtor, YSA and Broker shall have no obligation to comply with any due diligence request they deem onerous, unreasonable or impractical. The 727 Lofts Debtor and its estate and YSA and its estate are not responsible for, and

will have no liability with respect to, any Diligence Information obtained by or provided to any potential bidders in connection with these Bid Procedures and the Sale.

**5.** **Requests for Diligence Information.** All due diligence shall be completed on or before the Bid Deadline. The 727 Lofts Debtor and YSA have jointly designated the Broker to coordinate the response to all reasonable requests for Diligence Information from potential bidders. All requests for Diligence Information should be addressed to the Broker at the address listed above—the 727 Lofts Debtor (including the 727 Lofts Trustee) or YSA should not be contacted by potential bidders.

## IV.
## BIDDING PARTICIPATION

**6.** **Bid Deadline.** Any party that desires to make a bid shall deliver a written or electronic copy of its Qualifying Bid so as to be received no later than **November 19, 2026 at 5:00 pm CT** (the "Bid Deadline"), to the Notice Parties at the addresses set forth herein below. The Broker shall notify all Qualified Bidders if one or more Qualifying Bids are received. Bids submitted on or prior to the Bid Deadline shall be binding, irrevocable and capable of acceptance until three business days after the conclusion of the Auction, or, in the case of the Successful Bid and the Backup Bid, after the Auction as set forth below.

**7.** **Bid Requirements (Qualifying Bid).** In determining the highest and best offer for the Assets, the 727 Lofts Debtor and YSA shall only consider bids that meet all the following criteria (such bid, a "Qualifying Bid"), and only parties that submit a Qualifying Bid (a "Qualified Bidder") will be eligible to participate in the Auction. In order be a Qualifying Bid, a bid must be timely submitted prior to the Bid Deadline and meet each of the following requirements:

**a.** **Non-Disclosure Agreement.** Include an executed NDA if required by the Debtor, in a form acceptable to the 727 Lofts Debtor and YSA.

**b.** **Identification of Qualified Bidder.** Identify (i) the party submitting the bid (and any equity holders or other financial backer, in the case of a Qualified Bidder which is an entity specially formed for the purpose of effectuating the contemplated 363 Sale) and the representatives thereof who are authorized to appear, act on its behalf, and with authority to legally bind such bidder to an enforceable contract for all purposes regarding the contemplated Sale; and (ii) the material terms of any such participation, including any binding agreements, arrangements, undertakings, contractual obligations or understandings concerning a collaborative or joint bid or any other combination concerning the proposed bid.

**c.** **Evidence of Financial Ability.** Include sufficient evidence of the bidder's ability to consummate the Sale and pay the purchase price in cash prior to the Closing Deadline, including any such information reasonably requested by the 727 Lofts Debtor, YSA or Broker demonstrating the bidder's ability to timely close the Sale.

**d.** **Corporate Authority.** Include sufficient evidence of authorization and approval from the bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and closing of the

bidder's PSA; *provided that,* if the bidder is an entity specially formed for the purpose of effecting the Sale, then the bidder must furnish sufficient evidence reasonably acceptable to the 727 Lofts Debtor and YSA of the approval of the submission of the bid and consummation of the Sale by equity holder(s) of such bidder.

e. **Purchase and Sale Agreement.** Include a duly authorized, fully enforceable and executed agreement providing for the purchase of the Assets (a "PSA"). The PSA shall be based on the model PSA posted in the Broker's dataroom and shall include a redline of any changes from the model form of PSA:

i. contain no contingencies of any kind or character - except as approved by the 727 Lofts Debtor and YSA or an order of the Bankruptcy Court - including, without limitation, (A) obtaining financing, (B) obtaining internal or other third-party approvals, or (C) the outcome or review of unperformed due diligence;

ii. identify the consideration to be paid for the 727 Lofts Property, which shall include at least $18 million of cash other than the credit bid of the Lender;

iii. identify with specificity the assets included in the bid and the executory contracts or unexpired leases related to the 727 Lofts Property that the bidder seeks to assume, if any;

iv. provide that all 727 Lofts Property is being purchased "as is, where is," and that the bidder is not relying upon any representation or warranty, whether oral or in writing, from the 727 Lofts Debtor, YSA, Broker, or any other person or entity, except as approved by the 727 Lofts Debtor and YSA in writing; and

v. provide for a closing of the Sale by no later than November 6, 2026 (the "Closing Deadline").

f. **Good Faith Deposit.** Be accompanied by a cash deposit made to, and received in good funds by, a third party designated by the Broker in an amount equal to one percent (1%)[4] of the purchase price set forth in the bidder's PSA (the "Good Faith Deposit" or "Deposit"), which must be delivered on or before the Bid Deadline, and which will constitute liquidated damages to the 727 Lofts Debtor or YSA (as determined subsequently by the Bankruptcy Court with jurisdiction over both of their Chapter 11 cases) if the bidder defaults with respect to its offer. The Good Faith Deposit shall be refunded in the event such bidder is not the Successful Bidder or the Backup Bidder, or is the Backup Bidder and the 727 Lofts Debtor or YSA successfully closes with the Successful Bidder. No Deposit

[4] The reference to "3.5%" in the original Bid Procedures was a typo. The Bid Procedures are being revised to reflect the one (1%) cash deposit, as originally intended.

shall be required of the Lender on its Credit Bid.

g. **No Break-Up Fee.** Include sufficient information to confirm that the bidder is not seeking or entitled to any breakup fee, expense reimbursement, or similar type of payment**.**

h. **Due Diligence.** Include a letter or other writing acknowledging and representing that the bidder: (A) has had an opportunity to conduct, and has completed, any and all due diligence regarding the 727 Lofts Property deemed necessary by the bidder before making its bid; (B) has relied solely on its own independent review, investigation and/or inspection of any documents and the 727 Lofts Property in making its bid; and (C) did not rely on any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the 727 Lofts Property, or the completeness of any information provided in connection therewith, except as expressly stated in these Bid Procedures, and disclaims reliance on any such written or oral statements, representations, promises, warranties or guaranties.

i. **Irrevocability of Bid.** Include a letter or other writing stating that the bid is irrevocable until the closing of the Sale if such bidder is the Successful Bidder, and that the bidder agrees to serve as a Backup Bidder if such bidder's Qualifying Bid is selected as such**.**

j. **Intention as to Assumption or Rejection of Executory Contracts.** In order to be a Qualifying Bid, each bid must indicate whether the Bidder intends to seek assumption and assignment of any of the executory contracts and unexpired leases, including the tenant leases related to the 727 Lofts Property.

k. **Bid Procedure Compliance.** Provide an express statement that: (A) the bidder agrees to all terms of the Bid Procedures; (B) the bidder has not engaged in any collusive discussion with any other bidder; and (C) the bidder has obtained the appropriate corporate authorization to submit the bid and consummate the Sale, *provided that*, if the bidder is an entity specially formed for the purpose of effectuating the Sale, then the bidder must furnish written evidence reasonably acceptable to the 727 Lofts Debtor and YSA of the submission of the bid and consummation of the Sale by the equity holder(s) of such bidder.

l. **Consent to Jurisdiction and Authority to Enter Final Orders.** State that the bidder consents to the jurisdiction of the Bankruptcy Court and to the entry of a final judgment or order with respect to the bidder's offer, as well as with respect to any aspect of these Bid Procedures, the Sale Motion, and all orders of the Court entered with respect to the Sale.

m. **Regulatory Approvals and Covenants.** Without limiting any of the foregoing requirements, identify each regulatory or governmental approval required

for the bidder to consummate the Sale, if any, and the time period within which the bidder expects to receive such approvals.

8. **Determination of Qualified Bids/Bidders.** The Trustees, in consultation with the Lender, shall determine whether a bid is a Qualifying Bid, and whether the bidder is a Qualified Bidder, and shall notify all bidders within two days after the Bid Deadline. The Trustees reserve the right to: (i) at any time require a bidder previously determined to be a Qualified Bidder to provide additional evidence of its ability to consummate a Sale based on a Qualifying Bid in order to remain a Qualified Bidder; and (ii) to exclude any such bidder from participating further in the Auction as a result of its inability to satisfy such further requirements to remain a Qualified Bidder. The Lender is a Qualified Bidder.

9. **Bid Rejection.** In determining whether a bid is a Qualifying Bid, the 727 Lofts Debtor or YSA may reject any bid that: (a) is on terms that are materially different from the PSA terms stated above; (b) requires the 727 Lofts Debtor or YSA to indemnify the bidder or any other person; (c) includes non-cash consideration which is not freely marketable; (d) is subject to any due diligence, financing condition or other contingencies or conditions; (e) fails to comply with these Bid Procedures; or (f) is received after the Bid Deadline.

10. **Credit Bids.** By agreement with the Trustees, ACRE Q018 Retention Holder LLC (the "Lender" or "ACRE") shall submit a credit bid of $18,000,000 (the "Credit Bid") by no later than the Bid Deadline. The Credit Bid is allowed under Section 363(k) of the Bankruptcy Code.

Any Credit Bid made by the Lender will be deemed to be a cash Bid solely for purposes of the Trustees evaluation of Bids, and shall be considered a Qualifying Bid. Lender shall be deemed to have submitted a Qualified Bid, and may participate in the Auction with respect to the Property without the requirement to submit a Good Faith Deposit or any of the other requirements in Section 8 of the Bid Procedures; provided that any such Credit Bid must be submitted no later than the Bid Deadline.

In the event that there is no overbid from a Qualified Bidder submitted by the Bid Deadline or in the event any Successful Bid or any Back-Up Bid from a bidder other than Lender that does not close by the Closing Deadline, the Trustees shall close with the Lender on the Credit Bid by the Closing Deadline.

11. **Bankruptcy Court's Jurisdiction.** By submitting a bid, (a) all Qualified Bidders shall be deemed to have consented to the core jurisdiction of the Bankruptcy Court to enter an order or orders, which shall be binding in all respects, in any way related to the 727 Debtor or YSA Debtor, these bankruptcy cases, the Bid Procedures, the Auction, the Sale, or the construction and enforcement of documents relating to any Sale, and (b) all Qualified Bidders shall be deemed to have waived any right to a jury trial in connection with any disputes relating to the foregoing.

## V.
## AUCTION

12. **Time and Place of Auction.** If necessary in accordance with these Bid Procedures, the Trustees will conduct a competitive auction for the Property (an "Auction") on November 30, 2026 at 10:00 a.m. CT, and potential bidders will be allowed to participate *virtually via Zoom, Web Ex, Teams or similar format*. The in person sale shall be conducted at the office of ACRE's Oklahoma City counsel, Fellers, Snider, Blankenship, Bailey & Tippens, P.C., 100 N. Broadway Ave., Suite 1700, Oklahoma

City, OK 73102 .

**13.** **When Auction is Necessary.** If only one Qualifying Bid is received by the Trustees upon the expiration of the Bid Deadline, the Trustees may, together, designate such bid as the Successful Bid, without holding an Auction.[2] If the Trustees receives two or more Qualifying Bids on or prior to the Bid Deadline, the 727 Lofts Trustees shall conduct an Auction to determine the highest and best offer for the Property. The Lender's Credit Bid is a Qualified Bid.

**14.** **Auction Participation.** Except as otherwise set forth in these Bid Procedures, only Qualified Bidders (and their professionals) are eligible to participate in the Auction. No later than 24 hours prior to the Auction, each Qualified Bidder must inform the Trustees whether and how it intends to participate in the Auction. The Trustees will promptly thereafter in writing (including via email) inform each Qualified Bidder who has expressed its intent to participate in the Auction of the identity of all other Qualified Bidders that have indicated their intent to participate in the Auction.

**15.** **Auction Procedures.** The Trustees and their respective professionals shall direct and preside over the Auction, which shall be transcribed. Other than as expressly set forth in the Bid Procedures, the Trustees after consultation with the Lender, may conduct the Auction in the manner that it determines will result in the highest or otherwise best offer for the Property. The Auction shall be governed by the following procedures, which may be modified or amended by the Trustees (the "Auction Procedures"):

**a.** **Attendance.** Only the Trustees, the Broker, Lender, any Qualified Bidders, the United States Trustee, and each of their representatives and advisors will be entitled to attend the Auction, and only Qualified Bidders will be entitled to make subsequent Qualifying Bids at the Auction. The Trustees reserve the right, but shall be under no obligation whatsoever, to permit other parties-in-interest to attend the Auction for good cause shown.

**b.** **Qualified Bidder Acknowledgments.** Each Qualified Bidder participating in the Auction must confirm that: (i) it has not engaged in any collusion with respect to the bidding or sale of any of the Property described herein; (ii) it has reviewed, understands, and accepts the Bidding Procedures; (iii) it has consented to the core jurisdiction of the Bankruptcy Court (as described herein); and (iv) its Qualifying Bid is a good-faith bona fide offer that it intends to consummate if selected as the Successful Bidder.

**c.** **Minimum Overbid.** The Auction shall begin at the amount of the highest and best offer, as determined by the Trustees, in consultation with the Lender, by the Bid Deadline, and proceed in additional cash increments of $100,000 (after the initial overbid, the "Minimum Overbid"). The Trustees reserve the right, in their

[2] Alternatively, the Trustees must conduct an Auction with the single Qualifying Bid and a Credit Bidder(s), if any, desiring to assert rights under section 363(k) of the Bankruptcy Code and submit a Credit Bid.

respective reasonable business judgment, to announce reductions or increases in the Minimum Overbid at any time during the Auction. Any overbid made at the Auction (an "Overbid") must be made in accordance with the requirements set forth in these Bid Procedures and must include, in addition to the amount and the form of consideration of the Overbid, a description of all changes requested by the bidder to the bidder's Qualifying Bid, as the case may be, in connection therewith. The Trustees reserve the right, in their respective reasonable business judgment, to make one or more continuances of the Auction to, among other things: (i) facilitate discussions between the Trustees and individual Qualified Bidders; (ii) allow individual Qualified Bidders to consider how they wish to proceed; and (iii) give Qualified Bidders the opportunity to provide the Broker on behalf of the Trustees with such additional evidence as the Trustees (in their respective reasonable business judgment) may require, including without limitation that (A) the Qualified Bidder has sufficient internal resources, or (B) has received sufficient debt and/or equity funding commitments, to consummate the proposed transaction at the prevailing Minimum Overbid amount.

**d.** **Bidding Conclusion.** The Auction shall continue in one or more rounds of bidding and will conclude after (i) each participating Qualified Bidder has had the opportunity to submit one or more additional bids, with full knowledge and confirmation of the then-existing highest bid or bids, and (ii) there is only one offer that the Trustees, after consultation with the Lender, determines is the Successful Bid. No bids will be considered for any purpose after the Auction has concluded.

**e.** **Additional Procedures.** Before or during the Auction, the Trustees, after consultation with and approval by the Lender, in the exercise of its fiduciary duties for the purpose of maximizing value for its applicable estate from the Sale process, may modify, add, and/or amend the Auction Procedures and implement additional procedural rules for conducting the Auction. This provision shall not modify the foregoing provisions of these Bid Procedures governing extension of deadlines set forth herein.

## VI.
## SELECTION OF SUCCESSFUL BID

**16.** **Successful Bid Selection.** The Auction, if conducted, shall continue until there is only one Qualifying Bid that the Trustees determine, after consultation with the Lender, in their respective reasonable business judgment (a) is the highest or otherwise best Qualifying Bid for the Assets and (b) is in the best interest of the 727 Debtor's estate or YSA Debtor's estate, after considering all relevant factors and potential alternatives, including, among other things: (i) the amount of the purchase price, including any assumed liabilities; (ii) the form of consideration being offered; (iii) the likelihood of the Qualified Bidder's ability to close a Sale

and the timing thereof, and the cost to the 727 Debtor or YSA Debtor of any delay; (iv) the net benefit to the 727 Debtor's estate and YSA's estate; and (v) the number, type and nature of any changes to the PSA. The Trustees shall select such Qualifying Bid as the overall highest or otherwise best bid for the Assets (the "Successful Bid," and the Bidder submitting such Successful Bid, the "Successful Bidder"). The Trustees will announce the Successful Bid and the Backup Bid before the conclusion of the Auction. Any objections to the conduct of the Auction or the designation of the Successful Bidder or Backup Bidder as announced at said Auction **must be filed by 2:00 pm CT on December 2, 2026,** and served via the Court's electronic case filing system ("ECF") and via email upon the Notice Parties, as defined below. The Lender's Credit Bid shall be an additional Backup Bid if there are two or more overbids from Qualified Bidders and the Lender's Credit Bid shall close on December 18, 2026 if neither the Successful Bid or any Backup Bid from a bidder other than the Lender has closed by that date.

**17. Successful Bid Acknowledgment.** Within one calendar day after the conclusion of the Auction, if conducted, and if no Auction is held, as soon as practicable, but in no event later than one calendar day following the date scheduled for the Auction, the Successful Bidder shall complete and execute all agreements, contracts, instruments or other documents evidencing and containing the terms and conditions upon which the Successful Bid was made (the "**Sale Documents**").

**18. Execution of Purchase and Sale Agreement. No later than December 1, 2026** the Successful Bidder and the Trustees shall execute a final Purchase and Sale Agreement ("PSA").

**19. Notice of Successful Bid. No later than December 1, 2026** the Trustees shall file a *Notice of Auction Results* with the Bankruptcy Court and serve said Notice on all parties-in-interest by ECF or email (if an email address is available). Such Sale Notice shall provide, at a minimum: (a) the identity of the Successful Bidder and the Backup Bidder; (b) the property to be sold to the Successful Bidder; and (c) the consideration to be paid by the Successful Bidder.

**20. Sale Notice**. On or before **December 1, 2026**, the Trustees shall file a *Notice of Proposed Sale of Assets to Successful Bidder* (the "Sale Notice") with the Bankruptcy Court, and serve said Notice on all parties-in-interest by ECF or email (if an email address is available). Such Sale Notice shall provide, at a minimum: (a) the date and time of the Sale Hearing; and (b) any other information the Trustees determine, in their respective business judgment, is necessary to include in the Sale Notice. The Trustees shall serve the Sale Notice in the manner provided in the Bid Procedures Order.

**21. Backup Bidding.** At the conclusion of the Auction, the Trustees jointly may designate the second highest or otherwise second-best Qualifying Bid for the Assets to serve as the backup bid for the Sale (the "Backup Bid," and the Qualified Bidder making the Backup Bid, the "Backup Bidder"). The Backup Bidder shall remain obligated to close the Sale on the terms set forth in the Backup Bid if the Sale with the Successful Bidder does not close. The Backup Bidder shall be obligated to close on the Backup Bid until three business days after the

Closing Deadline, or such other time period as agreed to by the Backup Bidder and the Trustees(the "Backup Release Date"). The Deposit provided by the Backup Bidder shall be returned to the Backup Bidder within one business day after the Backup Release Date, provided that the Trustees may, in the exercise of their respective business judgement and/or in accordance with the PSA, as applicable, return any Deposit provided by the Backup Bidder prior to the Backup Release Date. **The Lender's Credit Bid shall be a Backup Bid as well in case any higher and better Successful Bid or any Backup Bid from another bidder does not close by the Closing Deadline.**

**22.** **Return of Deposits.** The Good Faith Deposits of all Qualified Bidders will be held in an account segregated by CB Richard Ellis, and all Qualifying Bids (other than the Successful Bid and the Backup Bid) will remain open until the day after the Auction the Auction (the "Release Date"). The Good Faith Deposits of Qualified Bidders which are not designated as the Successful Bidder or the Backup Bidder shall be returned within two (2) business days after the Release Date. The Deposit submitted by the Successful Bidder will be applied against the payment of the purchase price upon the closing of the Sale with the Successful Bidder. Notwithstanding the foregoing, the Trustees may, in the exercise of their respective business judgement, return any Deposit provided by any other Qualified Bidder any time prior to the Release Date.

**23.** **Disputes Between the Trustees**. In the event that the Trustees take different positions as to any of the discretionary decisions set forth herein after meeting and conferring with each other in good faith, such dispute shall be presented on a swift basis to the Bankruptcy Court for determination.

## VII.
## SALE HEARING AND OBJECTIONS

**24.** **Sale Hearing.** The Trustees will seek entry of an order from the Bankruptcy Court approving the Sale to the Successful Bidder on the terms set forth in the Successful Bidder's PSA, and as described in the Sale Notice (such order, the "Sale Order"). The hearing on final approval of the Sale and entry of the Sale Order will be held on **December 3, 2026, at 10:00 A.M.** to be conducted by video via Microsoft Teams (the "Sale Hearing"), notice of which shall be served upon designation of a Sale Hearing date and time by the Bankruptcy Court.

**25.** **Other Objections.** All other objections, including without limitation objections to (a) the 363 Sale or the Bankruptcy Court's entry of an order approving the Sale, (b) the proceedings of the Auction, and (c) the identity of the Successful Bidder and its ability to provide Adequate Assurance, must be filed with the Bankruptcy Court, received by all Notice Parties and the U.S. Trustee, and served via ECF by no later than **2:00 pm CT on December 2, 2026**.

## VIII.
## MISCELLANEOUS PROVISIONS

**26.** **Notice Parties.** The respective Trustees, the Broker, counsel for Lender, and the United States Trustee are referred to herein and defined as the "Notice Parties" for the purpose of these Bid Procedures. Contact information for Notice Parties is as follows:

**727 Lofts Trustee:**

727 Lofts Best Living LLC
c/o Daniel J. Sherman, Chapter 11 Trustee
Sherman & Yaquito, L.L.P.
509 N. Montclair Avenue
Dallas, TX 75208
Email : dsherman@syllp.com

**727 Lofts Trustee's Counsel:**

Nicholas K. Gurguis
c/o Daniel J. Sherman, Chapter 11 Trustee
Sherman & Yaquito, L.L.P.
509 N. Montclair Avenue
Dallas, TX 75208
Email : ngurguis@syllp.com

Kevin D. McCullough
Rochelle McCullough PLLC
901 Main St.
Suite 3200
Dallas, TX 75202
Email: kdm@romclaw.com

**YSA Trustee:**

Michael E. Deeba
201 Robert S. Kerr
Suite 252
Oklahoma City, OK 73102
Mike.d@medeeba.com
(405) 615-1010

**YSA Trustee's Counsel:**

J. Clay Christensen (OBA # 11789)
Jonathan M. Miles (OBA # 31152)
Brock Z. Pittman (OBA # 32853)
The Parkway Building
3401 N.W. 63rd Street, Suite 600
Oklahoma City, Oklahoma 73116
Telephone (405) 232-2020
Facsimile (405) 228-1113
Clay@christensenlawgroup.com
Jon@christensenlawgroup.com
Brock@christensenlawgroup.com

**Broker:**

CB Richard Ellis
521 East 2nd Street, Suite 700
Tulsa, OK 74120
Attn: Brian Donahue
Email: brian.donahue@cbre.com

**Counsel for Lender**

Stephen J. Moriarty, Esq.
Fellers, Snider, Blankenship,
Bailey & Tippens, P.C.
100 N. Broadway Ave., Suite 1700
Oklahoma City, OK 73102
Email: smoriarty@fellerssnider.com

**26. Reservation of Rights.** In addition to the other reservations set forth herein, the Trustees may: (a) determine which Qualifying Bid, if any, is the highest or otherwise best offer; and (b) reject at any time before the Court's entry of an order approving a Qualifying Bid, any bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bid Procedures, or the terms and conditions of any proposed 363 Sale or Plan, or (iii) contrary to the best interests of the 727 Debtor and/or YSA Debtor and their respective estate and creditors. The Trustees agree that the Lender's Credit Bid is a Qualified Bid.

**27. Sale Free and Clear.** Subject to the Credit Bid Right, and except as otherwise provided in the Sale Motion and any exhibits thereto, all of the 727 Debtor's or YSA Debtor's rights, title, and interest in and to the 727 Lofts Property subject thereto shall be sold free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options and interests thereon and there against (collectively, the "Interests") in accordance with Bankruptcy Code section 363, including Section 363(m), with such Interests to attach to the net proceeds of the Sale. However, notwithstanding anything contained in these Bid Procedures or the Sale Motion to the contrary, no sale under Bankruptcy Code section 363 shall occur without approval by the Bankruptcy Court.

**28. Fiduciary Duties.** Notwithstanding anything to the contrary contained herein, nothing in the Bidding Procedures will prevent the Trustees or their respective representatives from exercising their respective fiduciary duties under, or otherwise complying with, applicable law.

**[Remainder of page left intentionally blank]**