**Dated: November 13, 2026**

**The following is ORDERED:**

Sarah A Hall
United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**OKLAHOMA CITY DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Case No. 26-12825-SAH** |
| | § | |
| **727 LOFTS BEST LIVING, LLC**[1] | § | **Jointly Administered** |
| | § | |
| **Debtors.** | § | **Chapter 11** |
| | § | |
| | § | |
| **IN RE:** | § | |
| | § | **Case No. 26-12806-SAH** |
| **YSA INVESTMENTS 1, LLC** | § | |
| | § | **Chapter 11** |
| **Debtor.** | § | |
| | § | |

**AGREED ORDER APPROVING SETTLEMENT WITH**
**<u>ACRE Q018 RETENTION HOLDER, LLC</u>**

Came on for consideration before the Court on November 5, 2026:

(i) The *Debtors' Motion Pursuant to Federal Rule of Bankruptcy Procedure 9019 for Approval of Settlement Agreement between the Debtors and ACRE Q018 Retention*

[1] The jointly administered debtors and their respective case numbers are as follows: 727 Lofts Best Living, LLC, Case No. 26-12825-SAH; 727 Lofts Holdings, LLC, Case No. 26-12826-SAH; Remington Ranch's Best Living, LLC, Case No. 26-12842-SAH; Lofts at North Penn Best Living, LLC, Case No. 26-12844-SAH; A-V Village Creek Owner, LLC, Case No. 26-12846-SAH; Barcelona Best Living, LLC, Case No. 26-12850-SAH; Louis Investments, LLC, Case No. 26-12851-SAH; Woodland Manor Best Living, LLC, Case No. 26-12858-SAH; Woodland Manor TIC 1, LLC, Case No. 26-12859-SAH; and Ridge Best Living, LLC, Case No. 26-12869-SAH.

*Holder* ("ACRE") [ Dkt. No. 22] as adopted and amended by Docket No. 164[2] (the "727 Settlement Motion") which motion was originally filed by debtors 727 Lofts Best Living LLC and 727 Lofts Holding, LLC, and was later amended and adopted by Daniel J. Sherman as Chapter 11 Trustee (the "727 Trustee") in the jointly administered bankruptcy case of *In re 727 Lofts Best Living, LLC*, Bankr. No. 26-12825-SAH (the "727 Bankruptcy Case"); and

(ii) The *Corrected Debtor's Expedited Motion Pursuant to Federal Rule of Bankruptcy Procedure 9019 for Approval of Settlement Agreement Between the Debtor and ACRE Q018 Retention Holder* [Dkt. No. 398] (the "YSA Settlement Motion" and together with the 727 Settlement Motion, the "Settlement Motions"), which motion was originally filed by YSA Investments 1, LLC (the "YSA Debtor") and was later amended and adopted by Michael E. Deeba as Chapter 11 Trustee for the YSA Debtor (the "YSA Trustee" and with the 727 Trustee, the "Trustees") in the bankruptcy case of *In re YSA Investments 1, LLC*, Bankr. No. 26-12806-SAH (the "YSA Bankruptcy Case").

Based upon (i) the Settlement Motions and (ii) the record established at the November 5, 2026, hearing on the Settlement Motions, the Court hereby approves and adopts said stipulations and agreements as findings of fact and conclusions of law, and finds as follows:

[Space intentionally blank]

---

[2] Dkt. No. 164 is the *[Corrected] 727 Lofts Chapter 11 Trustee's Adoption in Updated Form of the Motion Pursuant to Federal Rule of Bankruptcy Procedure 9019 for Approval of Settlement Agreement between the Debtors and ACRE Q018 Retention Holder [Dkt. No. 22].*

A. This Court has jurisdiction over this proceeding, the parties, and the property of the 727 Bankruptcy Case and the YSA Bankruptcy Case pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The relief sought in the Settlement Motions is authorized under Sections 105, 363 and 502 of the Bankruptcy Code and Bankruptcy Rule 9019.[3]

C. Sufficient and adequate notice of the Settlement Motions has been provided to all creditors and other parties in interest entitled to such notice pursuant to the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court, and as required by the Bankruptcy Code (as hereinafter defined).

D. The *Limited Objection and Reservation of Rights of Yamato OKC Lender, LLC to (A) Debtor's Corrected Expedited Motion for Entry of Order Approving Bid Procedures and Sale of the Debtor's Interests in the 727 Lofts Property [Doc. 397] and (B) Debtor's Corrected Expedited Motion Pursuant to Rule 9019 for Approval of Settlement Agreement with ACRE Q018 Retention Holder LLC [Doc. 398]* [Dkt. No. 462], filed in the YSA Bankruptcy Case on October 2, 2026, has been fully resolved, as reflected by the signature of Yamato OKC Lender, LLC's counsel hereto.

E. On June 25, 2026 (the "Petition Date"), 727 Lofts Best Living, LLC and 727 Lofts Holdings, LLC (the "727 Lofts Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

F. On August 2, 2026, Daniel J. Sherman was appointed as Chapter 11 Trustee in the 727 Lofts Best Living, LLC and 727 Lofts Holdings, LLC Chapter 11 cases now pending in this district as jointly administered Case No. 26-12825 for the 727 Lofts bankruptcy estates (the "727 Lofts Estates").

G. On July 28, 2026 , YSA Investments 1, LLC (the "YSA Debtor") filed a voluntary petition for relief under the Bankruptcy Code, Case No. 26-12806.

H. On October 8, 2026, Michael E. Deeba was appointed as the Chapter 11 Trustee in the YSA Bankruptcy Case.

I. The bankruptcy estate created by the commencement of the YSA Bankruptcy Case is referred to herein as the "YSA Estate."

J. The Trustees and ACRE stipulate as follows:

1. On or about March 10, 2022, the 727 Lofts Debtors executed and

---

[3] The Settlement Agreement is attached hereto as **Exhibit A**. To the extent that the specific terms of the Settlement Agreement conflict with this *Agreed Order Approving Settlement with ACRE Q018 Retention Holder, LLC*, or the *Agreed Order (I) Authorizing and Approving (A) Bid Procedures and Protections and (B) Form and Manner of Notice of Bid Procedures, Cure Amounts, Auction, and Sale Hearing; (II) Scheduling an Auction and Sale Hearing; and (III) Granting Related Relief,* which is being filed concurrently herewith, the terms of the respective Orders shall govern.

delivered a Promissory Note in favor of ACRE Credit Investments II LLC, a Delaware limited liability company ("Original Lender") in the original principal amount of $17,000,000.00 (the "Note").

2. The Note was made pursuant to that certain Loan Agreement dated as of March 10, 2022 (the "Loan Agreement"), executed by the 727 Lofts Debtors and Original Lender.

3. To secure payment of the Note and performance of the Loan Agreement, Debtor 727 Lofts Best Living, LLC executed in favor of Original Lender that certain Mortgage, Assignment of Leases and Rents, Security Agreement, and Fixture Filing dated March 10, 2022 (the "Mortgage").

4. The Mortgage was recorded on March 11, 2022, as Document Number 2022025541 in the records of the County Clerk of Tulsa County, Oklahoma, with the required mortgage tax paid.

5. The Mortgage encumbers the real property located in Tulsa County, Oklahoma, commonly known as 727 East Main Place, Jenks, Oklahoma 74037, together with all improvements, fixtures, appurtenances, leases, rents, accounts, proceeds, and other collateral described therein (collectively, the "727 Lofts Property").

6. The Loan was also secured by an Assignment of Leases and Rents dated March 10, 2022 ("Assignment of Leases") (the Loan Agreement, Note, Mortgage and Assignment of Leases are collectively referred to as the "Loan Documents"), pursuant to which Debtor 727 Lofts Best Living, LLC absolutely and unconditionally assigned to Lender all leases and rents arising from the Property, while retaining only a revocable license to collect rents unless and until default.

7. The Loan Documents are genuine, valid, existing, and legally enforceable subject to the terms thereof.

8. On or about September 15, 2022, the 727 Lofts Debtors, Original Lender, and Guarantors executed a First Omnibus Amendment to Loan Documents (the "First Omnibus Amendment"), which amended certain provisions of the Loan Agreement relating to the Applicable Interest Rate and the interest-rate benchmark mechanics, confirmed that the Loan Documents remained in full force and effect as modified, and included the 727 Lofts Debtors' and Guarantors' reaffirmations of their obligations under the

Loan Documents and waivers of defenses and claims as of the effective date of the First Omnibus Amendment.

9. After origination of the Loan, Original Lender executed and delivered in favor of U.S. Bank Trust Company, National Association, as debtor for the registered Holders of ACRE Multifamily Housing Mortgage Loan Trust 2022-Q018, Multifamily Mortgage Pass-Through Certificates, Series 2022-Q018 ("Assignee") that certain Assignment of Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated October 20, 2022, which was filed of record in the official land records of the Office of the County Clerk of Tulsa County, Oklahoma on October 27, 2022, thereby assigning to Assignee all of Original Lender's right, title, and interest in and to the Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing encumbering the 727 Lofts Property.

10. On or about March 27, 2026, the Assignee executed and delivered to ACRE that certain Assignment of Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing, effective as of March 27, 2026 (the "Assignment"), by which the Prior Holder assigned, transferred, and set over to ACRE all of the Assignee's right, title, and interest, of any kind whatsoever, in and to the subject note or notes and loan documents, including the Mortgage, the Assignment of Leases and Rents, and the related rights of mortgagee, beneficiary, payee, assignee, or secured party, as applicable.

11. By virtue of the foregoing assignments and transfers, ACRE is the current owner and holder of, and successor-in-interest to all rights under, the Note, the Loan Agreement, the Mortgage, the Assignment of Leases and Rents, the Guaranty, and the other Loan Documents, and ACRE is entitled to enforce the same.

12. The 727 Lofts Debtors were obligated to pay the outstanding principal balance, all accrued and unpaid interest, and all other amounts due under the Loan Documents on the extended Maturity Date of March 9, 2026. The 727 Lofts Debtors failed to pay the Loan in full on the extended Maturity Date and thereby defaulted under the Note and Loan Agreement.

13. As a result of 727 Lofts Debtors' default, ACRE is entitled to recover the full indebtedness owing under the Loan Documents, including but not

limited to unpaid principal, accrued and unpaid interest, default interest, late charges, servicing fees and special servicing or workout fees to the extent recoverable, escrow or reserve deficiencies, protective advances, attorneys' fees, costs, and all other sums recoverable under the Loan Documents. As of the Petition Date, the amount owed is $16,704,064.06 plus post-petition interest at the default rate and post-petition reasonable attorneys' fees. As of November 5, 2026, ACRE has incurred $798,866.29 of additional post-petition interest at the default rate, $58,813.28 of forced place insurance premiums and $540,537.50 of post-petition attorneys' fees and costs.

K. The Trustees have each entered into the settlement set forth herein in their business judgment and the settlement is within the range of reasonableness.

L. The settlement motions and related bid and sale procedures pleadings filed in each of the YSA Bankruptcy Case and the 727 Bankruptcy Case are interrelated and all must be timely approved by the Bankruptcy Court for the transactions contemplated therein to be effective.

M. Good cause has been shown for the entry of this Order. The Court concludes that entry of this Order is in the best interest of the YSA Estate and the 727 Lofts Estates.

Based upon the above findings, the Court hereby **ORDERS** as follows:

1. **Allowed Claim.** ACRE's claim is hereby allowed in the amount of $16,704,604.06 as of the petition date plus accruing post-petition interest at the default rate and post-petition reasonable attorneys' fees without offset, counterclaim, avoidance, designation, subordination, surcharge or other defense of any nature whatsoever which claim is secured by a first position lien on all assets of each 727 Lofts Estate and/or any rights of YSA in the 727 Lofts Property in the YSA Bankruptcy Case (subject to any accruing real estate taxes related to the real property owned by Debtor 727 Lofts Best Living, LLC or YSA) (the "Allowed ACRE Claim"). ACRE shall not be required to file a proof of claim in either the 727 Bankruptcy Case(s)[4] or in the YSA Bankruptcy Case.

2. **Bid Procedures Order.** An order approving bid procedures in form and substance acceptable to ACRE is being entered simultaneously with entry of this Order in both the YSA Bankruptcy Case and the 727 Bankruptcy Case.

3. **ACRE's Credit Bid Rights.** ACRE is submitting a credit bid in the full amount of the Allowed ACRE Claim pursuant to the Bid Procedures Order. This credit bid is permitted

[4] Although the 727 Bankruptcy Case is jointly administered, claims are to be filed in each of the respective cases.

under Section 363(k) of the Bankruptcy Code and ACRE's rights to credit bid are not subject to challenge.

4. **Overbids and Back-Up Bid.** If there is an overbid above the amount owed to ACRE including post-petition interest and attorneys', then ACRE's stalking horse bid would become a back-up bidder and would close if the overbidder or any other higher backup bidder does not close by December 18, 2026. If the overbid closes by December 18, 2026, ACRE would agree to cap its total claim at $18,000,000 (inclusive of post-petition interest and attorneys' fees) and that $18,000,000 would be paid by wire transfer at Closing from the proceeds of the overbid closing.

If ACRE's bid closes or ACRE is paid $18,000,000 in cash from an overbid by December 18, 2026, ACRE would release the guarantees from Marc Kulick and Alex Upperman at closing.

If ACRE's credit bid closes, each of the following shall be paid from a carveout to ACRE's lien (which ACRE expressly hereby agrees to): (i) reasonable costs and fees of the 727 Trustee and his professionals related to the 727 Lofts Property and 727 Lofts Bankruptcy Cases, (ii) reasonable costs and fees of the YSA Trustee and his professionals related to the 727 Lofts Property and the YSA Bankruptcy Case, (iii) commission and costs of CB Richard Ellis as the retained broker related to the sale of the 727 Lofts Property in an amount not to exceed $100,000, and (iv) any accrued quarterly fees due to the Office of the United States Trustee ("UST Fees") through the closing date related to the 727 Lofts chapter 11 cases. If an overbid closes instead by December 18, 2026, then the retained broker's commission and the fees and costs of the Trustees and their counsel can be paid from the escrow of excess proceeds from the overbid closing in such amount as the Bankruptcy Court approves along with the UST Fees.

Any excess proceeds from an overbid will be held in escrow by the 727 Trustee and there will be a later determination as to whom is entitled to any such excess proceeds. All parties reserve all rights and defenses as to those claims and assertions.

5. **Binding Order.** This Order shall be binding upon all parties and upon all subsequently appointed court officers, including the 727 Lofts Debtors, the YSA Debtor and any subsequently appointed trustees under chapter 11 or chapter 7 of the Bankruptcy Code in the 727 Bankruptcy Case or in the YSA Bankruptcy Case.

6. **Good Cause.** Good cause has been shown for the entry of this Order. The entry of this Order is in the best interests of the 727 Lofts Estates, the YSA Estate and their respective creditors.

7. This Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

8. The Trustee for each respective estate shall notify interested parties of this Order.

9. All findings of fact are based upon representation of counsel.

**IT IS SO ORDERED.**

# # #

Respectfully submitted, by agreement:

/s/ *Shannon S. Thomas*
Kevin D. McCullough
TX State Bar No. 00788005 (*Admitted Pro Hac Vice*)
Shannon S. Thomas
TX State Bar No. 24088442 (*Admitted Pro Hac Vice*)
ROCHELLE MCCULLOUGH PLLC
901 Main Street, Suite 3200
Dallas, Texas 75202
Telephone: (214) 953-0182
Facsimile: (888) 467-5979
kdm@romclaw.com
sthomas@romclaw.com

Daniel J. Sherman
TX State Bar No. 18241000 (*Admitted Pro Hac Vice*)
Nick Gurguis *(Admitted to Practice – WDOK)*
TX State Bar No. 24106036
SHERMAN & YAQUINTO, L.L.P.
509 N. Montclair Ave.
Dallas, TX 75208-5450
Telephone: (214) 942-5502
Facsimile: (214) 946-7601
djsherman@syllp.com
nick@syllp.com

**CO-GENERAL COUNSEL FOR**
**DANIEL J. SHERMAN, CHAPTER 11 TRUSTEE**

/s/ *J. Clay Christensen*
J. Clay Christensen (OBA # 11789)
Jonathan M. Miles (OBA # 31152)
Brock Z. Pittman (OBA # 32853)
The Parkway Building
3401 N.W. 63rd Street, Suite 600
Oklahoma City, Oklahoma 73116
Telephone (405) 232-2020
Facsimile (405) 228-1113
Clay@christensenlawgroup.com
Jon@christensenlawgroup.com
Brock@christensenlawgroup.com

**PROPOSED COUNSEL FOR**
**TRUSTEE MICHAEL E. DEEBA**

/s/ *Stephen J. Moriarty* (by permission)
Stephen J. Moriarty, OBA No. 6410
FELLERS, SNIDER, BLANKENSHIP,
BAILEY & TIPPENS
100 North Broadway, Suite 1700
Oklahoma City, OK 73102-8820
Telephone: (405) 232-0621
Facsimile: (405) 232-9659
smoriarty@fellerssnider.com

**ATTORNEYS FOR ACRE Q018**
**RETENTION HOLDER LLC**

Agreed as to form:

/s/ *Jonathan Lozano* (by permission)
Jonathan Lozano (*admitted pro hac vice*)
BRACEWELL LLP
111 Congress Avenue, Suite 2300
Austin, TX 78701
Jonathan.lozano@bracewell.com

**ATTORNEYS FOR YAMATO OKC LENDER, LLC**