# EXHIBIT A

## Settlement Agreement

# AMENDED AND RESTATED GLOBAL SETTLEMENT AGREEMENT

This Amended and Restated Global Settlement Agreement (the "Global Settlement Agreement") dated September 17, 2026, is made by and among ACRE Q018 Retention Holder LLC ("ACRE") and 727 Lofts Best Living, LLC ("Project Entity") and 727 Lofts Holdings, LLC ("Pledgor"), each acting by Daniel J. Sherman (the "727 Lofts Trustee") as the Chapter 11 Trustee (collectively, the "727 Lofts Debtors") and YSA Investments I, LLC, as a Chapter 11 Debtor and Debtor in Possession (the "YSA Debtor").

## Recitals

A. The 727 Lofts Debtors filed Chapter 11 cases under lead case number 26-32779-sgj-11 (the "727 Lofts Cases") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division on June 25, 2026. Venue in the 727 Lofts Cases has been transferred to the United States Bankruptcy Court for the Western District of Oklahoma (the "Oklahoma Bankruptcy Court").

B. The YSA Debtor originally filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Delaware. Venue for that YSA Debtor's Chapter 11 case (the "YSA Case") was transferred to the Oklahoma Bankruptcy Court.

C. This settlement relates to real property located in Tulsa County, Oklahoma commonly known as 727 East Main Place, Jenks, Oklahoma 74037 (the "727 Lofts Property").

C. Pledgor asserts it owns 100% of the equity interests in the Project Entity (the "Equity Interests").

D. The 727 Lofts Debtors executed and delivered a Promissory Note in the original principal amount of $17,000,000 which Promissory Note is currently held by ACRE (the "Loan").

E. There is a mortgage on the Property securing the Loan which mortgage is currently held by ACRE.

F. Pledgor has delivered a Pledge and Security Agreement pledging the Equity Interests which pledge is currently held by ACRE.

G. ACRE filed a Motion to Lift the Automatic Stay Pursuant to Section 362(D) of the Bankruptcy Code [Dkt. No. 16] (the "727 Lofts Case Lift Stay Motion") in the 727 Lofts Cases.

H. 727 Lofts filed a Motion to Compromise Controversary with ACRE Q018 Retention Holder, LLC shortly thereafter [Dkt. No. 22] that proposed to resolve the 727 Lofts Case Lift Stay Motion by allowing a further marketing period for the 727 Lofts Property leading to an auction date to determine if there was in fact equity above the ACRE mortgage on the 727 Lofts Property.

I. ACRE Filed a Motion for Relief From the Automatic Stay [Dkt. No. 27] (the "YSA Case Lift Stay Motion") in the YSA Case.

J. YSA filed an Objection to the YSA Case Lift Stay Motion [Dkt. No. 91] (the "YSA Lift Stay Objection") asserting, among other things, that there was equity in the 727 Lofts Property.

K. The Project Debtor first began marketing the 727 Lofts Property in February, 2026.

L. ACRE retained Jones Lang LaSalle in April 2026 to market the Equity Interests in a UCC Article 9 sale process.

M. YSA along with the 727 Lofts Debtors have jointly engaged CB Richard Ellis as broker ("CBRE"), including, without limitation, with respect to YSA's and the 727 Lofts Debtors' respective asserted interests in the 727 Lofts Property.

N. The parties hereto have agreed to allow CBRE to market the 727 Lofts Property.

O. ACRE has agreed to support a further marketing and sale process allowing for bids to be submitted through October 15, 2026 and an auction on October 18, 2026 if there are qualified overbids to further test the market value of the 727 Lofts Property pursuant to the terms of this Global Settlement Agreement and related implementing pleadings and documents.

J. ACRE has further agreed to submit a floor credit bid capped at $17.8 million for the 727 Lofts Property.

K. The Trustee and YSA have both agreed to seek expedited approval of this Global Settlement Agreement and related matters pursuant to Section 363 of the United States Bankruptcy Code and Bankruptcy Rule 9019 and the local rules of the Bankruptcy Court.

NOW THEREFORE, for and in consideration of the obligations and promises recited below, and other good and valuable consideration, the receipt, adequacy and sufficiency of which are hereby acknowledged, the parties represent and agree as follows:

1. **Global Settlement Terms**

A. The 727 Lofts Trustee on behalf of the Debtors and YSA agree that ACRE's claims should be allowed in the amount of $16,704,604.06 as of the petition date plus accruing post-petition interest at the default rate and post-petition reasonable attorneys' fees without offset, counterclaim, avoidance, designation, subordination, surcharge or other defense of any nature whatsoever which claim is secured by a first position lien on all assets of each 727 Lofts Estate (subject to any accruing real estate taxes related to the 727 Lofts Property) (the "Allowed ACRE Claim") and that ACRE shall not be required to file a proof of claim in the 727 Lofts Cases or the YSA Case. Obtaining Bankruptcy Court approval of the Allowed ACRE Claim and this Global Settlement Agreement by October 8, 2026 is a material condition of this Global Settlement Agreement.

B. The Parties have negotiated a form of Motion to Approve Bid Procedures and Sale Motion and related Bid Procedures Order. Obtaining Bankruptcy Court approval of those bid procedures and form of Order by October 8, 2026 or some other order approving bid procedures in form and substance acceptable to ACRE by October 8, 2026 is a material condition of this Global Settlement Agreement. The parties shall negotiate a form of Sale Order in form and substance acceptable to ACRE by no later than October 6, 2026.

C. ACRE shall submit a credit bid by October 15, 2026 in the full capped amount of the Allowed ACRE Claim pursuant to the Bid Procedures Order. This credit bid shall be permitted under Section 363(k) of the Bankruptcy Code and ACRE's rights to credit bid shall not be subject to challenge.

D. If there is an overbid above the amount owed to ACRE including post-petition interest and attorneys' fees and the break-up fee amount, then ACRE's credit bid would become a back-up bidder and would close if the overbidder or any other higher backup bidder does not close by November 6, 2026. If the overbid closes by November 6, 2026, ACRE would agree to cap its total claim at $17,800,000 (inclusive of post-petition interest and attorneys' fees) and that $17,800,000 would be paid by wire transfer at Closing from the proceeds of the overbid closing.

E. If ACRE's credit bid closes or ACRE is paid $17.8 million in cash from an overbid by November 6, 2026, ACRE would release the guarantees from Marc Kulick and Alex Upperman at closing.

F. If ACRE's credit bid closes, each of the following shall be paid from a carveout to ACRE's lien (which ACRE expressly hereby agrees to): (i) reasonable costs and fees of the 727 Lofts Trustee and his professionals related to the 727 Lofts Property and 727 Lofts Cases, (ii) CBRE's commission and costs related to the sale of the 727 Lofts Property in an amount not

to exceed $100,000, and (iii) any accrued quarterly fees due to the Office of the United States Trustee ("UST Fees") through the closing date related to the 727 Lofts chapter 11 cases. If an overbid closes instead by November 6, 2026, then the 727 Lofts Trustee's costs and fees, CBRE's commission and UST Fees shall instead be paid from the escrow of proceeds from the overbid closing in such amount as the Bankruptcy Court approves.

G. Any excess proceeds from an overbid will be held in escrow by the 727 Lofts Trustee and there will be a later determination as to whether such proceeds go to YSA Investments I, LLC's asserted second mortgage and claims, filed mechanics lien claims, Chapter 11 professional fees, unsecured claims or insider equity/claims of the Kulick related parties and/or the YSA related parties.

H. The Debtors and YSA will file (i) an updated motion to approve this Global Settlement Agreement and the related bid procedures and sale in form and substance agreed to by the parties hereto by no later than September 22, 2026 and any required motion to expedite (the "Bid Procedures and Settlement Motions") and (ii) shall seek to have the Sale and Settlement Motion heard by the Bankruptcy Court no later than October 8, 2026.

I. In the event that an order approving all of the relief sought in the Bid Procedures and Settlement Motion is not granted by the Bankruptcy Court by October 8, 2026, this Global Settlement Agreement shall be null and void and all parties shall reserve all rights, remedies and defenses unless that deadline is extended by mutual agreement of the parties to this Agreement.

J. The closing of the ACRE Credit Bid or any higher and better overbid (the "Closing") shall occur by no later than November 6, 2026.

K. ACRE shall postpone any objection deadlines, hearing dates and discovery response dates to ACRE's Lift Stay Motions to the later of (i) October 8, 2026 and (ii) if the

9019 Settlement Order and Bid Procedures are approved by October 8, 2026, then to November 6, 2026. If there is a Closing by November 6, 2026 under ACRE's credit bid or that pays ACRE $17.8 million in cash, ACRE will thereafter dismiss both Lift Stay Motions.

L. The settlement motions and related bid and sale pleadings filed in each of the YSA Case and the 727 Lofts Cases are interrelated and all must be timely approved by the Bankruptcy Court for the transactions contemplated therein to be effective.

2. **Attorneys' Fees and Costs.** Each party to this Global Settlement Agreement shall bear its own attorneys' fees and costs incurred to date in this matter and those associated with the negotiation and execution of this Global Settlement Agreement.

3. **Entire Agreement.** This instrument contains and embodies the entire agreement of the parties and understanding of the parties and supersedes all prior agreements and understandings, oral or written, between them, relating to the subject matter of this Global Settlement Agreement. No modification or waiver of the terms and conditions contained herein shall be of any force and effect unless such modification or waiver shall be in writing and signed by the parties.

4. **Severability.** If any term or provision of this Global Settlement Agreement shall be deemed to be prohibited, invalid or unenforceable in any jurisdiction, such a provision shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof, or effecting the validity or enforceability of such provisions in any jurisdiction, and all such remaining terms and provisions shall remain in full force and effect.

5. **Governing Law; Consent to Jurisdiction; Waiver of Jury Trial.** This Global Settlement Agreement shall be governed by, and construed in accordance with, the laws of the

State of Oklahoma without regard to conflict of laws principles. The Parties agree that neither shall commence any litigation or any other type of proceedings against the other party over a dispute arising out of this Release or either party's rights and obligations hereunder, except in the Bankruptcy Court so long as the 727 Lofts Case or YSA Case are pending or thereafter, in any court of competent jurisdiction including any state or federal court located in the City of Oklahoma City, Oklahoma. Each party consents, and subjects itself, to the jurisdiction of such courts for any dispute arising out of this Global Settlement Agreement and each party agrees that such jurisdiction and venue are reasonable and just under the circumstances. THE PARTIES HEREBY WAIVE ANY RIGHT TO TRIAL BY JURY RELATED TO THIS GLOBAL SETTLEMENT AGREEMENT AND ANY OF THE MATTERS ADDRESSED HEREIN.

8. **General.** This Global Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and any of the parties may execute this Global Settlement Agreement by signing any such counterpart. Signatures delivered by electronic (PDF) transmission shall constitute execution as though original. The sections and other headings contained in this Global Settlement Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Global Settlement Agreement.

9. **Acknowledgment.** This Global Settlement Agreement is the result of negotiations between the parties and no party shall be deemed to be the drafter of this Global Settlement Agreement. Each of the Parties expressly agrees and acknowledges that, by signing this Global Settlement Agreement, each of them represents and warrants that (a) they are authorized to enter into and execute this Global Settlement Agreement (subject to approval by the Bankruptcy Court); (b) they have read and understand this entire Global Settlement Agreement and documents

attached thereto; (c) they have knowingly and voluntarily entered into this Global Settlement and are not under duress; (d) they have been represented by an attorney in connection with entering into this Global Settlement Agreement; and (e) this Global Settlement Agreement shall inure to the benefit of, and be binding upon, the parties, their related entities and affiliates, officers, directors, members, managers, agents, predecessors, successors and assigns, including, without limitation, any Chapter 7 Trustee for any of the Debtors.

Executed and Delivered as of the date set forth above.

ACRE Q018 RETENTION HOLDER, LLC

Signed by:
Daniel Jacobs
37F436799A9F4AB...

By: ______________________________
Authorized Signatory

727 LOFTS BEST LIVING, LLC

By: ______________________________
Authorized Signatory

727 LOFTS HOLDINGS, LLC

By: ______________________________
Authorized Signatory

YSA INVESTMENTS I, LLC

By: ______________________________
Authorized Signatory

Executed and Delivered as of the date set forth above.

ACRE Q018 RETENTION HOLDER, LLC

By: ______________________________
Authorized Signatory

727 LOFTS BEST LIVING, LLC

By: ______________________________
Daniel J. Sherman, Chapter 11 Trustee

727 LOFTS HOLDINGS, LLC

By: ______________________________
Daniel J. Sherman, Chapter 11 Trustee

YSA INVESTMENTS I, LLC

By: ______________________________
Authorized Signatory

Executed and Delivered as of the date set forth above.

ACRE Q018 RETENTION HOLDER, LLC

By: ______________________________
Authorized Signatory

727 LOFTS BEST LIVING, LLC

By: ______________________________
Daniel J. Sherman, Chapter 11 Trustee

727 LOFTS HOLDINGS, LLC

By: ______________________________
Daniel J. Sherman, Chapter 11 Trustee

YSA INVESTMENTS I, LLC

By: ______________________________
Authorized Signatory