**Dated: November 18, 2026**

**The following is ORDERED:**

Sarah A Hall
United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br>YSA INVESTMENTS 1, LLC,<br>Debtor. | Chapter 11<br>Case No. 26-12806 (SAH) |

**ORDER GRANTING JOINT MOTION OF DEBTOR**
**AND THE BANCORP BANK FOR RELIEF FROM STAY**

Upon the Joint Motion [Doc. No. 409] of the Debtor YSA Investments 1, LLC and The Bancorp Bank, pursuant to Bankruptcy Code sections 105(a), 362(d), and 543(d), Bankruptcy Rule 4001; and the Court having jurisdiction to consider the relief requested pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found venue proper pursuant to 28 U.S.C. §§ 1408 and 1409; the Court having reviewed the pleadings on file noting the only objection filed to the Joint Motion was by Muntage Best Living, LLC ( "**Muntage**") *Response and Objection to Joint Motion of Debtor and the Bancorp Bank for Entry of an Order Granting Relief from Stay to Permit Foreclosure* [Doc. No. 493[ which has since been withdrawn; and, after due deliberation, the Court having determined that good and adequate cause exists to grant the stay relief set forth in the Joint Motion [Doc. No. 409] with respect to the Debtor's interests in the multifamily apartment complex

located at 3041 NW 41st Street, Oklahoma City, Oklahoma 73112 (the "Property"); and upon submission of this Order under certification of counsel,

**IT IS HEREBY ORDERED THAT:**

1. The Joint Motion [Doc. No. 409] is GRANTED as set forth herein.

2. The Joint Motion was filed on September 23, 2026.

3. Findings of fact are based upon representation of counsel pursuant to Local Rule 9013-1(L)(1)(a).

4. Pursuant to Bankruptcy Code section 362(d), the automatic stay is terminated, modified, and lifted so that Bancorp may pursue all of its rights and remedies at law and under its loan documents in, to, and against the Property, including, without limitation, continuing, proceeding, and prosecuting foreclosure of Bancorp's liens as against the Property, the interests of Muntage Best Living, LLC ("Borrower"), the Debtor's interests, and any other interests in the Property by way of judicial and/or non-judicial proceedings or actions, obtaining and enforcing any foreclosure judgment and orders of sale, conducting title work, obtaining appraisals and inspections, publishing and serving sale notices, scheduling foreclosure sales, instructing the Sheriff or other selling officer, conducting one or more judicial or non-judicial foreclosure sales to the extent permitted by applicable non-bankruptcy law, submitting a credit bid or bids, seeking confirmation of any foreclosure sale in State-court, obtaining and recording any foreclosure deed, Sheriff's deed, receiver's deed, or other instrument of conveyance, obtaining possession of the Property and enforcing any assignment of leases and rents, continuing the pending State-court receivership and seeking instructions concerning the court-appointed receiver therein, exercising all other in rem rights and remedies against the Property available under the loan documents or applicable non-bankruptcy law, and taking all other preparatory actions in connection with any of

the foregoing. No further notice to the Debtor, motion, application, hearing, or order of this Court shall be required for Bancorp to exercise its rights and remedies.

5. The Debtor, Borrower, and their respective principals, owners, members, managers, authorized agents, successors, and assigns shall not commence, prosecute, finance, assist, support, join in, or cause any action, adversary proceeding, contested matter, motion, petition, appeal, request for reconsideration, request for stay pending appeal, application for temporary restraining order, preliminary or permanent injunction, or other proceeding whose purpose or reasonably foreseeable effect is to enjoin, restrain, stay, postpone, condition, impair, or otherwise interfere with Bancorp's exercise of the rights granted by this Order.

6. The Court finds cause to waive the fourteen (14)-day stay imposed by Federal Rule of Bankruptcy Procedure 4001(a)(4) because the relief granted herein is consensual, the Property is already in the possession of a state-court-appointed receiver, and immediate effectiveness is necessary to permit continuation of the existing foreclosure and receivership proceedings without further uncertainty or delay. Accordingly, Federal Rule of Bankruptcy Procedure 4001(a)(4) is waived, and this Order is effective immediately upon entry.

7. Muntage's objection was withdrawn as evidenced by the *Withdrawal of Response and Objection to Joint Motion of Debtor and The Bancorp Bank for Entry of an Order Granting Relief from Stay to Permit Foreclosure* [Doc. No. 513] and by Muntage's approval of this Order by counsel for Muntage.

8. To the extent there are excess proceeds following the sale of the Property and application of the same to all outstanding obligations owed to Lender, such proceeds shall be subject to distribution in the order of priority under applicable law and subject to applicable court order(s). To the extent there are excess proceeds following the distribution to holders of allowed

claims pursuant to applicable law, such excess proceeds should be distributed in accordance with further Order of this Bankruptcy Court.

9. The relief from stay being granted in this Order is exclusive of and does not encompass the ownership dispute respecting the underlying Property, and this Court retains exclusive jurisdiction to make such determination.

10. Nothing in this Order determines or establishes the total amount of indebtedness owed by Borrower to The Bancorp Bank.

11. This Order shall be considered a final order upon entry.

12. The Bancorp Bank shall serve this Order on parties-in-interest.

13. IT IS SO ORDERED.

###

Approved for Entry:

/s/ Kiran A. Phansalkar
Kiran A. Phansalkar, OBA #11470
Preston M. Sullivan, OBA #33619
McAfee & Taft A Professional Corporation
8th Floor, Two Leadership Square
211 N Robinson Ave
Oklahoma City, OK 73102-7103
Telephone: (405) 235-9621
Email: kiran.phansalkar@mcafeetaft.com
preston.sullivan@mcafeetaft.com
***Attorneys for The Bancorp Bank, N.A.***

Approved for Entry:

/s/ J. Clay Christensen
J. Clay Christensen (OBA #11789)
Jonathan M. Miles (OBA #31152)
Brock Z. Pittman (OBA #32853)
Spencer K. Strickland (OBA #36272)
The Parkway Building
3401 N.W. 63rd Street, Suite 600
Oklahoma City, Oklahoma 73116
Telephone: (405) 232-2020
Facsimile: (405) 228-1113
Clay@christensenlawgroup.com
Jon@christensenlawgroup.com
Brock@christensenlawgroup.com
Spencer@christensenlawgroup.com
***Proposed Counsel for Chapter 11 Trustee***

Approved for Entry:

/s/ Jeffrey E. Tate
Jeffrey E. Tate, OBA #17150 Office of the United States Trustee 215 Dean A. McGee, Room 408 Oklahoma City, OK 73102 (202) 603-5228 / (405) 231-5958 [fax]
Jeff.Tate@usdoj.gov
***Attorney for the United States Trustee***

Approved for Entry:

/s/ Joyce W. Lindauer
Joyce W. Lindauer, TX Bar No. 21555700
Lindauer & Vaughn
117 S. Dallas St.
Ennis, TX 75119
Telephone: (972) 503-4033
Email: joyce@joycelindauer.com
***Attorneys for Muntage Best Living, LLC***