**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br>YSA INVESTMENTS 1, LLC,<br><br>Debtor. | Case No. 26-12806-SAH<br>Chapter 11 |

**TRUSTEE'S APPLICATION FOR ENTRY OF AN ORDER SHORTENING THE NOTICE AND RESPONSE TIME TO OBJECT TO TRUSTEE'S LIMITED MOTION FOR BRIDGE AUTHORITY TO USE CASH COLLATERAL FOR REPAIR COSTS, ADVERTISING AND MAKE-READY EXPENSES AND REQUEST FOR EXPEDITED HEARING**

Michael E. Deeba, the duly appointed Chapter 11 trustee (the "Trustee") for the bankruptcy estate of YSA Investments 1, LLC (the "Debtor"), files this *Application for Entry of an Order Shortening the Notice and Response Time to Object to Trustee's Limited Motion for Bridge Authority to Use Cash Collateral for Repair Costs, Advertising and Make-Ready Expenses and Request for Expedited Hearing* (the "Application"), pursuant to Fed. R. Bankr. P. 9006(c), and respectfully requests that the notice and response period to *Trustee's Limited Motion for Bridge Authority to Use Cash Collateral for Repair Costs, Advertising and Make-Ready Expenses* (the "Limited Motion for Bridge Authority") be reduced to Wednesday, December 2, 2026, at 12:00 PM Prevailing Central Time (i.e., noon) and that an expedited hearing be set on said Limited Motion for Bridge Authority for Thursday, December 3, 2026, at 10:00 A.M. Prevailing Central Time to be conducted by video via Microsoft Teams.

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter. 28 U.S.C. § 1334. This is a core proceeding, including as a proceeding concerning "the use of cash collateral." 28 U.S.C. § 157(b)(2)(M). The statutory predicates for the relief requested are sections 105(a), 361, 363(c),

and 363(e) of title 11 of the United States Code (the "Bankruptcy Code"). 11 U.S.C. §§ 105(a), 361, and 363.

## II. BACKGROUND

2. On July 28, 2026, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code. On August 14, 2026, the bankruptcy proceeding was transferred to this Court, where it is pending as Case No. 26-12806-SAH.

3. The Debtor purportedly holds title to rental apartment communities in Oklahoma (as to the properties of this estate administered by the Trustee, the "YSA Properties" or the "Properties"). The Properties are operated through third-party property managers, including Capital Assets, Inc. ("Capital Assets"). The Properties are subject to the first-priority liens of certain of the Prepetition Secured Lenders (as to the YSA Properties, the "Secured Lenders").

4. On September 11, 2026, the Court entered the Interim Order,[1] authorizing the use of Cash Collateral in accordance with the Budgets for "utilities, taxes, insurance, regular maintenance, upkeep, repairs, and the replacement of air conditioning units, subject to a variance not to exceed 10% per line item." [Dkt. 350 at ¶ 2]. Paragraph 3 then restricts the use of Cash Collateral for, among other things, advertising and capital expenditures including replacement costs. [Dkt. 350 at ¶ 3].

5. The Limited Motion for Bridge Authority focuses on the use of Cash Collateral for three-line items: (a) repair costs, (b) make-ready expenses, and (c) advertising and marketing

[1] Capitalized terms not otherwise defined herein have the meanings given in the Interim Order (I) Authorizing the Debtor's Use of Cash Collateral, (II) Finding that Prepetition Secured Lenders are Adequately Protected, and (III) Scheduling a Final Hearing [Dkt. 350] (the "Interim Order").

expenses. To permit the units that are vacant or that become vacant to once again become occupied, the use of rental proceeds to fund the above-referenced expenses is necessary.

6. Shortening the notice and response period to the Limited Motion for Bridge Authority is urgent and necessary due to the nature of the requested use of the Cash Collateral. Necessary repair costs, make-ready expenses and advertising are among the most basic costs of operating an apartment community.

7. Because it is imperative for the Properties to remain occupied and generate rental proceeds for the estate, the Trustee seeks approval from the Court for a shortened notice and response time to the Limited Motion for Bridge Authority.

8. The Limited Motion for Bridge Authority, if approved, will bring additional money into the bankruptcy estate, and is in the best interest of all Secured Lenders.

## III. RELIEF REQUESTED

9. By this Motion, the Trustee seeks an Order shortening notice and response time to objection to the Trustee's Limited Motion for Bridge Authority from fourteen (14) days to Wednesday, December 2, 2026, at 12:00 PM Prevailing Central Time (i.e., noon) and set an expedited hearing for Thursday, December 3, 2026, at 10:00 A.M. Prevailing Central Time to be conducted by video via Microsoft Teams.

10. Fed. R. Bankr. P. 9006(c) allows the Court, in its discretion and for cause shown, to reduce the period within which an act is required or allowed to be done, with exceptions not applicable here.

11. The Trustee has not previously requested a reduction in notice and response time to the Limited Motion for Bridge Authority.

12. The request is made in good faith, and other interested parties will not be prejudiced by the reduction in time to object to the Limited Motion for Bridge Authority as they will still be allowed the opportunity to object to the relief requested.

WHEREFORE, for the reasons set forth herein, the Trustee respectfully requests that the Court enter an order (i) shortening the time within which a party in interest may timely file a response to the Limited Motion for Bridge Authority from fourteen (14) days to Wednesday, December 2, 2026, at 12:00 PM Prevailing Central Time (i.e., noon), (ii) setting the Limited Motion for Bridge Authority for an expedited hearing on Thursday, December 3, 2026, at 10:00 A.M. Prevailing Central Time to be conducted by video via Microsoft Teams, and (iii) for such other relief that may be just and equitable.

Respectfully Submitted,

CHRISTENSEN LAW GROUP, P.L.L.C.

*<u>/s/ J. Clay Christensen</u>*

J. Clay Christensen (OBA #11789)
Jonathan M. Miles (OBA #31152)
Brock Z. Pittman (OBA #32853)
Spencer K. Strickland (OBA #36272)
The Parkway Building
3401 N.W. 63rd Street, Suite 600
Oklahoma City, Oklahoma 73116
Telephone: (405) 232-2020
Facsimile: (405) 228-1113
Clay@christensenlawgroup.com
Jon@christensenlawgroup.com
Brock@christensenlawgroup.com
Spencer@christensenlawgroup.com
*Counsel for Trustee, Michael E. Deeba*

**CERTIFICATE OF SERVICE**

This is to certify that on the 24th day of November 2026, I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF System, which will transmit a Notice of Electronic Filing to all parties registered to receive electronic notice in this case.

/s/ J. Clay Christensen
J. Clay Christensen